Paul G. Cereghini (SBN 148016)
Lauren O. Miller (SBN 279448)
**BOWMAN AND BROOKE LLP**
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone:    (408) 279-5393
Facsimile:    (408) 279-5845
paul.cereghini@bowmanandbrooke.com
lauren.miller@bowmanandbrooke.com

John F. Renzulli (*Pro Hac Vice* to be filed)
Christopher Renzulli (*Pro Hac Vice* to be filed)
Howard B. Schilsky (*Pro Hac Vice* to be filed)
**RENZULLI LAW FIRM, LLP**
One North Broadway, Suite 1005
White Plains, NY 10601
Telephone: (914) 285-0700
Facsimile: (914) 285-1213
jrenzulli@renzullilaw.com
crenzulli@renzullilaw.com
hschilsky@renzullilaw.com

(Additional attorneys listed on signature page.)

Attorneys for Defendant Glock, Inc. and specially-appearing Glock Ges.m.b.H.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN C. JOHNSON, an individual, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>GLOCK, INC., a Georgia Corporation; GLOCK Ges.m.b.H., an Austrian entity; JOHN and JANE DOES I through V; ABC CORPORATIONS I-X, XYZ PARTNERSHIPS, SOLE PROPRIETORSHIPS and/or JOINT VENTURES I-X, GUN COMPONENT MANUFACTURERS I-V<br><br>                    Defendants. | CASE NO.:   3:20-CV-08807<br><br>**GLOCK, INC.'S AND GLOCK Ges.m.b.H.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453** |

23382606v4

CASE NO. 3:20-CV-08807

GLOCK DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

**TO PLAINTIFF, HIS ATTORNEYS OF RECORD, AND THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

Defendants, Glock, Inc. and Glock Ges m.b.H.[1] ("Glock Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 notifies this Court that they are removing the above-captioned action currently pending as Case No. RG20075498 in the Superior Court of the State of California, County of Alameda to the United States District Court for the Northern District of California.  In support, Glock Defendants state as follows:

## INTRODUCTION

1.     The removed case is a civil putative class action commenced in the Superior Court of California, County of Alameda by Plaintiff Steven C. Johnson entitled *Steven C. Johnson v. Glock, Inc.; Glock Ges.m.b.H.; et al., Case No. RG20075498* ("State Action").  Glock, Inc. and Glock Ges.m.b.H. are the only named defendants.

2.     In this suit originally filed on October 1, 2020, and amended on November 3, 2020, Plaintiff seeks to prosecute alleged economic injury claims on behalf of a putative nationwide class of "all current and former owners of a Class Gun (as defined herein) that was purchased in the fifty States, the District of Columbia, Puerto Rico, and all other United States territories and/or possessions," as well as a California  sub-class of "all current and former owners of a Class Gun (as defined herein) that was purchased in the State of California."  (*See* First Amend. Compl. ("FAC") at ¶¶ 48-49, attached as part of Exhibit A filed herewith the Declaration of Marion V.

---

[1] By filing this Notice of Removal, Glock Ges.m.b.H. is specially-appearing only and in no way waives its right to contest Plaintiff's attempt to serve it with the Summons and Complaint.  A notice of removal does not constitute a general appearance and does not waive the party's right to contest service of process or personal jurisdiction. *Wabash Western Ry. v. Brow*, 164 U.S. 271, 279 (1896); *Morris Co. v. Ins. Co.*, 279 U.S. 405 (1929); *Phillips v. Manufacturers Trust Co.*, 101 F.2d 723, 727 (9th Cir. 1939) ("The validity of the service…was not waived by removal."); *see also Mech. Mktg. Inc. v. Sixxon Precision Mach. Co.*, No. 5:CV 11-01844 EJD (N.D. Cal. Oct. 6, 2011) (in which the defendant filed notice of removal followed by Rule 12(b)(5) motion to dismiss). Plaintiff improperly attempted to serve Glock Ges.m.b.H. through Glock, Inc. in the United States.  Glock Ges.m.b.H. rejects this attempted service of process since it is an Austrian entity and therefore must be served by internationally-agreed means or pursuant to Austrian law as contemplated under Rule 4(f).

GLOCK DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

Mauch.)   Plaintiff generally defines "Class Guns" as "Glock branded" and "semi-automatic", including but not limited to the following models/series: "Model 22, 22 Gen 4, 23, 23 Gen 4, 24, 27, 27 Gen 4, 35, 35 Gen 4, 35 Gen 4 MOS, 22 cut, 22 P, 23 cut, 23 P, 21 Gen 4, 21 SF, 30 Gen 4, 30s, 30 SF, 36, 41 Gen 4, 41 Gen 4 MOS, 37, 38, 39, 20 Gen 4, 20 SF, 29 Gen 4, 29 SF, 40 Gen 4 MOS, and all gun models with a similar design and feed ramp." (FAC. at ¶32.)  Plaintiff claims that the putative classes are "composed of thousands of persons across the United States, including California . . . ." (FAC. at ¶44.)

3.     Plaintiff claims that each pistol contains what he describes as the "Unsupported Chamber Defect" which allegedly causes "the round/casing to separate and dislodge a piece of the casing at the 6 o'clock position." (FAC. at ¶ 2.)

4.     Plaintiff's First Amended Complaint alleges nine causes of action against the Glock Defendants: (1) violations of the Consumer Legal Remedies Act (Cal. Civ. Code §1750 et seq); (2) Negligence; (3) Strict Product Liability; (4) Breach of Express Warranty; (5) Breach of Implied Warranty of Merchantability (Cal. Civ. Code §§ 1790, et seq.); (6) Fraudulent Omission; (7) Unfair Business Practices (Cal. Bus. & Prof. Code § 17200, et seq.); (8) False Advertising, (Cal. Bus. & Prof. Code § 17500, et seq.); and, (9) violation of the Magnuson-Moss Act (15 U.S.C. § 2301, *et seq.*) (*See* FAC.)

5.     Plaintiff's Complaint seeks various categories of damages and forms of relief, including as follows:

- Injunctive relief prohibiting Glock Defendants from continuing the alleged unlawful practices pursuant to the California Civil Code § 1782(a)(2) (FAC. at ¶¶ 83, 144.)

- Monetary damages under the Consumer Legal Remedies Act pursuant to California Civil Code § 1782 (FAC at ¶ 84.)

- Compensatory damages for himself and each member of the Class and for the establishment of a common fund, plus attorneys' fees, interest, and costs (FAC. at ¶¶ 93, 102, 108, 121, 131, 168.)

GLOCK DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

- Restitution to Plaintiff and putative class members pursuant to California Business and Professions Code §§17203 and 17204 (FAC. at ¶ ¶ 6, 25, 144.)

- Compensatory, exemplary or punitive damages, treble damages, and statutory damages, including interest; (Prayer for Relief, at ¶2)

- Compensatory damages including the cost of repair, replacement or modification of the alleged defect to render the Class Guns safe (Prayer for Relief, at ¶3.)

- Enjoining further allegedly deceptive advertising, marketing, distribution and sales practices, and requiring Defendants to repair and/or replace Plaintiff's and the other putative class members' guns with a suitable alternative pistol of Plaintiff's and class members' choosing. (Prayer for Relief, at ¶5.)

- Disgorgement of all or part of the allegedly ill-gotten profits Defendants received from the sale of the Class Guns or order the Defendants to make full restitution to Plaintiff and the putative class members. (Prayer for Relief, at ¶6)

- Award of attorney fees and costs. (Prayer for Relief, at ¶9)

- Award of pre-judgment and post-judgment interest. (Prayer for Relief, at ¶10)

## PROCEDURAL REQUIREMENTS

6.      Pursuant to 28 U.S.C. § 1446(b)(1), this notice of removal is timely filed because Glock, Inc. was served with the Summons and First Amended Complaint on November 11, 2020.[2] Plaintiff also attempted to serve Glock Ges.m.b.H. on November 11, 2020, but the attempted service of process was invalid pursuant to Rule 4 of the Federal Rules of Civil Procedure and Glock Ges.m.b.H. reserves and preserves its right to contest same.

7.      This notice of removal is on behalf of all named Defendants.  Thus, this notice of removal complies with 28 U.S.C. § 1446(b)(2)(A).

8.      Copies of all papers, pleadings, and orders filed in this action are attached as Exhibit A to the Declaration of Marion V. Mauch, including the Summons and Plaintiff's First Amended Complaint.

---

[2] Plaintiff did not serve any defendant with the Summons and Complaint prior to his filing of the First Amended Complaint.

GLOCK DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

9.      Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Northern District of California because this District embraces the place in which the removed action is pending.

10.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Alameda promptly after filing of the same in this Court.

11.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after filing of the same in this Court.

12.     <u>Intradistrict Assignment:</u> This case may be properly assigned to either the San Francisco Division or Oakland Division pursuant to Civil L.R. 3-2(c)-(d) because the case is being removed from the California Superior Court in Alameda County.

13.     If any question arises as to the propriety of the removal of this action, Glock Defendants request the opportunity to conduct discovery, present summary judgment-type evidence, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

14.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Glock Defendants' right to assert defenses including, without limitation, the defenses of (i) lack of personal jurisdiction, (ii) improper venue and/or forum *non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join an indispensable party or parties, or (viii) any other procedural or substantive defense available under state or federal law.

## **CLASS ACTION FAIRNESS ACT ("CAFA")**

15.      Removal to federal district court is proper pursuant to CAFA, 28 U.S.C. §§ 1332(d)(2) and 1453.  Under CAFA, federal district courts have original jurisdiction over class actions whenever:

(1)     there is minimal diversity of citizenship between the parties (e.g., any member of a class of plaintiffs is a citizen of a State different from any defendant);

(2)     the proposed class has 100 or more putative members; and,

GLOCK DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

(3)     the amount in controversy exceeds $5,000,000, exclusive of interest        and

costs.

28 U.S.C. § 1332(d)(2), (5)(B); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). The claims of the putative class members "shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000." 13 U.S.C. § 1332(d)(6). A defendant asserting CAFA jurisdiction "needs to plausibly show that it is reasonably possible that the potential liability exceeds $5 million . . . '[a]mount at stake' does not mean likely or probable liability; rather, it refers to possible liability." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020).

16.     This matter satisfies all of the requirements for CAFA jurisdiction.

**A.     *Class Action***

17.     This is a "class action" within the meaning of CAFA because it was brought under a "State statute or similar rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); *see* FAC at ¶¶41-51.

**B.     *Diversity of Citizenship***

18.     Glock, Inc. is a Georgia corporation with its principal place of business in Smyrna, Georgia. (*See* Mauch Decl. at ¶ 7.) Glock Ges.m.b.H. is an Austrian limited liability company with its principal place of business in Austria and its shareholders located in Austria.  (*See* Mauch Decl. at ¶ 9.)  Plaintiff—a resident of Oakland, California—seeks to assert claims on behalf of a nationwide class of consumers. (FAC at ¶¶ 20, 48.) Therefore, the minimal diversity required for federal class action jurisdiction is satisfied. 28 U.S.C. § 1332(d)(2)(A) and (C).

**C.     *More Than 100 Putative Class Members***

19.     Plaintiff claims that the putative class is "composed of thousands of persons across the United States, including California." (FAC at ¶44.)  Therefore, the number of putative class members is in the aggregate more than 100.

**D.     *Amount in Controversy***

20.     The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra*

*v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)," which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553. This standard requires only that the removing party "plausibly show that it is reasonably possible that the potential liability exceeds $5 million." *Greene*, 965 F.3d at 772.

21.     Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citations omitted). However, a defendant may remove a suit to federal court notwithstanding the plaintiff's failure to plead the required amount, provided that the defendant alleges facts in the removal petition demonstrating that the jurisdictional minimum has been met. *Id.*

22.     If the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

23.     Amount in controversy is defined as "the amount at stake in the underlying litigation" and includes "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under free shifting statutes." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644 (9th Cir. 2016). Further, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation" as a whole. *Reyes v. Wells Fargo Bank, N.A.*, 2010 WL 2629785, at *4 (N.D. Cal. June 29, 2010).

24.     Glock Defendants dispute that they are liable for any damages whatsoever to Plaintiff. Nevertheless, removal of this action is proper because the amount in controversy exceeds $5,000,000.

GLOCK DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

25.     Here, on behalf of himself and a putative class of current and former owners of a Class Gun(s) purchased nationwide [including a putative California sub-class], Plaintiff seeks various forms of damages, including compensatory damages, punitive damages, treble damages, disgorgement of profits, broad sweeping injunctive relief, and attorneys' fees. (*See* FAC at ¶¶ 32-33).

26.     Plaintiff's class definition is extremely broad, containing no time limitation whatsoever.  Plaintiff Steven Johnson alleges that he owns "a Glock .45 caliber," but provides no other information about the model of firearm he owns or whether it is included in his non-exhaustive list of "class guns." (See FAC at ¶ 20, 32.)  Glock has made and sold .45 caliber firearms since at least 1991.  *See*  Ex.  C  to  Mauch  Decl., https://web.archive.org/web/20141225174555/htpp:/us.glock.com/  heritage/timeline.  Even just considering .45 caliber Glock firearms generally, the class includes products made and sold over nearly a 30-year-period.  This would amount to a potential class of millions of potential plaintiffs nationwide.  Plaintiff contemplates this breadth of the class, asserting that the class is comprised of "thousands of persons across the United States, including California." (FAC at ¶ 44).

27.     In addition to the absence of any time limitation, Plaintiff's definition of Class Guns is wide ranging, identifying approximately 30 firearm models and including a catchall for "all gun models with a similar design and feed ramp."  So, under Plaintiff's broad class definition, all Glock owners for an unspecified period of time who purchased one of the various Class Guns would be swept into the putative class.  Again, this could amount to millions of potential class members.

28.     Plaintiff's First Amended Complaint seeks compensatory damages on behalf of the putative class.  Specifically, Plaintiff seeks the "cost of repair, replacement or modification" of the Class Guns.  (FAC at Prayer ¶3.)  Plaintiff further alleges that he is entitled to an order requiring Glock Defendants to replace his and all other class members' firearms with "a suitable alternative pistol." (FAC pg. 30-31, Prayer ¶ 5).  These firearms vary in retail price, but generally sell for between $500 and $800 each.  Even at a conservative low price of $500 per handgun, there would only need to be at most 10,001 class members to exceed the $5,000,000 required under CAFA ($500 x 10,001 = $5,000,500).  Even looking at Glock firearm sales for California during the 2017

GLOCK DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

calendar year, there are potentially 68,903 class members in that one year for California alone.[3] Due to Plaintiff's unlimited class definition, which could span three decades, and including the thousands of firearms sold throughout the remaining 49 States, the District of Columbia, and Puerto Rico, the putative class greatly exceeds 10,001.  Accordingly, the amount-in-controversy requirement under CAFA is easily satisfied based on the claimed compensatory damages alone.

29.    While not necessary, Plaintiff's other claimed damages further demonstrate that the amount-in-controversy is easily satisfied here.[4]  For example, Plaintiff seeks punitive damages. (FAC pg. 30, Prayer ¶ 2). Punitive damages in California Consumer Legal Remedies Act (CLRA) cases have been awarded at a 1:1 ratio or higher. *See, Greene*, 965 F.3d at 771, (reversing remand order when defendant alleged that at least $5,000,000 was in controversy based, in part, on juries previously awarding punitive damages in CLRA cases on a 1:1 ratio or higher). Accordingly, a punitive damage verdict exceeding $5,000,000 is possible in Plaintiff's CLRA action and is properly included in calculating the amount in controversy under CAFA.

30.    Similarly, Plaintiff's claims for treble damages, disgorgement of profits, and attorney fees also increase the amount in controversy.    First, Plaintiff seeks on behalf of the class disgorgement of all of Glock Defendants' profits relating to the sale of class weapons. Assuming a class of "thousands," which would include persons over an unbounded number of years, this would easily exceed the $5,000,000 threshold for jurisdiction under CAFA. (FAC pg. 30-31, Prayer ¶ 6).  Second, Plaintiff's claim for treble damages—assuming the compensatory damages exceeding $5,000,500—would place another $15,001,500 in controversy.  Third, the injunctive

---

[3] There were 525,979 handguns sold in California in 2017 of which 13.1% (or approximately 68,903 handguns) were manufactured by Glock.  (*See* Ex. D to Mauch Decl., https://openjustice.doj.ca.gov/data-stories/2018/gun-sales-california.)

[4] By referring to Plaintiff's claims for any category of damages to establish CAFA jurisdiction, Glock Defendants do not concede that plaintiff or any class member is entitled to them or that any category of damages pled is available given the allegations asserted in the Complaint. *See Greene v. Harley-Davidson*, 965 F.3d 767, 773–74 (9th Cir. 2020) (finding district court erred as a matter of law when it considered defendant's potential affirmative defenses at removal stage because plaintiff must "own[] the allegations that have landed him in federal court.").

GLOCK DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

relief Plaintiff seeks and Plaintiff's claim for attorney fees—even assuming a 20% rate of recovery—would likewise increase the amount in controversy.

31.   Accordingly, there is more than $5,000,000 in controversy, satisfying the requirements for removal under CAFA.

## **DIVERSITY JURISDICTION**

32.   In addition (and in the alternative), removal to federal district court is also proper based on diversity pursuant to 28 U.S.C. § 1332(a).   Federal district courts have original jurisdiction over a civil action when:

(1)   there is complete diversity of citizenship between each plaintiff and each defendant; and,

(2)   the amount in controversy exceeds $75,000, exclusive of interest   and costs.

33.   As explained above, there is complete diversity of citizenship.  (*See*, *supra*, ¶ 18.)

34.   As stated above, amount in controversy is defined as "the amount at stake in the underlying litigation" and includes "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under free shifting statutes." *Gonzales*, 840 F.3d at 644.  Moreover, in lawsuits like this one where the plaintiff seeks declaratory and/or injunctive relief, the value of that relief is properly considered as part of the amount in controversy (i.e., the value of the object of the litigation).  *Reyes*, 2010 WL 2629785, at *4.

35.   Given the extent of the damages claimed by Plaintiff in this case (discussed in detail above) – including claims for compensatory, punitive and treble damages, costs of notifying proposed class members, as well as sweeping claims for injunctive relief, and an award of attorneys' fees and costs – the Complaint clearly presents an amount in controversy far in excess of $75,000 because the requested declaratory/injunctive relief, if granted, would amount to extensive costs to Glock Defendants far in excess of the jurisdictional threshold.

36.   Accordingly, there is more than $75,000 in controversy, satisfying the requirements for removal pursuant to 28 U.S.C. § 1332(a).

## **CONCLUSION**

37.   Because all of the requirements for federal diversity jurisdiction under 28 U.S.C §

GLOCK DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

1332(d)(2) are satisfied, i.e., the proposed class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds the statutory minimum, this action is properly removed pursuant to CAFA.

38.     In addition – or in the alternative – because all of the requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a) are satisfied, i.e., complete diversity of citizenship exists between Plaintiff, on the one hand, and defendants, Glock, Inc., Glock Ges.m.b.H., on the other hand, and the amount in controversy exceeds the statutory minimum, this action is also properly removed for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

**WHEREFORE**, Defendants, Glock, Inc. and Glock Ges.m.b.H., hereby give notice that this action is removed from the Superior Court of California, County of Alameda to the United States District Court for the Northern District of California.

DATED: December 11, 2020.                    **BOWMAN AND BROOKE LLP**


By: /s/ *Paul G. Cereghini*
    Paul G. Cereghini (SBN 148016)
    Lauren O. Miller (SBN 279448)
    1741 Technology Drive, Suite 200
    San Jose, CA 95110
    paul.cereghini@bowmanandbrooke.com
    lauren.miller@bowmanandbrooke.com

    Marion V. Mauch (SBN 253672)
    BOWMAN AND BROOKE LLP
    970 West 190th Street, Suite 700
    Torrance, CA  90502
    Telephone:     (310) 768-3068
    Facsimile:      (310) 719-1019
    marion.mauch@bowmanandbrooke.com

    -and-

    **RENZULLI LAW FIRM, LLP**

    John Renzulli (*pro hac vice* to be filed)
    Christopher Renzulli (*pro hac vice* to be filed)
    Howard Schilsky (*pro hac vice* to be filed)

GLOCK DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

One North Broadway, Suite 1005
White Plains, New York 10601

*Attorneys for Defendants Glock, Inc. and specially-appearing Glock Ges.m.b.H.*

GLOCK DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441,
1446, AND 1453

## PROOF OF SERVICE
*F.R.C.P Rule 5(b)(2)*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 970 West 190th Street, Suite 700, Torrance, CA 90502.

On **December 11, 2020**, I served the foregoing document described as **GLOCK, INC.'S AND GLOCK Ges.m.b.H.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453** on all interested parties in this action by placing     **the original** X **a true copy** thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Craig M. Nicholas, Esq. | Attorneys for Plaintiff |
| Alex Tomasevic, Esq. | |
| NICHOLAS & TOMASEVIC, LLP | Telephone:    619-325-0492 |
| 225 Broadway, 19th Floor | Facsimile:    619-325-0496 |
| San Diego, CA 92101 | Email:    cnicholas@nicholaslaw.org |
| | atomasevic@nicholaslaw.org |
| | |
| Robert K. Lewis, Esq. | Attorneys for Plaintiff |
| Christopher A. Treadway, Esq. | |
| LEWIS LAW FIRM, PLC | Telephone:    602-889-6666 |
| 2302 N. 3rd Street | Facsimile:    602-252-1446 |
| Phoenix, AZ 85004 | Email:    rob@lewisandporka.com |
| | chris@lewisandporka.com |
| | |
| Amy M. Pokora, Esq. | Attorneys for Plaintiff |
| 2302 N. 3rd Street | |
| Phoenix, AZ 85004 | Telephone:    602-889-6666 |
| | Facsimile:    602-252-1446 |
| | Email:    amy@lewisandporka.com |

X      **BY MAIL (F.R.C.P. Rule 5(b)(2)):** As follows:  I am "readily  familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be  deposited  with  U.S. postal service on that same day with postage thereon fully prepaid at Torrance, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one  day after date of deposit for mailing.

Executed on **December 11, 2020** at Torrance, California.

X      (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Stacy Eikenberry*

Stacy Eikenberry

GLOCK DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453