Paul G. Cereghini (SBN 148016)
Lauren O. Miller (SBN 279448)
**BOWMAN AND BROOKE LLP**
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone:    (408) 279-5393
Facsimile:    (408) 279-5845
paul.cereghini@bowmanandbrooke.com
lauren.miller@bowmanandbrooke.com

John F. Renzulli (*Pro Hac Vice* pending)
Christopher Renzulli (*Pro Hac Vice* pending)
Howard B. Schilsky (*Pro Hac Vice* pending)
**RENZULLI LAW FIRM, LLP**
One North Broadway, Suite 1005
White Plains, NY 10601
Telephone: (914) 285-0700
Facsimile: (914) 285-1213
jrenzulli@renzullilaw.com
crenzulli@renzullilaw.com
hschilsky@renzullilaw.com

Attorneys for Defendant Glock, Inc. (Additional attorneys listed in signature page.)

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

STEVEN C. JOHNSON, an individual, on behalf of himself and all others similarly situated,

                    Plaintiff,

vs.

GLOCK, INC., a Georgia Corporation;
GLOCK Ges.m.b.H., an Austrian entity; JOHN and JANE DOES I through V;
ABC CORPORATIONS I-X,
XYZ PARTNERSHIPS, SOLE
PROPRIETORSHIPS and/or JOINT
VENTURES I-X,
GUN COMPONENT MANUFACTURERS I-V

                    Defendants.

CASE NO.: 3:20-cv-08807-WHO

**DEFENDANT GLOCK, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS**

(Filed concurrently with Request for Judicial Notice and [Proposed] Order)

Judge: Hon. William H. Orrick
Date: January 27, 2021
Time: 2:00 p.m.
Place:   San Francisco   Courthouse,
Courtroom 2, 17th Floor

23606858v2

CASE NO.: 3:20-cv-08807-WHO
DEFENDANT GLOCK, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS

# TABLE OF CONTENTS

NOTICE OF MOTION, MOTION, AND REQUESTED RELIEF ................................................1

STATEMENT OF THE ISSUES.................................................................................................. 2

STATEMENT OF RELEVANT FACTUAL ALLEGATIONS .......................................................... 3

   I.   Plaintiff sues for an alleged defect he does not claim to have witnessed;
economic losses he does not claim to have experienced; and alleged statements
he does not claim to have seen or relied on. ............................................................... 3

   II.   Plaintiff provides only generic and conclusory allegations of Glock's purported
knowledge and concealment of an alleged defect............................................................. 3

   III.   Plaintiff asserts sweeping and overbroad classes........................................................ 4

ARGUMENT ............................................................................................................................. 4

   I.   Plaintiff's FAC does not comply with Rule 8, mandating dismissal. ................................. 4

   II.   Plaintiffs' fraud-based claims (Counts I, VI, VII, and VIII) should be
dismissed under Rule 9(b). ......................................................................................... 5

      A.   Plaintiff has not sufficiently pled an actionable affirmative
misrepresentation. ............................................................................................ 6

      B.   Plaintiff has not adequately pled fraudulent omission. ..................................... 8

         1.   Plaintiff fails to identify a material fact that Glock had a duty
to disclose.................................................................................................. 8

         2.   Plaintiff fails to adequately plead that Glock actively concealed
an alleged defect. ...................................................................................... 9

         3.   Plaintiff has not pled that Glock had exclusive pre-sale knowledge
of the alleged defect. ............................................................................... 10

         4.   Plaintiff cannot establish a duty under the second or third *LiMandri*
prongs because he identifies no transaction between himself and Glock. ....... 11

      C.   Plaintiff has not adequately pled reliance. ...................................................... 12

   III.   Plaintiff's UCL and FAL claims also fail for other reasons as a matter of law................ 12

      A.   Plaintiff does not sufficiently allege unlawful or unfair practices to
support a UCL claim. ...................................................................................... 13

      B.   Plaintiff also lacks Article III standing to seek injunctive relief. ........................ 13

      C.   Plaintiff's claims for injunctive relief fail because he has legal remedies............ 14

   IV.   Plaintiff's negligence, strict products liability, and fraudulent omission claims
should be dismissed with prejudice under the economic loss rule. ................................. 14

      A.   Plaintiff claims only economic harm from a potential defect in his pistol. .......... 14

      B.   Dismissal with prejudice is appropriate because amendment would be futile. .... 15

V.    Plaintiff's express warranty claim should be dismissed as a matter of law......................16

    A.    Plaintiff does not allege the elements of a breach of express warranty claim. .....17

    B.    The statements on which Plaintiff relies are non-actionable puffery and cannot give rise to a breach of express warranty claim. ......................................18

VI.   Plaintiff Has Failed to State a Claim for Breach of Implied Warranty...........................19

VII.  Plaintiff's MMWA claim (Count IX) fails for various reasons. ......................................20

    A.    Plaintiff's MMWA claim fails because his warranty claims fail.........................20

    B.    Plaintiff's MMWA claim is barred under 15 U.S.C. §2310(d)(3)(C) as "the number of named plaintiffs is less than one hundred.".........................................20

    C.    Failure to provide pre-suit notice of a MMWA class action is fatal....................21

VIII. This Court should dismiss and/or strike plaintiff's class allegations...............................21

    A.    Plaintiff's nationwide class under his MMWA claim is impermissible because of the variance of state warranty laws and because warranty claims with individualized issues are inappropriate for class treatment..............22

    B.    Both Plaintiff's proposed class and subclass definitions are overbroad...............22

CONCLUSION...................................................................................................................24

1
2

**TABLE OF AUTHORITIES**

<u>Cases</u>

3

*Ashcroft v. Iqbal,*
4
   556 U.S. 662 (2009) ....................................................................................... 5, 6

*Lopez v. AT&T Wireless Servs., Inc.,*
5
   504 F.3d 718 (9th Cir. 2007) .............................................................................. 21

6
*Baba v. Hewlett-Packard Co.*, No. C,
   09-05946, 2010 WL 2486353 (N.D. Cal. June 16, 2010)........................................ 18
7

*Bell Atlantic Corp. v. Twombly,*
8
   550 U.S. 544 (2007)....................................................................................... 4, 5

9
*Bigler-Engler v. Breg, Inc.,*
   7 Cal. App.5th 276 (2017) ......................................................................... 18, 19, 20
10

11
*Bird v. First Alert, Inc.,*
   No. C14-3585, 2014 WL 724873 *6 (N.D. Cal. Dec. 19, 2014)............................. 21, 22

12
*Bureerong v. Uvawas,*
   922 F. Supp. 1450 (C.D. Cal. 1996) ................................................................... 29
13

14
*Cadlo v. Owens-Illinois, Inc.,*
   125 Cal. App. 4th 513 (2004) ............................................................................. 8

15
*Callaghan v. BMW of N. Am., LLC,*
16
   No. 13-cv-4794, 2014 WL 6629254, at *4 (N.D. Cal. Nov. 21, 2014) ......................17

17
*Castaneda v. Fila USA, Inc.,*
   2011 WL 7719013 (S.D. Cal. Aug. 10, 2011) ....................................................... 26
18

19
*Cel Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.,*
   20 Cal. 4th 163 (1999) .................................................................................... 21

20
*Clemens v. DaimlerChrysler Corp.,*
   534 F.3d 1017 (9th Cir. 2008) ........................................................................... 28
21

22
*Cole v. General Motors Corp.,*
   484 F.3d 717 (5th Cir. 2007) ............................................................................. 30

23
*Cty. of Santa Clara v. Atl. Richfield Co.,*
   137 Cal. App. 4th 292 (2006) ............................................................................ 23
24

25
*Daugherty v. Am. Honda Motor Co.,,*
   144 Cal. App.4th 82–36 (20.......................................................................... 11, 25

26
*Davidson v. Kimberly-Clark Corp.,*
   889 F.3d 956 (9th Cir. 2018) ............................................................................. 21
27

28
*Elias v. Hewlett-Packard Co.,*
   903 F. Supp. 2d 843 (N.D. Cal. 2012) ................................................................. 25

*Enoh v. Hewlett Packard Enter. Co.*,
    2018 WL 3377547 (N.D. Cal. 2018) ................................................................. 30, 31, 32

*Falk v. Gen. Motors Corp.*,
    496 F.Supp.2d 1088 (N.D. Cal. 2007) ....................................................................... 21

*Ferris v. Ford Motor Co.*,
    No. 18-cv-3216, 2019 WL 1100376 (N.D. Cal. Mar. 8, 2019) ................................. 28

*Floyd v. Am. Honda Motor Co.*,
    966 F.3d 1027 (9th Cir. 2020) ................................................................................... 29

*Glen Holly Entm't, Inc. v. Tektronix Inc.*,
    343 F.3d 1000 (9th Cir. 2003) ............................................................................... 26, 27

*Goldstein v. General Motors*,
    445 F.Supp.3d 1000 (S.D. Cal. 2020) ........................................................ 15, 16, 17, 28

*Grodzitsky v. Amer. Honda Motor Co.*,
    No. 2:12-cv-1142, 2013 WL 690822 (C.D. Cal. Feb. 19, 2013) .............................. 17

*Hadley v. Kellogg Sales Co.*,
    273 F.Supp.3d 1052 (N.D. Cal. 2017) ...................................................................... 10

*Harrison Ventures, LLC v. Alta Mira Treatment Center*,
    No. C10-00188 RS, 2010 WL 1929566 (N.D. May 12, 2010) ................................. 23

*Herron v. Best Buy Co., Inc.*,
    924 F. Supp. 2d. 1161 (E.D. Cal. 2013) ................................................................... 16

*Hodson v. Mars, Inc.*,
    891 F.3d 857 (9th Cir. 2018) ............................................................................ 12, 14, 21

*In re Animation Workers Antitrust Litig.*,
    87 F.Supp.3d 1195 (N.D. Cal. 2015) .......................................................................... 6

*In re Apple Inc. Device Performance Litig.*,
    347 F. Supp.3d 434 (N.D. Cal. 2018) ....................................................................... 20

*In re Bridgestone/Firestone, Inc.*,
    288 F.3d 1012 (7th Cir. 2002) ................................................................................... 30

*In re Clorox Consumer Litig.*,
    894 F. Supp. 2d 1224 (N.D. Cal. 2012) .................................................................... 26

*In re Seagate Tech. LLC Litig.*,
    233 F. Supp.3d 776 (N.D. Cal. 2017) ....................................................................... 21

*Isip v. Mercedes-Benz USA LLC*,
    155 Cal.App.4th 19 (2007) ........................................................................................ 27

*Jimenez v. Superior Court*,
    29 Cal. 4th 473 (2002) ............................................................................................... 23

*Kearns v. Ford Motor Co.,*
  567 F.3d 1120 (9th Cir. 2009) ........................................................................ 8, 10

*Lederer v. Gursey Schneider LLP,*
  22 Cal. App. 5th 508 (2018) ................................................................................. 23

*Lee v. City of Los Angeles,*
  250 F.3d 668 (9th Cir. 2001) ............................................................................... 24

*LiMandri v. Judkins,*
  52 Cal. App.4th 326 (1997) ................................................................................. 12

*Lingsch v. Savage,*
  213 Cal.App.2d 729 (1963) ................................................................................. 15

*Lloyd v. CVB Financial Corp.,*
  811 F.3d 1200 (9th Cir. 2016) ............................................................................. 10

*Lucas v. Breg, Inc.,*
  212 F. Supp.3d 950 (S.D. Cal. 2016) ................................................................. 21

*Marchante v. Sony Corp. of Am., Inc.,*
  801 F.Supp.2d 1013 (S.D. Cal. 2011) ................................................................ 14

*Marolda v. Symantic Corp.,*
  672 F. Supp.2d 992 (N.D. Cal. 2009) .............................................................. 7, 20

*Mexia v. Rinker Boat Co.,*
  (2009) 174 Cal.App.4th 1297 ............................................................................. 27

*Mort v. United States,*
  86 F.3d 890 (9th Cir. 1996) ................................................................................ 22

*Mosqueda v. Am. Honda Motor Co.,*
  443 F. Supp. 3d 1115 (C.D. Cal. 2020) ......................................................... 15, 23

*Munning v. Gap, Inc.,*
  238 F.Supp.3d 1195 (N.D. Cal. 2017) ............................................................... 22

*Myers v. BMW of N. Am.,* No. 16-cv-412,
  2016 WL 5897740 (N.D. Cal. Oct. 11, 2016) .................................................... 13

*NovelPoster v. Javitch Canfield Group,*
  140 F.Supp.3d 938 (N.D. Cal. 2014) .................................................................. 23

*Punian v. Gillette Co.,*
  No. 14-cv-5028, 2016 WL 1029607 (N.D. Cal. March 15, 2016)........................ 7

*R and A Synergy LLC v. Spanx Inc.,*
  2019 WL 4390564 (C.D. Cal. May 1, 2019) ...................................................... 10

*Rojas v. Bosch Solar Energy Corp.,*
  386 F.Supp.3d 1116 (N.D. Cal. 2019) ............................................................... 29

*Romero v. HP, Inc.*,
  No. 16-cv-5415, 2017 WL 386237 (N.D. Cal. Jan. 27, 2017)................................................. 21

*Rubke v. Capitol Bancorp Ltd.*,
  551 F.3d 1156 (9th Cir. 2009) ....................................................................... 7, 8, 9

*Sanders v. Apple, Inc.*,
  672 F. Supp.2d 978 (N.D. Cal. 2009) .......................................................................... 29

*Sandoval v. Ali*,
  34 F.Supp.3d 1031 (N.D. Cal. 2014) ........................................................................... 30

*Shroyer v. New Cingular Wireless Servs., Inc.*,
  622 F.3d 1035 (9th Cir. 2010) ............................................................................... 27

*Stearns v. Select Comfort Retail Corp.*,
  2009 WL 4723366 (N.D. Cal. Dec. 4, 2009) ................................................................... 23

*Stearns v. Select Comfort Retail Corp.*,
  763 F.Supp.2d 1128 (N.D. Cal. 2010) ......................................................................... 24

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) .............................................................................. 7, 8

*Thompson v. BMW of N. Am., LLC*,
  2019 WL 988694 (C.D. Cal. Jan. 10, 2019) .................................................................... 23

*Tietsworth v. Sears, Roebuck & Co.*,
  2009 WL 3320486 n.2 (N.D. Cal. Oct. 13, 2009).............................................................. 13

*Tietsworth v. Sears, Roebuck & Co.*,
  720 F. Supp. 2d 1123 (N.D. Cal. 2010) ....................................................................... 29

*Viggiano v. Hansen Nat. Corp.*,
  944 F. Supp. 2d 877 (C.D. Cal. 2013) ..................................................................... 26, 27

*Warner Constr. Corp. v. City of Los Angeles*,
  2 Cal.3d 285 (1970) ........................................................................................ 18

*Williams v. Yamaha Motor Co., Ltd.*,
  851 F.3d 1015, 1028 (9th Cir. 2017) .....................................................................13, 14

*Wilson v. Hewlett Packard Co.*,
  668 F.3d 1136 (9th Cir. 2012) .......................................................................... passim

**Statutes**

15 U.S.C. 2310(d)(3) ................................................................................. 1, 28, 29

15 U.S.C. 2310(d)(3)(C) ..................................................................................... 28

15 U.S.C. 2310(e) ...................................................................................... 28, 29

Cal. Civ. Code §§ 1791.1, 1792 .............................................................................. 27

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Cal. U. Com. Code, §2725 ........................................................................................................ 27

TABLE OF AUTHORITIES

<u>**NOTICE OF MOTION, MOTION, AND REQUESTED RELIEF**</u>

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at 2:00 p.m. on January 27, 2021, or as soon thereafter as the matter be heard before Hon. William H. Orrick in Courtroom 2 of 17th Floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102,  Defendant Glock, Inc., ("Glock") moves to dismiss and/or strike Plaintiff's First Amended Complaint ("FAC") pursuant to Rules 8, 9(b), 12(b)(6), and 12(f) on the following grounds:

(1) Plaintiff's FAC fails to meet Rule 8 pleading standards under *Twombly/Iqbal*.

(2) Plaintiff's fraud-based claims, including alleged violations of the CLRA, UCL, and FAL as well as his fraudulent omission claim, fail on several levels:

    (a) Plaintiff's claims do not meet the heightened pleading standard under Rule 9(b).

    (b) Plaintiff fails to satisfy the requirements to state his fraud-based claims.

(3) Plaintiff lacks standing to seek injunctive relief, and such claims for equitable relief fail as Plaintiff has legal remedies.

(4) Plaintiff's negligence, strict product liability, and fraudulent omission claims are barred by the economic loss doctrine.

(5) Plaintiff fails to sufficiently plead a claim for breach of express warranty, and the statements cited are non-actionable puffery.

(6) Plaintiff fails to sufficiently plead a claim for breach of implied warranty under the Song-Beverly Consumer Warranty Act.

(7) Plaintiff fails to sufficiently plead a claim under the Magnuson-Moss Warranty Act (MMWA) which is also barred under 15 U.S.C. §2310(d)(3) as there is less than one hundred named plaintiffs, and also Plaintiff failed to provide the required pre-suit notice of the alleged class action.

(8) Plaintiff's class allegations should be dismissed and/or struck as follows:

    a.  Plaintiff's nationwide class allegations under the MMWA involve application of each state's respective warranty laws and his warranty claims necessarily involve

DEFENDANT GLOCK, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS

1    individualized inquiries.

2        b.   Plaintiff's class definitions are impermissibly overbroad, vague, and improper.

3    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

4    **STATEMENT OF THE ISSUES**

5    In this putative nationwide class action, Plaintiff Steven Johnson seeks monetary damages

6    and injunctive relief for an alleged defect in an undefined number of Glock pistols sold over an

7    undefined period of time. He alleges that class pistols have a defectively designed feed ramp,

8    resulting in an "unsupported" chamber, that causes ammunition casings to separate and dislodge,

9    resulting in damage to a spent brass shell casing and potential injury. (FAC ¶¶ 2, 3). Plaintiff claims

10   that owning an allegedly defective firearm caused economic harm to him and other class members,

11   and that damaged shell casings—refuse after firing—are economic losses because the casings

12   cannot be re-used or re-loaded. (FAC ¶¶ 4, 11–12).

13   However, Plaintiff does not claim he ever witnessed the alleged defect, much less

14   experienced it in his own Glock .45 caliber pistol, which he describes equivocally as "defective

15   and/or hav[ing] the potential of being defective." (FAC ¶ 20). He does not assert that he ever

16   experienced damage to spent shell casings or even used brass-cased shells, let alone that he reloads

17   shells.  Nor does Plaintiff cite any alleged misrepresentation or omission by Glock upon which he

18   relied in purchasing the firearm. Plaintiff does not even say when or from whom he purchased his

19   pistol—leaving Glock to speculate as to whether the sale occurred thirty years ago or last year.

20   On these sparse facts, Plaintiff seeks remedies under theories sounding in fraud, strict

21   liability, negligence, and warranty based on Glock's alleged failure to alert him to the supposed

22   "defect." He also attempts to turn his hypothetical economic injury into a sweeping class action

23   premised on nebulous state and nationwide classes encompassing anyone who ever owned one of

24   the Glock pistols at any time.

25   The FAC is plagued by numerous fatal defects and should be dismissed. Plaintiff's vague,

26   conclusory allegations do not satisfy Rule 8. Having failed to comply with Rule 8, Plaintiff has

27   certainly not met Rule 9(b)'s stricter standards that apply to his fraud-based claims. Substantively,

28   his strict liability, negligence, and fraudulent omission claims are barred by the economic loss rule.

Plaintiff also lacks standing to seek equitable relief—which is itself precluded by his claims for monetary damages. And his warranty claims fail as a matter of law. Furthermore, Plaintiff's class allegations must be dismissed and/or struck as impermissibly broad. Accordingly, for these reasons and as explained more below, this Court should dismiss Plaintiff's FAC under Rules 12(b)(6) and 12(f).

### STATEMENT OF RELEVANT FACTUAL ALLEGATIONS

**I.   Plaintiff sues for an alleged defect he does not claim to have witnessed; economic losses he does not claim to have experienced; and alleged statements he does not claim to have seen or relied on.**

The FAC provides scant information about the basis of Plaintiff's claims. In a single paragraph, he states that he owns a .45 caliber Glock pistol, purchased at an undisclosed location in Alameda County. (FAC ¶ 20). According to Plaintiff, his pistol is or might be defective, but nobody warned him about it. (FAC ¶ 20). Therefore, he asserts nine causes of action: 1) Consumer Legal Remedies Act (CLRA); 2) Negligence; 3) Strict Products Liability; 4) Express Warranty; 5) Implied Warranty of Merchantability under the Song-Beverly Consumer Warranty Act; 6) Fraudulent Omission; 7) Unfair Competition Law (UCL); 8) False Advertising Law (FAL); and 9) Magnuson Moss Warranty Act (MMWA).

Plaintiff does not claim to have witnessed the alleged defect, let alone experienced it in his own pistol. Though the FAC supposedly turns, in part, on the damage to brass shell casings, Plaintiff does not allege that he has ever used brass shell casings, re-used or intended to re-use them, or that he experienced any economic harm from this claimed damage. And though Plaintiff offers a host of claims premised on statements that Glock has made (or not made), he does not identify any statement or representation that he actually saw or relied upon in purchasing his pistol.

**II.   Plaintiff provides only generic and conclusory allegations of Glock's purported knowledge and concealment of an alleged defect.**

While Plaintiff does not claim to have experienced the alleged defect, he relies on only vague assertions that a defect exists and that Glock supposedly knew about it at some point in time. Plaintiff contends that Glock knew of the alleged defect because: 1) Glock received "numerous complaints by consumers"; and 2) in a 2015 Massachusetts lawsuit, a plaintiff claimed he was

DEFENDANT GLOCK, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS

1  injured by a "kaboom" in a class gun. (FAC ¶¶ 53–54). Plaintiff provides no information about the

2  supposed "numerous complaints." And the 2015 lawsuit was resolved on the merits in Glock's

3  favor when the court entered summary judgment on the plaintiff's defect claims.[1]

4  **III.    Plaintiff asserts sweeping and overbroad classes.**

5         Plaintiff proposes a nationwide class and a California sub-class. The "class guns" are

6  broadly and non-exhaustively defined, including at least 30 identified models and "all gun models

7  with a similar chamber design and feed ramp length." (FAC ¶ 32). Plaintiff's own pistol is neither

8  expressly included nor excluded. (FAC ¶¶ 20, 32). The nationwide class includes all owners and

9  former owners, and the California sub-class includes all owners and former owners so long as the

10  gun was purchased in California. (FAC ¶¶ 48–50). Neither class is bound by a time period or

11  limited to purchasers. Count IX (MMWA) is on behalf of a nationwide class; the rest are on behalf

12  of the California sub-class.

13                                    **ARGUMENT**

14  **I.    Plaintiff's FAC does not comply with Rule 8, mandating dismissal.**

15         To survive a motion to dismiss, a plaintiff must plead "facts" that are sufficient "to nudge

16  the[] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550

17  U.S. 544, 570 (2007). Doing so "requires more than labels and conclusions, and a formulaic

18  recitation of the elements of a cause of action will not do." *Id.* at 555. Only a complaint stating a

19  "plausible" claim will survive. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). To evaluate a

20  complaint under this standard, a court first "begin[s] by identifying pleadings that, because they

21  are no more than conclusions, are not entitled to the assumption of truth. . . ." *Id.* Next, "[w]hen

22  there are well-pleaded factual allegations, a court should assume their veracity and then determine

23  whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Where a complaint pleads

24  facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

25  possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (*quoting Twombly*, 550 U.S. at

26  557).

27

28  ---
[1] *See MacDonald v. Glock, Inc.*, 3:15-CV-30209 (D. Mass.) (Doc. Nos. 113, 114, 132, 139)
attached as Exhibit "A" to Glock's Request for Judicial Notice.

DEFENDANT GLOCK, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS

Plaintiff's FAC does not satisfy Rule 8. Plaintiff offers only a single paragraph relating to his own pistol.  (FAC ¶20.) He generally asserts that his firearm "is defective and/or has the potential of being defective," though he does not identify its model or link it to his non-exhaustive list of "class guns." (FAC ¶¶ 20, 32). The remainder of the FAC is generalized allegations about what Plaintiff claims others experienced or will experience, and threadbare recitations of the elements of his claims.

This is not enough. Plaintiff's FAC does not even approach "the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678. Though each cause of action depends on the existence of a defect, Plaintiff does not allege that he has actually experienced one. Though he asserts that the supposed defect causes damage to brass shell casings, he does not allege he used brass-cased shells, let alone that he intended to reuse casings. He provides no information about his purchase of the pistol or any representations he received or relied upon. Though he alleges breach of express warranty, he does not claim that he ever sought warranty services. He does not even say when he purchased his pistol to show that his claims are timely, instead relying on his conclusion that any statute of limitations is tolled indefinitely. (FAC ¶¶ 52–67).

Because the FAC does not comply with Rule 8, it must be dismissed in its entirety under Rule 12(b)(6).

## II.   Plaintiffs' fraud-based claims (Counts I, VI, VII, and VIII) should be dismissed under Rule 9(b).

Allegations that "would not satisfy *Twombly* [will not satisfy] the heightened pleading standard in Rule 9(b)." *In re Animation Workers Antitrust Litig.*, 87 F.Supp.3d 1195, 1217 (N.D. Cal. 2015). Because the FAC does not satisfy Rule 8, Plaintiff's fraud-based claims cannot meet Rule 9(b)'s more stringent standards and must be dismissed. The FAC includes four fraud-based claims: CLRA (Count I); fraudulent omission (Count VI); UCL (Count VII); and FAL (Count VIII). Because the same pleading standard applies to each, it is appropriate to consider the deficiencies under these four counts together. *See, e.g. Punian v. Gillette Co.*, No. 14-cv-5028, 2016 WL 1029607, at *5 (N.D. Cal. March 15, 2016).

Fraud-based claims must provide "an account of the time, place, and specific content of

the false representations as well as the identities of the parties to the representations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (*per curiam*).  A plaintiff must "set forth what is false or misleading about a statement, and why it is false." *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1161 (9th Cir. 2009).  Fraudulent omission claims also must be particularized and "describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." *Marolda v. Symantic Corp.*, 672 F. Supp.2d 992, 1002 (N.D. Cal. 2009); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126–27 (9th Cir. 2009).

Plaintiff alleges two types of fraudulent conduct: 1) misrepresentation; and 2) omission. He pleads neither with the required particularity, and does not adequately allege reliance, a necessary element of both. *See Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004) ("[T]he mere assertion of 'reliance' is insufficient. The plaintiff must allege the specifics of his or her reliance on the misrepresentation to show a bona fide claim of actual reliance").

A.       **Plaintiff has not sufficiently pled an actionable affirmative misrepresentation.**

Plaintiff provides no information about the "time, place, and specific content of the false representations" he contends occurred or about the individuals involved. *Swartz*, 476 F.3d at 764. Nor has he "set forth what is false or misleading about a statement, and why it is false." *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1161 (9th Cir. 2009).

All of plaintiff's representation-based claims turn on the same "General Allegations." In the FAC, Plaintiff purports to quote language from Glock's website stating:

- when Glock was founded, "a profound series of engineering feats were on their way to be realized"

- "[i]t is our way of thinking, a culture of continuous improvement. The 4th generation of the GLOCK 'Safe Action'® brings revolutionary design changes to the world's most popular pistol."

- "The continuous pursuit of perfection in every facet of design, engineering, and manufacturing, has firmly established GLOCK pistols as the standard by which all others are compared."

- "Glock Perfection" statement "[O]ur commitment to 'Perfection' remains steadfast: we will never compromise quality. We will continue to invest tremendous resources

DEFENDANT GLOCK, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS

in the technology and talent necessary to improve our products wherever possible; and we will always strive to deliver maximum customer satisfaction!"

- And a Glock slogan, "Safe. Simple. Fast. = Confidence."

(FAC ¶ 30). He also refers to Glock's website in the context of Count IV (a non-fraud warranty claim), which includes the statement, "Your new GLOCK is designed to provide you with that same reliable performance every time you use it; even in the face of the harshest conditions on the planet."[2] (FAC ¶ 104). He does not identify any other specific statements that he attributes to Glock anywhere in the FAC. (FAC ¶¶ 68–84; 132–155). For his CLRA, UCL, and FAL claims, Plaintiff merely recites the elements of those claims, but does not explain how they apply or connect them to any allegation of fact. (FAC ¶¶ 68–84; 132–155).

Plaintiff's bare allegations fail to meet the Rule 9(b) pleading standard.  Specifically, Plaintiff fails to describe the who, what, where, when, and how of the alleged misrepresentations. Having failed to connect his general allegations to the facts of the case, Plaintiff also fails to identify any objective statements or explain how any are "false." *Rubke,* 551 F.3d at 1161.

Not only has Plaintiff failed to plead facts to show that any statement was objectively false or how it misled him, the statements he cites cannot form the basis of any kind of fraud claim. Unquantifiable statements about product superiority are not actionable. *Hadley v. Kellogg Sales Co.*, 273 F.Supp.3d 1052, 1089 (N.D. Cal. 2017). General descriptions of a company's culture and intentions, such as Glock's statements about its philosophy of continuous improvement and pursuit of perfection without compromising quality are optimistic and not actionable. *See Lloyd v. CVB Financial Corp.*, 811 F.3d 1200, 1207 (9th Cir. 2016) (holding that description of "strong credit culture and underwriting integrity remain paramount" were optimistic, vague, puffery).  Likewise, describing a product's design as "revolutionary" is non-actionable because it is unmeasurable. *See Soilworks, LLC v. Midwest Indus. Supply, Inc.*, 575 F.Supp. 23d 1118, 1133 (D. Ariz. 2008), cited with approval in *R and A Synergy LLC v. Spanx Inc.*, 2019 WL 4390564 *10 (C.D. Cal. May 1, 2019).

---

[2] It is unclear whether plaintiff intends to support his fraud claims with this language.

DEFENDANT GLOCK, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS

**B.      Plaintiff has not adequately pled fraudulent omission.**

Fraudulent omission claims require particularized pleadings, *Kearns,* 567 F.3d at 1126–27, which set "forth an explanation as to why the omission complained of was false and misleading," *Bird v. First Alert, Inc.,* No. C14-3585, 2014 WL 7248734 *6 (N.D. Cal. Dec. 19, 2014).   A manufacturer is not liable for failing "to disclose a defect that manifests itself after expiration of the warranty period unless such omission (1) is 'contrary to a representation actually made by the defendant' or (2) pertains to a 'fact the defendant was obligated to disclose.'" *Smith v. Ford Motor Co.*, 749 F. Supp.2d 980, 987 (N.D. Cal. 2010) (quoting *Daugherty v. Am. Honda Motor Co.,* 144 Cal. App.4th 824, 835–36 (2006)). Because Plaintiff identifies no representation made by Glock about the alleged defect, his claim depends on a supposed "duty" to disclose.

A duty to disclose arises only when the defendant: 1) is in a fiduciary relationship to the plaintiff; 2) has exclusive knowledge of material facts unknown to the plaintiff; 3) actively conceals a material fact from the plaintiff; or 4) made partial representations to the plaintiff, but suppresses a material fact. *Id.* (citing *LiMandri v. Judkins*, 52 Cal. App.4th 326, 337 (1997)).   Here, Plaintiff alleges that Glock had a duty because it was "in a superior position to know the true state of facts," and that Glock "intentionally concealed material facts." (FAC ¶¶ 77–78).

**1.      Plaintiff fails to identify a material fact that Glock had a duty to disclose.**

To show a duty, a plaintiff must allege that a material fact existed that the defendant did not disclose. *LiMandri*, 52 Cal. App.4th at 337. Ordinarily, this requires pleading that an undisclosed safety concern existed, *Wilson v. Hewlett Packard Co.,* 668 F.3d 1136, 1141 (9th Cir. 2012), or that a physical problem affects a product's central functioning, *Hodson v. Mars, Inc.,* 891 F.3d 857, 860 (9th Cir. 2018). To meet this burden, a plaintiff must allege: (1) a defect; (2) a safety hazard; (3) a causal connection between the alleged defect and hazard; and (4) that the defendant was aware of the defect at the time of sale. *Myers v. BMW of N. Am.*, No. 16-cv-412, 2016 WL 5897740, at *3 (N.D. Cal. Oct. 11, 2016) (citing *Wilson*, 668 F.3d at 1143–45).

Though Plaintiff purports to describe a "defect" and "safety hazard" that he claims exists, it is not one about which he claims to have any first-hand knowledge or experience. And because

DEFENDANT GLOCK, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS

he has described only conjectural and hypothetical injuries, he has not adequately alleged a causal connection between the alleged defect and a safety hazard. *Williams v. Yamaha Motor Co., Ltd.*, 851 F.3d 1015, 1028 (9th Cir. 2017). Plaintiff offers only his own self-serving assertion that a defect exists resulting in a shell casing separating and dislodging. He then claims it is dangerous, referring vaguely to "complaints" from unidentified customers and a lawsuit resolving the issue of a defect in Glock's favor. *MacDonald v. Glock, Inc.*, 3:15-CV-30209 (D. Mass.) (Doc. Nos. 113, 114, 132, 139). This is not an adequate allegation of an undisclosed defect or safety hazard. *See Tietsworth v. Sears, Roebuck & Co.*, 2009 WL 3320486 *2 n.2 (N.D. Cal. Oct. 13, 2009) (finding allegations of dangerous defect that plaintiffs did not claim to have witnessed insufficient); *Williams*, 851 F.3d at 1028 (dismissing consumer fraud claim when plaintiff did not allege facts indicating that plaintiff or anyone else experienced alleged hazard); *Marchante v. Sony Corp. of Am., Inc.*, 801 F.Supp.2d 1013, 1018 (S.D. Cal. 2011) (explaining that bare allegation of risk devoid of facts is insufficient).

Likewise, Plaintiff does not plead that Glock omitted material information about a defect central to the functioning of the firearm, which is necessary to find a duty to disclose absent an adequately pled safety hazard. *See Hodson,* 891 F.3d at 864 (concluding plaintiff failed to state fraudulent omission claim when he could not allege a safety hazard in product and did not show that alleged omission related to product's "central functionality"). Because he does not allege that he experienced the alleged defect, or that it has affected his use of his pistol, Plaintiff has not alleged that Glock omitted information relating to the pistol's central functioning.

### 2.   Plaintiff fails to adequately plead that Glock actively concealed an alleged defect.

Although the FAC is replete with Plaintiff's naked accusations that Glock intentionally concealed a defect, it lacks any allegations of fact to support them. (FAC ¶¶ 9; 13–18; 36; 39–40; 52–60; 73–78). A sufficiently pled active concealment theory requires well-pled allegations of "affirmative acts on the part of the defendant in hiding, concealing, or covering up the matters complained of." *Lingsch v. Savage*, 213 Cal.App.2d 729, 734 (1963). Plaintiff offers none. This is insufficient. *See Goldstein*, 445 F.Supp.3d at 1009 (dismissing fraud claims when plaintiffs

**DEFENDANT GLOCK, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS**

failed to "articulate the who, what, when, where, and how"); *Mosqueda v. Am. Honda Motor Co.*, 443 F. Supp. 3d 1115, 1130-31 (C.D. Cal. 2020) (finding "bare legal conclusions" insufficient to support an active concealment theory).

### 3. Plaintiff has not pled that Glock had exclusive pre-sale knowledge of the alleged defect.

To trigger a duty to disclose, Plaintiff "must sufficiently allege that a defendant was aware of a defect at the time of sale[.]" *Wilson*, 668 F.3d at 1145. Plaintiff, however, merely asserts that Glock was in a "superior" position to learn of a defect, and repeats that Glock knew about a defect at an unspecified time. (FAC ¶ 77). This is insufficient to trigger a duty to disclose.

Plaintiff does not allege that Glock was aware of a supposed defect before he purchased his firearm. Indeed, Plaintiff offers no information about the timing of his purchase or even a model or serial number to hint at when it may have occurred. And his entire claim that Glock was aware of a supposed defect at any time turns on only two paragraphs of the FAC. One alleges that unidentified other customers have complained about the defect. The other asserts that Glock was once sued by a plaintiff claiming this defect existed—a lawsuit in which Glock's product was vindicated. These allegations cannot satisfy Rule 9(b). Glock cannot be said to have been "aware" of a defect that a court, as a matter of law, held that a plaintiff could not prove. And, as the Ninth Circuit has explained, consumer complaints "provide no indication whether the manufacturer was aware of the defect *at the time of sale*." *Wilson*, 668 F.3d at 1147. Moreover, the Court doubted whether consumer complaints "in and of themselves adequately support an inference that a manufacturer was aware of a defect . . . or merely establish the fact that some consumers were complaining." *Id*. at 1147 (internal quotations omitted). Here, Plaintiff's allegations implicate these same concerns and show no pre-sale knowledge. *Id*.; *see also, e.g.*, *Herron v. Best Buy Co., Inc.*, 924 F. Supp. 2d. 1161, 1175 (E.D. Cal. 2013) (dismissing fraudulent omission claim for, amongst other reasons, failure to allege specific facts demonstrating exclusive knowledge of alleged defect); *Goldstein v. General Motors*, 445 F.Supp.3d 1000 (S.D. Cal. 2020) (same).

The Southern District's recent decision in *Goldstein* is also illustrative on this point. There, plaintiffs in a putative class action described in detail an alleged defect affecting a motor vehicle

backup camera, including the specific materials that supposedly failed, manner of failure, and nature of the safety risk involved. *Id.* at 1008–09. They referred to technical service bulletins issued by the manufacturer; complaints filed with NHTSA; the manufacturer's supposed response to consumer complaints in online forums; and numerous repairs allegedly undertaken to these components on vehicles. *Id.* at 1009. Finding these allegations insufficient, the court dismissed the plaintiffs' fraudulent concealment claims. *Id.* at 1017–18. *See also Callaghan v. BMW of N. Am., LLC, No. 13-cv-4794, 2014*, 2014 WL 6629254, at *4 (N.D. Cal. Nov. 21, 2014) (finding consumer complaints insufficient when "more than half" post-dated plaintiffs' purchases); *Grodzitsky v. Amer. Honda Motor Co.*, No. 2:12-cv-1142, 2013 WL 690822, at *7 (C.D. Cal. Feb. 19, 2013); *Baba v. Hewlett-Packard Co.*, No. C 09-05946, 2010 WL 2486353, at *5 (N.D. Cal. June 16, 2010).

These glaring deficiencies in the FAC's allegations doom each of Plaintiff's fraud-based claims premised on omissions.

### 4. Plaintiff cannot establish a duty under the second or third *LiMandri* prongs because he identifies no transaction between himself and Glock.

Plaintiff must demonstrate that Glock had a duty to disclose an alleged defect. Absent a fiduciary relationship, only the latter three *LiMandri* prongs could apply. But, because these prongs "presuppose the existence of some other relationship between the plaintiff and defendant in which a duty to disclose can arise[,]" and Plaintiff has identified none, this claim fails. *Bigler-Engler v. Breg, Inc.*, 7 Cal. App.5th 276, 311 (2017).

The duty to disclose requires a "transaction" between the plaintiff and defendant. *Id.*; *see also*, *Warner Constr. Corp. v. City of Los Angeles*, 2 Cal.3d 285, 294 (1970) ("In transactions which do not involve a fiduciary or confidential relations, a cause of action for non-disclosure of material facts may arise in at least three instances," i.e., those later articulated in the second, third, and fourth *LiMandri* prongs). "Such a transaction must necessarily arise from direct dealing between the plaintiff and defendant; it cannot arise between the defendant and the public at large." *Bigler-Engler*, 7 Cal.App.5th at 312. For example, in *Bigler-Engler*, the court of appeal reversed a fraudulent concealment verdict because there was no transactional relationship between the

DEFENDANT GLOCK, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS

1 plaintiff and manufacturer. *Id.* at 314–15. The plaintiff had not purchased directly from the

2 manufacturer, but rather from a medical group. *Id.* at 287, 314. The court found that without a

3 "sufficient relationship or transaction . . . no duty to disclose arises even when the defendant

4 speaks." *Id.* at 312.

5       The same applies here. Plaintiff does not claim any transaction between himself and Glock.

6 Glock expressly denies that it concealed any material fact. But even assuming *arguendo* there was

7 concealment, Plaintiff cannot state a claim.

8       **C.       Plaintiff has not adequately pled reliance.**

9       Reliance is a necessary element of affirmative misrepresentation and fraudulent omission

10 claims. *See In re Apple Inc. Device Performance Litig.*, 347 F. Supp.3d 434, 458 (N.D. Cal. 2018).

11 To plead affirmative misrepresentation, the plaintiff must identify misleading advertisement

12 statements on which he relied. *In re Apple Inc. Device Performance Litig.*, 347 F. Supp.3d at 458.

13 And in the case of an alleged fraudulent omission, the plaintiff must "describe the content of the

14 omission and where the omitted information should or could have been revealed, as well as provide

15 representative samples of advertisements, offers, or other representations that plaintiff relied on to

16 make her purchase and that failed to include the allegedly omitted information." *Marolda*, 672

17 F.Supp.2d at 1002.

18       The FAC completely fails to plead reliance under either theory.  Plaintiff does not claim to

19 have seen or relied on any advertisement, representation, or other materials from Glock, let alone

20 "describe the content of the omission and where the omitted information should or could have been

21 revealed," as would be necessary to plead a fraudulent omission claim.  *Id.*

22       Because these failures are fatal to Plaintiff's fraud-based claims, this Court should dismiss

23 Plaintiff's CLRA, fraudulent omission, UCL, and FAL claims in their entirety.

24 **III.    Plaintiff's UCL and FAL claims also fail for other reasons as a matter of law.**

25       Plaintiff's UCL claim fails because he does not allege any plausible fraudulent, unlawful

26 or unfair practices.  Additionally, his UCL and FAL claims fail because he lacks standing to bring

27 claims for injunctive relief; and his claims for monetary damages foreclose his claims for

28 injunctive relief.

**A.      Plaintiff does not sufficiently allege unlawful or unfair practices to support a UCL claim.**

The FAC includes minimal information about Plaintiff's UCL claim; he merely asserts that Glock's acts were fraudulent, unfair, and unlawful. (FAC ¶¶ 134, 141, 142). *See Falk v. Gen. Motors Corp.*, 496 F.Supp.2d 1088, 1096–97 (N.D. Cal. 2007). As demonstrated in Section II, his fraud claims fail under Rule 9(b). But Plaintiff also fails to allege a claim under the UCL's "unlawful" prong, which "borrows violations of other laws and treats them as unlawful practices that the [UCL] makes independently actionable." *Wilson*, 668 F.3d at 1145. His "unlawful" conduct claim depends on his CLRA, Song-Beverly, and express and implied warranty claims, which, as explained in Sections II, V, VI, and VII also fail. His claim under the "unfairness" prong must also fail. Although the test for unfairness is "somewhat unsettled," *In re Seagate Tech. LLC Litig.,* 233 F. Supp.3d 776, 797 (N.D. Cal. 2017), generally, courts apply one of two tests: (1) a traditional balancing test that requires a plaintiff to show that the harm to a consumer outweighs the utility of a defendant's practice, *see Lopez v. AT&T Wireless Servs., Inc.,* 504 F.3d 718, 735 (9th Cir. 2007); or (2) show that the defendant's conduct was unfair based on "some legislatively declared policy." *Cel Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal. 4th 163, 180 (1999). The FAC satisfies neither. Plaintiff identifies no legislative policy, and because Glock did not have a duty to disclose the claimed defect, any supposed failure "is not substantially injurious, immoral, or unethical." *Hodson*, 891 F.3d at 867.

**B.      Plaintiff also lacks Article III standing to seek injunctive relief.**

In a consumer products case, a plaintiff must allege that he intends to purchase the products in the future to have standing to seek injunctive relief. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970–71 (9th Cir. 2018). Without affirmative allegations of an intention to purchase the product in the future, knowledge of an alleged falsehood eliminates Article III standing for injunctive relief. *See Romero v. HP, Inc.*, No. 16-cv-5415, 2017 WL 386237 * 9 (N.D. Cal. Jan. 27, 2017). Plaintiff's allegation that he would not purchase the product knowing now what he claims he did not know earlier conclusively destroys standing to seek injunctive relief. (FAC ¶ 128); *E.g., Lucas v. Breg, Inc.*, 212 F. Supp.3d 950, 962–63 (S.D. Cal. 2016); *Bird v. First Alert,*

DEFENDANT GLOCK, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS

*Inc.*, 2014 WL 7248734 * 4–5 (N.D. Cal. Dec. 19, 2014). (FAC ¶ 128).  Accordingly, all of Plaintiff's claims for injunctive relief—including those under the UCL and FAL—must be dismissed.

### C.   Plaintiff's claims for injunctive relief fail because he has legal remedies.

Plaintiff's claims for injunctive relief—including under the UCL and FAL—also fail because he has alternate adequate remedies at law. The Ninth Circuit recognizes as "a basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law." *Mort v. United States,* 86 F.3d 890, 892 (9th Cir. 1996). UCL and FAL provide only for equitable relief. "[C]ourts in this district have barred claims for equitable relief—including claims for violations of California consumer protection statutes—at the motion to dismiss stage where plaintiffs have alleged other claims presenting an adequate remedy at law." *Munning v. Gap, Inc.*, 238 F.Supp.3d 1195, 1203–04 (N.D. Cal. 2017).  Plaintiff has brought various claims for relief, including for violation of the CLRA. When a plaintiff has brought a CLRA claim, it is appropriate to dismiss UCL and FAL claims based on the same factual predicate. *See Id.; Bird*, 2014 WL 7248734 * 6 (dismissing UCL claim because plaintiff had adequate remedy under CLRA notwithstanding failure as a matter of law of plaintiff's CLRA claim).  Therefore, Plaintiff's UCL and FAL claims (Counts VII and VIII)—as well as all Plaintiff's claims for injunctive relief—should be dismissed with prejudice.

### IV.   Plaintiff's negligence, strict products liability, and fraudulent omission claims should be dismissed with prejudice under the economic loss rule.

As stated in Section I, *supra*, Plaintiff's strict product liability and negligence claims fail under Rule 8 because Plaintiff does not plead that he experienced the alleged defect or that he sustained any damages as a result.  Further, he does not allege that he used brass shell casings that he was unable to re-use.  Even assuming the FAC satisfied Rule 8, his strict product liability, negligence, and fraudulent omission claims are barred by the economic loss rule.

### A.   Plaintiff claims only economic harm from a potential defect in his pistol.

To the extent Plaintiff's FAC suggests that his pistol is or might be defective, he alleges no personal injury or loss to other property. Rather, he seeks only economic damages based on having

been exposed to a "risk of serious injury or death." (FAC ¶¶ 91, 98). It is well established that "speculative harm, or the threat of future harm—not yet realized—does not suffice to create a cause of action for negligence." *Lederer v. Gursey Schneider LLP*, 22 Cal. App. 5th 508, 521 (2018). And "a products liability action may be brought only by one who has already suffered a physical injury to his or her person or property . . ." *Cty. of Santa Clara v. Atl. Richfield Co.*, 137 Cal. App. 4th 292, 310 (2006). Because Plaintiff does not allege physical injury to his person or property, the economic loss rule bars his tort-based claims. "The economic loss rule precludes recovery in tort where a plaintiff's damages consist solely of economic loss." *Thompson v. BMW of N. Am., LLC*, 2019 WL 988694, at *5 (C.D. Cal. Jan. 10, 2019); *see also Jimenez v. Superior Court,* 29 Cal. 4th 473, 483 (2002) ("recovery under the doctrine of strict liability is limited solely to physical harm to person or property") (internal quotations omitted); *Mosqueda v. Am. Honda Motor Co.*, 443 F. Supp.3d 1115, 1134 (C.D. Cal. 2020) (applying economic loss rule to fraudulent omission claims); *Altamirano-Torres v. Ford Motor Co.*, CV-17-07338 AB (FFMx) (C.D. Cal. Sept. 2, 2020) (dismissing fraudulent omission claim based on economic loss rule).

## B.      Dismissal with prejudice is appropriate because amendment would be futile.

In an apparent attempt to avoid the economic loss rule, Plaintiff invokes the specter of damage to brass shell casings, which he claims are caused by the alleged defect and cause "the loss of thousands of dollars to the consumer over time." (FAC ¶ 4). Plaintiff, however, does not allege that he uses or has ever used brass-cased ammunition, that his spent casings have been damaged, or that he ever re-used or intended to re-use them. Nor has he pled any facts to permit a court to determine that harm to these casings—refuse left over after a firearm is discharged— amount to more than de minimis damages. *See Stearns v. Select Comfort Retail Corp.*, 2009 WL 4723366, at *12 (N.D. Cal. Dec. 4, 2009) (dismissing claim for mold damage to bedding when plaintiffs failed to allege facts showing value); *NovelPoster v. Javitch Canfield Group*, 140 F.Supp.3d 938, 949 (N.D. Cal. 2014) (finding claim of loss "entirely speculative" when plaintiff failed to plead facts to support damages amount); *Harrison Ventures, LLC v. Alta Mira Treatment Center*, No. C10-00188 RS, 2010 WL 1929566 *5 (N.D. May 12, 2010)  (dismissing complaint because although plaintiff alleged $63,000 in damages "specific facts to support this bald statement

DEFENDANT GLOCK, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS

are lacking in the [complaint]").

But even if he could amend his pleadings to assert facts, the amendment would be futile because damage to used brass shell casings is not compensable as a matter of law. Shell casings are waste that remains after ammunition has been spent. Plaintiff alleges that there is some economic value to collecting, reloading, and re-using them, and asserts that inability to do so is economic harm. (FAC ¶ 4). As a matter of law, this allegation cannot circumvent the economic loss rule because Glock has both disclaimed incidental and consequential damages in its warranty, and expressly warned against the use of reloaded or hand-loaded ammunition.

Glock's Manual and Warranty are furnished with purchase and also available on Glock's website: https://us.glock.com/en/own/warranty.[3] The warranty provides that "GLOCK, Inc. assumes no liability for incidental or consequential damage or for incidental expenses." (*See* Ex. "B" to Req. for Judicial Not.).  As such, Plaintiff cannot seek damages for the brass casings because those damages have been disclaimed.  *See Stearns v. Select Comfort Retail Corp.*, 763 F.Supp.2d 1128, 1147 (N.D. Cal. 2010) (dismissing negligence and strict liability claims under economic loss rule when warranty disclaimed incidental and consequential damages). More tellingly, Glock expressly warns that if "reloaded, remanufactured, or handloaded ammunition, or ammunition of a different caliber than your GLOCK pistol is used" the warranty will be voided.  (*See* Ex. "B" to Req. for Judicial Not.) Put plainly, not only are incidental and consequential damages excluded, Plaintiff cannot seek compensation for his inability to use his pistol contrary to Glock's express warnings.  Thus, Plaintiff's strict liability, negligence, and fraudulent omission claims should be dismissed with prejudice.

**V.      Plaintiff's express warranty claim should be dismissed as a matter of law.**

Plaintiff's breach of express warranty claim fails because Plaintiff does not sufficiently plead the existence of an express warranty or that he activated the warranty within the warranty period. He also fails to allege that Glock did not perform pursuant to the terms of any warranty.

---

[3] *See* Glock's Request for Judicial Notice, Exhibit "B."  This Court may consider Glock's written limited warranty because Plaintiff referred to it in the FAC and cannot dispute its authenticity. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

DEFENDANT GLOCK, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS

To plead a breach of express warranty claim, Plaintiff must allege: "(1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached." *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 849 (N.D. Cal. 2012). Plaintiff has not done so.

> **A.** **Plaintiff does not allege the elements of a breach of express warranty claim.**

Glock provides an express warranty with the sale of its firearms and publishes this warranty on the Internet. (FAC. at ¶ 104). Despite claiming that Glock breached its warranty, Plaintiff does not provide (or even refer to) its language, much less explain how Glock supposedly breached it. Nevertheless, he purports to bring an express warranty claim and concedes that it is provided "with the Class Guns." (FAC ¶ 104.)

Glock's limited repair or replacement warranty is for "a period of one (1) year from the date of their original purchase by the initial consumer" and "only becomes effective if activated by the original purchaser within 30 days of the purchase date, by completing and returning the warranty card included with your GLOCK pistol." (*See* Glock's limited warranty, Ex. B to Req. for Judicial Not.) Other terms of the warranty include:

- "There are no warranties which extend beyond the description on the face hereof."
- "The sole and exclusive remedy pursuant to this warranty is the repair or replacement of your GLOCK pistol, at the sole discretion of GLOCK, Inc."
- "Any action against GLOCK, Inc. based on an alleged breach of this warranty must be brought within one (1) year of the claimed breach."
- "GLOCK, Inc.'s liability for breach of warranty shall be limited to repair or replacement of your GLOCK pistol, at the sole discretion of GLOCK, Inc."

(Ex. B to Req. for Judicial Not.)

Plaintiff does not allege that he ever activated his warranty, much less submitted any warranty claim prior to the expiration of the 1-year warranty period—he does not even state when he allegedly purchased his pistol. *Elias*, 903 F. Supp. 2d at 850 (a claim for breach of express warranty cannot be maintained after the applicable warranty period has elapsed).

Plaintiff cannot bring a claim for breach of express warranty based on alleged latent defects discovered after the expiration of the warranty period. *Daugherty v. Am. Honda Motor Co.*, 144

Cal. App. 4th 824, 832 (2006). Here, Plaintiff has not pled facts sufficient to determine the applicable warranty period for his pistol, much less established that it was in effect when he discovered an alleged defect (if he is, in fact, alleging his pistol has a defect). Finally, even assuming he activated his warranty, Plaintiff does not allege that he ever sought repair or replacement of his pistol from Glock or that Glock denied his claim. These essential elements of Plaintiff's claim are absent from the FAC.

### B. The statements on which Plaintiff relies are non-actionable puffery and cannot give rise to a breach of express warranty claim.

Ignoring Glock's limited express warranty, Plaintiff refers instead to statements on its website and suggests that Glock breached them. In doing so, Plaintiff disregards that Glock expressly disclaimed any warranty other than its limited express warranty. (*See*, Ex. B to Req. for Judicial Not.) ("there are no warranties which extend the description on the face hereof"). Nonetheless, the language to which he refers is merely non-actionable puffery and cannot constitute a warranty.  Non-actionable puffery cannot give rise to a breach of express warranty claim.  *Castaneda v. Fila USA, Inc.*, 2011 WL 7719013, at *4 (S.D. Cal. Aug. 10, 2011) (dismissing claim because alleged warranty statements were mere puffery); *see also Viggiano v. Hansen Nat. Corp.,* 944 F. Supp. 2d 877, 894 (C.D. Cal. 2013) (same). "Puffery is exaggerated advertising, blustering, and boasting upon which no reasonable buyer would rely."  *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1233 (N.D. Cal. 2012). Puffery statements are "vague, highly subjective claims as opposed to specific, detailed factual assertions." *Id.*

Plaintiff cites only one statement, which he claims as Glock's warranty, a portion of the preamble to the substantive terms of Glock's actual warranty: "your new GLOCK is designed to provide you with that same reliable performance every time you use it; even in the face of the harshest conditions on the planet." (FAC. at ¶ 104). He also generally refers to the other non-actionable statements discussed herein in Section II.A.  Just as none of these statements could form the basis of a fraud claim, none constitute an express warranty. At most, they are puffery. *See e.g., Glen Holly Entm't, Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1015 (9th Cir. 2003) (statements describing high priority placed on product development and alluding to marketing efforts "were

**DEFENDANT GLOCK, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS**

1   generalized, vague and unspecific assertions, constituting mere 'puffery' upon which a reasonable

2   consumer could not rely") (internal quotations omitted); *see also, e.g., Viggiano*, 944 F. Supp. 2d

3   at 894 (the term "premium" is mere puffery and has "no concrete, discernable meaning . . . thus

4   cannot give rise to a breach of warranty claim"); *see e.g., Shroyer v. New Cingular Wireless Servs.,*

5   *Inc.*, 622 F.3d 1035, 1043 (9th Cir. 2010) (advertisement stating "'all the advantages that only the

6   nation's largest wireless company can provide' is a vague statement and provides nothing concrete

7   upon which [consumer] could reasonably rely").

8           These are not statements of fact or promises of anything particular upon which a reasonable

9   consumer could or would rely. As such, these statements can never form the basis of a claim for

10  breach of express warranty. *See Tektronix Inc.*, 343 F.3d at 1015; *Viggiano,* 944 F. Supp. 2d at

11  894. Having failed to plead any facts necessary to allege a claim for breach of express warranty,

12  this Court should dismiss Count IV of the FAC.

13  **VI.    Plaintiff Has Failed to State a Claim for Breach of Implied Warranty.**

14          Like the other allegations in the FAC, Count V consists of Plaintiff's conclusory recitation

15  of the elements of a breach of implied warranty claim, devoid of any facts to establish the

16  probability of liability. (FAC ¶¶ 109–121). To state a claim for breach of the implied warranty of

17  merchantability, Plaintiff must allege that his pistol was not "fit for the ordinary purposes for which

18  such goods are used." *Isip v. Mercedes-Benz USA LLC*, 155 Cal.App.4th 19, 26 (2007); Cal. Civ.

19  Code §§ 1791.1, 1792. Plaintiff has merely recited this legal standard, but alleged no facts to

20  support it. Not only does Plaintiff fail to enumerate any facts suggesting that his pistol is not fit for

21  its ordinary purpose, as already noted, he is equivocal as to whether he believes it is defective at

22  all, alleging only that his .45 caliber pistol "is defective and/or has the potential of being defective."

23  (FAC ¶¶ 20, 32). He has not offered any facts to show that he cannot use his pistol or that it does

24  not function as a firearm.

25          Likewise, Plaintiff has not pled facts to establish that his claim has been brought within 4

26  years of purchasing his pistol, as the statute of limitations is not tolled by any discovery rule. *See*

27  Cal. U. Com. Code, §2725; *Mexia v. Rinker Boat Co.* (2009) 174 Cal.App.4th 1297 (rejecting

28  tolling based on discovery, explaining that a "purchaser of an unmerchantable product who could

---

DEFENDANT GLOCK, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS

1   not…discover the product's defect until 13 months after delivery…would have almost three

2   years"); *see also Ferris v. Ford Motor Co.*, No. 18-cv-3216, 2019 WL 1100376, at *2 (N.D. Cal.

3   Mar. 8, 2019) ( "a claim for breach of implied warranty accrues, and, therefore, the statute of

4   limitations begins to run, upon tender of delivery").

5      Although Plaintiff contends that he is entitled to tolling for some unspecified period based

6   on fraudulent concealment, (FAC at ¶ 56), his failure to sufficiently plead fraudulent omission

7   under Rule 9(b) precludes the operation of any tolling based on a claim of fraudulent omission.

8   *See Goldstein*, 445 F.Supp.3d at 1017–18 (rejecting claim for tolling based on plaintiff's failure to

9   adequately plead fraud). Absent any facts to establish that Plaintiff purchased his pistol within the

10  time-period to bring a claim for implied warranty, he has failed to state a claim for breach of

11  implied warranty, and this cause of action must be dismissed.

12  **VII.   Plaintiff's MMWA claim (Count IX) fails for various reasons.**

13     Just like his breach of express and implied warranty claims, Plaintiff's claim for violation

14  of the MMWA is insufficiently pled.  But even more so, Plaintiff's MMWA claim is barred as the

15  FAC is not brought by at least 100 named plaintiffs pursuant to 15 U.S.C. 2310(d)(3)(C) and

16  Plaintiff failed to give pre-suit notice of his alleged class action as required by 15 U.S.C. 2310(e).

17         **A.    Plaintiff's MMWA claim fails because his warranty claims fail.**

18     "[C]laims under the Magnuson-Moss Act stand or fall with [a plaintiff's] express and

19  implied warranty claims under state law." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017,

20  1022 (9th Cir. 2008). As outlined in Sections V and VI, Plaintiff has failed to plead legally

21  cognizable claims for breach of express and implied warranty under state law. Therefore, he cannot

22  state a claim for a violation of the MMWA, and Count IX of his FAC must be dismissed.

23         **B.    Plaintiff's MMWA claim is barred under 15 U.S.C. §2310(d)(3)(C) as "the**
24               **number of named plaintiffs is less than one hundred."**

25     The MMWA maintains the following limitation for the exercise of jurisdiction by federal

26  courts: "No claim shall be cognizable in a suit brought under paragraph (1)(B) of this

27  subsection…if the action is brought as a class action, and the number of named plaintiffs is less

28  than one hundred." 15 U.S.C. §2310(d)(3).  Recently, the Ninth Circuit confirmed that a district

court's dismissal of a MMWA claim was appropriate due to the failure to name one hundred plaintiffs. *Floyd v. Am. Honda Motor Co.*, 966 F.3d 1027 (9th Cir. 2020). In doing so, the Ninth Circuit rejected the plaintiffs' argument that the Class Action Fairness Act ("CAFA") provides an alternative basis for federal courts to exercise jurisdiction over MMWA class actions. *Id.* at 1033-1035. Here, the FAC names only one plaintiff and is therefore barred under 15 U.S.C. §2310(d)(3). *See Floyd*, 966 F.3d at 1035.

## C.    Failure to provide pre-suit notice of a MMWA class action is fatal.

Even if Plaintiff had appropriately pled a breach of express or implied warranty, this Court would still be obligated to dismiss Count IX of the FAC because he has not provided adequate notice to Glock. As this Court has recognized, 15 U.S.C. § 2310(e) requires a plaintiff to provide pre-suit notice and an opportunity to cure a supposed breach of warranty before bringing a purported class action under the MMWA. *See Rojas v. Bosch Solar Energy Corp.*, 386 F.Supp.3d 1116, 1128 (N.D. Cal. 2019). Plaintiff does not claim to have provided adequate notice to Glock pursuant to 15 U.S.C. § 2310(e), nor did he provide such notice. Accordingly, this claim must be dismissed.

## VIII.   This Court should dismiss and/or strike plaintiff's class allegations.

Where the plaintiff fails to plead a proper proposed class definition the court can and should dismiss or strike class allegations under Rules 12(b)(6) and 12(f). *See, e.g., Sanders v. Apple, Inc.*, 672 F. Supp.2d 978, 990–91 (N.D. Cal. 2009) (striking class allegations before discovery and certification stage); *Freedline v. O Organics*, No. 19-cv-01945-JD (N.D. Cal. Oct. 27, 2020) (dismissing plaintiff's national class allegations in a consumer fraud class action); *Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010). Moreover, where any part of the prayer for relief is not recoverable as a matter of law, including a prayer for certification of a proposed class, a Rule 12(f) motion to strike the class allegations and requested class treatment is appropriate. *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996). Plaintiff's proposed class definitions are facially improper and impermissible for several reasons. Based on these facial improprieties and the uncertifiable nature of Plaintiff's proposed class(es),

the Court should, at this early stage, dismiss and/or strike Plaintiff's class allegations and requested class certification.

### A.   Plaintiff's nationwide class under his MMWA claim is impermissible because of the variance of state warranty laws and because warranty claims with individualized issues are inappropriate for class treatment.

Plaintiff seeks to assert Count IX of his FAC—alleged violation of the MMWA—on behalf of a nationwide class. As explained in Section VII.A., MMWA claims are based on applicable state express and implied warranty law. Thus, Plaintiff's proposed nationwide class under an MMWA claim would involve application of every state's express and implied warranty law, rendering the proposed class unmanageable.  Indeed, other Circuit Courts of Appeal have also rejected attempts to pursue nationwide warranty class actions. *See In re Bridgestone/Firestone, Inc.,* 288 F.3d 1012, 1015 (7th Cir. 2002); *Cole v. General Motors Corp.*, 484 F.3d 717, 724–727 (5th Cir. 2007). For example, in *Cole*, the Fifth Circuit warned against the superficial appeal of relying on the textual similarities between the various states' adoptions of Uniform Commercial Code provisions. 484 F.3d at 725. The Court explained the variations in state laws on the issues of requirements to demonstrate reliance, providing notice of breach, privity of contract, recovery of unmanifested defects, presumptions of merchantability, and used products, concluding that these variations eclipse nationwide class concerns and make nationwide class actions on warranty claims inappropriate. *Id.* at 725–730. These same concerns apply to this case, mandating that this Court strike Plaintiff's purported nationwide class claim. Accordingly, Plaintiff's nationwide class should be dismissed and/or struck.

### B.   Both Plaintiff's proposed class and subclass definitions are overbroad.

Plaintiff's proposed nationwide class and his proposed California class are each overbroad and inconsistent with his theory of the case, mandating dismissing or striking these allegations. *See Sandoval v. Ali*, 34 F.Supp.3d 1031, 1043 (N.D. Cal. 2014) (striking class allegations under Rule 12(f) that were inconsistent with plaintiff's theory of case); *see also Enoh v. Hewlett Packard Enter. Co.*, 2018 WL 3377547 * 14–15 (N.D. Cal. 2018) (striking class allegation when overbroad class definition would subject defendant to "burdensome and unnecessary class discovery on barred claims and individuals").

DEFENDANT GLOCK, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS

The FAC proposes class members and class products that are impermissibly broad, vague, and unascertainable. This is not appropriate, and it is an invitation for discovery abuse. First, plaintiff has failed to define with certainty the class of products that he contends is at issue. In Paragraph 32 of the FAC, he provides a non-exhaustive list of Glock pistols including at least 30 models. (FAC ¶ 20). He defines the class as including the 30 identified models as well as all models with a "similar chamber design and feed ramp length." (FAC ¶ 32).   But Plaintiff offers no explanation of what "similar" supposedly means with respect to chamber design or feed ramp length.  There is no way for Glock to know what products Plaintiff contends are at issue, and the class definition appears crafted to permit unbounded discovery into any Glock product manufactured at any time based on Plaintiff's unilateral declaration of similarity based on undetermined criteria. Further, he identifies as "class guns" purported firearm models that are not actual functioning firearms and therefore cannot implicate Plaintiff's purported defect theory – for example, the 22 cut, 22 P, 23 cut, and 23 p models, (FAC ¶ 32), are cutaway pistols and practice pistols that are not capable of discharging brass cased ammunition.[4]  Striking this class product definition is, therefore, appropriate at this stage. *See Enoh*, 2018 WL 3377547 * 14–15.

Plaintiff's class definitions are no more tailored and, therefore, can fare no better than his overbroad product definition. His proposed class and subclass include "[a]ll current and former owners of a Class Gun" in the relevant geographic areas. (FAC ¶¶ 48, 50). These classes are not limited to owners who actually purchased their firearms.  The class definition also does not exclude owners who did not experience the alleged defect.  It also necessarily includes class members who owned purported class pistols, but subsequently sold them for full value, as well as those whose pistols may have been lost, stolen, or destroyed in a manner unrelated to the alleged defect. Contrary to Plaintiff's allegations concerning damage to brass shell casings, the proposed class and subclass are <u>not</u> limited to owners who use brass-cased ammunition, let alone Glock owners who defy Glock's instructions and re-use their brass shell casings with the class pistols. Because neither the class product nor the class member definitions are bounded by any time period, the classes also include members whose claims would be barred by the applicable statute of

---

[4] *See* Exhibit C to Glock's Request for Judicial Notice.

DEFENDANT GLOCK, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS

1  limitations. *See Enoh*, 2018 WL 3377547 * 14–15 (striking overbroad class definition that would
2  include "individuals who are barred by their failure to timely file a claim;" concluding strike
3  necessary to "protect Defendants from burdensome and unnecessary class discovery on barred
4  claims and individuals").

5  Because Plaintiff's class allegations are improper, they should be dismissed and/or struck
6  pursuant to Rules 12(b)(6) and 12(f).

7  **CONCLUSION**

8  This Court should dismiss each of Plaintiff's claims and strike his class allegations. His
9  FAC as a whole fails to comply with Rule 8 pleading standards and he has failed to allege any of
10 his fraud-based claims with sufficient specificity to satisfy Rule 9(b). Aside from his pleading
11 failures, several of Plaintiff's other claims fail as a matter of law: his strict liability, negligence,
12 and fraudulent omission claims are barred by the economic loss doctrine and he has not adequately
13 pled a claim for breach of express or implied warranty, which also forecloses his own Magnuson-
14 Moss Warranty Act claim.

15 Additionally, this Court should dismiss or strike Plaintiff's nationwide and California-class
16 allegations. As a matter of law, warranty claims are inappropriate for nationwide class treatment.
17 Further, Plaintiff's class definitions are impermissibly overbroad in a manner that is inconsistent
18 with his allegations and would subject Glock to burdensome and inappropriate discovery,
19 warranting striking his class allegations at this time.

20 DATED: December 18, 2020.                    **BOWMAN AND BROOKE LLP**

21

22                                             By: _/s/ Paul G. Cereghini_____
                                               Paul G. Cereghini (SBN 148016)
23                                             Lauren O. Miller (SBN 279448)
                                               1741 Technology Drive, Suite 200
24                                             San Jose, CA 95110
                                               paul.cereghini@bowmanandbrooke.com
25                                             lauren.miller@bowmanandbrooke.com

26
                                               Marion V. Mauch (SBN 253672)
27                                             BOWMAN AND BROOKE LLP
                                               970 West 190th Street, Suite 700
28                                             Torrance, CA  90502

DEFENDANT GLOCK, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS

Telephone:     (310) 768-3068
Facsimile:      (310) 719-1019
marion.mauch@bowmanandbrooke.com

-and-

**RENZULLI LAW FIRM, LLP**

John Renzulli (*Pro Hac Vice* pending)
Christopher Renzulli (P*ro Hac Vice* pending)
Howard Schilsky (*Pro Hac Vice* pending)
One North Broadway, Suite 1005
White Plains, New York 10601

*Attorneys for Defendant Glock, Inc.*

23606858v2

CASE NO.: 3:20-cv-08807-WHO

DEFENDANT GLOCK, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS

1

## <u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that on December 18, 2020, I filed the foregoing document entitled

3  **DEFENDANT GLOCK, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS**

4  **PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS**

5  **ALLEGATIONS** with the clerk of court using the CM/ECF system, which will send a notice of

6  electronic filing to all counsel of record in this action.

7

8                                    _/s/  Paul G. Cereghini_____

9                                    Paul G. Cereghini

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GLOCK, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS