1  Paul G. Cereghini (SBN 148016)
   Lauren O. Miller (SBN 279448)
2  **BOWMAN AND BROOKE LLP**
   1741 Technology Drive, Suite 200
3  San Jose, CA 95110
   Telephone:    (408) 279-5393
4  Facsimile:    (408) 279-5845
   paul.cereghini@bowmanandbrooke.com
5  lauren.miller@bowmanandbrooke.com

6  John F. Renzulli (*Pro Hac Vice*)
   Christopher Renzulli (*Pro Hac Vice*)
7  Howard B. Schilsky (*Pro Hac Vice*)
   **RENZULLI LAW FIRM, LLP**
8  One North Broadway, Suite 1005
   White Plains, NY 10601
9  Telephone: (914) 285-0700
   Facsimile: (914) 285-1213
10 jrenzulli@renzullilaw.com
   crenzulli@renzullilaw.com
11 hschilsky@renzullilaw.com

12 Attorneys for Defendant Glock, Inc. (Additional attorneys listed in signature page.)

13                    **UNITED STATES DISTRICT COURT**

14         **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**
15

16 STEVEN C. JOHNSON, an individual, on          )   CASE NO.: 3:20-cv-08807-WHO
   behalf of himself and all others similarly    )
17 situated,                                      )   **DEFENDANT    GLOCK,    INC.'S**
                                                  )   **REPLY IN SUPPORT OF MOTION**
18                                                )   **TO DISMISS PLAINTIFF'S FIRST**
              Plaintiff,                          )   **AMENDED    COMPLAINT    AND**
19 vs.                                            )   **STRIKE   PLAINTIFF'S   CLASS**
                                                  )   **ALLEGATIONS**
20 GLOCK,   INC.,   a   Georgia   Corporation;    )
   GLOCK Ges.m.b.H., an Austrian entity; JOHN     )
21 and JANE DOES I through V;                     )
   ABC CORPORATIONS I-X,                          )   Judge: Hon. William H. Orrick
22 XYZ PARTNERSHIPS, SOLE                         )   Date: January 27, 2021
   PROPRIETORSHIPS and/or JOINT                   )   Time: 2:00 p.m.
23 VENTURES I-X,                                  )   Place:   San   Francisco   Courthouse,
   GUN COMPONENT MANUFACTURERS I-                 )   Courtroom 2, 17th Floor
24 V                                              )
                                                  )
25                                                )
                                                  )
26              Defendants.                       )
                                                  )
27 _____            )

28

                                          CASE NO.: 3:20-cv-08807-WHO
   ───────────────────────────────────────────────────────────────
   DEFENDANT GLOCK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
   PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
                              ALLEGATIONS

1

## <u>TABLE OF CONTENTS</u>

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 1

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 1

I.     Plaintiff fails to show how the FAC satisfies Rule 8 and *Twombly/Iqbal*. ...................... 1

II.    Each of Plaintiff's fraud-based claims should be dismissed due to the lack of
particularity. ........................................................................................................................ 2

    A.    Plaintiff concedes that he has not stated a claim for fraudulent
misrepresentation. ......................................................................................................... 3

    B.    Plaintiff has not and cannot explain away the deficiencies in his
fraudulent omission claims. ......................................................................................... 3

        1.    Plaintiff has not shown that Glock had a duty to disclose. ............................... 4

            a.    Plaintiff's claim of a safety hazard does not rise to the level of
plausibility. ............................................................................................... 4

            b.    Plaintiff's claim of an impairment to central functioning is inadequate..... 5

            c.    Plaintiff has not adequately alleged exclusive knowledge. ....................... 5

            d.    Plaintiff has not sufficiently alleged a partial omission to implicate
a duty to disclose. ..................................................................................... 6

        2.    Plaintiff has not adequately alleged what should be disclosed. ........................ 7

        3.    Plaintiff has not overcome his failure to plead reliance................................... 7

    C.    Plaintiff has not stated a claim under the UCL. .......................................................... 8

    D.    Plaintiff impliedly concedes that he has not stated a claim under FAL. ................... 8

    E.    Plaintiff's claim for injunctive relief fails as Plaintiff lacks standing and
his legal claims foreclose such equitable relief. ......................................................... 9

III.   Plaintiff's tort-based claims are insufficient under Rule 8 and the economic loss
rule bars these claims as a matter of law........................................................................... 9

    A.    The economic loss rule bars Plaintiff's tort-based claims and his brass casing
argument is unavailing ............................................................................................... 10

    B.    The economic loss rule applies to Plaintiff's fraudulent omission claim.............. 11

IV.   Plaintiff's express warranty claim should be dismissed with prejudice to the
extent Plaintiff did not comply with the terms of Glock's limited express warranty. ...... 13

V.    Plaintiff has failed to state a claim for breach of implied warranty................................. 13

VI.   Plaintiff's MMWA claim fails even when brought only on his own behalf..................... 14

VII. This Court should dismiss and/or strike plaintiff's class allegations............................... 15

CONCLUSION.................................................................................................................... 15

1

# **TABLE OF AUTHORITIES**

2

Page(s)

3

Cases

4

*Anderson v. Apple Inc.*,
No. 3:20-CV-02328-WHO, 2020 WL 6710101 (N.D. Cal. Nov. 16, 2020) ..................... 11, 12

5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)...................................................................................................... 2, 5

6

*Clemens v. DaimlerChrysler Corp.*,
534 F.3d 1017 (9th Cir. 2008) ............................................................................................ 14

7

8

*Committee on Children's Television, Inc. v. General Foods Corp.*,
35 Cal.3d 197 (Cal. 1983)................................................................................................... 8

9

*Cty. of Santa Clara v. Atl. Richfield Co.*,
137 Cal. App. 4th 292 (2006) .............................................................................................. 9

10

11

*Daniels v. Ford*,
806 F.3d 1217 (9th Cir. 2015) ............................................................................................. 7

12

*Davidson v. Kimberly Clark*,
889 F.3d 956 (9th Cir. 2018) ............................................................................................... 9

13

14

*Goldstein v. General Motors*,
445 F.Supp.3d 1000 (S.D. Cal. 2020)............................................................................ 2, 3, 6

15

*Herron v. Best Buy Co., Inc.*,
924 F. Supp. 2d. 1161 (E.D. Cal. 2013)............................................................................. 2, 3

16

17

*Hodson v. Mars, Inc.*,
891 F.3d 857 (9th Cir. 2018) ............................................................................................... 4

18

*In re Apple Securities Litig.*,
696 F.Supp. 490 (N.D. Cal 1987) ........................................................................................ 8

19

20

*In re DDAVP Direct Purchaser Antitrust Litigation*,
585 F.3d 677 (2d Cir. 2009)............................................................................................. 2, 3

21

*In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Lit.*,
No. CV1706656ABFFMX, 2019 WL 3000646 (C.D. Cal. May 22, 2019) ........................... 11

22

23

*In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*,
No. 18ML02814ABFFMX, 2020 WL 5267567 (C.D. Cal. Sept. 2, 2020) ...................... 10, 12

24

*In re Nexus 6P Prods. Liab. Litig.*,
293 F.Supp.3d 888 (N.D. Cal. 2018) ............................................................................... 3, 6

25

26

*In re Tobacco II Cases*,
46 Cal.4th 298 (2009) ..................................................................................................... 7, 8

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Jimenez v. Superior Court*,
   29 Cal. 4th 473 (2002) ............................................................................. 10

*Lederer v. Gursey Schneider LLP*,
   22 Cal. App. 5th 508 (2018) ...................................................................... 9

*Lennar Mare Island, LLC v. Steadfast Insurance Company*,
   2016 WL 829210 (E.D. March 3, 2016) .................................................... 12

*Lewis v. Casey*,
   518 U.S. 343 (1996) ............................................................................... 1, 4

*LiMandri v. Judkins*,
   52 Cal. App.4th 326 (1997) ........................................................................ 4

*Lloyd v. CVB Financial Corp.*,
   811 F.3d 1200 (9th Cir. 2016) .................................................................... 6

*Marchante v. Sony Corp. of Am., Inc.*,
   801 F.Supp.2d 1013 (S.D. Cal. 2011) ........................................................ 5

*Marolda v. Symantic Corp.*,
   672 F. Supp.2d 992 (N.D. Cal. 2009) ..................................................... 7, 8

*Mexia v. Rinker Boat Co.*,
   174 Cal.App.4th 1297 (2009) ................................................................... 14

*Mosqueda v. Am. Honda Motor Co.*,
   443 F. Supp. 3d 1115 (C.D. Cal. 2020) ................................................. 3, 10

*Mourning v. SmithKline Beecham*,
   2009 WL 733873 (N.D. Cal. Mar. 17, 2009) .............................................. 8

*Myers v. BMW of N. Am.*, No. 16-cv-412,
   2016 WL 5897740 (N.D. Cal. Oct. 11, 2016) ............................................. 4

*NovelPoster v. Javitch Canfield Group*,
   140 F.Supp.3d 938 (N.D. Cal. 2014) ........................................................ 11

*R and A Synergy LLC v. Spanx Inc.*,
   2019 WL 4390564 (C.D. Cal. May 1, 2019) .............................................. 6

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
   34 Cal. 4th 979 (2004) ............................................................................. 12

*Sanders v. Apple Inc.*,
   672 F. Supp. 2d 978 (N.D. Cal. 2009) ...................................................... 15

*Small v. Fritz Companies, Inc.*,
   30 Cal. 4th 167 (2003) ............................................................................... 9

*Smith v. Ford Motor Co.*,
   749 F.Supp.2d 980 (N.D. Cal. 2010) ...................................................... 3, 4

TABLE OF AUTHORITIES

*Stearman v. Centex Homes,*
   78 Cal. App. 4th 611 (2000) ........................................................................... 10

*Stearns v. Select Comfort Retail Corp.,*
   763 F.Supp.2d 1128, 1147 (N.D. Cal. 2010) ................................................. 11

*Stearns v. Select Comfort Retail Corp.,*
   2009 WL 4723366 (N.D. Cal. Dec. 4, 2009) ................................................. 10

*Sud v. Costco Wholesale Corp.,*
   229 F. Supp. 3d 1075 ....................................................................................... 8

*Thompson v. BMW of North America, LLC,*
   2019 WL 988694 (C.D. Cal. Jan. 10, 2019) .................................................. 12

*Tietsworth v. Sears, Roebuck & Co.,*
   2009 WL 3320486 n.2 (N.D. Cal. Oct. 13, 2009) ........................................... 5

*U.S. ex rel. Lee v. Corinthian Colleges,*
   655 F.3d 984 (9th Cir. 2011) ......................................................................... 2, 3

*Westport Insurance Corporation v. Vasquez, Estrada and Conway LLP,*
   2016 WL 1394360 (N. D. Cal. April 8, 2016) .............................................. 12

*Williams v. Yamaha Motor Co.,*
   851 F.3d 1015 (9th Cir. 2017) ....................................................................... 5, 6

*Wilson v. Hewlett Packard,*
   668 F.3d 1136 (9th Cir. 2012) ................................................................. 2, 3, 4, 6

## **Rules**

FRCP 8 ....................................................................................... 1, 5, 9, 10, 14,

FRCP 9(b) ....................................................................................... 2, 5, 8, 14

## **Statutes**

15 U.S.C. 2310(e) ................................................................................ 15

Cal. C iv. Code § 1791.1 ......................................................................... 14

U. Com. Code § 2725 ............................................................................. 14

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff's First Amended Complaint ("FAC") is riddled with numerous insurmountable deficiencies, but a single fatal thread runs throughout: rather than asserting facts about his own experiences, Plaintiff relies nearly exclusively on hypothetical allegations about what could or may have happened to others. Glaringly, Plaintiff fails to identify any cognizable injury of his own, instead referring to conjectural injuries or potential injuries to others. This does not suffice to state a claim. *Lewis v. Casey*, 518 U.S. 343, 347 (1996) (plaintiffs purporting to "represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class"). Plaintiff's allegations further unravel as he neglects to plead any discernable information about his pistol, including its model or when it was purchased; and even fails to allege that he has experienced the very alleged defect on which he would base his case. This threadbare FAC, devoid of allegations of facts essential to his claim—and further encumbered by the deficiencies identified in Glock's moving papers—should be dismissed.

### ARGUMENT

**I.** **Plaintiff fails to show how the FAC satisfies Rule 8 and *Twombly*/*Iqbal*.**

Plaintiff's Opposition ("Plaintiff's Opp.") fails to address the most critical deficiency in the FAC: the lack of any information about Plaintiff's pistol or his experience with it. This staggering lack of information underscores the FAC's failure to meet the Rule 8 plausibility standard. For example, Plaintiff does not allege his pistol's model to determine whether it even falls within his definition of the "Class Guns." He does not state a purchase date, eliminating the possibility of determining whether any of his claims are timely. He does not claim that he personally experienced the alleged "Kaboom," nor does he allege that he personally used or reused brass shell casings and, if so, whether they were damaged causing him some monetary loss. He does not identify any Glock materials that he personally viewed and—more importantly—relied upon prior to purchasing his pistol sufficient to support his fraud-based claims. He also does not allege that he activated or sought any warranty services to support his breach of express warranty claim. In short, Plaintiff's failure to allege even the most basic information about his pistol merits

DEFENDANT GLOCK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

1   granting Glock's Motion to Dismiss.

2          Likewise, though most of Plaintiff's claims turn on his contention that Glock was aware of

3   a supposed defect, but suppressed the information, he has identified no facts in support of it. His

4   FAC merely cites another lawsuit and unspecified "complaints." Plaintiff does not dispute that the

5   lawsuit alluded to in his FAC was resolved on the merits in Glock's favor, foreclosing the

6   possibility that this could be used to assert knowledge of a defect. Instead, his FAC offers only a

7   vague reference to "complaints." Glock cited authority demonstrating that such conclusory

8   allegations are inadequate. Rather than provide any authority or explanation to suggest otherwise,

9   Plaintiff doubles down, insisting that "return documents and prior lawsuits" show this knowledge.

10  (Plaintiff's Opp. 9:3-8). This language is not actually in the FAC, but even if it were, cursory

11  assertions are not enough. *See Wilson v. Hewlett Packard* 668 F.3d 1136, 1147 (9th Cir. 2012);

12  *Herron v. Best Buy Co., Inc.*, 924 F. Supp. 2d. 1161, 1175 (E.D. Cal. 2013); *Goldstein v. General*

13  *Motors*, 445 F.Supp.3d 1000, 1017 (S.D. Cal. 2020).

14          At its heart, the FAC is a longwinded assertion that Plaintiff purchased a pistol that he did

15  not believe was defective and with which he has not experienced problems in the unspecified time

16  that he has owned it, but which he has nevertheless decided is defective. From this, he attempts to

17  spin multiple claims sounding in fraud, tort, and contract. But his naked assertions and accusations

18  cannot "nudge [his] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v.*

19  *Twombly*, 550 U.S. 544, 570 (2007). Thus, dismissal is warranted.

20  **II.   Each of Plaintiff's fraud-based claims should be dismissed due to the lack of**
21  **       particularity.**

22          Implicitly acknowledging that his FAC lacks the particularity Rule 9(b) requires, Plaintiff

23  argues that a lower standard should apply. Citing *U.S. ex rel. Lee v. Corinthian Colleges*, 655 F.3d

24  984, 992 (9th Cir. 2011) and *In re DDAVP Direct Purchaser Antitrust Litigation*, 585 F.3d 677,

25  695 (2d Cir. 2009), Plaintiff argues that his bare bones accusations that Glock had knowledge of a

26  defect are sufficient because only the circumstances of fraud must be pled with particularity while

27  other facts can be pled generally.  He is wrong and the cases he cites do not support his position.

28          Bare accusations of knowledge and obscure references to "lawsuits" and "complaints" are

DEFENDANT GLOCK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

1   not enough. *See Wilson*, 668 F.3d at 1147; *Herron*, 924 F. Supp. 2d. at 1175; *Goldstein*, 445

2   F.Supp.3d at 1009; *Mosqueda v. Am. Honda Motor Co.*, 443 F. Supp. 3d 1115, 1130-31 (C.D. Cal.

3   2020). *Lee* and *In re DDAVP* do not provide otherwise. In *Lee*, the Ninth Circuit dismissed the

4   plaintiff's fraud claims because plaintiff did not "clearly allege sufficient facts to support an

5   inference or render plausible" that the defendant acted with knowledge, but instead relied solely

6   on recitations of the words "knowingly" and "in deliberate ignorance or reckless disregard." 655

7   F.3d at 997. Plaintiff here has done no better, referring only obliquely to "complaints" and a lawsuit

8   that resolved in Glock's favor the very defect claim he alleges in this case. Similarly, the Second

9   Circuit's *In re DDAVP* decision also offers Plaintiff no recourse. There, the court held that,

10  although general allegations of knowledge are permissible, a plaintiff must "plead circumstances

11  for scienter." 585 F.3d at 695. Though Plaintiff claims that he has pled facts "that give rise to the

12  inference of knowledge," he identifies none. (Plaintiff's Opp. 5:13-15). This failure is fatal to each

13  of his fraud-based claims. *See In re Nexus 6P Prods. Liab. Litig.*,

14  293 F.Supp.3d 888 (N.D. Cal. 2018) (dismissing multiple fraud-based claims in light of plaintiffs'

15  failure to adequately plead knowledge).

16        **A.  Plaintiff concedes that he has not stated a claim for fraudulent misrepresentation.**

17        In its moving memorandum, Glock outlined the deficiencies in Plaintiff's fraudulent

18  misrepresentation pleading. Plaintiff does not address these arguments. Accordingly, he has

19  impliedly admitted that his failure to specify the who, what, when, why, and how of any alleged

20  representation warrants dismissal. Likewise, he concedes that the statements referred to in the FAC

21  are non-actionable sales talk and that he cannot say how any is factually false. Thus, this Court

22  should dismiss Plaintiff's fraud claims based on any alleged fraudulent misrepresentation.

23        **B.  Plaintiff has not and cannot explain away the deficiencies in his fraudulent**
24        **omission claims.**

25        Nothing Plaintiff has offered in opposition negates the defects in his pleadings. To state a

26  claim, Plaintiff needed to adequately allege that Glock failed to disclose a fact contrary to a

27  representation actually made or a fact that it was obligated to disclose. *See Smith v. Ford Motor*

28  *Co.*, 749 F.Supp.2d 980, 987 (N.D. Cal. 2010).  Although Plaintiff claims that he did both, his

DEFENDANT GLOCK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

1 | pleadings and the controlling law demand a different conclusion.

2 |           **1.   Plaintiff has not shown that Glock had a duty to disclose.**

3 As Glock set forth in its moving memorandum, *LiMandri v. Judkins*, 52 Cal. App.4[th] 326,

4 337 (1997) outlines four circumstances under which a defendant has a duty to disclose

5 information.[1] Plaintiff does not assert and thus impliedly concedes that he cannot satisfy the first

6 or third *LiMandri* factors (i.e., fiduciary relationship and active concealment). Accordingly, a duty

7 could arise only under the second or fourth *LiMandri* factors (i.e., if Glock had exclusive

8 knowledge of material facts unknown to Plaintiff; or made partial representations to him, but

9 suppressed a material fact). *Smith*, 749 F. Supp.2d at 987. Both factors require a showing of

10 materiality—a safety hazard or a physical problem central to the functioning of the product—

11 neither of which Plaintiff has adequately pled. *See LiMandri*, 52 Cal.App.4[th] at 337; *Wilson*, 668

12 F.3d at 1141 (discussing safety defect); *Hodson v. Mars, Inc.*, 891 F.3d 857, 860 (9th Cir. 2018)

13 (discussing central function).

14           **a.   Plaintiff's claim of a safety hazard does not rise to the level of plausibility.**

15 Despite Plaintiff's insistence that a safety hazard exists, he has made only a speculative

16 claim for relief without sufficient allegations of (1) a defect; (2) a safety hazard; (3) a causal

17 connection between the alleged defect and hazard; and (4) that the defendant was aware of the

18 defect at the time of sale. *See Myers v. BMW of N. Am.*, No. 16-cv-412, 2016 WL 5897740, at *3

19 (N.D. Cal. Oct. 11, 2016). Without any support, Plaintiff argues that the feed ramp is too long

20 which causes the chamber to be unsupported resulting in a "bulge" or "smile" to the casing. But

21 then in an attempt to manufacture a safety hazard, he claims—admittedly only "in some

22 instances"—a piece of metal may also become dislodged and ejected from the casing. (Plaintiff's

23 Opp. 2:11-23.) Plaintiff has no basis or explanation for this allegation. Instead, it is merely based

24 on a hypothetical manifestation of a supposed defect and potential injury to unknown consumers.

25 (Plaintiff's Opp. 10–11.) *See Lewis*, 518 U.S. at 347 (requiring named class plaintiffs to establish

26 standing through harm to themselves, not unnamed class members). Plaintiff cites no authority

27

28    [1] Plaintiff misrepresents Glock's argument, claiming that it argued that he must meet "all the LiMandri factors." (Plaintiff's Opp. 6:14-24). It did not.

DEFENDANT GLOCK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

1    suggesting he can allege the existence of a safety defect he has never seen or experienced. The law

2    is to the contrary. *See Tietsworth v. Sears, Roebuck & Co.,* 2009 WL 3320486 *2 n.2 (N.D. Cal.

3    Oct. 13, 2009); *Williams v. Yamaha Motor Co.,* 851 F.3d 1015, 1028 (9th Cir. 2017); *Marchante*

4    *v. Sony Corp. of Am., Inc.,* 801 F.Supp.2d 1013, 1018 (S.D. Cal. 2011).

5         Even if Plaintiff could rely solely on other unnamed persons' experiences to assert a safety

6    hazard (he cannot), his FAC is insufficient in this respect too. He recites two "facts" to claim others

7    have experienced an alleged safety hazard: a single lawsuit and a nebulous reference to other

8    "complaints." Plaintiff does not dispute that the lawsuit to which he refers is insufficient in light

9    of Glock's prevailing on summary judgment on the plaintiff's defect claim. That leaves him with

10   an unadorned reference to "complaints." Pleadings that assert the existence of a safety hazard that

11   the plaintiff has never seen or experienced, but which he claims others, generally, have complained

12   about barely rise to the level of conceivability, but certainly do not cross the threshold to

13   plausibility. *See*, *Twombly*, 550 U.S. at 570.

14              **b.  Plaintiff's claim of an impairment to central functioning is inadequate.**

15        Rather than explaining how any supposed defect impairs the central functioning of his

16   pistol, Plaintiff changes the subject, explaining that feed ramps are necessary to the operation of a

17   firearm. (Plaintiff's Opp. 8:21-24). But that is beside the point. He does not claim that a feed ramp

18   in his or any Glock pistol somehow becomes inoperable preventing the pistol from firing.  In fact,

19   Plaintiff's broad scope for the "Class Guns" without any time or year restrictions implies the

20   opposite, that the "Class Guns" continue to function despite any alleged defect. Plaintiff's FAC

21   alleges that the design of the feed ramp poses the risk of physical harm and damage to refuse shell

22   casings—damage that Plaintiff does not claim to ever have experienced himself or any other

23   identifiable person. Both his FAC and Opposition are devoid of any well pled allegations that any

24   supposed defect prevents a Glock pistol from functioning as a pistol, let alone that his own pistol

25   has been prevented from functioning properly. Thus, his claims cannot satisfy Rule 8 or 9(b).

26              **c.  Plaintiff has not adequately alleged exclusive knowledge.**

27        Regardless of whether Plaintiff claims the existence of a safety hazard or central

28   impairment, his contention that *LiMandri's* exclusive knowledge factor is satisfied is wholly

DEFENDANT GLOCK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

lacking. Plaintiff has not sufficiently pled that Glock had exclusive knowledge of any facts at the time of sale. His FAC does not even include the words "exclusive knowledge," and he ignores in both his Opposition and FAC the requirement to show knowledge *at the time of sale. Williams v. Yamaha Motor Co.,* 851 F.3d 1015, 1025 (9th Cir. 2017); *In re Nexus 6P,* 293 F. Supp.3d at 927, 931–32 (requiring pleading knowledge at the time of sale). Plaintiff does not say when he purchased his pistol or even hint at the time Glock's supposed knowledge would be relevant, foreclosing the possibility of stating a plausible claim. Moreover, as explained at length above and in Glock's prior briefing, the "facts" he recites in his FAC are insufficient as a matter of law. And, in his Opposition, Plaintiff does not even suggest he could cure these deficiencies with further amendment—referring only vaguely to "product return documents and prior lawsuits," which are also insufficient. (Plaintiff's Opp. 9:3-8). *See Wilson,* 668 F.3d at 1147; *Goldstein*, 445 F.Supp.3d at 1017; *In re Nexus 6P,* 293 F.Supp.3d at 908.

### d. Plaintiff has not sufficiently alleged a partial omission to implicate a duty to disclose.

Plaintiff's alternative claim is that he has satisfied the fourth *LiMandri* factor (partial omissions), a claim based on a product being "contrary to representations actually made by the defendant." In his FAC and Opposition, Plaintiff offers a description of a claimed defect—a defect he claims relates to the length of the feed ramp; amount (or lack thereof) of chamber support, and the hypothetical consequences thereof. (Plaintiff's Opp. 9:10-25).

None of the Glock statements he cites, however, relate to any of these matters. He points to no statement whatsoever about feed ramps, chamber support, or their supposed consequences. Rather, as explained at length in Glock's moving memorandum, the FAC refers only to generalized sales talk and puffery about Glock's philosophy and design goals. Glock cited specific case law showing that these types of statements are non-actionable. *See Lloyd v. CVB Financial Corp.*, 811 F.3d 1200, 1207 (9th Cir. 2016) (holding that description of "strong credit culture and underwriting integrity remain paramount" were optimistic, vague, puffery); *Soilworks, LLC v. Midwest Indus. Supply, Inc.*, 575 F.Supp. 23d 1118, 1133 (D. Ariz. 2008) (use of word "revolutionary" is non-actionable), cited with approval in *R and A Synergy LLC v. Spanx Inc.*,

2019 WL 4390564 *10 (C.D. Cal. May 1, 2019). Ignoring this authority, Plaintiff rests on his own, unsupported belief that a "reasonable consumer" would interpret these generalized statements as directly contradicting his claims about the alleged defect. He has not stated a claim for partial omission.

### 2. Plaintiff has not adequately alleged what should be disclosed.

Even if Plaintiff could establish the existence of a duty to disclose something, he neglects to plead the omission with particularity. As this Court recognized in *Marolda v. Symantic Corp.*, 672 F. Supp.2d 992, 1002 (N.D. Cal. 2009), a plaintiff asserting a fraudulent omission claim must state "the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that the plaintiff relied on to make [his] purchase and that failed to include the allegedly omitted information." Plaintiff has not done this, ignoring the requirement entirely.

### 3. Plaintiff has not overcome his failure to plead reliance.

Glock pointed out that Plaintiff has failed to adequately allege that he relied on any omission. Citing *Daniels v. Ford*, 806 F.3d 1217, 1225 (9th Cir. 2015), and *In re Tobacco II Cases*, 46 Cal.4th 298, 326 (2009), Plaintiff claims that he can meet this standard solely by saying he would have behaved differently. (Plaintiff's Opp. 10:4-10).  But these cases do not support his assertion. *Daniel* was a summary judgment case, not relating to pleadings. The Ninth Circuit explained that in an omission claim, a plaintiff could prove reliance by "proving that, had the information been disclosed, one would have been aware of it and behaved differently." 806 F.3d at 1225. Contrary to Plaintiff's suggestion, the Court did not say or even hint that, at the pleading stage, a plaintiff need only recite the words that he would have behaved differently. And, even if that were the Court's meaning, Plaintiff's FAC would still fail under his interpretation of *Daniel* because he has not alleged any facts to support the conclusion that he would have been aware of any disclosure—such as by identifying what Glock materials he relied on prior to his purchase. *Id.* at 1227 (evaluating evidence suggesting plaintiff would have been aware of disclosure). *In re Tobacco II* is likewise inapposite. There, the court merely concluded that, at a class certification stage, plaintiffs need not show specific misrepresentation of an identified advertisement when

DEFENDANT GLOCK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

1    alleged fraud was part of a longstanding advertising campaign. 46 Cal. 4th at 326; *accord*
2    *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 218–219 (Cal.
3    1983) (permitting showing reliance based on long-term advertising campaigns).

4         *Marolda* states the controlling law here. Under ordinary circumstances, a plaintiff alleging
5    omission must identify "the content of the omission and where the omitted information should or
6    could have been revealed, as well as provide representative samples of advertisements, offers, or
7    other representations that the plaintiff relied on to make [his] purchase and that failed to include
8    the allegedly omitted information." 672 F. Supp.2d at 1002. Plaintiff has not done this.

9         Accordingly, Plaintiff's threadbare, conclusory allegations of fraud, safety defect, Glock's
10   knowledge, and reliance render the FAC devoid of sufficient factual detail. Plaintiff's fraud-based
11   claims therefore fail Rule 9(b)'s particularity requirement and should be dismissed.

12        **C.  Plaintiff has not stated a claim under the UCL.**

13        Plaintiff agrees that, to the extent his UCL claim is premised on allegedly fraudulent or
14   unlawful conduct, its success hinges on his other claims. Because his fraud and warranty claims
15   fail as a matter of law, so too does his UCL claim premised on them.

16        Nevertheless, Plaintiff insists that because "failing to provide safety information is a
17   practice that violates public policy," he can state a claim under the UCL based on unfairness.
18   *Mourning v. SmithKline Beecham*, 2009 WL 733873 (N.D. Cal. Mar. 17, 2009). He overlooks,
19   however, that it is not unfair to fail to disclose a matter that there was no duty to disclose in the
20   first place. *See Sud v. Costco Wholesale Corp.*, 229 F. Supp. 3d 1075, 1085; *In re Apple Securities
21   Litig.*, 696 F.Supp. 490 (N.D. Cal 1987) ("A party must have a duty to disclose information before
22   his failure to do so will support liability"). Plaintiff has failed to show a duty, relying on his
23   repeated unsupported allegation that Glock was aware of a defect.

24        **D.  Plaintiff impliedly concedes that he has not stated a claim under FAL.**

25        Plaintiff does not address Glock's arguments regarding his FAL claim. Accordingly, he
26   has impliedly conceded that he has not stated a claim and it must be dismissed.

27

28

DEFENDANT GLOCK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

### E.  Plaintiff's claim for injunctive relief fails as Plaintiff lacks standing and his legal claims foreclose such equitable relief.

Relying on outdated authority from the Central District, Plaintiff insists that he has standing to sue for injunctive relief despite his allegation that he would not purchase the product knowing now what he claims he did not know earlier. (Plaintiff's Opp. 14). But the cases he cites predate *Davidson v. Kimberly Clark*, 889 F.3d 956, 967 (9th Cir. 2018), where the Ninth Circuit resolved the split in authority within the districts. In doing so, it announced the correct standard: a plaintiff can seek injunctive relief only upon a showing of an imminent or actual threat of future harm. *Id.* at 970–71. The plaintiff in *Davidson* could make this showing because she alleged that she still wanted to continue purchasing the product in question, but would be harmed because she did not know if the packaging would be accurate in the future. *Id.* Here, Plaintiff has alleged in no uncertain terms that he would not purchase his pistol again. Thus, he lacks standing and his claims for injunctive relief should be dismissed.

Additionally, Glock pointed out that because Plaintiff has raised claims for other legal remedies, he cannot pursue injunctive relief. Plaintiff has not addressed that argument at all, impliedly conceding its validity. Accordingly, this Court should dismiss his claims for injunctive relief.

### III.  Plaintiff's tort-based claims are insufficient under Rule 8 and the economic loss rule bars these claims as a matter of law.

As set forth in Glock's moving memorandum, Plaintiff's negligence, strict liability, and fraudulent omission causes of action fail under Rule 8 because Plaintiff does not plead that he experienced the alleged defect or that he sustained any damages as a result. *Lederer v. Gursey Schneider LLP*, 22 Cal. App. 5th 508, 521 (2018) ("speculative harm, or the threat of future harm—not yet realized—does not suffice to create a cause of action for negligence"); *Cty. of Santa Clara v. Atl. Richfield Co.*, 137 Cal. App. 4th 292, 310 (2006) ("products liability action may be brought only by one who has already suffered a physical injury to his or her person or property"); *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 202 (2003) ("If the existence . . . of damages alleged in a fraud pleading is too remote, speculative or uncertain, then the pleading cannot state a claim for

DEFENDANT GLOCK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

1  relief") (internal quotations omitted).

2      Plaintiff argues that "Glock ignores that Mr. Johnson alleges that the Class Guns cause

3  personal injury and damages to the brass casings." (Plaintiff's Opp. 15:14-16). Not so. Glock

4  explained in its moving memorandum that this is insufficient because Plaintiff does not allege that

5  he experienced damage to brass casings, that it is his practice to recycle brass casings, or even that

6  he uses brass casings generally. Like most of Plaintiff's allegations, he improperly attempts to

7  support causes of action based on hypothetical injuries to other persons and fails to allege any

8  cognizable injury to himself. Plaintiff's negligence, strict liability, and fraudulent omission claims

9  should be dismissed for this reason alone.

10   **A. The economic loss rule bars Plaintiff's tort-based claims and his brass casing argument is unavailing**

11

12      Not only does the FAC fail to satisfy Rule 8, but the strict product liability, negligence, and

13  fraudulent omission claims are also barred by the economic loss rule. *Jimenez v. Superior Court*,

14  29 Cal. 4th 473, 483 (2002) ("recovery under the doctrine of strict liability is limited solely to

15  physical harm to person or property") (internal quotations omitted); *Mosqueda v. Am. Honda*

16  *Motor Co.*, 443 F. Supp.3d 1115, 1134 (C.D. Cal. 2020) (applying economic loss rule to fraudulent

17  omission claims); *In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*, No.

18  18ML02814ABFFMX, 2020 WL 5267567 (C.D. Cal. Sept. 2, 2020) (dismissing fraudulent

19  omission claim based on economic loss rule).

20      Plaintiff argues that "[t]he damage caused to the brass casing is separate and apart from the

21  unsupported chamber defect and prohibits the application of the economic loss rule." (Plaintiff's

22  Opp. 15:26-28). <u>First</u>, this argument fails for the same reason that his claims cannot survive under

23  Rule 8–Plaintiff does not allege that he has experienced this claimed damage to brass casings.

24  Rather, he merely alleges that it is experienced by "many consumers." As explained above,

25  claimed damages based solely on hypothetical injury to others are not cognizable. Plaintiff cites

26  *Stearman v. Centex Homes*, 78 Cal. App. 4th 611, 622 (2000), but that case is inapposite since the

27  plaintiffs in that case claimed to have experienced the property damage at issue. Not so here.

28      <u>Second</u>, Plaintiff does not address Glock's argument that he failed to plead facts necessary

DEFENDANT GLOCK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

to determine whether harm to brass casings amount to more than de minimis damages. *See Stearns v. Select Comfort Retail Corp.*, 2009 WL 4723366, at *12 (N.D. Cal. Dec. 4, 2009) (dismissing claim for mold damage to bedding when plaintiffs failed to allege facts showing value); *NovelPoster v. Javitch Canfield Group*, 140 F.Supp.3d 938, 949 (N.D. Cal. 2014) (finding claim of loss "entirely speculative" when plaintiff failed to plead facts to support damages amount). Accordingly, he has impliedly conceded this point. Moreover, damage to used brass shell casings—that remains after ammunition has been discharged—has a value that is de minimis and not compensable as a matter of law.

Third, Plaintiff also does not address Glock's argument that he cannot recover for damage to brass shell casings because Glock has both disclaimed incidental and consequential damages in its warranty, and expressly warned against the use of reloaded or hand-loaded ammunition. *See Stearns v. Select Comfort Retail Corp.,* 763 F.Supp.2d 1128, 1147 (N.D. Cal. 2010) (dismissing negligence and strict liability claims under economic loss rule when warranty disclaimed incidental and consequential damages). As such, this point has been impliedly conceded. Finally, Plaintiff's argument that "the potential for injury prohibits the application of the economic loss rule" defies well-established law that speculative damages do not suffice to state a claim for relief. *See, Supra*.

**B. The economic loss rule applies to Plaintiff's fraudulent omission claim.**

Plaintiff relies on this Court's decision in *Anderson v. Apple Inc.*, No. 3:20-CV-02328-WHO, 2020 WL 6710101, at *17-19 (N.D. Cal. Nov. 16, 2020) in an effort to support his argument that "the economic loss rule does not bar Mr. Johnson's fraud-based claims." (Plaintiff's Opp. 16:12-14). Such reliance and reasoning is flawed for two reasons.

First, in its holding in *Anderson* that fraud by omission claims are subject to the economic loss rule exception announced in *Robinson*, this Court explained that it was agreeing with the Central District's holding in *In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Lit.*, No. CV1706656ABFFMX, 2019 WL 3000646, at *6 (C.D. Cal. May 22, 2019). However, following the 2019 decision in *In re Ford Motor Co.*, that same court issued a subsequent decision in September 2020 essentially reversing itself and ultimately dismissing the plaintiff's fraudulent

11   CASE NO.: 3:20-cv-08807-WHO

DEFENDANT GLOCK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS

omission claims:

> "In its Prior Order, the Court found 'insufficient support in the California cases Ford cites for its distinction between fraudulent inducement by misrepresentation and fraudulent inducement by omission, and therefore declines to apply the economic loss rule to the omission claims at this stage.' [citation omitted] **Upon review of the further briefing in this Motion**, including cases applying *Robinson Helicopter*, the Court concludes that **Plaintiff's fraudulent omission claims are barred by the economic loss rule**."

*See In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*, No. 18ML02814ABFFMX, 2020 WL 5267567, at *6 (C.D. Cal. Sept. 2, 2020) (emphasis added). Accordingly, the narrow exception for fraudulent inducement claims based on misrepresentations announced in *Robinson* does not apply here to Plaintiff's fraudulent omission claims.

Second, even if the *Robinson* exception could apply to fraudulent omission under certain circumstances, it would not apply here. The *Anderson* decision did not discuss a critical component to the economic loss rule exception for fraud-based claims: it only applies where the alleged fraud "expose[es] a plaintiff to liability [to third parties] for personal damages independent of the plaintiff's economic loss." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004); *see also Westport Insurance Corporation v. Vasquez, Estrada and Conway LLP*, 2016 WL 1394360 (N. D. Cal. April 8, 2016) (dismissing fraud claims pursuant to the economic loss rule because, amongst other reasons, "the third party liability for personal damages that VEC alleges is the same economic loss that it alleges in its breach of contract claim"); *Thompson v. BMW of North America, LLC*, 2019 WL 988694 (C.D. Cal. Jan. 10, 2019) ("[n]or has Plaintiff shown that he was exposed to any liability for personal damages independent of his economic loss"); *Lennar Mare Island, LLC v. Steadfast Insurance Company*, 2016 WL 829210 (E.D. March 3, 2016) (dismissing fraud claim under economic loss rule because, amongst other reasons, plaintiff did not "identif[y] any potential for personal liability"); *In Re: Ford Motor Co.*, 2020 WL 5267567 (C.D. Cal. Sept. 2, 2020) (same). Just as with the plaintiff in *In re Ford Motor Co.*, Plaintiff does not allege liability for personal damages to third parties.   Therefore, even if the *Robinson* exception applied to claims for fraudulent omission under certain circumstances, it would not apply here.

DEFENDANT GLOCK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

Moreover, Plaintiff's tort-based claims (Counts 2, 3, 6) should be dismissed with prejudice since they are barred by the economic loss rule and repleading them would be futile.

**IV.    Plaintiff's express warranty claim should be dismissed with prejudice to the extent Plaintiff did not comply with the terms of Glock's limited express warranty.**

Plaintiff does not sufficiently plead the existence of an express warranty or that he activated the warranty within the warranty period.  Further, he disregards that Glock expressly disclaimed any warranty other than its limited express warranty and refers instead to statements on Glock's website and suggests that Glock breached them. These statements, however, are merely non-actionable puffery and cannot constitute a warranty as a matter of law.  (*See* Glock's Moving Memorandum at 18:9-19:7).

Plaintiff does not dispute these arguments.  Rather, he claims that he "can moot the issue by amendment."  There can be no reasonable dispute that Glock's limited express warranty is the only applicable express warranty.  (*See* Glock's limited warranty, Ex. B to Req. for Judicial Not.). As such, this Court should hold that Glock's express warranty is applicable and dismiss Plaintiff's express warranty cause of action with prejudice to the extent that he did not comply with its terms. At minimum, Plaintiff must allege when he purchased his pistol or whether he activated the warranty within the 30-day activation period. These facts are necessary to determine whether he has a valid express warranty claim and he has not alleged them. In addition, this Court should further hold that the statements on Glock's website on which Plaintiff relies are non-actionable puffery and cannot form the basis of a claim for breach of express warranty.

**V.    Plaintiff has failed to state a claim for breach of implied warranty.**

Plaintiff fails to allege sufficient facts to state a claim for breach of implied warranty. Initially, Plaintiff claims that he established this claim by alleging the "Class Guns" are unfit for their intended use because of the alleged defect. (Plaintiff's Opp. 17:21-23).  Not so.  Plaintiff's FAC merely recites the legal standard for breach of implied warranty and claims that "[t]he Class Guns are unfit for their intended use and are not of merchantable quality, as warranted by Glock Defendants, in that they had and/or have the propensities to fail to perform due to the unsupported chamber. . ." (FAC ¶ 116).  He does not claim that he cannot use his pistol or that he has

DEFENDANT GLOCK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

1 | experienced any failure in the performance of his pistol. The absence of these factual allegations
2 | is fatal to Plaintiff's breach of implied warranty claim.

3 |       Plaintiff also argues that Glock's statute of limitations argument fails because he has
4 | alleged a latent defect. The statute of limitations for an implied warranty claim is four years from
5 | delivery of the product "regardless of the aggrieved party's lack of knowledge of the breach."
6 | *Mexia v. Rinker Boat Co.*, 174 Cal.App.4th 1297, 1305-06 (2009); U. Com. Code § 2725. As such,
7 | regardless of whether the discovery period has been extended because Plaintiff alleges a latent
8 | defect, Plaintiff still must plead facts demonstrating that he filed his claim within four years from
9 | the date that he purchased his pistol. *Id.* Plaintiff focuses his argument on the discovery period set
10 | forth by the Song-Beverly Act, Cal. Civ. Code § 1791.1, which provides that the duration of the
11 | implied warranty of merchantability shall be no longer than one year from delivery. *Mexia*, 174
12 | Cal. App. 4th at 1310. Plaintiff is correct that, as set forth in *Mexia*, the discovery period may be
13 | tolled with respect to a latent defect. *Id.* However, the discovery period Plaintiff relies upon is
14 | distinct from the statute of limitations and does not change it. Plaintiff concedes that he did not
15 | allege when he purchased his pistol (Plaintiff's Opp. 18:20-21), and therefore Plaintiff's implied
16 | warranty claim should be dismissed under Rule 8.

17 |       In addition, Plaintiff claims that the statute of limitations is tolled based on theories of
18 | fraudulent concealment and failure to disclose. (Plaintiff's Opp. 18:20-26). As discussed above
19 | and in Glock's moving memorandum, however, Plaintiff fails to sufficiently plead claims for
20 | fraudulent concealment and has failed to establish a duty to disclose under Rules 8 or 9(b). As
21 | such, Plaintiff's argument that the statute of limitations should be tolled is without merit.

22 | **VI.**   **Plaintiff's MMWA claim fails even when brought only on his own behalf.**

23 |       Plaintiff concedes that his Magnuson-Moss Warranty Act ("MMWA") cause of action can
24 | only be brought in an individual capacity and voluntarily dismisses his nation-wide class claim.
25 | However, Plaintiff's MMWA claim fails even in an individual capacity because, as outlined above,
26 | he has failed to plead legally cognizable claims for breach of express and implied warranty under
27 | state law. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) ("claims under
28 | the Magnuson-Moss Act stand or fall with [a plaintiff's] express and implied warranty claims

DEFENDANT GLOCK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

1    under state law").  Moreover, Plaintiff failed to provide pre-suit notice of his MMWA claim as
2    required by 15 U.S.C. 2310(e).  Therefore, Plaintiff's MMWA claim still fails and should be
3    dismissed in its entirety.

4    **VII.    This Court should dismiss and/or strike plaintiff's class allegations.**

5    It is well-established that "the Federal Rules provide a mechanism for exercising defective
6    class allegations before discovery" and a court "may strike impertinent matters from the pleadings
7    to avoid the expenditure of time and money that must arise from litigating spurious issues by
8    dispensing with those issues prior to trial." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D.
9    Cal. 2009) (striking class allegations before discovery and certification stage); *see also Freedline*
10   *v. O Organics*, No. 19-cv-01945-JD (N.D. Cal. Oct. 27, 2020) (dismissing plaintiff's national class
11   allegations in a consumer fraud class action).  This Court should exercise its discretion and do so
12   here because Plaintiff's class allegations are clearly defective on their face.  Plaintiff's proposed
13   class definitions are so clearly overbroad and impermissible that striking them at this early stage
14   would be judicially efficient and prudent.  (*See* Glock's Moving Memorandum at 22:21-24:6.)

15                                      **CONCLUSION**

16   For the foregoing reasons, and the reasons set forth in Glock's initial memorandum of law
17   in support of its motion, Plaintiff's FAC should be dismissed in its entirety and his class allegations
18   should be stricken.

19   DATED: January 11, 2021.                    **BOWMAN AND BROOKE LLP**

20

21                                      By:   /s/ *Paul G. Cereghini*
22                                             Paul G. Cereghini (SBN 148016)
                                               Lauren O. Miller (SBN 279448)
23                                             1741 Technology Drive, Suite 200
                                               San Jose, CA 95110
24                                             paul.cereghini@bowmanandbrooke.com
                                               lauren.miller@bowmanandbrooke.com
25

26                                             Marion V. Mauch (SBN 253672)
                                               BOWMAN AND BROOKE LLP
27                                             970 West 190th Street, Suite 700
                                               Torrance, CA  90502
28                                             Telephone:    (310) 768-3068

DEFENDANT GLOCK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

Facsimile:      (310) 719-1019
marion.mauch@bowmanandbrooke.com

-and-

**RENZULLI LAW FIRM, LLP**

John F. Renzulli (admitted *pro hac vice*)
Christopher Renzulli (admitted *pro hac vice*)
Howard B. Schilsky (admitted *pro hac vice*)
One North Broadway, Suite 1005
White Plains, New York 10601

*Attorneys for Defendant Glock, Inc*

23703180v2

16          CASE NO.: 3:20-cv-08807-WHO

CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2021, I filed the foregoing document entitled **DEFENDANT GLOCK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.


   _/s/ Paul G. Cereghini_____
   Paul G. Cereghini

DEFENDANT GLOCK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS