1   Paul G. Cereghini (SBN 148016)
    Lauren O. Miller (SBN 279448)
2   **BOWMAN AND BROOKE LLP**
    1741 Technology Drive, Suite 200
3   San Jose, CA 95110
    Telephone:    (408) 279-5393
4   Facsimile:    (408) 279-5845
    paul.cereghini@bowmanandbrooke.com
5   lauren.miller@bowmanandbrooke.com

6   John F. Renzulli (*Pro Hac Vice*)
    Christopher Renzulli (*Pro Hac Vice*)
7   Howard B. Schilsky (*Pro Hac Vice*)
    **RENZULLI LAW FIRM, LLP**
8   One North Broadway, Suite 1005
    White Plains, NY 10601
9   Telephone: (914) 285-0700
    Facsimile: (914) 285-1213
10  jrenzulli@renzullilaw.com
    crenzulli@renzullilaw.com
11  hschilsky@renzullilaw.com

12  Attorneys for Defendants Glock, Inc. and Glock Ges.m.b.H.
    (Additional attorneys listed in signature page.)
13

14              **UNITED STATES DISTRICT COURT**

15      **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

16

17  STEVEN  C.  JOHNSON,  an  individual,  on      )   CASE NO.: 3:20-cv-08807-WHO
    behalf  of  himself  and  all  others  similarly  )
18  situated,                                         )   **DEFENDANTS GLOCK, INC. AND**
                                                      )   **GLOCK  Ges.m.b.H.'S  NOTICE  OF**
19                                                    )   **MOTION      AND      MOTION      TO**
                    Plaintiff,                        )   **DISMISS   PLAINTIFF'S   SECOND**
20  vs.                                               )   **AMENDED     COMPLAINT     AND**
                                                      )   **STRIKE    PLAINTIFF'S    CLASS**
21  GLOCK,    INC.,   a   Georgia    Corporation;     )   **ALLEGATIONS**
    GLOCK Ges.m.b.H., an Austrian entity; JOHN        )
22  and JANE DOES I through V;                        )
    ABC CORPORATIONS I-X,                             )   (Filed  concurrently  with  Request  for
23  XYZ PARTNERSHIPS, SOLE                            )   Judicial Notice and [Proposed] Order)
    PROPRIETORSHIPS and/or JOINT                      )
24  VENTURES I-X,                                     )   Judge: Hon. William H. Orrick
    GUN COMPONENT MANUFACTURERS I-                    )   Date:   May 19, 2021
25  V                                                 )   Time:   2:00 p.m.
                                                      )   Place:   San   Francisco   Courthouse,
26                                                    )   Courtroom 2, 17th Floor
27                  Defendants.                       )
                                                      )
28  _____

DEFENDANT GLOCK, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS

# TABLE OF CONTENTS

NOTICE OF MOTION, MOTION, AND REQUESTED RELIEF ............................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................2

STATEMENT OF THE ISSUES...............................................................................................2

STATEMENT OF RELEVANT FACTUAL ALLEGATIONS ..................................................... 3

    I.    Plaintiff has revealed that his claims are untimely. ................................................. 3

    II.   Plaintiff has not adequately alleged a duty to disclose because he does not plead facts sufficient to create an inference that Glock had knowledge of the alleged unsupported chamber defect at the time of sale, and he has not sufficiently alleged any of the *LiMandri* factors........................................................ 3

    III.   The SAC confirms that there is no risk of future harm to Plaintiff, establishing that he lacks Article III standing and his failure to plead that he lacks adequate remedies at law is fatal to his equitable claims for relief........................................ 4

    IV.   Plaintiff asserts sweeping and overbroad classes.................................................... 4

ARGUMENT .......................................................................................................................... 5

    I.    Plaintiff's fraudulent omission, CLRA, and FAL claims are time barred and must be dismissed. ............................................................................................... 5

        A.   Plaintiff has not sufficiently pleaded delayed discovery................................ 5

        B.   Plaintiff has not sufficiently pleaded fraudulent concealment tolling............. 7

        C.   Plaintiff has not adequately alleged that he is entitled to continuing act tolling.................................................................................................... 8

        D.   COVID-19 tolling does not rescue plaintiff's fraudulent concealment, CLRA, or FAL claims................................................................................ 10

    II.   Plaintiff fails to show that Glock had a duty to disclose, mandating dismissal of his CLRA, UCL, FAL, and fraudulent omission claims as a matter of law. ....................................................................................................... 10

        A.   Plaintiff's failure to plead that Glock had pre-sale knowledge of the alleged defect is fatal to the SAC. ............................................................. 11

        B.   Plaintiff has not sufficiently alleged any *LiMandri* factor necessary for a duty to disclose. .......................................................................... 15

    III.   Plaintiff's UCL claim fails under the unlawful, unfair, and fraudulent prongs and should be dismissed........................................................................ 16

IV.    Plaintiff's UCL and FAL claims also must be dismissed because Plaintiff
       lacks Article III standing to seek injunctive relief and his legal claims
       foreclose equitable relief. ................................................................................ 17

V.     The economic loss rule bars Plaintiff's fraudulent omission claim. ................... 18

       A.    The *Robinson* exception does not apply to claims for fraudulent
             omission and therefore is inapplicable in this case. ..................................... 18

       B.    The *Erie* Doctrine requires that the *Robinson* exception be applied
             as the California Supreme Court defined it. .................................................. 19

       C.    Even if *Robinson* exception were expanded, it would still not
             apply to this case. ......................................................................................... 20

VI.    Plaintiff does not have standing to seek damages arising from purportedly
       injured brass casings, and damage to used brass casings is not compensable
       as a matter of law. ............................................................................................ 20

VII.   Plaintiff's proposed class definitions are facially overbroad and should
       be stricken. ........................................................................................................ 22

       A.    Plaintiff's proposed class of products is impermissibly overbroad and
             facially improper. ........................................................................................... 22

       B.    Plaintiff's proposed class of persons is facially overbroad, and
             certification is impossible. .............................................................................. 23

CONCLUSION ................................................................................................................. 24

TABLE OF CONTENTS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page(s)

Cases

*Ahern v. Apple Inc.*,
411 F.Supp.3d 541 (N.D. Cal. 2019) ................................................................... 11

*Allen v. Similasan Corp.*,
No. 12cv0376-BTM-WMC, 2013 WL 5436648 (S.D. Cal. Sep. 27, 2013) .............................. 9

*Anderson v. Apple Inc.*,
No. 3:20-CV-02328-WHO, 2020 WL 6710101 (N.D. Cal. Nov. 16, 2020) ..................... 19, 20

*Aryeh v. Canon Bus. Sols., Inc.*,
55 Cal.4th 1185 (2013) ....................................................................................... 7, 8, 9

*Azoulai v. BMW of N. Am. LLC*, No. 16-CV-00589-BLF,
2017 WL 1354781 (N.D. Cal. Apr. 13, 2017) ............................................................... 16

*Bigler-Engler v. Breg, Inc.*,
7 Cal. App.5th 276 (2017) ................................................................................... 15

*Cal. Sansome Co. v. U.S. Gypsum*,
55 F.3d 1402 (9th Cir. 1995) ................................................................................... 5

*Callaghan v. BMW of North America,LLC*,
2014 WL 6629254 (N.D. Cal. 2014) ......................................................................... 14

*Clark v. Hershey Co.*,
No. C18-06113 WHA, 2019 WL 913603(N.D. Cal. Feb. 25, 2019) ......................................... 9

*Clemens v. DaimlerChrysler Corp.*,
534 F.3d 1017 (9th Cir. 2008) ......................................................................... 19, 20

*Cousyn ex rel. Cousyn Grading & Demo Inc. v. Ford Motor Co.*,
CV 17-2051, 2019 WL 3491930 (C.D. Cal. July 30, 2019) ................................................... 7

*Daugherty v. Am. Honda Motor Co.*,
144 Cal. App.4th 824 (2006) ................................................................................... 10

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) ................................................................................... 17

*Davis v. Com.*, No. 3073–08–1,
2010 WL 271301*3 (Va. Ct. App. Jan. 26, 2010) ................................................................. 12

*Del Webb Communities Inc. v. Partington*,
652 F.3d 1145 (9th Cir. 2011) ................................................................................... 20

*Enoh v. Hewlett Packard Enter. Co.*,
   2018 WL 3377547 (N.D. Cal. 2018) .................................................................. 22, 23

*Erie R. Co. v. Tompkins*,
   304 U.S. 64 (1938) ............................................................................................... 19

*Finney v. Ford Motor Co.*,
   No. 17-cv-06183-JST, 2018 WL 2552266 (N.D. Cal. June 4, 2018) ..................... 7, 8

*Fox v. Ethicon Endo-Surgery, Inc.*,
   35 Cal.4th 797 (2005) ............................................................................................ 5

*Freedline v. O Organics*,
   No. 19-cv-01945-JD, 2020 WL 6290352 (N.D. Cal. Oct. 27, 2020) ...................... 22

*Goldstein v. Gen. Motors LLC,*
   445 F. Supp. 3d 1000 (S.D. Cal. 2020) ................................................................. 7, 8

*Grisham v. Philip Morris U.S.A., Inc.,*
   40 Cal.4th 623 (2007) ............................................................................................. 7

*Grodzitsky v. Amer. Honda Motor Co.*,
   No. 2:12-cv-1142, 2013 WL 690822 (C.D. Cal. Feb. 19, 2013) ........................... 14

*Hadley v. Kellogg Sales Co.*,
   273 F.Supp.3d 1052 (N.D. Cal. 2017) ................................................................... 15

*Harrison Ventures, LLC v. Alta Mira Treatment Center*,
   No. C10-00188 RS, 2010 WL 1929566 (N.D. May 12, 2010) .............................. 21

*Hinton v. Pac. Enters.*,
   5 F.3d 391 (9th Cir. 1993) ...................................................................................... 5

*Hodson v. Mars, Inc.,*
   891 F.3d 857 (9th Cir. 2018) ................................................................................. 10

*Hunter v. Nature's Way Prods., LLC,*
   No. 16-cv-532-WQH-BLM, 2016 WL 4262188 (S.D. Cal. Aug. 12, 2016) ............ 9

*In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Lit.,*
   No. CV1706656ABFFMX, 2019 WL 3000646 (C.D. Cal. May 22, 2019) ............ 19

*In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.,*
   No. 18ML02814ABFFMX, 2020 WL 5267567 (C.D. Cal. Sept. 2, 2020) ............. 19

*In re Ford Tailgate Litig.*,
   No. 11-CV-2953-RS, 2014 WL 1007066 (N.D. Cal. Mar. 12, 2014) ....................... 7

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
   903 F. Supp. 2d 942 (S.D. Cal. 2012) .................................................................... 17

TABLE OF AUTHORITIES

*In re Sony Grand Wega KDF–E A10/A20 Series Rear Projection HDTV Television Litig.*,
   758 F.Supp.2d 1077 (S.D. Cal. 2010)................................................................ 17

*Keilhotz v. Lennox Hearth Products, Inc.*,
   No. C 08-00836 CW, 2009 WL 2905960 (N.D. Cal. Sept. 8, 2009).......................... 6

*Lennar Mare Island, LLC v. Steadfast Insurance Company*,
   2016 WL 829210 (E.D. March 3, 2016)............................................................... 20

*Lewis v. Casey*,
   518 U.S. 343 (1996)....................................................................................... 21

*LiMandri v. Judkins*,
   52 Cal. App.4th 326 (1997) ...................................................................... 10, 15

*Lingsch v. Savage*,
   213 Cal.App.2d 729 (1963) ............................................................................ 15

*Lloyd v. CVB Financial Corp.*,
   811 F.3d 1200 (9th Cir. 2016) ........................................................................ 16

*Lubin v. Sybedon Corp.*,
   688 F. Supp. 1425 (S.D. Cal. 1988).................................................................... 7

*Mosqueda v. Am. Honda Motor Co.*,
   443 F. Supp. 3d 1115 (C.D. Cal. 2020) ........................................................ 15, 18

*Myers v. BMW of N. Am.*, No. 16-cv-412,
   2016 WL 5897740 (N.D. Cal. Oct. 11, 2016)...................................................... 11

*NovelPoster v. Javitch Canfield Group*,
   140 F.Supp.3d 938 (N.D. Cal. 2014).................................................................. 21

*Oestreicher v. Alienware Corp.*,
   544 F. Supp. 2d 964 (N.D. Cal. 2008) ......................................................... 11. 13

*Pence v. Andrus*,
   586 F.2d 733 (9th Cir. 1978) .......................................................................... 21

*Perez v. General Motors LLC*,
   No. 19-cv-00038, 2019 WL 3766613 (S.D. Cal. Aug. 9, 2019)................................. 5

*R and A Synergy LLC v. Spanx Inc.*,
   2019 WL 4390564 (C.D. Cal. May 1, 2019) ....................................................... 16

*Rhynes v. Stryker Corp.*,
   No. 10-cv-5619 SC, 2011 WL 5117168 (N.D. Cal. Oct. 27, 2011) ............................ 5

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
   34 Cal. 4th 979 (2004) ......................................................................... 18. 19, 20

*Romero v. HP, Inc.*,
   No. 16-cv-5415, 2017 WL 386237 (N.D. Cal. Jan. 27, 2017)...................................................17

*Sanders v. Apple, Inc.*,
   672 F. Supp.2d 978 (N.D. Cal. 2009) ...............................................................................22, 23

*Sandoval v. Ali*,
   34 F.Supp.3d 1031 (N.D. Cal. 2014) ...............................................................................22, 23

*Seely v. White Motor Co.*,
   63 Cal. 2d 9 (1965) ...........................................................................................................18

*Services v. Eco Safe Systems USA, Inc.*,
   209 Cal. App. 4th 1118 (2012) ...........................................................................................18

*Smith v. Ford Motor Co.*,
   749 F. Supp.2d 980 (N.D. Cal. 2010) ...................................................................................10

*Stearns v. Select Comfort Retail Corp.*,
   2009 WL 4723366 (N.D. Cal. Dec. 4, 2009)........................................................................21

*Strategic Partners Inc. v. Vestagen Protective Techs. Inc.*,
   No. 216CV05900RGKPLAX, 2016 WL 10611186 (C.D. Cal. Nov. 23, 2016) ......................16

*Thompson v. BMW of N. Am., LLC*,
   2019 WL 988694 (C.D. Cal. Jan. 10, 2019) ...................................................................18, 20

*Ticknor v. Choice Hotels Int'l, Inc.*,
   265 F.3d 931 (9th Cir. 2001) ..........................................................................................19, 20

*Tietsworth v. Sears, Roebuck & Co.*,
   720 F. Supp. 2d 1123 (N.D. Cal. 2010) ...............................................................................22

*Vanella v. Ford Motor Co.*,
   Case No. 3:19-cv-07956-WHO, 2020 WL 887975 (N.D. Cal. Feb. 24, 2020) ....................6, 7

*Vitt v. Apple Comput., Inc.*,
   469 Fed.Appx. 605 (9th Cir. 2012)......................................................................................16

*Wallace v. SharkNinja Operating, LLC*, 18-CV-05221,
   2020 WL 11396949 (N.D. Cal. Mar. 9, 2020)................................................................11, 12

*Westport Insurance Corporation v. Vasquez, Estrada and Conway LLP*,
   2016 WL 1394360 (N. D. Cal. April 8, 2016)........................................................................20

*Wilson v. Hewlett Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) .........................................................................................10, 14

*Yetter v. Ford Motor Co.*,
   428 F. Supp. 3d 210 (N.D. Cal. 2019) ...................................................................................7

*Yetter v. Ford Motor Co.*,
No. 19-cv-00877-LHK, 2019 WL 3254249 (N.D. Cal. July 19, 2019)....................................... 5

*Yumul v. Smart Balance, Inc.*,
733 F. Supp. 2d 1134 (C.D. Cal. 2010) .................................................................................. 5, 6

Statutes

Cal. Civ. Code § 1783 ................................................................................................................ 5

Cal. Civ. Code § 338(d) ............................................................................................................. 5

Pen. Code § 16520, subd. a........................................................................................................ 12

TABLE OF AUTHORITIES

## <u>NOTICE OF MOTION, MOTION, AND REQUESTED RELIEF</u>

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at 2:00 p.m. on May 19, 2021, or as soon thereafter as the matter be heard before Hon. William H. Orrick in Courtroom 2 of 17th Floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Defendants Glock, Inc. and Glock Ges.m.b.H. (collectively "Glock") move to dismiss and/or strike Plaintiff's Second Amended Complaint ("SAC") pursuant to Rules 8, 9(b), 12(b)(6), and 12(f) on the following grounds:

(1) Plaintiff's Consumer Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), and fraudulent omission claims are facially time-barred and he has not sufficiently pled the applicability of any tolling provision.

(2) Plaintiff's claims, which are all fraud-based, fail because Plaintiff has not adequately pleaded that Glock had a duty to disclose a material fact under Rule 9(b) since (1) he has not alleged facts showing that Glock had knowledge of the specific defect alleged in this case at the time of sale; and (2) he has not sufficiently alleged any facts to show a duty to disclose under the *LiMandri* test.

(3) Plaintiff's fraudulent omission claim is barred by the Economic Loss Rule.

(4) Plaintiff lacks standing to seek injunctive relief, and his claims for equitable relief fail as Plaintiff has adequate legal remedies.

(5) Plaintiff's class allegations should be dismissed and/or struck because they are impermissibly overbroad, vague, and improper.

DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF THE ISSUES

In his Second Amended Complaint ("SAC"), Plaintiff Steven Johnson has abandoned his negligence, strict products liability, breach of express warranty, breach of implied warranty, and Magnuson-Moss Warranty Act claims. His remaining claims all sound in fraud: fraudulent omission as well as alleged violations of the Consumer Legal Remedies Act (CLRA), Unfair Competition Law (UCL), and False Advertising Law (FAL). Plaintiff still seeks to bring a putative class action to recover monetary damages and obtain injunctive relief for an alleged defect in an undefined number of Glock pistols sold over an unbounded period of time. He alleges that class pistols have a defectively designed feed ramp, resulting in an "unsupported" chamber, that causes ammunition casings to separate and dislodge, resulting in the potential for the pistol to "kaboom" (i.e., catastrophically fail), as well as causing purported damage to spent brass shell casings. (SAC ¶ 2). Plaintiff claims that owning an allegedly defective firearm caused economic harm to him and other class members, and that damaged shell casings—refuse after firing—are economic losses because the casings cannot be re-used or re-loaded. (SAC ¶¶ 8, 17, 21–23). Plaintiff does not claim that it is his practice to reuse spent brass shell casings that are otherwise put in the trash.

This Court dismissed Plaintiff's First Amended Complaint ("FAC"), agreeing with Glock that he had failed to state a claim. His next attempt—his SAC—continues to manifest multiple fatal pleading defects. Initially, to the extent he has included additional "facts" about the purchase of his Glock pistol (namely, when and where he purchased it), those facts do not support that he has viable causes of action, but that three of his claims are time barred and should be dismissed. Further, the four causes of action alleged in the SAC, which are all premised on fraud, are inadequately pleaded because Plaintiff has not alleged facts sufficient to show that Glock had a duty to disclose. And his common law fraudulent omission claim is still barred by the economic loss rule. As such, the SAC should be dismissed in its entirety. Similarly, Plaintiff's proposed class definitions, which are the same overbroad allegations as set forth in his original complaint and the FAC, remain impermissibly overbroad, are impossible of certification, and should be stricken pursuant to Rule 12(f) or dismissed pursuant to Rule 12(b)(6).

1

STATEMENT OF RELEVANT FACTUAL ALLEGATIONS

2

**I.      Plaintiff has revealed that his claims are untimely.**

3            In his FAC, Plaintiff made what this Court concluded appeared to be an intentional decision

4   to omit the basic facts about his purchase. (*See* Order Granting Mot. to Dismiss, ("ECF 38"), at

5   6:17-18). His efforts to remedy this pleading deficiency in the SAC explains why the information

6   was omitted in the first place: three of his claims are time barred. According to the SAC, Plaintiff

7   purchased his pistol on or about April 15, 2016 from an unidentified "dealer" (i.e., retail store) in

8   Castro Valley, California. (SAC ¶ 8). His CLRA, FAL, and fraudulent omission claims—which

9   each have a three-year statute of limitations—expired in April 2019 and are all untimely. As to

10  Plaintiff's claim that the statutory period is somehow tolled, he merely states that he first

11  discovered the alleged defect sometime "in 2020" without providing any explanation as to how he

12  discovered it or any plausible allegation that he undertook reasonable diligence in an attempt to

13  discover his claims earlier. As such, Plaintiff's tolling allegations are insufficient, conclusory, and

14  cannot save his claims from the expired statute of limitations

15  **II.     Plaintiff has not adequately alleged a duty to disclose because he does not plead facts**
16          **sufficient to create an inference that Glock had knowledge of the alleged unsupported**
            **chamber defect at the time of sale, and he has not sufficiently alleged any of the**
17          ***LiMandri* factors.**

18          Plaintiff's SAC attempts to create an inference of knowledge necessary to establish a duty

19  to disclose by referencing 6 examples from which Glock purportedly became aware of the claimed

20  unsupported chamber defect prior to the time Plaintiff purchased his pistol. (SAC ¶¶ 25-27). Each

21  of these supposed reasons, however, suffers from the same deficiency: Plaintiff does not connect

22  them to the specific defect alleged in this case.  Simply, each of the examples referenced by

23  Plaintiff (discussed in more detail below) do not demonstrate an awareness of the alleged

24  unsupported chamber defect, only that incidents may have occurred where a Glock pistol

25  experienced a failure.  There are many reasons that a pistol can catastrophically fail, "explode," or

26  so-called "kaboom," such as defective ammunition, improper pistol maintenance, or an improper

27  pistol modification.  Even if Glock were aware of the claimed occurrences involving the

28  catastrophic failure of a Glock pistol, it cannot, as a matter of law, impute knowledge of the specific

DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

1 | defect alleged in this case – especially where, as here, many of the events referenced in the SAC
2 | have nothing to do with an "unsupported chamber," but had other unrelated causes. Plaintiff's
3 | failure to draw a connection between these incidents and the alleged defect is fatal to all of his
4 | causes of action. Moreover, Plaintiff relies on undated and unspecified consumer complaints,
5 | which cannot impute knowledge of anything. In addition, as further set forth below, Plaintiff's
6 | factual allegations are likewise insufficient to establish any of the *LiMandri* factors necessary to
7 | plead a duty to disclose, warranting dismissal of the SAC in its entirety.

8 | **III.**   **The SAC confirms that there is no risk of future harm to Plaintiff, establishing that**
     **he lacks Article III standing and his failure to plead that he lacks adequate remedies**
9 |      **at law is fatal to his equitable claims for relief.**

10 | With respect to Plaintiff's FAC, this Court concluded that Plaintiff had "not demonstrated
11 | standing to pursue injunctive relief" because he did not allege that he "would consider purchasing
12 | a Glock or a competitor product in the future." (ECF 38 at 10:25-27). In a failed attempt to remedy
13 | this pleading deficiency, the SAC alleges that "Plaintiff will be unable to rely on Glock's
14 | advertising of reliability and safety in the future. For this reason, Plaintiff has chosen not to
15 | purchase another Class Gun." (SAC ¶ 8). This, however, still does not mean that Plaintiff would
16 | consider purchasing a class pistol in the future should his requested relief be granted. As such,
17 | Plaintiff still does not have standing to seek injunctive relief. Furthermore, because Plaintiff does
18 | not allege that his claimed legal damages would not be adequate, his claims for equitable relief are
19 | not viable.

20 | **IV.**   **Plaintiff asserts sweeping and overbroad classes.**

21 | Plaintiff proposes a sweeping class that is incapable of certification. The "class guns" are
22 | broadly and non-exhaustively defined, including at least 30 identified models and "all gun models
23 | with a similar chamber design and feed ramp length." (SAC ¶ 18). The class includes all owners
24 | and former owners so long as the pistol was purchased in California. (SAC ¶ 42). The class is not
25 | bound by any time period or limited to purchasers. For the reasons set forth below, striking
26 | Plaintiff's overbroad proposed class is necessary to, amongst other reasons, avoid burdensome and
27 | unnecessary class discovery on barred claims and individuals.

28 |

DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

1
2

**ARGUMENT**

**I. Plaintiff's fraudulent omission, CLRA, and FAL claims are time barred and must be dismissed.**

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

Plaintiff's CLRA, FAL, and fraudulent omission claims each has a three-year statute of limitations. *See* CCP §338(d) (concealment, 3 years); Cal. Civ. Code § 1783 (CLRA, 3 years); *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1134, 1140 (C.D. Cal. 2010) (FAL, 3 years). Plaintiff generally contends that Glock fraudulently concealed the existence of an alleged defect in his pistol, which existed at the time he purchased it "on or around April 15, 2016." (SAC at ¶8.) Accordingly, his CLRA, FAL, and fraudulent omission claims expired on April 15, 2019.  *See Perez v. General Motors LLC*, No. 19-cv-00038, 2019 WL 3766613, at *2 (S.D. Cal. Aug. 9, 2019) (concluding that the running of the statute was "apparent on the face of the complaint" where the plaintiff had alleged fraud at the time of purchase);  *Yetter v. Ford Motor Co.*, No. 19-cv-00877-LHK, 2019 WL 3254249, at *4 (N.D. Cal. July 19, 2019) (noting that the fraud claim "appear[ed] to have expired" three years after the vehicle's purchase.)  As Plaintiff failed to file his initial Complaint until October 1, 2020, these claims are time-barred unless he can plausibly plead that a tolling or delayed accrual doctrine applies.  And the "burden of alleging facts which would give rise to tolling falls upon the plaintiff." *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993). Here, Plaintiff has not met his burden.

18

**A.  Plaintiff has not sufficiently pleaded delayed discovery.**

19
20
21
22
23
24
25
26
27

"California's discovery rule delays the accrual of a cause of action until a plaintiff either became aware of the injury and its cause or could have discovered the injury and cause through reasonable diligence." *Rhynes v. Stryker Corp.*, No. 10-cv-5619 SC, 2011 WL 5117168, at *3 (N.D. Cal. Oct. 27, 2011) (citing *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 808 (2005)). To rely on this rule, a plaintiff must plead: "(1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence." *Fox*, 35 Cal.4th 797, 808 (2005) (emphasis in original). "California law makes clear that a plaintiff must allege specific facts establishing the applicability of the discovery-rule exception." *Cal. Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1407 (9th Cir. 1995). Plaintiff has not met this burden with respect to his claims.

28

Plaintiff has not adequately pled the time and manner of his discovery of the facts giving

5

rise to his alleged fraud claim. First, his allegation of the time of his discovery is vague, asserting only that he learned of it at some unknown time "in 2020." (SAC ¶ 8). Second, and more glaringly, Plaintiff provides no allegation whatsoever regarding the manner of his discovery. In other words, Plaintiff fails to allege "how and when he did actually discover the fraud…." *Keilhotz v. Lennox Hearth Products, Inc.*, No. C 08-00836 CW, 2009 WL 2905960, *3 (N.D. Cal. Sept. 8, 2009). Courts have granted motions to dismiss in similar cases where the complaint provides insufficient allegations as to the manner of discovery. *See e.g., Yumul*, 733 F.Supp.2d at 1143-1144 ("Because Yumul has not alleged in any form the manner of her discovery, her complaint does not adequately plead tolling under the delayed discovery rule").

Moreover, Plaintiff fails to plead delayed discovery for another reason: his conclusions of reasonable diligence in attempting to discover his claims are insufficient and implausible. *See Vanella v. Ford Motor Co.*, No. 3:19-cv-07956-WHO (N.D. Cal. Feb. 24, 2020) (finding delayed discovery and fraudulent concealment tolling insufficiently pleaded where the allegations were unclear as to the date of discovery and the plaintiff's reasonable diligence in attempting to discover her alleged claims). Plaintiff only claims that he reviewed Glock's website prior to his purchase as well as the documentation that came with his pistol. (SAC ¶ 32). However, similar to *Vanella*, Plaintiff provides no information as to any action—let alone reasonable diligence—he took to investigate whether a possible claim existed after his purchase. For example, although Plaintiff affirmatively alleges he "experienced the Unsupported Chamber Defect and damage to the brass when he fired his gun and was at risk of bodily injury," the SAC is devoid of any allegation that he took any effort whatsoever after these alleged "experiences" to identify a potential claim. (*See* SAC ¶ 34.) Moreover, assuming his allegations to be true, Plaintiff would at least have been on notice from the first time he fired his pistol since, according to Plaintiff, damage to brass casings physically manifest as a "smile" whenever the pistol is discharged. (SAC ¶¶ 17; 34). Additionally, if information about the defect was as widely available as Plaintiff attempts to establish (he never actually connects any prior incident or public information to the defect), he certainly could have discovered it within the statutory period. Thus, Plaintiff's own allegations undercut his alleged "reasonable diligence." In sum, Plaintiff has offered no facts to support his bald conclusion that he

CASE NO.: 3:20-cv-08807-WHO
DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

could not have uncovered the facts underlying his claim with the exercise of reasonable diligence, and has instead pleaded facts that would strongly suggest the opposite.

### B.  Plaintiff has not sufficiently pleaded fraudulent concealment tolling.

In his SAC, Plaintiff also asserts that he is entitled to fraudulent concealment tolling.  "The doctrine of fraudulent concealment tolls the statute of limitations where a defendant, through deceptive conduct, has caused a claim to grow stale." *Aryeh v. Canon Bus. Sols., Inc.,* 55 Cal.4th 1185 (2013); *see also Lubin v. Sybedon Corp.*, 688 F. Supp. 1425, 1435 (S.D. Cal. 1988). To properly plead entitlement to fraudulent concealment tolling, a plaintiff must plead the substantive elements of fraud as well as an excuse for late discovery of facts. *Goldstein v. Gen. Motors LLC,* 445 F. Supp. 3d 1000, 1017 (S.D. Cal. 2020); *Grisham v. Philip Morris U.S.A., Inc*. 40 Cal.4th 623, 637 (2007).  And to assert an excuse for late discovery, the plaintiff must allege facts showing when the fraud was discovered, the circumstances of its discovery, and that the plaintiff was not at fault for the failure to discover or that he "had no actual or presumptive knowledge sufficient to put him on inquiry." *Goldstein,* 445 F. Supp. 3d. at 1017 (quoting *Finney v. Ford Motor Co.,* No. 17-cv-06183-JST, 2018 WL 2552266, at *3 (N.D. Cal. June 4, 2018)). "Fraudulent concealment tolling does not apply when 'the means by which the fraud was discovered were at all times available to the plaintiff.'" *Cousyn ex rel. Cousyn Grading & Demo Inc. v. Ford Motor Co.*, CV 17-2051, 2019 WL 3491930 *7 (C.D. Cal. July 30, 2019) (internal citations omitted).Finally, "[f]raudulent concealment tolling must be pled with particularity under Rule 9(b)." *In re Ford Tailgate Litig.*, No. 11-CV-2953-RS, 2014 WL 1007066, at *8 (N.D. Cal. Mar. 12, 2014).  Here, plaintiff has failed to plead fraudulent concealment tolling for two primary reasons.

First, just as with delayed discovery, Plaintiff has not sufficiently pleaded when he discovered the alleged fraud, the circumstances of his discovery, or his inability to discover the claim despite reasonable diligence.  *See Vanella v. Ford Motor Co.*, Case No. 3:19-cv-07956-WHO, 2020 WL 887975, at *6-8 (N.D. Cal. Feb. 24, 2020) (analyzing delayed discovery and fraudulent concealment tolling together because "they fail for the same reason" and finding "[b]ecause Vanella fails to allege any facts showing diligence, she cannot invoke the fraudulent concealment doctrine to make her claims timely"); *Yetter v. Ford Motor Co.*, 428 F. Supp. 3d 210

DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

(N.D. Cal. 2019) (stating "because Plaintiff has not plausibly alleged reasonable diligence, Plaintiff is not entitled to invoke the discovery rule or the fraudulent concealment doctrine to toll his claims….").  Moreover, Plaintiff's own claim that damage to brass casings physically manifest as a "smile" whenever the pistol is discharged, (SAC ¶¶ 17; 34), undermines his argument that it could not have been discovered with reasonable diligence. Accordingly, Plaintiff's claims are not tolled by fraudulent concealment.

Second, as discussed further in Section II, Plaintiff has not adequately pleaded fraud under Rule 9(b). Plaintiff's fraudulent concealment claims turn entirely on his contention that Glock was aware of the defect he has alleged and concealed it. But as explained herein, he has not sufficiently alleged the existence of any fraudulent concealment to survive a motion to dismiss. *See Goldstein*, 445 F. Supp. 3d at 1018 (concluding that plaintiffs' allegation that defendant concealed a dangerous defect was insufficient to invoke fraudulent concealment tolling); *Finney v. Ford Motor Co.*, No. 17-cv-06183, 2018 WL 2552266 *4 (N.D. Cal. June 4, 2018) (concluding plaintiff failed to adequately allege fraudulent concealment tolling despite contention that on multiple repair visits following sale, she was falsely told problems were fixed). Accordingly, Plaintiff's stale claims are not rescued by the doctrine of fraudulent concealment tolling.

**C.  Plaintiff has not adequately alleged that he is entitled to continuing act tolling.**

In his SAC, Plaintiff alleges that he is entitled to "continuing act tolling" because Glock supposedly knew about a defect by 2010, but continued to sell its products. (SAC ¶ 44.)  The California Supreme Court discussed "continuing-wrong accrual principles" in *Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal.4th 1185 (Cal. 2013), breaking the principles into two main branches: "continuing violation doctrine" and the "theory of continuous accrual." *Id.* at 1197.  Neither applies to the allegations in this case.

Regarding the "continuing violations" doctrine, the California Supreme Court stated that "[s]ome injuries are the product of a series of small harms, any one of which may not be actionable on its own." *Id.* at 1197–98. In those instances, individuals "should not be handicapped by the inability to identify with certainty when harm has occurred or has risen to a level sufficient to warrant action." *Id.* It would be unwise "from a court-efficiency perspective . . . to require parties

to run to court in response to every slight, without first attempting to resolve matters through extrajudicial means. . . ." *Id.* Allegations of a pattern of reasonably frequent and similar acts may, in a given case, justify treating the acts as an indivisible course of conduct actionable in its entirety, notwithstanding that the conduct occurred partially outside and partially inside the limitations period". *Id.*

Here, the "continuing violation" doctrine does not apply as Plaintiff has only alleged a single purchase of a Glock pistol in April 2016 as opposed to "a series of small harms" or "a pattern of reasonably frequent and similar acts." *See Clark v. Hershey Co.*, No. C18-06113 WHA, 2019 WL 913603 *7(N.D. Cal. Feb. 25, 2019) (finding that the "continuing violations" doctrine did not apply in a consumer fraud case because the plaintiff did not allege particularized series of transactions of the product over a period of time.); *Cf. Hunter v. Nature's Way Prods., LLC*, No. 16-cv-532-WQH-BLM, 2016 WL 4262188 (S.D. Cal. Aug. 12, 2016) ("continuing violations" doctrine did apply where the plaintiff alleged she purchased the product once per month for a five year period).

The California Supreme Court next addressed the theory of continuous accrual: "When an obligation or liability arises on a recurring basis, a cause of action accrues each time a wrongful act occurs, triggering a new limitations period." *Aryeh*, 55 Cal.4th at 1199. The Court stated that "[b]ecause each new breach of such an obligation provides all the elements of a claim— wrongdoing, harm, and causation—each may be treated as an independently actionable wrong with its own time limit for recovery." *Id.* (internal citations omitted). However, unlike the continuing violation doctrine, the theory of continuous accrual supports recovery only for damages arising from those breaches falling within the limitations period. *Id.*

Here, the theory of continuous accrual is also entirely inapplicable. In consumer fraud cases in which courts have upheld tolling based on the theory of continuous accrual, the plaintiffs have alleged, at a minimum, various purchases of the subject product throughout the limitations period. *See e.g., Allen v. Similasan Corp.*, No. 12cv0376-BTM-WMC, 2013 WL 5436648 *5 (S.D. Cal. Sep. 27, 2013) (finding that "continuing accrual" applied "as the Plaintiffs made discrete purchases of different products over many years"). Plaintiff has alleged only one transaction in April 2016;

DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

thus, his fraud claims with a three-year statute of limitations are time-barred.

### D. COVID-19 tolling does not rescue plaintiff's fraudulent concealment, CLRA, or FAL claims.

On April 6, 2020, the Judicial Council of California entered Emergency Order CO-20-09 tolling statutes of limitation in civil cases until 90 days after the governor lifts the statewide COVID-19 state of emergency. It subsequently amended this order to provide that statutes of limitation longer than 180 days would be tolled from April 6, 2020 until October 1, 2020. However, as stated above, the three-year statute of limitations on Plaintiff's CLRA, FAL, and fraudulent omission claims expired on April 16, 2019—almost 1 year before the COVID-19 tolling went into effect.  Accordingly, the COVID-19 tolling does not rescue Plaintiff's time-barred claims.

Accordingly, for all the reasons outlined above, Plaintiff's CLRA, FAL, and fraudulent omission claims are time barred and should be dismissed.

## II. Plaintiff fails to show that Glock had a duty to disclose, mandating dismissal of his CLRA, UCL, FAL, and fraudulent omission claims as a matter of law.

Plaintiff's failure to plead facts sufficient to show that Glock had a duty to disclose a material fact mandates dismissal of the SAC in its entirety. A manufacturer is not liable for failing "to disclose a defect that manifests itself after expiration of the warranty period unless such omission (1) is 'contrary to a representation actually made by the defendant' or (2) pertains to a 'fact the defendant was obligated to disclose.'" *Smith v. Ford Motor Co.*, 749 F. Supp.2d 980, 987 (N.D. Cal. 2010) (quoting *Daugherty v. Am. Honda Motor Co.,* 144 Cal. App.4th 824, 835–36 (2006). Because Plaintiff identifies no representation made by Glock about the alleged defect, his claim depends on a supposed "duty" to disclose.

To show a duty, a plaintiff must allege that a material fact existed that the defendant did not disclose. *LiMandri v. Judkins*, 52 Cal. App.4th 326, 337 (1997).  This requires pleading either (1) that an undisclosed safety hazard existed, *Wilson v. Hewlett Packard Co.,* 668 F.3d 1136, 1141 (9th Cir. 2012), or (2) that a physical problem affects a product's central functioning, *Hodson v.*

*Mars, Inc.,* 891 F.3d 857, 860 (9th Cir. 2018).[1]  Where, as here, an undisclosed safety hazard is alleged, Plaintiff must show: (1) a defect; (2) a safety hazard; (3) a causal connection between the alleged defect and hazard; and (4) that the defendant had exclusive knowledge of the defect at the time of sale. *Myers v. BMW of N. Am.*, No. 16-cv-412, 2016 WL 5897740, at *3 (N.D. Cal. Oct. 11, 2016) (citing *Wilson*, 668 F.3d at 1143–45). Plaintiff alleges that the claimed unsupported chamber defect creates a safety hazard (i.e., an explosion or so-called "kaboom"). He fails, however, to plead that Glock had knowledge of the claimed defect at the time of sale, warranting dismissal of the SAC as a matter of law.

### A. Plaintiff's failure to plead that Glock had pre-sale knowledge of the alleged defect is fatal to the SAC.

To establish a duty to disclose, Plaintiff must plead that Glock knew of the specific defect alleged in this case at the time Plaintiff purchased his pistol. *Wilson,* 668 F.3d at 1147 (finding allegations of knowledge inadequate when plaintiffs "reference[d] neither the specific defect alleged in the complaint nor [the defendant's] knowledge of that defect"); *Ahern v. Apple Inc.*, 411 F.Supp.3d 541, 565–66 (N.D. Cal. 2019) (explaining that references to other incidents that do not identify specific defect alleged cannot establish knowledge); *Wallace v. SharkNinja Operating, LLC*, 18-CV-05221, 2020 WL 11396949 *8–10 (N.D. Cal. Mar. 9, 2020) (holding that prior complaints that blender "exploded" were insufficient to plead knowledge of specific defect alleged). Plaintiff has now identified when he purchased his pistol, but his allegations are still insufficient to show that Glock was aware of the alleged defect at that time. (SAC ¶ 8).

Although Rule 9(b) states that knowledge may be alleged more generally than the circumstances that constitute the fraud, Plaintiff is still obligated to "set forth facts from which an inference of scienter could be drawn." *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 968 (N.D. Cal. 2008) (internal quotations omitted). And a plaintiff must allege knowledge of the specific defect alleged, not just other incidents or complaints involving a product. *See Wilson,* 668 F.3d at 1147 (requiring references to "specific defect"); *Ahern*, 411 F.Supp.3d at 565–66 (explaining that references to other incidents that do not identify specific defect alleged cannot

---

[1] Plaintiff does not allege to have experienced any issue that affects the central functioning of his pistol.  This precludes any duty to disclose under the central functioning theory.

DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

1    establish knowledge); *Wallace, LLC*, 18-CV-05221, 2020 WL 11396949 *8–10 (requiring

2    pleading of knowledge of specific defect).  The SAC references six reasons (discussed) that

3    Plaintiff claims show Glock knew of the defect before April 2016. Yet, each of these purported

4    reasons suffers from the same deficiency: none imply Glock knew about the specific defect he

5    alleges.

6         It is not enough to allege that Glock knew of some other incident involving an "explosion"

7    or a so-called "kaboom" (i.e., a catastrophic failure). *See Wallace, LLC*, 18-CV-05221, 2020 WL

8    11396949 *8–10 (N.D. Cal. Mar. 9, 2020) (claims that other blenders "exploded" did not establish

9    knowledge of specific defect alleged). By definition, a pistol is an instrument "from which is

10   expelled through a barrel, a projectile by the force of an explosion or other form of combustion."

11   Pen. Code § 16520, subd. a; *see also*, *Davis v. Com.*, No. 3073–08–1 2010 WL 271301*3 (Va. Ct.

12   App. Jan. 26, 2010) ("Common knowledge recognizes that firearm ammunition contains

13   gunpowder and functions by explosion.").   Considering that pistols rely on the explosion of

14   combustible material in ammunition to operate, the mere existence of a catastrophic failure—even

15   affixing to it the label "kaboom"—does not implicate a specific defect, much less the one Plaintiff

16   alleges here. Defective and/or overcharged ammunition,[2] for example, is a common cause of

17   catastrophic failures or so-called "kabooms" in <u>all</u> firearms.  Simply alleging that Glock was aware

18   of incidents where there was a pistol failure does not create an inference that Glock knew of the

19   claimed unsupported chamber defect alleged in this case.  *Wilson,* 668 F.3d at 1145-46 (holding

20   plaintiff must show that defendant was aware of the specific alleged defect at the time the product

21   was sold).  Plaintiff's failure to plead facts showing that Glock knew of the alleged defect prior to

22   the date that he purchased his pistol is fatal to each of his causes of action.

23        Plaintiff first claims that two incidents involving the Winter Haven, FL Police Department

24   and the "explosion" of Glock handguns somehow imputes knowledge of the claimed defect to

25   Glock. (SAC ¶ 25). The SAC, however, fails to connect these incidents to the claimed unsupported

26   chamber defect or a Class Gun, much less show that Glock was aware of them.   Plaintiff does not

27

28   ---
     [2] Overcharged ammunition is ammunition that contains too much powder and can cause a firearm to catastrophically
     fail when discharged.  It is most commonly associated with self-manufactured ammunition (i.e., the purpose for
     reusing brass casings). Factory ammunition can also be overcharged (i.e., an ammunition defect).

**DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS**

identify the source of his information about these alleged incidents or articulate why these incidents would show that Glock was aware of the claimed defect. To the contrary, the information publicly available following these incidents was a report in the *Lakeland Ledger* titled, "Ammo Maker: Our Bullets Blew Up Guns."   (*See* Request for Judicial Notice, Exhibit "A").  Plaintiff cannot assert Glock's knowledge of the specific alleged defect through a vague reference to incidents that were publicly reported to be the result of defective ammunition.

Plaintiff next points to an incident involving the Portland Police Department and the catastrophic failure of two Glock pistols. (SAC ¶ 25). As a threshold matter, Plaintiff does not allege when Glock received notice of this incident in relation to the date that he purchased his pistol. Regardless of timing, however, the SAC fails to connect it to the claimed unsupported chamber defect. In fact, the plaintiff in the Portland matter did not claim that his Glock pistol had an unsupported chamber, but rather sued both Glock and the ammunition manufacturer, contending that the ammunition was defective, and that the metallurgic strength of the pistol's barrel was deficient.  Simply, the Portland incidents cannot serve as a basis that Glock was aware of the claimed unsupported chamber defect because that matter involved entirely different defect claims than those alleged in this case.

Next, the SAC generally alleges three types of vague and unspecified consumer complaints, including (1) discussions of so-called "kabooms" or "smiles" on an unofficial online forum called glocktalk.com; (2) unspecified reports to Glock regarding damaged pistols; and (3) "numerous videos" allegedly depicting "Glock kabooms."  (SAC ¶ 26-27). Plaintiff does not attach any of these so-called complaints or videos to the SAC, he does not provide any details regarding their content or the date that Glock supposedly learned of them, and does not link them to the claimed defect at issue. Moreover, aside from the "reports" that were supposedly made directly to Glock at some unidentified time, he does not even allege how Glock was supposedly made aware of discussions on glocktalk.com (a website not owned by Glock) or how and when Glock supposedly learned of "numerous videos" published in unspecified places. These generalized "complaints" simply are not enough to support an inference of knowledge at the time of sale.  *See Oestreicher*, 544 F. Supp. 2d at 975 n. 9 ("[r]andom anecdotal examples of disgruntled customers

CASE NO.: 3:20-cv-08807-WHO
DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

1  posting their views on websites at an unknown time is not enough to impute knowledge upon

2  defendants"); *Grodzitsky v. Amer. Honda Motor Co.*, No. 2:12-cv-1142, 2013 WL 690822, at *7

3  (C.D. Cal. Feb. 19, 2013) ("the listed complaints were all posted on a website that had no

4  connection to Defendant. These customer complaints, like those in *Wilson*, are insufficient to show

5  that Defendant had knowledge of the Window Regulator Defect at the time of sale"); *Callaghan*

6  *v. BMW of North America,LLC*, 2014 WL 6629254, at *4 (N.D. Cal. 2014) (finding consumer

7  complaints insufficient when "more than half" post-dated plaintiffs' purchases); *Wilson,* 668 F.3d

8  at 1145-46 (holding unspecified consumer complaints not sufficient to show knowledge of the

9  defect at the time of sale).

10      The Ninth Circuit explained in *Wilson* that undated consumer complaints not specifically

11  referencing the alleged defect "provide no indication whether the manufacturer was aware of the

12  defect at the time of sale." *Wilson*, 668 F.3d at 1147.  Moreover, the Court doubted whether

13  consumer complaints "in and of themselves adequately support an inference that a manufacturer

14  was aware of a defect . . . or merely establish the fact that some consumers were complaining."

15  *Id*. at 1147 (internal quotations omitted).  The instances Plaintiff points to in his SAC in an attempt

16  to create an inference of knowledge implicate these concerns, especially since the supposed safety

17  hazard is not unique to the alleged defect and can have many different causes that are not an

18  "unsupported chamber."

19      Plaintiff's final attempt to create an inference of knowledge is a reference to a 2015

20  Massachusetts lawsuit in which Glock's product was ultimately vindicated on summary judgment.

21  Plaintiff in that case did not claim that a supposed "unsupported chamber" caused his injuries.

22  Further, Glock cannot be said to have been "aware" of a defect that a court, as a matter of law,

23  held that a plaintiff could not prove. (*See* Request for Judicial Notice, Exhibit "B").

24      These glaring deficiencies in the SAC fail to raise an inference of knowledge and are fatal

25  to Plaintiff's claims because he has not shown that Glock had a duty to disclose. As such, this

26  Court should dismiss Plaintiff's CLRA, UCL, FAL, and fraudulent omission claims in their

27  entirety.

28

DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

1

2

### B. Plaintiff has not sufficiently alleged any *LiMandri* factor necessary for a duty to disclose.

Plaintiff must also show that one of the four *LiMandri* factors also applies. The *LiMandri* factors are: 1) a fiduciary relationship to the plaintiff; 2) exclusive knowledge of material facts unknown to the plaintiff; 3) active concealment of a material fact from the plaintiff; or 4) partial representations to the plaintiff, but suppresses a material fact. *See LiMandri v. Judkins*, 52 Cal. App.4th 326, 337 (1997).

Here, the SAC still fails to sufficiently allege that any of these factors applies. First, Plaintiff concedes that he purchased his pistol from a retail dealer in Castro Valley, CA. (SAC ¶ 8). Therefore, there is no fiduciary relationship between Plaintiff and Glock, and the first *LiMandri* factor cannot apply. *Bigler-Engler v. Breg, Inc.*, 7 Cal. App.5th 276, 312 (2017) ("such a transaction must necessarily arise from direct dealing between the plaintiff and defendant; it cannot arise between the defendant and the public at large"). Second, as discussed above, Plaintiff has not pleaded that Glock had knowledge—let alone exclusive knowledge—of the claimed unsupported chamber defect at the time of sale, thus, the second *LiMandri* factor is also inapplicable. Third, Plaintiff fails to allege that Glock concealed a material fact because (1) the SAC does not sufficiently allege that Glock was aware of the defect (the material fact) at the time of sale; and (2) Plaintiff fails to plead any "affirmative acts on the part of [Glock] in hiding, concealing, or covering up the matters complained of." *Lingsch v. Savage*, 213 Cal.App.2d 729, 734 (1963); *see also Mosqueda v. Am. Honda Motor Co.*, 443 F. Supp. 3d 1115, 1130-31 (C.D. Cal. 2020) (finding "bare legal conclusions" insufficient to support an active concealment theory).

Finally, the SAC is not sufficient to state a claim under the fourth *LiMandri* factor because it does not allege any actionable representations made by Glock. The SAC does not cite a single representation by Glock, partial or otherwise, related to the chamber support in Glock pistols. Moreover, the statements Plaintiff cites cannot form the basis of any kind of fraud claim. Unquantifiable statements about product superiority are not actionable. *Hadley v. Kellogg Sales Co.*, 273 F.Supp.3d 1052, 1089 (N.D. Cal. 2017). Yet, this is all Plaintiff has alleged. General descriptions of a company's culture and intentions, such as Glock's statements about its

philosophy of continuous improvement and pursuit of perfection without compromising quality are optimistic and not actionable. *See Lloyd v. CVB Financial Corp.*, 811 F.3d 1200, 1207 (9th Cir. 2016) (holding that description of "strong credit culture and underwriting integrity remain paramount" were optimistic, vague, puffery).   Likewise, describing a product's design as "revolutionary" is non-actionable because it is unmeasurable. *See Soilworks, LLC v. Midwest Indus. Supply, Inc.*, 575 F.Supp. 23d 1118, 1133 (D. Ariz. 2008), cited with approval in *R and A Synergy LLC v. Spanx Inc.*, 2019 WL 4390564 *10 (C.D. Cal. May 1, 2019).[3]  Plaintiff attempts to manufacture an actionable representation by doctoring a statement that is purportedly somewhere on Glock's website.  (SAC ¶ 16) ("each 'GLOCK [pistol] delivers on our promise of safety, reliability, and simplicity at an affordable price'").  By adding the words "each" and "pistol," Plaintiff endeavors to create a factual representation that does not exist.  Plaintiff's attempt to plead a single actionable statement made by Glock is unavailing.[4]

As such, even if Plaintiff surpasses the "knowledge" hurdle (he cannot), the SAC still fails to state a claim due to the absence of any *LiMandri* factor, warranting its dismissal in entirety.

### III.   Plaintiff's UCL claim fails under the unlawful, unfair, and fraudulent prongs and should be dismissed.

Plaintiff's UCL claim fails because he does not allege any plausible fraudulent, unlawful or unfair practices. The UCL's "unlawful" prong "borrows violations of other laws and treats them as unlawful practices that the [UCL] makes independently actionable." *Wilson*, 668 F.3d at 1145. Therefore, Plaintiff's "unlawful" conduct claim under the UCL depends on his CLRA and fraudulent omission claims, which, as explained herein, fail as a matter of law.  The SAC similarly

---

[3] *See Azoulai v. BMW of N. Am. LLC*, No. 16-CV-00589-BLF, 2017 WL 1354781, at *8 (N.D. Cal. Apr. 13, 2017) ("Contrary to what Plaintiffs contend, there is nothing "specific and measurable" about the word "safely"); *Vitt v. Apple Comput., Inc.*, 469 Fed.Appx. 605, 607 (9th Cir. 2012) (affirming dismissal on basis that descriptors such as "durable," "reliable," and "high performance" were not actionable); *see also*; *Strategic Partners Inc. v. Vestagen Protective Techs. Inc.*, No. 216CV05900RGKPLAX, 2016 WL 10611186, at *4 (C.D. Cal. Nov. 23, 2016) ("movant's advertising tagline 'Be Safe. Be Smart. Be Certain' and product names 'Certainty' and 'Certainty Plugs' are similarly puffery").

[4] Plaintiff's FAL claim fails for the same reason and should be dismissed because "a failure to disclose a fact one has no affirmative duty to disclose is [not] 'likely to deceive' anyone." *Hodsdon v. Mars, Inc.,* 891 F.3d 857, 867-68 (9th Cir. 2018) (dismissing FAL claim because defendant did not have a duty to disclose as a matter of law). These statements are not objectively false because they state company aspirations, and no reasonable consumer would likely be deceived by them. *Id.* ("whether an advertisement is misleading is determined by asking whether a reasonable consumer would likely be deceived").

DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

fails to state a claim under the UCL's "unfair" and "fraudulent" prongs because "the failure to disclose a fact that a manufacturer does not have a duty to disclose, i.e., a defect of which it is not aware, does not constitute an unfair or fraudulent practice."  *Id.* at 1148 n5; *see also In re Sony Grand Wega KDF–E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F.Supp.2d 1077 (S.D. Cal. 2010).  Because Plaintiff has not sufficiently pleaded that Glock had a duty to disclose, his "unfair" and "fraudulent" conduct claims under the UCL should also be dismissed.

## IV.   Plaintiff's UCL and FAL claims also must be dismissed because Plaintiff lacks Article III standing to seek injunctive relief and his legal claims foreclose equitable relief.

In dismissing the FAC, this Court properly held that Plaintiff did not demonstrate "standing to pursue injunctive relief under *Davidson* [because] [t]he FAC does not contain any allegation that Johnson would consider purchasing a Glock or a competitor product in the future."  (ECF 38 at 10).  The SAC does not remedy this pleading deficiency.  Instead, Plaintiff states that he "will be unable to rely on Glock's advertising of reliability and safety in the future.  For this reason, Plaintiff has chosen not to purchase another Class Gun."  (SAC ¶ 8).  This, however, does not mean Plaintiff would purchase, or would even consider purchasing, a Class Gun in the future.  This allegation merely establishes that Plaintiff has chosen not to purchase another Class Gun, not that he would change his mind if his requested relief were granted.  As such, Plaintiff still does not have standing to seek injunctive relief.  *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970–71 (9th Cir. 2018); *See also Romero v. HP, Inc.*, No. 16-cv-5415, 2017 WL 386237 * 9 (N.D. Cal. Jan. 27, 2017) (without affirmative allegations of an intention to purchase the product in the future, knowledge of an alleged falsehood eliminates Article III standing for injunctive relief).  Accordingly, all of Plaintiff's claims for injunctive relief—including those under the UCL and FAL—must be dismissed.

In addition, Plaintiff's UCL and FAL claims must be dismissed because Plaintiff does not allege that he lacks adequate remedies at law.  The only remedies authorized under the UCL and FAL are injunctive relief or restitution.  *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 970 (S.D. Cal. 2012) (dismissing UCL and FAL claims for failure to plead entitlement to equitable relief).  Plaintiff requests money damages for his CLRA

1   and fraudulent omission claims, and he has not pleaded that this is an inadequate remedy at law.

2   Therefore, his claims for equitable relief should be dismissed. *Id.*

3   **V.    The economic loss rule bars Plaintiff's fraudulent omission claim.**

4           Because Plaintiff does not allege physical injury to his person or property, the economic

5   loss rule ("ELR") bars his fraudulent omission claim as a matter of law. The ELR provides that

6   "where a purchaser's expectations in a sale are frustrated because the product he bought is not

7   working properly, his remedy is said to be in contract alone, for he has suffered only 'economic'

8   losses." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004); *Thompson v.*

9   *BMW of N. Am., LLC*, 2019 WL 988694, at *5 (C.D. Cal. Jan. 10, 2019) ("[t]he economic loss rule

10  precludes recovery in tort where a plaintiff's damages consist solely of economic loss"); *Mosqueda*

11  *v. Am. Honda Motor Co.*, 443 F. Supp.3d 1115, 1134 (C.D. Cal. 2020) (applying economic loss

12  rule to fraudulent omission claims).

13          **A. The *Robinson* exception does not apply to claims for fraudulent omission and
            therefore is inapplicable in this case.**

14          In 2004, the California Supreme Court carved out a limited exception to the economic loss

15  rule in *Robinson Helicopter*, for cases involving "affirmative intentional misrepresentations of

16  fact," concluding that the exception was justified because that tort was sufficiently independent of

17  the alleged breach of contract. 34 Cal. 4th at 991.  The court, however, explicitly stated that its

18  holding was "narrow in scope and limited to a defendant's affirmative misrepresentations on which

19  a plaintiff relies and which expose a plaintiff to liability for personal damages independent of the

20  plaintiff's economic loss." *Id.* at 993.

21          This exception is not extended to fraudulent omission claims The *Robinson* exception was

22  intentionally limited to claims premised on affirmative misrepresentations to prevent the broad

23  expansion of tort law that the ELR was adopted to avoid. *Seely v. White Motor Co.*, 63 Cal. 2d 9

24  (1965) (adopting the ELR to prevent the expansion of tort law to situations that involved only

25  commercial or economic loss).  As such, the *Robinson* exception does not apply to Plaintiff's

26  fraudulent omission claim, which is barred by the ELR. *Services v. Eco Safe Systems USA, Inc.*,

27  209 Cal. App. 4th 1118, 1131–32 (2012) (holding ELR applied because plaintiff's evidence

28  "suggested no misrepresentation 'beyond a broken contractual promise'"); *In re Ford Motor Co.*

*DPS6 Powershift Transmission Prod. Liab. Litig.*, No. 18ML02814ABFFMX, 2020 WL 5267567, at *6 (C.D. Cal. Sept. 2, 2020) (holding fraudulent omission claim was barred by the ELR).

**B. The *Erie* Doctrine requires that the *Robinson* exception be applied as the California Supreme Court defined it.**

This Court held in *Anderson v. Apple Inc.*, No. 3:20-CV-02328-WHO, 2020 WL 6710101, at *17-19 (N.D. Cal. Nov. 16, 2020) that policy considerations warranted expanding the ELR to situations where fraudulent omissions are alleged.[5]  Under the doctrine announced in *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), however, when construing state law, federal courts should avoid rulings that tend to expand state law liability where the law is unsettled.  *See Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001) ("federal courts are bound by the pronouncements of the state's highest court on applicable state laws").  Application of the *Erie* doctrine therefore requires that the *Robinson* exception be construed narrowly and that this Court, sitting in diversity, not create new exceptions to it.  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1024 (9th Cir. 2008).

In its holding in *Anderson*, this Court explained that it was agreeing with the Central District's holding in *In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Lit.*, No. CV1706656ABFFMX, 2019 WL 3000646, at *6 (C.D. Cal. May 22, 2019).  However, after the 2019 decision in *In re Ford Motor Co.*, that same court issued another decision in September 2020 reversing itself and dismissing the plaintiff's fraudulent omission claims:

> "In its Prior Order, the Court found 'insufficient support in the California cases Ford cites for its distinction between fraudulent inducement by misrepresentation and fraudulent inducement by omission, and therefore declines to apply the economic loss rule to the omission claims at this stage.' [citation omitted] **Upon review of the further briefing in this Motion**, including cases applying *Robinson Helicopter*, the Court concludes that **Plaintiff's fraudulent omission claims are barred by the economic loss rule**."

*See In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*, No. 18ML02814ABFFMX, 2020 WL 5267567, at *6 (C.D. Cal. Sept. 2, 2020) (emphasis added).  Recognizing its obligations under the *Erie* Doctrine, the court concluded that it was "bound by the

---

[5] The *Robinson Helicopter* decision focused on the fact that claims alleging affirmative misrepresentations must be pleaded with particularity.  However, this pleading standard has been somewhat relaxed for claims alleging fraudulent omission.  This distinction was not addressed in *Anderson*, and is critical to the public policy analysis.

pronouncements of the state's highest court on applicable state law . . . and is not free to create new exceptions to it." *Id.* at *7 (citing *Ticknor,* 265 F.3d at 939; *Clemens*, 534 F.3d at 1024). Similarly, this Court should refrain from expanding the *Robinson* exception beyond the narrow scope as explicitly defined by the California Supreme Court. *Id.*; *see also, e.g., Del Webb Communities Inc. v. Partington*, 652 F.3d 1145, 1154 (9th Cir. 2011) (a federal court "should hesitate prematurely to extend the law in the absence of an indication from the state courts or the state legislature that such an extension would be desirable") (citation omitted).

**C.  Even if the *Robinson* exception were expanded, it would still not apply to this case.**

Even if the *Robinson* exception could apply to fraudulent omission, it would not apply here. The *Anderson* decision did not discuss a critical component to the *Robinson* exception for fraud-based claims: it only applies where the alleged fraud "expose[es] a plaintiff to liability [to third parties] for personal damages independent of the plaintiff's economic loss." *Robinson Helicopter*, 34 Cal. 4th at 988; *see also Westport Insurance Corporation v. Vasquez, Estrada and Conway LLP*, 2016 WL 1394360 (N. D. Cal. April 8, 2016) (dismissing fraud claims pursuant to the economic loss rule because, amongst other reasons, "the third party liability for personal damages that VEC alleges is the same economic loss that it alleges in its breach of contract claim"); *Thompson v. BMW of North America, LLC*, 2019 WL 988694 (C.D. Cal. Jan. 10, 2019) ("[n]or has Plaintiff shown that he was exposed to any liability for personal damages independent of his economic loss"); *Lennar Mare Island, LLC v. Steadfast Insurance Company*, 2016 WL 829210 (E.D. March 3, 2016) (dismissing fraud claim under economic loss rule because, amongst other reasons, plaintiff did not "identif[y] any potential for personal liability"). Plaintiff does not allege liability for personal damages to third parties, so the *Robinson* exception cannot apply.

**VI.  Plaintiff does not have standing to seek damages arising from purportedly injured brass casings, and damage to used brass casings is not compensable as a matter of law.**

The SAC alleges that Glock is liable for damage to brass casings purportedly caused by the claimed unsupported chamber defect.  (SAC ¶¶ 22-23).  Plaintiff also claims that he "experienced . . . the damage to the brass when he fired his gun."  Critically, however, he fails to allege that it is his practice to reuse or recycle brass casings.  (SAC ¶ 34).  He merely alleges that

"**consumers** have lost the ability to reuse the brass casings and can no longer use the brass casings to make reloaded ammunition."  (SAC ¶ 22) (emphasis added).  Brass casings are refuse typically discarded after use.  Some hobbyists choose to manufacture their own ammunition by repurposing used brass shell casings that would otherwise be discarded.  Thus, according to the SAC, Plaintiff does not have standing to bring a claim for allegedly incurring damage to brass casings which Plaintiff does not claim to reuse and would otherwise be put in the trash.  *Pence v. Andrus*, 586 F.2d 733, 736-37 (9th Cir. 1978) ("the named representative must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent"); *Lewis v. Casey*, 518 U.S. 343, 347 (1996) (plaintiffs purporting to "represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class").

In addition, Plaintiff has not pleaded any facts to permit the court to determine that harm to these casings amount to more than *de minimis* damages. *See Stearns v. Select Comfort Retail Corp.*, 2009 WL 4723366, at *12 (N.D. Cal. Dec. 4, 2009) (dismissing claim for mold damage to bedding when plaintiffs failed to allege facts showing value); *NovelPoster v. Javitch Canfield Group*, 140 F.Supp.3d 938, 949 (N.D. Cal. 2014) (finding claim of loss "entirely speculative" when plaintiff failed to plead facts to support damages amount); *Harrison Ventures, LLC v. Alta Mira Treatment Center*, No. C10-00188 RS, 2010 WL 1929566 *5 (N.D. May 12, 2010) (dismissing complaint because although plaintiff alleged $63,000 in damages, "specific facts to support this bald statement are lacking in the [complaint]"). Furthermore, Glock's written warranty, which is available on Glock's website, provides that "GLOCK, Inc. assumes no liability for incidental or consequential damage or for incidental expenses."  (See Ex. "C" to Req. for Judicial Not.).  As such, Plaintiff cannot recover damages for brass casings for the separate and additional reason that those damages have been disclaimed.  *Stearns*, 763 F.Supp.2d at 1147 (dismissing negligence and strict liability claims under economic loss rule when warranty disclaimed incidental and consequential damages).

DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

**VII.    Plaintiff's proposed class definitions are facially overbroad and should be stricken.**

Plaintiff has now amended his complaint twice, but continues to proceed on a facially overbroad and unworkable proposed class definition. The SAC proposes class members and class products that are impermissibly broad and impossible of certification.  This is not appropriate, and it is an invitation for discovery abuse. Where, as here, the "complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery" pursuant to Rule 12(f) or to dismiss the class allegations pursuant to 12(b)(6). *Sanders v. Apple, Inc.*, 672 F. Supp.2d 978, 990–91 (N.D. Cal. 2009) (striking class allegations before discovery and certification stage); *Freedline v. O Organics*, No. 19-cv-01945-JD, 2020 WL 6290352 (N.D. Cal. Oct. 27, 2020) (dismissing plaintiff's class allegations); *Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010); *Sandoval v. Ali*, 34 F.Supp.3d 1031, 1043 (N.D. Cal. 2014) (striking class allegations under Rule 12(f) that were inconsistent with plaintiff's theory of case). Because Plaintiff's proposed class of persons and class of products are so facially improper that certification is impossible, striking them at this stage is warranted to, amongst other reasons, avoid "burdensome and unnecessary class discovery on barred claims and individuals." *See, e.g., Enoh v. Hewlett Packard Enter. Co.*, 2018 WL 3377547 * 14–15 (N.D. Cal. 2018) (striking class allegation to avoid needless class discovery).

**A. Plaintiff's proposed class of products is impermissibly overbroad and facially improper.**

Despite having two opportunities to refine the proposed class of products, the SAC still fails to define with certainty the class of products that he contends is at issue and includes products that can never be certified as part of the class. In Paragraph 18 of the SAC, Plaintiff provides a non-exhaustive list of Glock pistols including at least 30 models. (SAC ¶ 18). He defines the class as including the 30 identified models as well as all models with a "similar chamber design and feed ramp length." (SAC ¶ 18).  But Plaintiff offers no explanation of what "similar" supposedly means with respect to chamber design or feed ramp length. There is no way for Glock to know what products Plaintiff contends are at issue or what products are outside the purview of discovery. This intentionally vague class definition appears crafted to permit unbounded discovery into any Glock product manufactured at any time based on Plaintiff's unilateral declaration of similarity.

DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

1   Further, he identifies as "class guns" purported firearm models that are not actual functioning

2   firearms and therefore cannot implicate Plaintiff's purported defect theory – for example, the 22

3   cut, 22 P, 23 cut, and 23 p models, (SAC ¶ 18), are cutaway pistols and practice pistols that are

4   not capable of discharging ammunition. (*See* Req. for Judicial Not., Ex. "D".)  Thus, these pistols

5   cannot, as a matter of law, create a safety hazard that Glock supposedly had a duty to disclose, and

6   class certification would be impossible with these practice pistols included in the class definition.

7   Striking this class product definition is, therefore, appropriate at this stage. *See Enoh*, 2018 WL

8   3377547 * 14–15.

9       **B. Plaintiff's proposed class of persons is facially overbroad, and certification is
          impossible.**

10      Similarly, despite two opportunities to refine his proposed class of persons, Plaintiff's

11  proposed California class has not been amended, and remains overbroad and inconsistent with his

12  theory of the case. *See Sandoval*, 34 F.Supp.3d at 1043. Plaintiff's proposed class of persons

13  includes "[a]ll current and former owners of a Class Gun that was purchased in the State of

14  California." (FAC ¶ 42). This proposed class necessarily includes persons that do not have standing

15  to bring the causes of action alleged in the SAC.  *Sanders*, 672 F. Supp.2d at 990–91.  For example,

16  as in *Sanders*, Plaintiff's proposed class includes individuals who did not purchase their pistols,

17  and/or did not see or rely upon any purported representations made by Glock. *Id*. Likewise, the

18  proposed class definition is not bounded by any time period, and necessarily includes members

19  whose claims are barred by the applicable statute of limitations.  *See Enoh*, 2018 WL 3377547 *

20  14–15 (striking overbroad class definition that would include "individuals who are barred by their

21  failure to timely file a claim;" concluding strike necessary to "protect Defendants from

22  burdensome and unnecessary class discovery on barred claims and individuals"). A proposed class

23  of this nature, which includes persons who do not have standing to sue or whose claims are barred,

24  can never be certified and should be stricken.  *Id*.

25      The proposed class also explicitly includes "former owners," such as those who owned

26  purported class pistols, but subsequently sold them for full value.  A person in this category would

27  not have any money damages.  Similarly, the proposed definition does not exclude persons who

28  may have modified or altered their Glock pistols or who purchased their pistols in a used or

1 modified condition.  A class that includes these persons can never be certified given the obvious

2 individualized issues present and the many different ways that a pistol modification can alter the

3 efficacy of the product. Furthermore, the proposed class is not limited to owners who use brass-

4 cased ammunition, let alone Glock owners who defy Glock's instructions and re-use brass shell

5 casings to manufacture their own ammunition.  Class certification is impossible where, as here,

6 the proposed class is indefinite, unascertainable, and facially flawed.

7 Because Plaintiff's class allegations are improper and incapable of being certified, they should

8 be stricken and/or dismissed pursuant to Rules 12(f) and 12(b)(6), respectively.

9 **CONCLUSION**

10 This Court should dismiss Plaintiff's SAC in its entirety and strike his class allegations.

11 His CLRA, FAL, and common law fraudulent omission claims are facially time-barred and he has

12 not sufficiently pleaded the applicability of any tolling provision. All of Plaintiff's causes of action

13 should be dismissed because they are premised on fraud and Plaintiff has not adequately alleged

14 that Glock had a duty to disclose a material fact since he has not alleged facts showing that Glock

15 had knowledge of the alleged defect at the time of sale, and he has not sufficiently alleged any

16 *LiMandri* factor.  Additionally, Plaintiff's common law fraudulent omission claim should be

17 dismissed pursuant to the economic loss rule, he lacks standing to pursue his claims for injunctive

18 relief, and he his equitable claims should be dismissed because he has not pleaded that he lacks

19 adequate remedies at law.

20 Moreover, this Court should dismiss or strike Plaintiff's class allegations. As a matter of

21 law, Plaintiff's class definitions are impermissibly overbroad in a manner that is inconsistent with

22 his allegations, they are impossible of certification, and would subject Glock to burdensome and

23 inappropriate discovery, warranting striking his class allegations at this time.

24 DATED: March 31, 2021.                    **BOWMAN AND BROOKE LLP**

25

26                                           By:  /s/ *Paul G. Cereghini*
                                               Paul G. Cereghini (SBN 148016)
27                                             Lauren O. Miller (SBN 279448)
                                               1741 Technology Drive, Suite 200
28                                             San Jose, CA 95110

paul.cereghini@bowmanandbrooke.com
lauren.miller@bowmanandbrooke.com

Marion V. Mauch (SBN 253672)
BOWMAN AND BROOKE LLP
970 West 190th Street, Suite 700
Torrance, CA 90502
Telephone:     (310) 768-3068
Facsimile:      (310) 719-1019
marion.mauch@bowmanandbrooke.com

-and-

**RENZULLI LAW FIRM, LLP**

John Renzulli (*Pro Hac Vice*)
Christopher Renzulli (P*ro Hac Vice*)
Howard Schilsky (*Pro Hac Vice*)
One North Broadway, Suite 1005
White Plains, New York 10601

*Attorneys for Defendant Glock, Inc. and Glock Ges.m.b.H*

DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

1

## CERTIFICATE OF SERVICE

2    I hereby certify that on March 31, 2021, I filed the foregoing document entitled

3 **DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S NOTICE OF MOTION AND**

4 **MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND**

5 **STRIKE PLAINTIFF'S CLASS ALLEGATIONS** with the clerk of court using the CM/ECF

6 system, which will send a notice of electronic filing to all counsel of record in this action.

7

8    __/s/  Paul G. Cereghini_____

9    Paul G. Cereghini

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS