Paul G. Cereghini (SBN 148016)
Lauren O. Miller (SBN 279448)
**BOWMAN AND BROOKE LLP**
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone:    (408) 279-5393
Facsimile:     (408) 279-5845
paul.cereghini@bowmanandbrooke.com
lauren.miller@bowmanandbrooke.com

John F. Renzulli (*Pro Hac Vice*)
Christopher Renzulli (*Pro Hac Vice*)
Howard B. Schilsky (*Pro Hac Vice*)
**RENZULLI LAW FIRM, LLP**
One North Broadway, Suite 1005
White Plains, NY 10601
Telephone: (914) 285-0700
Facsimile: (914) 285-1213
jrenzulli@renzullilaw.com
crenzulli@renzullilaw.com
hschilsky@renzullilaw.com

(Additional attorneys listed on signature page.)

Attorneys for Defendant Glock, Inc. and Glock Ges.m.b.H.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN C. JOHNSON, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GLOCK, INC., a Georgia Corporation; GLOCK Ges.m.b.H., an Austrian entity; JOHN and JANE DOES I through V; ABC CORPORATIONS I-X, XYZ PARTNERSHIPS, SOLE PROPRIETORSHIPS and/or JOINT VENTURES I-X, GUN COMPONENT MANUFACTURERS I-V<br><br>Defendants. | CASE NO.: 3:20-cv-08807<br><br>**DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS**<br><br>Date:     August 25, 2021<br>Time:    2:00 p.m.<br>Courtroom: 2, 17th Floor |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD HEREIN:

Defendants Glock, Inc. and Glock Ges.m.b.H. (collectively, "Glock") respectfully request that this Court take judicial notice of the following items and/or incorporate them by reference in support of Glock's Motion to Dismiss Plaintiff's Third Amended Complaint, pursuant to Rule 201 of the Federal Rules of Evidence.

**1. Report published by the *Lakeland Ledger* titled, "Ammo Maker: Our Bullets Blew Up Guns."**

In his Third Amended Complaint ("TAC"), Plaintiff refers to an incident involving the Winter Haven, FL Police Department and the "explosion" of Glock handguns, and claims that this incident somehow imputes knowledge of the claimed defect to Glock. (TAC ¶ 33). Although Plaintiff does not identify the source of his information, a publicly available report published by the *Lakeland Ledger* in March 2018 titled, "Ammo Maker: Our Bullets Blew Up Guns" demonstrates that the incident could not impute knowledge to Glock of the specific defect alleged in this case. Glock does not request that the court take judicial notice of the facts within this publication, only that it exists. Pursuant to Rule 201(b)(2) of the Federal Rules of Evidence, a court can take judicial notice of a fact not subject to reasonable dispute that "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Here, judicial notice of the publication's existence is appropriate pursuant to Rule 201(b). *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (noting that judicial notice of the existence of a conference call would be permissible because that fact can be accurately and readily determined). The mere existence of this report alone is sufficient to affirmatively contradict Plaintiff's claim that this incident could in any way create an inference that Glock knew of the claimed unsupported chamber defect alleged in this case. In addition, by expressly referring to the incident in his SAC, Plaintiff has incorporated it by reference. *See Knievel v. ESPN, Inc.*, 393 F.3d 1068, 1076 (9th Cir. 2005) (explaining that materials are incorporated by reference when plaintiff's claim depends on them).

As such, Glock respectfully requests that the Court take judicial notice of the existence of the *Lakeland Ledger* publication, "Ammo Maker: Our Bullets Blew Up Guns." True and correct copies of the report are attached as Exhibit "A" to the Mauch Declaration concurrently filed herewith.

**2.  *MacDonald v. Glock, Inc.*, No. 3:15-CV-30209 (D. Mass.) (Doc. Nos. 113, 114, 132, 139)**

In his TAC, Plaintiff refers to a Massachusetts lawsuit brought against Glock by a plaintiff alleging that he was injured by the catastrophic failure of his Glock pistol (TAC ¶ 38). Although Plaintiff does not identify the lawsuit by caption, identify the plaintiff in that case, or connect the incident to the defect alleged in this case, Glock understands this to be a reference to the *MacDonald* case, which was resolved in Glock's favor by the United States District Court for the District of Massachusetts. Glock prevailed on its Motion for Summary Judgment on both the plaintiff's and its co-defendants' claims. Plaintiff nevertheless contends that the existence of this lawsuit somehow put Glock on notice of the existence of the claimed unsupported chamber defect, a claim not asserted by the plaintiff in that case.

By expressly referring to the lawsuit in his TAC, Plaintiff has incorporated it by reference. Therefore, this Court can and should take judicial notice of documents from the *MacDonald* lawsuit. *See Knievel*, 393 F.3d at 1076. Additionally, Rule 201(b)(2) of the Federal Rules of Evidence provides that a court can take judicial notice of a fact not subject to reasonable dispute that "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." The materials from the *MacDonald* case are public records filed with a sister court, and are available from the federal PACER database. The Court can readily determine that these case documents, including the District of Massachusetts' decision and order granting summary judgment in Glock's favor, are accurately copied and attached, and the source of these materials— the federal judiciary database cannot be reasonably questioned. Accordingly, the Court should take judicial notice of the summary judgment materials relating to *MacDonald*. True and correct

copies of these documents are attached as Exhibit "B" to the Mauch Declaration concurrently filed herewith.

### 3. Third-party Internet Blog Posts on Facebook and Glockforum.com

Plaintiff's TAC refers to two third-party blog posts on Facebook and Glocktalk.com claiming that these posts somehow imputes knowledge of the claimed defect to Glock. (TAC ¶¶ 47-48). Although Plaintiff relies upon them, he did not attach either post to the TAC. Initially, the post referenced by Plaintiff that was supposedly made on Glocktalk.com could not be located. Through investigation, however, it appears that Plaintiff is referring to a post on Glockforum.com dated March 21, 2013 (TAC ¶ 48). By expressly referring to and relying upon these blog posts in his TAC, Plaintiff has incorporated them by reference. *See Knievel*, 393 F.3d at 1076 (explaining that materials are incorporated by reference when plaintiff's claim depends on them). As such, the Court can and should take judicial notice of them. The Facebook group where the first referenced post was made, (TAC ¶ 47), is hosted by a third-party individual and explicitly states in its "about" section that "the owner of said page does not speak officially on behalf of GLOCK, Inc. or any of its subsidiary organizations or employees." Glock has no ability to control this third-party Facebook group. Glock also has no ability to control the third-party website Glockforum.com. Plaintiff offers no factual basis to support his conclusory allegation that Glock ever saw these posts prior to the date that Plaintiff purchased his pistol. And, most importantly, neither post could possibly impute knowledge to Glock of the claimed defect under any circumstance because they do not mention or reference an unsupported chamber. In fact, a comprehensive review of the posts and the comments below them suggests that the incidents were caused by issues with the ammunition. True and correct copies of these posts are attached as Exhibit "C" to the Mauch Declaration concurrently filed herewith.

### 4. Glock's Disclaimer of Incidental or Consequential Damages Located in Glock's Limited Warranty

Plaintiff claims that Glock is liable for damage to brass shell casings – waste left over after a firearm is discharged – supposedly caused by the alleged defect. Plaintiff, however, is barred

from recovering incidental or consequential damages pursuant to Glock's limited warranty. Therefore, Plaintiff cannot seek damages related to alleged injury to brass casings. The terms of Glock's limited warranty, and in particular the disclaimer of incidental/consequential damages, can be accurately and readily determined by referring to Glock's website, https://us.glock.com/en/own/warranty, where Glock makes it publicly available. As such, Federal Rule of Evidence 201(b)(2) supports taking judicial notice of Glock's warranty. *Khoja*, 899 F.3d at 1002 (taking judicial notice of patent application). While the limited warranty can be viewed directly on Glock's website at https://us.glock.com/en/own/warranty, a true and correct copy of the warranty as printed from the website is attached as Exhibit "D" to the Mauch Declaration filed concurrently herewith.

DATED: July 2, 2021.  **BOWMAN AND BROOKE LLP**

By: /s/ *Paul G. Cereghini*
Paul G. Cereghini (SBN 148016)
Lauren O. Miller (SBN 279448)
1741 Technology Drive, Suite 200
San Jose, CA 95110
paul.cereghini@bowmanandbrooke.com
lauren.miller@bowmanandbrooke.com

Marion V. Mauch (SBN 253672)
BOWMAN AND BROOKE LLP
970 West 190th Street, Suite 700
Torrance, CA  90502
Telephone:     (310) 768-3068
Facsimile:     (310) 719-1019
marion.mauch@bowmanandbrooke.com

-and-

**RENZULLI LAW FIRM, LLP**

John Renzulli (*pro hac vice*)
Christopher Renzulli (*pro hac vice*)
Howard Schilsky (*pro hac vice*)
One North Broadway, Suite 1005

White Plains, New York 10601

*Attorneys for Defendant Glock, Inc. and Glock Ges.m.b.H.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2021, I filed the foregoing document entitled **DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

/s/ *Paul G. Cereghini*
Paul G. Cereghini