Paul G. Cereghini (SBN 148016)
Lauren O. Miller (SBN 279448)
**BOWMAN AND BROOKE LLP**
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone:   (408) 279-5393
Facsimile:   (408) 279-5845
paul.cereghini@bowmanandbrooke.com
lauren.miller@bowmanandbrooke.com

John F. Renzulli (*Pro Hac Vice*)
Christopher Renzulli (*Pro Hac Vice*)
Howard B. Schilsky (*Pro Hac Vice*)
**RENZULLI LAW FIRM, LLP**
One North Broadway, Suite 1005
White Plains, NY 10601
Telephone: (914) 285-0700
Facsimile: (914) 285-1213
jrenzulli@renzullilaw.com
crenzulli@renzullilaw.com
hschilsky@renzullilaw.com

Attorneys for Defendants Glock, Inc. and Glock Ges.m.b.H.
(Additional attorneys listed in signature page.)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVEN C. JOHNSON, an individual, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>GLOCK, INC., a Georgia Corporation; GLOCK Ges.m.b.H., an Austrian entity; JOHN and JANE DOES I through V; ABC CORPORATIONS I-X, XYZ PARTNERSHIPS, SOLE PROPRIETORSHIPS and/or JOINT VENTURES I-X, GUN COMPONENT MANUFACTURERS I-V<br><br>　　　　　　Defendants. | CASE NO.: 3:20-cv-08807-WHO<br><br>**DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S NON OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AND REPLY IN SUPPORT OF GLOCK'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS**<br><br>Judge: Hon. William H. Orrick<br>Date:　August 25, 2021<br>Time:　2:00 p.m.<br>Place:　San Francisco Courthouse, Courtroom 2, 17th Floor |

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Glock, Inc. and Glock Ges.m.b.H. (collectively, "Glock") submit this Non-Opposition to Plaintiff's Request for Judicial Notice and Reply in support of its Request for Judicial Notice in support of its Motion to Dismiss Plaintiff's Third Amended Complaint and Strike Plaintiff's Class Allegations.

**I.   Glock does not oppose Plaintiff's Request for Judicial Notice of irrelevant materials.**

Plaintiff asks the Court to take judicial notice of two categories of documents: (1) copies of his counsel's Google and YouTube search results; and (2) docket material from *MacDonald v. Glock*, No. 3:15-CV-30209-MGM (D. Mass.). Glock does not oppose this request, but none of these materials support his arguments.

Plaintiff's counsel searched Google and YouTube for the words "Glock Handgun" on an arbitrary day, years after the (still unidentified) day that Plaintiff first allegedly experienced damage to brass shell casings or out-of-pocket costs relating to a claimed defect. The results of these searches illustrate nothing about Plaintiff's supposed diligence or what a reasonably diligent investigation of his claimed damages would have shown. These searches do not reflect an investigation into the phenomena he claims to have experienced or even the specific pistol model he owned. And they do not reflect information that was or may have been available when he experienced these alleged damages. Plaintiff's counsel Googled a global brand generally and, unsurprisingly, the first page of results did not discuss the specific alleged defect here. This is no more an example of a diligent inquiry than Googling the words "human body" would be a diligent search for information about skin cancer or ingrown toenails.

Likewise, Plaintiff's attachment of file material from the *MacDonald* matter does not establish Glock's knowledge of the alleged defect. Nothing in the materials Plaintiff attaches even remotely indicate that the claimed "unsupported chamber defect" was alleged to have caused the plaintiff's injuries in *MacDonald*. To the contrary, the issue in that case, as established by Plaintiff's Exhibit 3 (G&G Firearms Expert report), was the plaintiff's use of faulty over

2   CASE NO.: 3:20-cv-08807-WHO
DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S NON OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AND REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS

24845581

pressurized ammunition that was not compatible with semi-automatic pistols generally. (Pltf's Ex. 3 at p. 5) ("a manufacturer of high pressure semi-automatic ammunition must be conscious of the limitations of the semi-automatic pistols compatibility with such ammunition"). Plaintiff misreads the report in a manner to fit his allegations. He selectively copies a quote into his brief, but clearly does not understand its meaning and fails to provide the preceding sentences:

> Had the chamber not fully supported the casing due to improper maintenance in the instant case or had the chamber dimensions not be [sic] within mfg. specifications, the subject Glock would have likely experienced an earlier failure as it was manufactured in the early 1990's. In this regard, it is evident that the casing ruptured at a location consistent with over pressurization of the cartridge & barrel."

(Pltf's Ex. 3 at p. 4). Clearly, the conclusion there was that the ammunition *was* fully supported, and the catastrophic failure was caused by "over pressurization." Further, the last sentence of the quote cited by Plaintiff explicitly states that the marking on the ammunition casing was consistent with it "being fully seated and supported by the chamber at the time of discharge." (*Id*.; Pltf's RFJN at 3:7-11). Although a supposed "unsupported chamber defect" was never claimed in that case, the report happened to reach a conclusion that explicitly contradicts Plaintiff's allegations, finding there "was no evidence that the barrel of the subject Glock 10mm pistol allows for an unsupported cartridge within the chamber provided properly dimensioned cartridges are used." (Pltf's Ex. 3 at p. 4). Plaintiff's Exhibit 3 fully supports Glock's argument that the *MacDonald* case could not have possibly provided notice to Glock of the claimed defect at issue here.

Moreover, Plaintiff cites Exhibit 4 to show that a co-defendant (the manufacturer of the allegedly faulty over pressurized ammunition) claimed that Glock had been sued in similar cases before. In other words, another party alleged that Glock had been sued when a firearm catastrophically failed. But, as the Court has recognized, firearms can explode for any number of reasons because "common sense teaches that igniting gun powder can cause explosions unconnected" to Plaintiff's alleged defect. (ECF 58, p. 13). And, importantly, Glock was granted summary judgment in the *MacDonald* matter. Even if the alleged defect was at issue in that case
3      CASE NO.: 3:20-cv-08807-WHO
DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S NON OPPOSITION TO
PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AND REPLY IN SUPPORT OF ITS
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS
24845581

(it was not), Glock cannot be said to be "on notice" of a defect that, as a matter of law, a plaintiff could not establish.

**II.     The Court should grant Glock's Request for Judicial Notice.**

The Court should grant Glock's Request for Judicial Notice. Plaintiff's oppositions to Glock's request lack merit and in many cases are directly contradicted by his own TAC.

    **1.     Report published by the Lakeland Ledger titled, "Ammo Maker: Our Bullets Blew Up Guns."**

The Court has authority to take judicial notice of the publication's existence pursuant to Rule 201(b).  *See Khoja v. Orexigen Therapeutics, Inc.*, 889 F.3d 988, 999 (9th Cir. 2018). Plaintiff counters that the Lakeland Ledger article doesn't contradict his claims, but rather supports them because it "confirms…that the Class Guns have been blowing up for years" and "that the Winter Haven Police Chief discontinued the use of the subject guns over safety concerns."  (Pls. RJN Opp. at 3:14-15, 3:26-4:1.)  Plaintiff is misconstruing the "knowledge" requirement for a duty to disclose.  Under *Wilson v. Hewlett-Packard Co.*, 688 F.3d 1136 (9th Cir. 2012), the plaintiff must allege, in addition to other elements, "that the defendant knew of **the defect** at the time a sale was made." (Emphasis added.)  Thus, the fact that a pistol or pistols catastrophically failed on some date in 2007 in Florida for some unknown reason cannot infer knowledge to Glock of the specific alleged unsupported chamber defect without more information.  In short, there is no connection drawn between a pistol blowing up and the alleged unsupported chamber defect.  (*See e.g., Wallace v. SharkNinja Operating, LLC*, 18-CV-05221, 2020 WL 11396949 (N.D. Cal. Mar. 9, 2020) (holding that prior complaints that blender "exploded" were insufficient to plead knowledge of specific defect alleged.)  The publication's existence is highly relevant as to whether the alleged incidents in Florida provided sufficient notice to Glock of the alleged defect—they do not. Further, it shows that Glock was on notice that faulty ammunition was to blame. Accordingly, the Court should take judicial notice of the publication's existence.

///

///

4     CASE NO.: 3:20-cv-08807-WHO
DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S NON OPPOSITION TO
PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AND REPLY IN SUPPORT OF ITS
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS
24845581

**2.  MacDonald v. Glock, Inc., No. 3:15-CV-30209 (D. Mass.) (Doc. Nos. 113, 114, 132, 139)**

This Court has authority to consider the *MacDonald* litigation documents as Plaintiff has incorporated them by reference in his SAC. *Knievel v. ESPN, Inc.*, 393 F.3d 1068, 1076 (9th Cir. 2005); TAC ¶ 38.) Further, Rule 201(b)(2) provides another avenue for consideration of these documents as they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Specifically, the documents are readily available on the ECF docket for the United States District Court, District of Massachusetts at Case No. 3:15-CV-30209. Plaintiff does not dispute Glock's argument regarding Rule 201(b)(2).

Rather, in a failed attempt to oppose this request, Plaintiff states that he actually "does not rely on the *MacDonald* action, or any documents contained therein, in his complaint." (ECF 67, p. 4). This is false. In paragraph 9 of the TAC, Plaintiff refers to "the Massachusetts case referenced below and arising out of the same Defect, Case No 3:15-cv-30209-MGM," and in paragraph 38, he refers to it again, discussing a "Massachusetts man" that "sued Glock" in 2015 "after experiencing a 'kaboom' in a Class Gun on a 2012 hunting trip." Plaintiff also cherry-picks certain quotes from *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). But in *Khoja*, the court applied incorporation-by-reference rules to various types of documents, affirming the lower court's review of some documents while rejecting others. For example, the court agreed that it was *not* an abuse of discretion to incorporate a blog post which the Complaint had only identified and quoted once, and which the claims did not turn on by itself. *Id.* at 1004. Similarly, Plaintiff refers to the *MacDonald* lawsuit extensively in paragraph 26 of the SAC, and Plaintiff relies on this lawsuit as purported evidence of Glock's knowledge—which is central to Plaintiff's pure omissions concealment claims. Accordingly, it is appropriate for this Court to incorporate and/or take judicial notice of the *MacDonald* litigation documents.

**3.  Third-party Internet Blog Posts on Facebook and Glockforum.com**

In his TAC, Plaintiff refers to numerous internet postings, offering stilted summaries of their purported content. Glock accessed the materials that it understood Plaintiff was citing and

5   CASE NO.: 3:20-cv-08807-WHO
DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S NON OPPOSITION TO
PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AND REPLY IN SUPPORT OF ITS
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS
ALLEGATIONS

24845581

pointed out that they do not say what Plaintiff claims or mean what he says. In his Opposition to Glock's Request, Plaintiff does not dispute that Glock has correctly identified the posts he incorporated by reference into the TAC. He also does not dispute that these posts are *not* from Glock-owned or Glock-controlled forums. He just doesn't want the Court to look at them. Instead of addressing the materials about which Glock requested judicial notice, Plaintiff just states that his allegations "provided *the necessary* details." (ECF 67, p. 4). In other words, Plaintiff contends that he can satisfy Rule 9(b) by making misstatements about materials that he has incorporated by reference and that the Court must credit his misstatements and refuse to view the materials that contradict his allegations. This kind of 'heads I win, tails you lose' argument has been rejected in this District. *In re Mckesson HBOC, INC. ERISA Litigation*, 391 F. Supp. 2d 812, 844 (N.D. Cal. 2005) ("The court need not consider allegations that 'are contradicted by documents referred to in the complaint'").

      Plaintiff's insistence that Glock's request is "self-defeating" fails as well. Glock sought judicial notice because Facebook and Glockforum.com undermined Plaintiff's primary allegation: that **Glock** was aware of an alleged defect. Showing that individuals on forums not owned or controlled by Glock may have experienced a problem with their pistol does not show any knowledge on the part of Glock of the defect alleged here. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1148 (9th Cir. 2012); *See Grodzitsky v. Amer. Honda Motor Co.*, No. 2:12-cv-1142, 2013 WL 690822, at *7 (C.D. Cal. Feb. 19, 2013) ("the listed complaints were all posted on a website that had no connection to Defendant . . . [and] are insufficient to show that Defendant had knowledge of [alleged defect] at the time of sale"); *See Stewart v. Electrolux Home Products, Inc.*, 304 F. Supp. 3d 894, 909 (E.D. Cal. 2018) ("without any factual basis showing how Electrolux would have been aware of these consumer complaints [on a third party website], they are insufficient to allege Electrolux's knowledge of the defect").

///

///

///

6   CASE NO.: 3:20-cv-08807-WHO
DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S NON OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AND REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS

24845581

### 4. Glock's Disclaimer of Incidental or Consequential Damages Located in Glock's Limited Warranty

Plaintiff contends that Glock's Disclaimer is "improper because [he] is not making an express or implied warranty claim" and therefore it "has no utility…." (ECR 67, p. 5). But it does not matter that Plaintiff abandoned his breach of warranty claims. One of Plaintiff's central claims is that Glock is liable for damage to brass shell casings, which Plaintiff claims loses their value after being discharged from a "class gun" since they cannot be reused or resold. (TAC ¶26.) Putting aside the fact that used brass casings are valueless refuse typically discarded after use, Glock's Disclaimer of Incidental or Consequential Damages from its Limited Warranty is directly relevant because it precludes Plaintiff from recovering any damages for purportedly damaged brass casings in any event. Further, while his allegations lack particularity, Plaintiff also alleges that he reviewed Glock's website—where the Disclaimer is located—prior to purchasing the pistol. (TAC ¶59.) Plaintiff also miscites *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011). That case did not involve a warranty as Plaintiff's misquote alludes. Rather, at issue in *Reina-Rodriguez* was a "transcript of a state court plea colloquy." Further, in refusing to take judicial notice of the transcript, the *Reina-Rodriguez* court first noted that the transcript was not presented to the lower court, and it "rarely take[s] judicial notice of facts presented for the first time on appeal." *Id.* at 1193. Accordingly, *Reina-Rodriguez* is distinguishable, and the language cited by Plaintiff is dicta at best. This Court has authority to take judicial notice of Glock's Disclaimer.

DATED: August 6, 2021

**BOWMAN AND BROOKE LLP**

By: /s/ *Paul G. Cereghini*
Paul G. Cereghini (SBN 148016)
Lauren O. Miller (SBN 279448)
1741 Technology Drive, Suite 200
San Jose, CA 95110
paul.cereghini@bowmanandbrooke.com
lauren.miller@bowmanandbrooke.com

Marion V. Mauch (SBN 253672)
BOWMAN AND BROOKE LLP
970 West 190th Street, Suite 700
Torrance, CA 90502
Telephone:    (310) 768-3068
Facsimile:    (310) 719-1019
marion.mauch@bowmanandbrooke.com

-and-

**RENZULLI LAW FIRM, LLP**

John Renzulli (*Pro Hac Vice*)
Christopher Renzulli (P*ro Hac Vice*)
Howard Schilsky (*Pro Hac Vice*)
One North Broadway, Suite 1005
White Plains, New York 10601

*Attorneys for Defendant Glock, Inc. and Glock Ges.m.b.H*

# CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2021, I filed the foregoing document entitled **DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S NON OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AND REPLY IN FURTHER SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

                                       _/s/ Paul G. Cereghini_
                                       Paul G. Cereghini