**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Alex Tomasevic (SBN 245598)
Jake W. Schulte (SBN 293777)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: jschulte@nicholaslaw.org

**LEWIS AND LEWIS**
**TRIAL LAWYERS, PLC**
Robert K. Lewis (AZ SBN 016625)
*Pro Hac Vice*
Amy M. Lewis (AZ SBN 027201)
*Pro Hac Vice*
28150 N Alma School Rd, Ste 103-637
Scottsdale, AZ 85262
Tel: (602) 889-6666
Email: Rob@LewisLawFirm.com
Email: Amy@LewisLawFirm.com

Attorneys for Plaintiff Steven C. Johnson

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN C. JOHNSON, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GLOCK, INC., a Georgia Corporation; GLOCK Ges.m.b.H, an Austrian entity; JOHN and JANE DOES I through V; ABC CORPORATIONS I-X, XYZ PARTNERSHIPS, SOLE PROPRIETORSHIPS and/or JOINT VENTURES I-X, GUN COMPONENT MANUFACTURERS I-V<br><br>Defendants. | CASE NO.: 3:20-cv-08807-WHO<br><br>**NOTICE OF INTENT TO SERVE SUBPOENAS DUCES TECUM**<br><br><br>**Judge**: Hon. William H. Orrick<br><br>**TAC Filed**: June 7, 2021<br>**Trial Date**: None Set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Fed. R. Civ. P. Rule 45, Plaintiff Steven C. Johnson hereby gives notice of its issuance of the following Subpoenas to Produce Documents, Information, Or Objects:

| Exhibit | Non-Party Entity |
|---|---|
| 1 | Aguila Ammunition Industrias Tecnos, S.A. de C.V. care of Reminton Arms Company LLC Vista Outdoors Inc Ammunition, care of: The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801 |
| 2 | Bass Pro Shop Great Outdoors Group LLC, CT Corp Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 |
| 3 | Black Hills Ammunition, care of Jeffrey A. Hoffman, 1699 Sedivy Lane, Rapid City, SD 57703-4177 |
| 4 | BPS Direct LLC, CT Corp Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 |
| 5 | Buffalo Bore Ammunition, care of Susan Johns, 366 Sandy Creek Road, Salmon, Idaho 83467 |
| 6 | Cabela's, care of CT Corp Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 |
| 7 | Cascade Cartridge Inc. care of Vista Outdoors Inc Ammunition, care of The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE19801 |
| 8 | Glaser Ammunition, CorBon Inc., Terry A. Perrine, 6299 Secrest Road, Wooster, Ohio 44691 |
| 9 | Great Outdoors Group LLC, care of CT Corp Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 |
| 10 | Hornady Manufacturing Co., care of Stephen D. Hornady, State Spur 430, PO Box 1848, Grand Island, NE 68802<br><br>Principal Office: 3625 Old Potash Hwy, Grand Island, NE 68802; President Address: 2323 W John Street, Grand Island, NE 68803 |
| 11 | Magtech Ammunition Inc. CBC Global Ammunition, care of Solutions Inc. 838 Walker Road, Suite 21-2, Dover, DE 19904 |
| 12 | Remington Ammunition care of Vista Outdoors Inc Ammunition, care of The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801 |

CASE NO.: 3:20-cv-08807-WHO

NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM

| Exhibit | Non-Party Entity |
|---------|------------------|
| 13 | Sellier and Bellot, CBC Global Ammunition, Registered Agent Solutions Inc. 838 Walker Road Suite 21-2, Dover, DE 19904 |
| 14 | Speer Ammunition care of Vista Outdoors Inc Ammunition, care of: The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801 |
| 15 | Sportsman Warehouse Inc., CT Corp System 1108 East South Union Ave, Midvale, Utah 84047 |
| 16 | Vista Outdoors Inc/Federal Premium Ammunition, care of: The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801 |
| 17 | Winchester Ammunition - Olin Corporation, care of CT Corporation System, 4701 Cox Road Suite 285, Glen Allen, Virginia 23060-6808 |
| 18 | Olin Corporation, care of C T Corporation System, 4701 Cox Road Suite 285, Glen Allen, Virginia 23060-6808 |
| 19 | City of Portland c/o Portland City Attorney Robert L. Taylor, City of Portland, 1221 SW 4th Ave., Room 430, Portland, OR 97204 |
| 20 | City of Red Wing c/o City Clerk Teri Swanson, City of Red Wing, 315 West 4th Street, Red Wing, MN 55066 |
| 21 | City of Winter Haven c/o Mayor Bradley T. Dantzler, City of Winter Haven, City Hall, 451 Third Street NW, Winter Haven, FL 33881 |
| 22 | Harris County c/o Judge Lina Hidalgo, Harris County, 1001 Preston, Suite 911, Houston, TX 77002 |

Respectfully submitted:

Dated:  May 25, 2023                              **NICHOLAS & TOMASEVIC, LLP**

By:     */s/ Jake W. Schulte*
        Craig M. Nicholas (SBN 178444)
        Alex Tomasevic (SBN 245598)
        Jake W. Schulte (SBN 293777)
        225 Broadway, 19th Floor
        San Diego, California 92101
        Tel: (619) 325-0492
        Fax: (619) 325-0496
        Email: cnicholas@nicholaslaw.org
        Email: atomasevic@nicholaslaw.org
        Email: jschulte@nicholaslaw.org

3

**LEWIS AND LEWIS
TRIAL LAWYERS, PLC**
Robert K. Lewis (AZ SBN 016625)
*Pro Hac Vice*
Amy M. Lewis (AZ SBN 027201)
*Pro Hac Vice*
28150 N Alma School Rd, Ste 103-637
Scottsdale, AZ 85262
Tel: (602) 889-6666
Email: Rob@LewisLawFirm.com
Email: Amy@LewisLawFirm.com

Attorneys for Plaintiff Steven C. Johnson

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_Northern District of California

| | |
|---|---|
| Steven C. Johnson, and individual, on behalf of himself and all others similarly situated, | ) |
| *Plaintiff* | ) ) |
| v. | ) |
| Glock, Inc., a Georgia Corporation; Glock Ges.m.b.H, an Austrian entity, et al. | ) ) ) |
| *Defendant* | ) |

Civil Action No.      3:20-cv-08807-WHO

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  **Aguila Ammunition Industrias Tecnos, S.A. de C.V. care of Reminton Arms Company LLC Vista Outdoors Inc Ammunition, care of: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801**

*(Name of person to whom this subpoena is directed)*

☒  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   **See Schedule A.**

| Place: | Lewis and Lewis Trial Lawyers, PLC 28150 N. Alma School Rd., Ste. 103-637 Scottsdale, AZ 85262 (By Mail) rob@lewislawfirm.com (Electronically) | Date and Time:     June 23, 2023 at 5:00pm |
|---|---|---|

☐  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      05/25/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | */s/Robert K. Lewis* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Steven C. Johnson

_____, who issues or requests this subpoena, are:

 Robert Lewis, 28150 N. Alma School Rd. Ste 103-637, Scottsdale, AZ 85262, Rob@LewisLawFirm.com 602-889-6666

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:20-cv-08807-WHO

# PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____    on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____        _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA DUCES TECUM - SCHEDULE A

*Johnson v. Glock, Inc., et al.*
3:20-cv-08807-WHO

To: Vista Outdoors Inc, Federal Premium Ammunition, Speer Ammunition, Remington, CCI – Cascade Cartridge Incorporated, Aguila and/or its subsidiaries and associated companies

## INSTRUCTIONS

1.      Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2.      Each document responsive to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each category to which they are responsive.

3.      Complete documents, including all attachments, cover memos, appendices, etc., shall be produced if any part of the writing is responsive to a request. Responding Party shall not mask or delete any part of a document if that document contains information responsive to a request. Documents found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

4.      Unless otherwise agreed to, documents that are maintained in the normal course of business in electronic format shall be produced in their native format, including all metadata in standard delimited ASCII format, along with the software necessary to interpret such files if such software is not readily available, and are not to be converted to any other format, such as paper, tiff image or PDF file.

5.      If YOU produce scanned documents on compact discs, then documents should be produced in single page tiff format and YOU should also produce (i) the load file with each set of documents (this file provides the beginning bates, end bates, directory,

filename and page count, to allow a match between the data and the files themselves), (ii) attachment information so it can be determined which attachments go with which documents produced, and (iii) any other objective coding for each document produced, including any fields for source, date, author, recipients and custodian of the documents.

a.    "YOU" or "YOUR," mean Responding Party and its attorneys, predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former officers, owners, directors, members, partners, managers, trustees, representatives, agents, employees and all persons presently or formerly acting, or purporting to act, on its behalf, or on behalf of its predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities and related entities, for any purpose whatsoever.

6.    If any responsive document was, but is no longer in existence or in Responding Party's possession, custody or control, identify its current or last-known custodian and describe in full the circumstances surrounding its disposition from Responding Party's possession, custody or control.  A document shall be deemed to be in Responding Party's control if Responding Party has the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

7.    "And," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the request is not excluded.

8.    These are continuing requests for production of documents.  If, subsequent to responding to any such request, additional documents are received or discovered prior to the date of trial or Responding Party becomes aware of any further information pertaining to such request, Responding Party is hereby requested to serve supplemental responses and provide such additional documents promptly and as long before trial as possible, in order to supplement, amend or correct Responding Party's responses; otherwise, it will be assumed that the responses originally given continue to be YOUR

complete responses to these requests.

9.    If any documents requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including, without limitation, the following information:  (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

10.    If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged: (a) A brief description of the nature and contents of the matter claimed to be privileged; (b) The name, occupation and capacity of the individual from whom the privileged matter emanated; (c) The name, occupation and capacity of the individual to whom the allegedly privileged matter was produced; (d) The date the item bears; and (e) The privilege claimed.

## **DEFINITIONS**

For purposes of this subpoena and the subject matter categories listed below, the following definitions shall apply:

"YOU" or "YOUR" or "RESPONDING PARTY" refer to Vista Outdoors Inc, Federal Premium Ammunition, Speer Ammunition, Remington, CCI – Cascade Cartridge Incorporated, Aguila and/or its subsidiaries and associated companies, and all of its present and former employees, agents, officers, directors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

"DOCUMENT" OR "DOCUMENTS" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to any and

all originals, copies, non-identical copies and preliminary, intermediate and final drafts of correspondence, notes, minutes, records, messages, text and data messages, application data, policies, procedures, manuals, bulletins, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, posters, placards, advertisements, newspaper clippings, tables, tabulations, financial statements, bank account statements, cleared checks, deposit slips, check stubs, wire transfer receipts, returned checks for insufficient funds, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packing materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, periodicals, accounts, objects, inter-office and intra-office communications, surveys, estimates, licenses, charts, graphs, indexes, calendars, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary drafts, or revisions of any of the foregoing, any document that has or contains any attachment, enclosure, comment, notation, addition, or insertion of any kind that is not part of another document, or any document that does not contain a comment, notation, addition, insertion, or marking of any kind that is part of another document, is considered to be a separate document.

"ELECTRONICALLY STORED INFORMATION" or "ESI" is used in the broadest possible sense and includes, but is not limited to, all information that is stored in an electronic medium.

"CLASS GUN" means all Glock handguns referenced and referred to by model including, but not limited to any model that fires a 45 caliber ACP round, any model that fires a 40 S&W round, any model that fires a 45 GAP, any model that fires a 10 mm round of ammunition. This class includes all these models regardless of the generation, the magazine capacity, the grips, the color, the frame length, the sites, whether it includes a

provision for optics, or whether it is approved for sale to the public by the State of California. This includes but is not limited to the following Models:

- Model 22 all generations (caliber .40 S&W)
- Model 23 of all generations and variations 23, (caliber .40 S&W)
- Model 24, (caliber .40 S&W)
- Model 27, 27 Gen 4, (caliber .40 S&W)
- Model 35, 35 Gen 4, 35 Gen 4 MOS, (caliber .40 S&W)
- Model 21 Gen 4, (caliber .45 ACP)
- Model 21 SF, (caliber .45 ACP)
- Model 30 Gen 4, (caliber .45 ACP)
- Model 30s, (caliber .45 ACP)
- Model 30 SF, (caliber .45 ACP)
- Model 36, (caliber .45 ACP)
- Model 41 Gen 4, 41 Gen 4 MOS, (caliber 45 ACP)
- Model 37, (caliber .45 GAP)
- Model 38, (caliber .45 GAP)
- Model 39, (caliber .45 GAP)
- Model 20 Gen 4, (caliber 10mm)
- Model 20 SF, (caliber 10mm)
- Model 29 Gen 4, (caliber 10mm)
- Model 29 SF, (caliber 10mm)
- Model 40 Gen 4 MOS, (caliber 10mm)
- All gun models with a similar chamber design and feed ramp length including all pistols manufactured to fire .40 Smith and Wesson, .45 ACP, .45 GAP and 10 MM.

"UNSUPPORTED CHAMBER DESIGN/DEFECT" means the alleged design/defect in this case where the loading ramp has been designed in such a way that,

together with the case, it forms a kind of vent. Depending on the quality of material used for the cases, it is alleged that these will crack in this area under gas pressure due to lack of support. The powder gases escaping downward under high pressure may thus occasionally cause damage on the grip or will cause a witness mark, bulge, or smile in the ammunition case. The plaintiff alleges in this case that for every CLASS GUN, there is a significant chance that one or both of the following things will happen upon pulling the trigger: (a) the brass casing of the bullet will bulge out or "smile," bulging thereby distorting the brass casing; and (b) "blowout," "kaboom," or "rupture," or tear which is when the round/casing blows up or separates and a piece of the casing dislodges. Plaintiff alleges this condition or feature is caused by the lack of complete support for the casing of ammunition at the 6 o'clock position of a round of ammunition seated in the chamber.

## ITEMS TO BE PRODUCED

1.    All DOCUMENTS and ESI reflecting intracompany communications regarding the UNSUPPORTED CHAMBER DESIGN/DEFECT, in the CLASS GUNS manufactured by Glock firearms causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

2.    All DOCUMENTS and ESI reflecting intercompany communications between YOU and third parties regarding the UNSUPPORTED CHAMBER DEFECT, of the CLASS GUNS manufactured by Glock causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

3.    All DOCUMENTS and ESI reflecting CLASS GUN owners or users making a complaint, warranty claim, or return/replacement request involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing a CLASS GUN including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

4.      All DOCUMENTS and ESI reflecting testing and inspections performed by YOU after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

5.      All DOCUMENTS and ESI reflecting communications with third parties, (including but not limited to Glock, Inc, Glock Ges.m.b.H, Glock retailers, wholesalers, repair technicians, armorers, purchasers or consumer of your products), after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

6.      All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed to leave a part of the casing unsupported to act as a feature to vent gas downward.

7.       All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber fails due to:

      a.      either an over-pressured round,

      b.      a weakness in the casing,

      c.      an under-loaded round with an air annulus,

      d.      or a round where deflagration detonation transition (DDT) occurred, or concurrent Chapman-Jourguet wave fronts result in alternating CJ shock waves causing a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

8.      All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed by Glock Inc. or Glock Ges.m.b.H to leave a part of the casing unsupported to increase reliable feeding of ammunition.

9.      All DOCUMENTS and ESI reflecting whether YOU tested, or contemplated testing, certain types of "material quality" or different manufacturing processes to determine the pressures required to safely fire the CLASS GUNS with an UNSUPPORTED CHAMBER DESIGN/DEFECT.

10.     All DOCUMENTS and ESI reflecting whether to warn that CLASS GUNS should not be used with cases made of YOUR PRODUCTS manufactured with certain materials (e.g., brass, steel, aluminum).

11.     All DOCUMENTS and ESI reflecting additional or special reloading equipment needed to reload ammunition casings that have been fired through a CLASS GUN.

12.     All DOCUMENTS and ESI reflecting aftermarket replacement barrels for CLASS GUNS that have a supported chamber.

13.     All DOCUMENTS and ESI reflecting disputes with any law enforcement agency over CLASS GUN performance when firing YOUR PRODUCTS.

14.     Photographs, video, or computer images of CLASS GUNS that have suffered a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

15.     All DOCUMENTS and ESI reflecting litigation involving YOUR PRODUCTS when fired from a CLASS GUN.

16.     All DOCUMENTS and ESI reflecting engineering or expert opinions involving YOUR PRODUCTS when fired from a CLASS GUN.

# EXHIBIT 2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_Northern District of California

| | |
|---|---|
| Steven C. Johnson, and individual, on behalf of himself and all others similarly situated, | ) |
| *Plaintiff* | ) |
| v. | ) |
| Glock, Inc., a Georgia Corporation; Glock Ges.m.b.H, an Austrian entity, et al. | ) |
| *Defendant* | ) |

Civil Action No.    3:20-cv-08807-WHO

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   **Bass Pro Shop Great Outdoors Group LLC, CT Corp Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801**

*(Name of person to whom this subpoena is directed)*

☒  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   **See Schedule A.**

| Place: | Lewis and Lewis Trial Lawyers, PLC<br>28150 N. Alma School Rd., Ste. 103-637<br>Scottsdale, AZ 85262 (By Mail)<br>rob@lewislawfirm.com (Electronically) | Date and Time: | June 23, 2023 at 5:00pm |
|---|---|---|---|

☐  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | | Date and Time: | |
|---|---|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      05/25/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | */s/Robert K. Lewis* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Steven C. Johnson

_____ , who issues or requests this subpoena, are:

 Robert Lewis, 28150 N. Alma School Rd. Ste 103-637, Scottsdale, AZ 85262, Rob@LewisLawFirm.com 602-889-6666

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.      3:20-cv-08807-WHO

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____   on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA DUCES TECUM - SCHEDULE A

*Johnson v. Glock, Inc., et al.*
3:20-cv-08807-WHO

To:
Bass Pro Shop
BPS Direct, LLC
Cabela's Inc.
Great Outdoors Group LLC
Sportsman's Warehouse Inc.

## INSTRUCTIONS

1.      Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2.      Each document responsive to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each category to which they are responsive.

3.      Complete documents, including all attachments, cover memos, appendices, etc., shall be produced if any part of the writing is responsive to a request.  Responding Party shall not mask or delete any part of a document if that document contains information responsive to a request.  Documents found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

4.      Unless otherwise agreed to, documents that are maintained in the normal course of business in electronic format shall be produced in their native format, including all metadata in standard delimited ASCII format, along with the software necessary to interpret such files if such software is not readily available, and are not to be converted to any other format, such as paper, tiff image or PDF file.

5.      If YOU produce scanned documents on compact discs, then documents

should be produced in single page tiff format and YOU should also produce (i) the load file with each set of documents (this file provides the beginning bates, end bates, directory, filename and page count, to allow a match between the data and the files themselves), (ii) attachment information so it can be determined which attachments go with which documents produced, and (iii) any other objective coding for each document produced, including any fields for source, date, author, recipients and custodian of the documents.

      a.     "YOU" or "YOUR," mean Responding Party and its attorneys, predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former officers, owners, directors, members, partners, managers, trustees, representatives, agents, employees and all persons presently or formerly acting, or purporting to act, on its behalf, or on behalf of its predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities and related entities, for any purpose whatsoever.

      6.     If any responsive document was, but is no longer in existence or in Responding Party's possession, custody or control, identify its current or last-known custodian and describe in full the circumstances surrounding its disposition from Responding Party's possession, custody or control. A document shall be deemed to be in Responding Party's control if Responding Party has the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

      7.     "And," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the request is not excluded.

      8.     These are continuing requests for production of documents. If, subsequent to responding to any such request, additional documents are received or discovered prior to the date of trial or Responding Party becomes aware of any further information pertaining to such request, Responding Party is hereby requested to serve supplemental responses and provide such additional documents promptly and as long before trial as

possible, in order to supplement, amend or correct Responding Party's responses; otherwise, it will be assumed that the responses originally given continue to be YOUR complete responses to these requests.

9.    If any documents requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including, without limitation, the following information:  (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

10.    If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged: (a) A brief description of the nature and contents of the matter claimed to be privileged; (b) The name, occupation and capacity of the individual from whom the privileged matter emanated; (c) The name, occupation and capacity of the individual to whom the allegedly privileged matter was produced; (d) The date the item bears; and (e) The privilege claimed.

## **DEFINITIONS**

For purposes of this subpoena and the subject matter categories listed below, the following definitions shall apply:

"YOU" or "YOUR" or "RESPONDING PARTY" refer to Bass Pro Shop, BPS Direct, LLC, Cabela's Inc., Great Outdoors Group LLC, Sportsman's Warehouse Inc. and/or its/their  subsidiaries and associated companies, and all of its present and former employees, agents, officers, directors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

"DOCUMENT" OR "DOCUMENTS" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic,

photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to any and all originals, copies, non-identical copies and preliminary, intermediate and final drafts of correspondence, notes, minutes, records, messages, text and data messages, application data, policies, procedures, manuals, bulletins, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, posters, placards, advertisements, newspaper clippings, tables, tabulations, financial statements, bank account statements, cleared checks, deposit slips, check stubs, wire transfer receipts, returned checks for insufficient funds, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packing materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, periodicals, accounts, objects, inter-office and intra-office communications, surveys, estimates, licenses, charts, graphs, indexes, calendars, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary drafts, or revisions of any of the foregoing, any document that has or contains any attachment, enclosure, comment, notation, addition, or insertion of any kind that is not part of another document, or any document that does not contain a comment, notation, addition, insertion, or marking of any kind that is part of another document, is considered to be a separate document.

"ELECTRONICALLY STORED INFORMATION" or "ESI" is used in the broadest possible sense and includes, but is not limited to, all information that is stored in an electronic medium.

"CLASS GUN" means all Glock handguns referenced and referred to by model including, but not limited to any model that fires a 45 caliber ACP round, any model that fires a 40 S&W round, any model that fires a 45 GAP, any model that fires a 10 mm round

of ammunition. This class includes all these models regardless of the generation, the magazine capacity, the grips, the color, the frame length, the sites, whether it includes a provision for optics, or whether it is approved for sale to the public by the State of California. This includes but is not limited to the following Models:

- Model 22 all generations (caliber .40 S&W)
- Model 23 of all generations and variations 23, (caliber .40 S&W)
- Model 24, (caliber .40 S&W)
- Model 27, 27 Gen 4, (caliber .40 S&W)
- Model 35, 35 Gen 4, 35 Gen 4 MOS, (caliber .40 S&W)
- Model 21 Gen 4, (caliber .45 ACP)
- Model 21 SF, (caliber .45 ACP)
- Model 30 Gen 4, (caliber .45 ACP)
- Model 30s, (caliber .45 ACP)
- Model 30 SF, (caliber .45 ACP)
- Model 36, (caliber .45 ACP)
- Model 41 Gen 4, 41 Gen 4 MOS, (caliber 45 ACP)
- Model 37, (caliber .45 GAP)
- Model 38, (caliber .45 GAP)
- Model 39, (caliber .45 GAP)
- Model 20 Gen 4, (caliber 10mm)
- Model 20 SF, (caliber 10mm)
- Model 29 Gen 4, (caliber 10mm)
- Model 29 SF, (caliber 10mm)
- Model 40 Gen 4 MOS, (caliber 10mm)
- All gun models with a similar chamber design and feed ramp length including all pistols manufactured to fire .40 Smith and Wesson, .45 ACP, .45 GAP and 10 MM.

"UNSUPPORTED CHAMBER DESIGN/DEFECT" means the alleged design/defect in this case where the loading ramp has been designed in such a way that, together with the case, it forms a kind of vent. Depending on the quality of material used for the cases, it is alleged that these will crack in this area under gas pressure due to lack of support. The powder gases escaping downward under high pressure may thus occasionally cause damage on the grip or will cause a witness mark, bulge, or smile in the ammunition case. The plaintiff alleges in this case that for every CLASS GUN, there is a significant chance that one or both of the following things will happen upon pulling the trigger: (a) the brass casing of the bullet will bulge out or "smile," bulging thereby distorting the brass casing; and (b) "blowout," "kaboom," or "rupture," or tear which is when the round/casing blows up or separates and a piece of the casing dislodges. Plaintiff alleges this condition or feature is caused by the lack of complete support for the casing of ammunition at the 6 o'clock position of a round of ammunition seated in the chamber.

## ITEMS TO BE PRODUCED

1.      All DOCUMENTS and ESI reflecting intracompany communications regarding the UNSUPPORTED CHAMBER DESIGN/DEFECT, in the CLASS GUNS manufactured by Glock firearms causing or contributing to case failures, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

2.      All DOCUMENTS and ESI reflecting intercompany communications between YOU and third parties regarding the UNSUPPORTED CHAMBER DEFECT, of the CLASS GUNS manufactured by Glock causing or contributing to case failures, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

3.      All DOCUMENTS and ESI reflecting CLASS GUN owners or users making a complaint, warranty claim, or return/replacement request involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not

fire as expected or where there was an unexpected result during firing a CLASS GUN including, but not limited to, case failures, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

4.    All DOCUMENTS and ESI reflecting testing and inspections performed by YOU or others after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

5.    All DOCUMENTS and ESI reflecting communications with third parties, (including but not limited to Glock, Inc, Glock Ges.m.b.H, Glock retailers, wholesalers, repair technicians, armorers, purchasers or consumers of your products), after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, case blowouts, case ruptures, case bulging, case tears, case smiles, and deformed casings.

6.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed to leave a part of the casing unsupported to act as a feature to vent gas downward.

7.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber fails due to:

      a.    either an over-pressured round,

      b.    a weakness in the casing,

      c.    an under-loaded round with an air annulus,

d. or a round where deflagration detonation transition (DDT) occurred, or concurrent Chapman-Jourguet wave fronts result in alternating CJ shock waves causing a case failure, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

8. All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed by Glock Inc. or Glock Ges.m.b.H to leave a part of the casing unsupported to increase reliable feeding of ammunition.

9. All DOCUMENTS and ESI reflecting whether YOU tested, or contemplated testing, certain types of "material quality" or different manufacturing processes to determine the pressures required to safely fire the CLASS GUNS with an UNSUPPORTED CHAMBER DESIGN/DEFECT.

10. All DOCUMENTS and ESI reflecting additional or special reloading equipment needed to reload ammunition casings that have been fired through a CLASS GUN.

11. All DOCUMENTS and ESI reflecting aftermarket replacement barrels for CLASS GUNS that have a supported chamber.

12. All DOCUMENTS and ESI reflecting disputes with any law enforcement agency over CLASS GUN.

13. Photographs, video, or computer images of CLASS GUNS that have suffered a case failure, Kabooms, case blowouts, case ruptures, case bulging, case tears, case smiles, and deformed casings.

14. All DOCUMENTS and ESI reflecting litigation involving a CLASS GUN.

15. All DOCUMENTS and ESI reflecting engineering or expert opinions involving a CLASS GUN.

16. All DOCUMENTS and ESI reflecting all manuals, literature, notices, warnings, etc. provided to dealers or sellers of Class Guns in California since 2016.

17.    All DOCUMENTS and ESI reflecting all manuals, literature, notices, warnings, etc. provided to individuals who purchased CLASS GUNS in California since 2016.

18.    All DOCUMENTS and ESI reflecting YOUR policies, procedures, and guidelines since 2016 regarding providing notice or warning by suppliers and wholesalers of CLASS GUNS in California of known or possible defects or dangers when firing CLASS GUNS.

19.    All DOCUMENTS and ESI reflecting YOUR policies, procedures, and guidelines since 2016 regarding providing notice or warning to CLASS GUN owners in California, or prospective owners, of known or possible defects or dangers when firing CLASS GUNS.

20.    All DOCUMENTS and ESI identifying (by name, present or last known address, email address, and telephone number) YOUR suppliers of CLASS GUNS in California since 2016.

21.    All DOCUMENTS and ESI reflecting YOUR communications with Glock wholesalers or sellers in California about this lawsuit, including requests to identify the number of CLASS GUNS sold and/or identities of potential class members.

22.    All DOCUMENTS and ESI reflecting the total number of units sold for each CLASS GUN purchased in California since 2016.  If YOU lack knowledge of the total number of units sold to California residents, produce all DOCUMENTS and ESI reflecting the total number of units sold to YOU by suppliers or wholesalers sales in California since 2016.

23.    All DOCUMENTS and ESI reflecting the wholesale price of each CLASS GUN sold in California since 2016.

24.    All DOCUMENTS and ESI reflecting the actual retail price of each CLASS GUN sold in California since 2016.  If YOU lack knowledge of the actual retail price,

produce all DOCUMENTS and ESI reflecting the suggested retail price of each CLASS GUN sold in California since 2016.

25.     All DOCUMENTS and ESI reflecting the replacement cost of each CLASS GUN sold in California since 2016.

26.     All DOCUMENTS and ESI reflecting the actual cash value each CLASS GUN sold in California since 2016.

# EXHIBIT 3

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_Northern District of California

| | |
|---|---|
| Steven C. Johnson, and individual, on behalf of himself and all others similarly situated, | ) |
| *Plaintiff* | ) |
| v. | ) |
| Glock, Inc., a Georgia Corporation; Glock Ges.m.b.H, an Austrian entity, et al. | ) |
| *Defendant* | ) |

Civil Action No.     3:20-cv-08807-WHO

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    **Black Hills Ammunition, Agent Jeffrey A. Hoffman, 1699 Sedivy Lane, Rapid City, SD 57703-4177**

*(Name of person to whom this subpoena is directed)*

☒    *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    **See Schedule A.**

| Place: | Lewis and Lewis Trial Lawyers, PLC 28150 N. Alma School Rd., Ste. 103-637 Scottsdale, AZ 85262 (By Mail) rob@lewislawfirm.com (Electronically) | Date and Time: | June 23, 2023 at 5:00pm |
|---|---|---|---|

☐    *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | | Date and Time: | |
|---|---|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/25/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | */s/Robert K. Lewis* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Steven C. Johnson
_____, who issues or requests this subpoena, are:

 Robert Lewis, 28150 N. Alma School Rd. Ste 103-637, Scottsdale, AZ 85262, Rob@LewisLawFirm.com 602-889-6666

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:20-cv-08807-WHO

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐   I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐   I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                           *Server's signature*

                                                           _____
                                                           *Printed name and title*

                                                           _____
                                                           *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA DUCES TECUM - SCHEDULE A

*Johnson v. Glock, Inc., et al.*
3:20-cv-08807-WHO

To: Black Hills Ammunition

## INSTRUCTIONS

1.      Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2.      Each document responsive to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each category to which they are responsive.

3.      Complete documents, including all attachments, cover memos, appendices, etc., shall be produced if any part of the writing is responsive to a request.  Responding Party shall not mask or delete any part of a document if that document contains information responsive to a request.  Documents found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

4.      Unless otherwise agreed to, documents that are maintained in the normal course of business in electronic format shall be produced in their native format, including all metadata in standard delimited ASCII format, along with the software necessary to interpret such files if such software is not readily available, and are not to be converted to any other format, such as paper, tiff image or PDF file.

5.      If YOU produce scanned documents on compact discs, then documents should be produced in single page tiff format and YOU should also produce (i) the load file with each set of documents (this file provides the beginning bates, end bates, directory, filename and page count, to allow a match between the data and the files themselves), (ii) attachment information so it can be determined which attachments go with which

documents produced, and (iii) any other objective coding for each document produced, including any fields for source, date, author, recipients and custodian of the documents.

      a.      "YOU" or "YOUR," mean Responding Party and its attorneys, predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former officers, owners, directors, members, partners, managers, trustees, representatives, agents, employees and all persons presently or formerly acting, or purporting to act, on its behalf, or on behalf of its predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities and related entities, for any purpose whatsoever.

      6.      If any responsive document was, but is no longer in existence or in Responding Party's possession, custody or control, identify its current or last-known custodian and describe in full the circumstances surrounding its disposition from Responding Party's possession, custody or control.  A document shall be deemed to be in Responding Party's control if Responding Party has the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

      7.      "And," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the request is not excluded.

      8.      These are continuing requests for production of documents.  If, subsequent to responding to any such request, additional documents are received or discovered prior to the date of trial or Responding Party becomes aware of any further information pertaining to such request, Responding Party is hereby requested to serve supplemental responses and provide such additional documents promptly and as long before trial as possible, in order to supplement, amend or correct Responding Party's responses; otherwise, it will be assumed that the responses originally given continue to be YOUR complete responses to these requests.

      9.      If any documents requested herein have been lost, discarded or destroyed,

they shall be identified as completely as possible, including, without limitation, the following information: (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

10. If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged: (a) A brief description of the nature and contents of the matter claimed to be privileged; (b) The name, occupation and capacity of the individual from whom the privileged matter emanated; (c) The name, occupation and capacity of the individual to whom the allegedly privileged matter was produced; (d) The date the item bears; and (e) The privilege claimed.

## DEFINITIONS

For purposes of this subpoena and the subject matter categories listed below, the following definitions shall apply:

"YOU" or "YOUR" or "RESPONDING PARTY" refer to Black Hills Ammunition and/or its subsidiaries and associated companies, and all of its present and former employees, agents, officers, directors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

"DOCUMENT" OR "DOCUMENTS" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to any and all originals, copies, non-identical copies and preliminary, intermediate and final drafts of correspondence, notes, minutes, records, messages, text and data messages, application data, policies, procedures, manuals, bulletins, memoranda, telephone memoranda, diaries,

contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, posters, placards, advertisements, newspaper clippings, tables, tabulations, financial statements, bank account statements, cleared checks, deposit slips, check stubs, wire transfer receipts, returned checks for insufficient funds, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packing materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, periodicals, accounts, objects, inter-office and intra-office communications, surveys, estimates, licenses, charts, graphs, indexes, calendars, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary drafts, or revisions of any of the foregoing, any document that has or contains any attachment, enclosure, comment, notation, addition, or insertion of any kind that is not part of another document, or any document that does not contain a comment, notation, addition, insertion, or marking of any kind that is part of another document, is considered to be a separate document.

"ELECTRONICALLY STORED INFORMATION" or "ESI" is used in the broadest possible sense and includes, but is not limited to, all information that is stored in an electronic medium.

"CLASS GUN" means all Glock handguns referenced and referred to by model including, but not limited to any model that fires a 45 caliber ACP round, any model that fires a 40 S&W round, any model that fires a 45 GAP, any model that fires a 10 mm round of ammunition. This class includes all these models regardless of the generation, the magazine capacity, the grips, the color, the frame length, the sites, whether it includes a provision for optics, or whether it is approved for sale to the public by the State of California. This includes but is not limited to the following Models:

- Model 22 all generations (caliber .40 S&W)

- Model 23 of all generations and variations 23, (caliber .40 S&W)
- Model 24, (caliber .40 S&W)
- Model 27, 27 Gen 4, (caliber .40 S&W)
- Model 35, 35 Gen 4, 35 Gen 4 MOS, (caliber .40 S&W)
- Model 21 Gen 4, (caliber .45 ACP)
- Model 21 SF, (caliber .45 ACP)
- Model 30 Gen 4, (caliber .45 ACP)
- Model 30s, (caliber .45 ACP)
- Model 30 SF, (caliber .45 ACP)
- Model 36, (caliber .45 ACP)
- Model 41 Gen 4, 41 Gen 4 MOS, (caliber 45 ACP)
- Model 37, (caliber .45 GAP)
- Model 38, (caliber .45 GAP)
- Model 39, (caliber .45 GAP)
- Model 20 Gen 4, (caliber 10mm)
- Model 20 SF, (caliber 10mm)
- Model 29 Gen 4, (caliber 10mm)
- Model 29 SF, (caliber 10mm)
- Model 40 Gen 4 MOS, (caliber 10mm)
- All gun models with a similar chamber design and feed ramp length including all pistols manufactured to fire .40 Smith and Wesson, .45 ACP, .45 GAP and 10 MM.

"UNSUPPORTED CHAMBER DESIGN/DEFECT" means the alleged design/defect in this case where the loading ramp has been designed in such a way that, together with the case, it forms a kind of vent. Depending on the quality of material used for the cases, it is alleged that these will crack in this area under gas pressure due to lack of support. The powder gases escaping downward under high pressure may thus

occasionally cause damage on the grip or will cause a witness mark, bulge, or smile in the ammunition case. The plaintiff alleges in this case that for every CLASS GUN, there is a significant chance that one or both of the following things will happen upon pulling the trigger: (a) the brass casing of the bullet will bulge out or "smile," bulging thereby distorting the brass casing; and (b) "blowout," "kaboom," or "rupture," or tear which is when the round/casing blows up or separates and a piece of the casing dislodges. Plaintiff alleges this condition or feature is caused by the lack of complete support for the casing of ammunition at the 6 o'clock position of a round of ammunition seated in the chamber.

## <u>ITEMS TO BE PRODUCED</u>

1.     All DOCUMENTS and ESI reflecting intracompany communications regarding the UNSUPPORTED CHAMBER DESIGN/DEFECT, in the CLASS GUNS manufactured by Glock firearms causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

2.     All DOCUMENTS and ESI reflecting intercompany communications between YOU and third parties regarding the UNSUPPORTED CHAMBER DEFECT, of the CLASS GUNS manufactured by Glock causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

3.     All DOCUMENTS and ESI reflecting CLASS GUN owners or users making a complaint, warranty claim, or return/replacement request involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing a CLASS GUN including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

4.     All DOCUMENTS and ESI reflecting testing and inspections performed by YOU after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition

failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

5.      All DOCUMENTS and ESI reflecting communications with third parties, (including but not limited to Glock, Inc, Glock Ges.m.b.H, Glock retailers, wholesalers, repair technicians, armorers, purchasers or consumer of your products), after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

6.      All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed to leave a part of the casing unsupported to act as a feature to vent gas downward.

7.      All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber fails due to:

      a.      either an over-pressured round,

      b.      a weakness in the casing,

      c.      an under-loaded round with an air annulus,

      d.      or a round where deflagration detonation transition (DDT) occurred, or concurrent Chapman-Jourguet wave fronts result in alternating CJ shock waves causing a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

8.      All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was

intentionally designed by Glock Inc. or Glock Ges.m.b.H to leave a part of the casing unsupported to increase reliable feeding of ammunition.

9.     All DOCUMENTS and ESI reflecting whether YOU tested, or contemplated testing, certain types of "material quality" or different manufacturing processes to determine the pressures required to safely fire the CLASS GUNS with an UNSUPPORTED CHAMBER DESIGN/DEFECT.

10.     All DOCUMENTS and ESI reflecting whether to warn that CLASS GUNS should not be used with cases made of YOUR PRODUCTS manufactured with certain materials (e.g., brass, steel, aluminum).

11.     All DOCUMENTS and ESI reflecting additional or special reloading equipment needed to reload ammunition casings that have been fired through a CLASS GUN.

12.     All DOCUMENTS and ESI reflecting aftermarket replacement barrels for CLASS GUNS that have a supported chamber.

13.     All DOCUMENTS and ESI reflecting disputes with any law enforcement agency over CLASS GUN performance when firing YOUR PRODUCTS.

14.     Photographs, video, or computer images of CLASS GUNS that have suffered a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

15.     All DOCUMENTS and ESI reflecting litigation involving YOUR PRODUCTS when fired from a CLASS GUN.

16.     All DOCUMENTS and ESI reflecting engineering or expert opinions involving YOUR PRODUCTS when fired from a CLASS GUN.

# EXHIBIT 4

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_Northern District of California

| | |
|---|---|
| Steven C. Johnson, and individual, on behalf of himself and all others similarly situated, | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| Glock, Inc., a Georgia Corporation; Glock Ges.m.b.H, | ) |
| an Austrian entity, et al. | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No.     3:20-cv-08807-WHO

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     **BPS Direct LLC, CT Corp Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801**

*(Name of person to whom this subpoena is directed)*

☒    *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:     **See Schedule A.**

| Place: | Lewis and Lewis Trial Lawyers, PLC 28150 N. Alma School Rd., Ste. 103-637 Scottsdale, AZ 85262 (By Mail) rob@lewislawfirm.com (Electronically) | Date and Time: | June 23, 2023 at 5:00pm |
|---|---|---|---|

☐    *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/25/2023

CLERK OF COURT

OR     */s/Robert K. Lewis*

_____          _____
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Steven C. Johnson

_____ , who issues or requests this subpoena, are:

Robert Lewis, 28150 N. Alma School Rd. Ste 103-637, Scottsdale, AZ 85262, Rob@LewisLawFirm.com 602-889-6666

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:20-cv-08807-WHO

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐    I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

☐    I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA DUCES TECUM - SCHEDULE A

*Johnson v. Glock, Inc., et al.*
3:20-cv-08807-WHO

To:
Bass Pro Shop
BPS Direct, LLC
Cabela's Inc.
Great Outdoors Group LLC
Sportsman's Warehouse Inc.

## INSTRUCTIONS

1.     Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2.     Each document responsive to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each category to which they are responsive.

3.     Complete documents, including all attachments, cover memos, appendices, etc., shall be produced if any part of the writing is responsive to a request.  Responding Party shall not mask or delete any part of a document if that document contains information responsive to a request.  Documents found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

4.     Unless otherwise agreed to, documents that are maintained in the normal course of business in electronic format shall be produced in their native format, including all metadata in standard delimited ASCII format, along with the software necessary to interpret such files if such software is not readily available, and are not to be converted to any other format, such as paper, tiff image or PDF file.

5.     If YOU produce scanned documents on compact discs, then documents

should be produced in single page tiff format and YOU should also produce (i) the load file with each set of documents (this file provides the beginning bates, end bates, directory, filename and page count, to allow a match between the data and the files themselves), (ii) attachment information so it can be determined which attachments go with which documents produced, and (iii) any other objective coding for each document produced, including any fields for source, date, author, recipients and custodian of the documents.

      a.    "YOU" or "YOUR," mean Responding Party and its attorneys, predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former officers, owners, directors, members, partners, managers, trustees, representatives, agents, employees and all persons presently or formerly acting, or purporting to act, on its behalf, or on behalf of its predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities and related entities, for any purpose whatsoever.

      6.    If any responsive document was, but is no longer in existence or in Responding Party's possession, custody or control, identify its current or last-known custodian and describe in full the circumstances surrounding its disposition from Responding Party's possession, custody or control. A document shall be deemed to be in Responding Party's control if Responding Party has the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

      7.    "And," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the request is not excluded.

      8.    These are continuing requests for production of documents. If, subsequent to responding to any such request, additional documents are received or discovered prior to the date of trial or Responding Party becomes aware of any further information pertaining to such request, Responding Party is hereby requested to serve supplemental responses and provide such additional documents promptly and as long before trial as

possible, in order to supplement, amend or correct Responding Party's responses; otherwise, it will be assumed that the responses originally given continue to be YOUR complete responses to these requests.

9.      If any documents requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including, without limitation, the following information:  (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

10.      If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged: (a) A brief description of the nature and contents of the matter claimed to be privileged; (b) The name, occupation and capacity of the individual from whom the privileged matter emanated; (c) The name, occupation and capacity of the individual to whom the allegedly privileged matter was produced; (d) The date the item bears; and (e) The privilege claimed.

## DEFINITIONS

For purposes of this subpoena and the subject matter categories listed below, the following definitions shall apply:

"YOU" or "YOUR" or "RESPONDING PARTY" refer to Bass Pro Shop, BPS Direct, LLC, Cabela's Inc., Great Outdoors Group LLC, Sportsman's Warehouse Inc. and/or its/their  subsidiaries and associated companies, and all of its present and former employees, agents, officers, directors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

"DOCUMENT" OR "DOCUMENTS" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic,

photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to any and all originals, copies, non-identical copies and preliminary, intermediate and final drafts of correspondence, notes, minutes, records, messages, text and data messages, application data, policies, procedures, manuals, bulletins, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, posters, placards, advertisements, newspaper clippings, tables, tabulations, financial statements, bank account statements, cleared checks, deposit slips, check stubs, wire transfer receipts, returned checks for insufficient funds, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packing materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, periodicals, accounts, objects, inter-office and intra-office communications, surveys, estimates, licenses, charts, graphs, indexes, calendars, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary drafts, or revisions of any of the foregoing, any document that has or contains any attachment, enclosure, comment, notation, addition, or insertion of any kind that is not part of another document, or any document that does not contain a comment, notation, addition, insertion, or marking of any kind that is part of another document, is considered to be a separate document.

"ELECTRONICALLY STORED INFORMATION" or "ESI" is used in the broadest possible sense and includes, but is not limited to, all information that is stored in an electronic medium.

"CLASS GUN" means all Glock handguns referenced and referred to by model including, but not limited to any model that fires a 45 caliber ACP round, any model that fires a 40 S&W round, any model that fires a 45 GAP, any model that fires a 10 mm round

of ammunition. This class includes all these models regardless of the generation, the magazine capacity, the grips, the color, the frame length, the sites, whether it includes a provision for optics, or whether it is approved for sale to the public by the State of California. This includes but is not limited to the following Models:

- Model 22 all generations (caliber .40 S&W)
- Model 23 of all generations and variations 23, (caliber .40 S&W)
- Model 24, (caliber .40 S&W)
- Model 27, 27 Gen 4, (caliber .40 S&W)
- Model 35, 35 Gen 4, 35 Gen 4 MOS, (caliber .40 S&W)
- Model 21 Gen 4, (caliber .45 ACP)
- Model 21 SF, (caliber .45 ACP)
- Model 30 Gen 4, (caliber .45 ACP)
- Model 30s, (caliber .45 ACP)
- Model 30 SF, (caliber .45 ACP)
- Model 36, (caliber .45 ACP)
- Model 41 Gen 4, 41 Gen 4 MOS, (caliber 45 ACP)
- Model 37, (caliber .45 GAP)
- Model 38, (caliber .45 GAP)
- Model 39, (caliber .45 GAP)
- Model 20 Gen 4, (caliber 10mm)
- Model 20 SF, (caliber 10mm)
- Model 29 Gen 4, (caliber 10mm)
- Model 29 SF, (caliber 10mm)
- Model 40 Gen 4 MOS, (caliber 10mm)
- All gun models with a similar chamber design and feed ramp length including all pistols manufactured to fire .40 Smith and Wesson, .45 ACP, .45 GAP and 10 MM.

"UNSUPPORTED CHAMBER DESIGN/DEFECT" means the alleged design/defect in this case where the loading ramp has been designed in such a way that, together with the case, it forms a kind of vent. Depending on the quality of material used for the cases, it is alleged that these will crack in this area under gas pressure due to lack of support. The powder gases escaping downward under high pressure may thus occasionally cause damage on the grip or will cause a witness mark, bulge, or smile in the ammunition case. The plaintiff alleges in this case that for every CLASS GUN, there is a significant chance that one or both of the following things will happen upon pulling the trigger: (a) the brass casing of the bullet will bulge out or "smile," bulging thereby distorting the brass casing; and (b) "blowout," "kaboom," or "rupture," or tear which is when the round/casing blows up or separates and a piece of the casing dislodges. Plaintiff alleges this condition or feature is caused by the lack of complete support for the casing of ammunition at the 6 o'clock position of a round of ammunition seated in the chamber.

## ITEMS TO BE PRODUCED

1.     All DOCUMENTS and ESI reflecting intracompany communications regarding the UNSUPPORTED CHAMBER DESIGN/DEFECT, in the CLASS GUNS manufactured by Glock firearms causing or contributing to case failures, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

2.     All DOCUMENTS and ESI reflecting intercompany communications between YOU and third parties regarding the UNSUPPORTED CHAMBER DEFECT, of the CLASS GUNS manufactured by Glock causing or contributing to case failures, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

3.     All DOCUMENTS and ESI reflecting CLASS GUN owners or users making a complaint, warranty claim, or return/replacement request involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not

fire as expected or where there was an unexpected result during firing a CLASS GUN including, but not limited to, case failures, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

4.    All DOCUMENTS and ESI reflecting testing and inspections performed by YOU or others after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

5.    All DOCUMENTS and ESI reflecting communications with third parties, (including but not limited to Glock, Inc, Glock Ges.m.b.H, Glock retailers, wholesalers, repair technicians, armorers, purchasers or consumers of your products), after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, case blowouts, case ruptures, case bulging, case tears, case smiles, and deformed casings.

6.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed to leave a part of the casing unsupported to act as a feature to vent gas downward.

7.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber fails due to:

      a.    either an over-pressured round,

      b.    a weakness in the casing,

      c.    an under-loaded round with an air annulus,

      d.      or a round where deflagration detonation transition (DDT) occurred, or concurrent Chapman-Jourguet wave fronts result in alternating CJ shock waves causing a case failure, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

8.      All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed by Glock Inc. or Glock Ges.m.b.H to leave a part of the casing unsupported to increase reliable feeding of ammunition.

9.      All DOCUMENTS and ESI reflecting whether YOU tested, or contemplated testing, certain types of "material quality" or different manufacturing processes to determine the pressures required to safely fire the CLASS GUNS with an UNSUPPORTED CHAMBER DESIGN/DEFECT.

10.      All DOCUMENTS and ESI reflecting additional or special reloading equipment needed to reload ammunition casings that have been fired through a CLASS GUN.

11.      All DOCUMENTS and ESI reflecting aftermarket replacement barrels for CLASS GUNS that have a supported chamber.

12.      All DOCUMENTS and ESI reflecting disputes with any law enforcement agency over CLASS GUN.

13.      Photographs, video, or computer images of CLASS GUNS that have suffered a case failure, Kabooms, case blowouts, case ruptures, case bulging, case tears, case smiles, and deformed casings.

14.      All DOCUMENTS and ESI reflecting litigation involving a CLASS GUN.

15.      All DOCUMENTS and ESI reflecting engineering or expert opinions involving a CLASS GUN.

16.      All DOCUMENTS and ESI reflecting all manuals, literature, notices, warnings, etc. provided to dealers or sellers of Class Guns in California since 2016.

17.    All DOCUMENTS and ESI reflecting all manuals, literature, notices, warnings, etc. provided to individuals who purchased CLASS GUNS in California since 2016.

18.    All DOCUMENTS and ESI reflecting YOUR policies, procedures, and guidelines since 2016 regarding providing notice or warning by suppliers and wholesalers of CLASS GUNS in California of known or possible defects or dangers when firing CLASS GUNS.

19.    All DOCUMENTS and ESI reflecting YOUR policies, procedures, and guidelines since 2016 regarding providing notice or warning to CLASS GUN owners in California, or prospective owners, of known or possible defects or dangers when firing CLASS GUNS.

20.    All DOCUMENTS and ESI identifying (by name, present or last known address, email address, and telephone number) YOUR suppliers of CLASS GUNS in California since 2016.

21.    All DOCUMENTS and ESI reflecting YOUR communications with Glock wholesalers or sellers in California about this lawsuit, including requests to identify the number of CLASS GUNS sold and/or identities of potential class members.

22.    All DOCUMENTS and ESI reflecting the total number of units sold for each CLASS GUN purchased in California since 2016.  If YOU lack knowledge of the total number of units sold to California residents, produce all DOCUMENTS and ESI reflecting the total number of units sold to YOU by suppliers or wholesalers sales in California since 2016.

23.    All DOCUMENTS and ESI reflecting the wholesale price of each CLASS GUN sold in California since 2016.

24.    All DOCUMENTS and ESI reflecting the actual retail price of each CLASS GUN sold in California since 2016.  If YOU lack knowledge of the actual retail price,

produce all DOCUMENTS and ESI reflecting the suggested retail price of each CLASS GUN sold in California since 2016.

      25.    All DOCUMENTS and ESI reflecting the replacement cost of each CLASS GUN sold in California since 2016.

      26.    All DOCUMENTS and ESI reflecting the actual cash value each CLASS GUN sold in California since 2016.

# EXHIBIT 5

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_Northern District of California

| | |
|---|---|
| Steven C. Johnson, and individual, on behalf of himself and all others similarly situated, | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Glock, Inc., a Georgia Corporation; Glock Ges.m.b.H, an Austrian entity, et al. | ) |
| _Defendant_ | ) |

Civil Action No.      3:20-cv-08807-WHO

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   **Buffalo Bore Ammunition Registered Agent, Susan Johns, 366 Sandy Creek Road Salmon, Idaho 83467**

*(Name of person to whom this subpoena is directed)*

☒   *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   **See Schedule A.**

| Place: Lewis and Lewis Trial Lawyers, PLC 28150 N. Alma School Rd., Ste. 103-637 Scottsdale, AZ 85262 (By Mail) rob@lewislawfirm.com (Electronically) | Date and Time:      June 23, 2023 at 5:00pm |
|---|---|

☐   *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      05/25/2023

| *CLERK OF COURT* | OR | */s/Robert K. Lewis* |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Steven C. Johnson

_____ , who issues or requests this subpoena, are:

 Robert Lewis, 28150 N. Alma School Rd. Ste 103-637, Scottsdale, AZ 85262, Rob@LewisLawFirm.com 602-889-6666

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:20-cv-08807-WHO

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐   I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____   on *(date)* _____ ; or

☐   I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly
transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial
expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits
specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research,
development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These
procedures apply to producing documents or electronically stored
information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as trial-
preparation material, the person making the claim may notify any party that
received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA DUCES TECUM - SCHEDULE A

*Johnson v. Glock, Inc., et al.*
3:20-cv-08807-WHO

To: Buffalo Bore Ammunitions

## INSTRUCTIONS

1.      Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2.      Each document responsive to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each category to which they are responsive.

3.      Complete documents, including all attachments, cover memos, appendices, etc., shall be produced if any part of the writing is responsive to a request.  Responding Party shall not mask or delete any part of a document if that document contains information responsive to a request.  Documents found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

4.      Unless otherwise agreed to, documents that are maintained in the normal course of business in electronic format shall be produced in their native format, including all metadata in standard delimited ASCII format, along with the software necessary to interpret such files if such software is not readily available, and are not to be converted to any other format, such as paper, tiff image or PDF file.

5.      If YOU produce scanned documents on compact discs, then documents should be produced in single page tiff format and YOU should also produce (i) the load file with each set of documents (this file provides the beginning bates, end bates, directory, filename and page count, to allow a match between the data and the files themselves), (ii) attachment information so it can be determined which attachments go with which

documents produced, and (iii) any other objective coding for each document produced, including any fields for source, date, author, recipients and custodian of the documents.

        a.      "YOU" or "YOUR," mean Responding Party and its attorneys, predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former officers, owners, directors, members, partners, managers, trustees, representatives, agents, employees and all persons presently or formerly acting, or purporting to act, on its behalf, or on behalf of its predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities and related entities, for any purpose whatsoever.

      6.     If any responsive document was, but is no longer in existence or in Responding Party's possession, custody or control, identify its current or last-known custodian and describe in full the circumstances surrounding its disposition from Responding Party's possession, custody or control. A document shall be deemed to be in Responding Party's control if Responding Party has the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

      7.     "And," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the request is not excluded.

      8.     These are continuing requests for production of documents. If, subsequent to responding to any such request, additional documents are received or discovered prior to the date of trial or Responding Party becomes aware of any further information pertaining to such request, Responding Party is hereby requested to serve supplemental responses and provide such additional documents promptly and as long before trial as possible, in order to supplement, amend or correct Responding Party's responses; otherwise, it will be assumed that the responses originally given continue to be YOUR complete responses to these requests.

      9.     If any documents requested herein have been lost, discarded or destroyed,

they shall be identified as completely as possible, including, without limitation, the following information:  (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

     10.    If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged: (a) A brief description of the nature and contents of the matter claimed to be privileged; (b) The name, occupation and capacity of the individual from whom the privileged matter emanated; (c) The name, occupation and capacity of the individual to whom the allegedly privileged matter was produced; (d) The date the item bears; and (e) The privilege claimed.

## DEFINITIONS

For purposes of this subpoena and the subject matter categories listed below, the following definitions shall apply:

"YOU" or "YOUR" or "RESPONDING PARTY" refer to Buffalo Bore Ammunition and/or its subsidiaries and associated companies, and all of its present and former employees, agents, officers, directors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

"DOCUMENT" OR "DOCUMENTS" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to any and all originals, copies, non-identical copies and preliminary, intermediate and final drafts of correspondence, notes, minutes, records, messages, text and data messages, application data, policies, procedures, manuals, bulletins, memoranda, telephone memoranda, diaries,

contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, posters, placards, advertisements, newspaper clippings, tables, tabulations, financial statements, bank account statements, cleared checks, deposit slips, check stubs, wire transfer receipts, returned checks for insufficient funds, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packing materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, periodicals, accounts, objects, inter-office and intra-office communications, surveys, estimates, licenses, charts, graphs, indexes, calendars, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary drafts, or revisions of any of the foregoing, any document that has or contains any attachment, enclosure, comment, notation, addition, or insertion of any kind that is not part of another document, or any document that does not contain a comment, notation, addition, insertion, or marking of any kind that is part of another document, is considered to be a separate document.

"ELECTRONICALLY STORED INFORMATION" or "ESI" is used in the broadest possible sense and includes, but is not limited to, all information that is stored in an electronic medium.

"CLASS GUN" means all Glock handguns referenced and referred to by model including, but not limited to any model that fires a 45 caliber ACP round, any model that fires a 40 S&W round, any model that fires a 45 GAP, any model that fires a 10 mm round of ammunition. This class includes all these models regardless of the generation, the magazine capacity, the grips, the color, the frame length, the sites, whether it includes a provision for optics, or whether it is approved for sale to the public by the State of California. This includes but is not limited to the following Models:

- Model 22 all generations (caliber .40 S&W)

- Model 23 of all generations and variations 23, (caliber .40 S&W)
- Model 24, (caliber .40 S&W)
- Model 27, 27 Gen 4, (caliber .40 S&W)
- Model 35, 35 Gen 4, 35 Gen 4 MOS, (caliber .40 S&W)
- Model 21 Gen 4, (caliber .45 ACP)
- Model 21 SF, (caliber .45 ACP)
- Model 30 Gen 4, (caliber .45 ACP)
- Model 30s, (caliber .45 ACP)
- Model 30 SF, (caliber .45 ACP)
- Model 36, (caliber .45 ACP)
- Model 41 Gen 4, 41 Gen 4 MOS, (caliber 45 ACP)
- Model 37, (caliber .45 GAP)
- Model 38, (caliber .45 GAP)
- Model 39, (caliber .45 GAP)
- Model 20 Gen 4, (caliber 10mm)
- Model 20 SF, (caliber 10mm)
- Model 29 Gen 4, (caliber 10mm)
- Model 29 SF, (caliber 10mm)
- Model 40 Gen 4 MOS, (caliber 10mm)
- All gun models with a similar chamber design and feed ramp length including all pistols manufactured to fire .40 Smith and Wesson, .45 ACP, .45 GAP and 10 MM.

"UNSUPPORTED CHAMBER DESIGN/DEFECT" means the alleged design/defect in this case where the loading ramp has been designed in such a way that, together with the case, it forms a kind of vent. Depending on the quality of material used for the cases, it is alleged that these will crack in this area under gas pressure due to lack of support. The powder gases escaping downward under high pressure may thus

occasionally cause damage on the grip or will cause a witness mark, bulge, or smile in the ammunition case.  The plaintiff alleges in this case that for every CLASS GUN, there is a significant chance that one or both of the following things will happen upon pulling the trigger: (a) the brass casing of the bullet will bulge out or "smile," bulging thereby distorting the brass casing; and (b) "blowout," "kaboom," or "rupture," or tear which is when the round/casing blows up or separates and a piece of the casing dislodges. Plaintiff alleges this condition or feature is caused by the lack of complete support for the casing of ammunition at the 6 o'clock position of a round of ammunition seated in the chamber.

<u>**ITEMS TO BE PRODUCED**</u>

1.    All DOCUMENTS and ESI reflecting intracompany communications regarding the UNSUPPORTED CHAMBER DESIGN/DEFECT, in the CLASS GUNS manufactured by Glock firearms causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

2.    All DOCUMENTS and ESI reflecting intercompany communications between YOU and third parties regarding the UNSUPPORTED CHAMBER DEFECT, of the CLASS GUNS manufactured by Glock causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

3.    All DOCUMENTS and ESI reflecting CLASS GUN owners or users making a complaint, warranty claim, or return/replacement request involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing a CLASS GUN including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

4.    All DOCUMENTS and ESI reflecting testing and inspections performed by YOU after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition

failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

5.    All DOCUMENTS and ESI reflecting communications with third parties, (including but not limited to Glock, Inc, Glock Ges.m.b.H, Glock retailers, wholesalers, repair technicians, armorers, purchasers or consumer of your products), after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

6.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed to leave a part of the casing unsupported to act as a feature to vent gas downward.

7.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber fails due to:

     a.    either an over-pressured round,

     b.    a weakness in the casing,

     c.    an under-loaded round with an air annulus,

     d.    or a round where deflagration detonation transition (DDT) occurred, or concurrent Chapman-Jourguet wave fronts result in alternating CJ shock waves causing a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

8.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was

intentionally designed by Glock Inc. or Glock Ges.m.b.H to leave a part of the casing unsupported to increase reliable feeding of ammunition.

9.    All DOCUMENTS and ESI reflecting whether YOU tested, or contemplated testing, certain types of "material quality" or different manufacturing processes to determine the pressures required to safely fire the CLASS GUNS with an UNSUPPORTED CHAMBER DESIGN/DEFECT.

10.    All DOCUMENTS and ESI reflecting whether to warn that CLASS GUNS should not be used with cases made of YOUR PRODUCTS manufactured with certain materials (e.g., brass, steel, aluminum).

11.    All DOCUMENTS and ESI reflecting additional or special reloading equipment needed to reload ammunition casings that have been fired through a CLASS GUN.

12.    All DOCUMENTS and ESI reflecting aftermarket replacement barrels for CLASS GUNS that have a supported chamber.

13.    All DOCUMENTS and ESI reflecting disputes with any law enforcement agency over CLASS GUN performance when firing YOUR PRODUCTS.

14.    Photographs, video, or computer images of CLASS GUNS that have suffered a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

15.    All DOCUMENTS and ESI reflecting litigation involving YOUR PRODUCTS when fired from a CLASS GUN.

16.    All DOCUMENTS and ESI reflecting engineering or expert opinions involving YOUR PRODUCTS when fired from a CLASS GUN.

# EXHIBIT 6

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_Northern District of California

| | |
|---|---|
| Steven C. Johnson, and individual, on behalf of himself and all others similarly situated, *Plaintiff* | ) ) ) |
| v. | ) |
| Glock, Inc., a Georgia Corporation; Glock Ges.m.b.H, an Austrian entity, et al. *Defendant* | ) ) ) |

Civil Action No.    3:20-cv-08807-WHO

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    **Cabela's, CT Corp Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801**

*(Name of person to whom this subpoena is directed)*

☒   *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    **See Schedule A.**

| Place: | Lewis and Lewis Trial Lawyers, PLC 28150 N. Alma School Rd., Ste. 103-637 Scottsdale, AZ 85262 (By Mail) rob@lewislawfirm.com (Electronically) | Date and Time: | June 23, 2023 at 5:00pm |
|---|---|---|---|

☐   *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | | Date and Time: | |
|---|---|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/25/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | */s/Robert K. Lewis* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Steven C. Johnson

_____ , who issues or requests this subpoena, are:

 Robert Lewis, 28150 N. Alma School Rd. Ste 103-637, Scottsdale, AZ, 85262, Rob@LewisLawFirm.com 602-889-6666

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:20-cv-08807-WHO

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA DUCES TECUM - SCHEDULE A

*Johnson v. Glock, Inc., et al.*
3:20-cv-08807-WHO

To:
Bass Pro Shop
BPS Direct, LLC
Cabela's Inc.
Great Outdoors Group LLC
Sportsman's Warehouse Inc.

## INSTRUCTIONS

1.      Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2.      Each document responsive to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each category to which they are responsive.

3.      Complete documents, including all attachments, cover memos, appendices, etc., shall be produced if any part of the writing is responsive to a request. Responding Party shall not mask or delete any part of a document if that document contains information responsive to a request. Documents found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

4.      Unless otherwise agreed to, documents that are maintained in the normal course of business in electronic format shall be produced in their native format, including all metadata in standard delimited ASCII format, along with the software necessary to interpret such files if such software is not readily available, and are not to be converted to any other format, such as paper, tiff image or PDF file.

5.      If YOU produce scanned documents on compact discs, then documents

should be produced in single page tiff format and YOU should also produce (i) the load file with each set of documents (this file provides the beginning bates, end bates, directory, filename and page count, to allow a match between the data and the files themselves), (ii) attachment information so it can be determined which attachments go with which documents produced, and (iii) any other objective coding for each document produced, including any fields for source, date, author, recipients and custodian of the documents.

        a.     "YOU" or "YOUR," mean Responding Party and its attorneys, predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former officers, owners, directors, members, partners, managers, trustees, representatives, agents, employees and all persons presently or formerly acting, or purporting to act, on its behalf, or on behalf of its predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities and related entities, for any purpose whatsoever.

        6.     If any responsive document was, but is no longer in existence or in Responding Party's possession, custody or control, identify its current or last-known custodian and describe in full the circumstances surrounding its disposition from Responding Party's possession, custody or control. A document shall be deemed to be in Responding Party's control if Responding Party has the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

        7.     "And," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the request is not excluded.

        8.     These are continuing requests for production of documents. If, subsequent to responding to any such request, additional documents are received or discovered prior to the date of trial or Responding Party becomes aware of any further information pertaining to such request, Responding Party is hereby requested to serve supplemental responses and provide such additional documents promptly and as long before trial as

possible, in order to supplement, amend or correct Responding Party's responses; otherwise, it will be assumed that the responses originally given continue to be YOUR complete responses to these requests.

9.     If any documents requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including, without limitation, the following information:  (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

10.     If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged: (a) A brief description of the nature and contents of the matter claimed to be privileged; (b) The name, occupation and capacity of the individual from whom the privileged matter emanated; (c) The name, occupation and capacity of the individual to whom the allegedly privileged matter was produced; (d) The date the item bears; and (e) The privilege claimed.

## **DEFINITIONS**

For purposes of this subpoena and the subject matter categories listed below, the following definitions shall apply:

"YOU" or "YOUR" or "RESPONDING PARTY" refer to Bass Pro Shop, BPS Direct, LLC, Cabela's Inc., Great Outdoors Group LLC, Sportsman's Warehouse Inc. and/or its/their  subsidiaries and associated companies, and all of its present and former employees, agents, officers, directors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

"DOCUMENT" OR "DOCUMENTS" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic,

photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to any and all originals, copies, non-identical copies and preliminary, intermediate and final drafts of correspondence, notes, minutes, records, messages, text and data messages, application data, policies, procedures, manuals, bulletins, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, posters, placards, advertisements, newspaper clippings, tables, tabulations, financial statements, bank account statements, cleared checks, deposit slips, check stubs, wire transfer receipts, returned checks for insufficient funds, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packing materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, periodicals, accounts, objects, inter-office and intra-office communications, surveys, estimates, licenses, charts, graphs, indexes, calendars, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary drafts, or revisions of any of the foregoing, any document that has or contains any attachment, enclosure, comment, notation, addition, or insertion of any kind that is not part of another document, or any document that does not contain a comment, notation, addition, insertion, or marking of any kind that is part of another document, is considered to be a separate document.

"ELECTRONICALLY STORED INFORMATION" or "ESI" is used in the broadest possible sense and includes, but is not limited to, all information that is stored in an electronic medium.

"CLASS GUN" means all Glock handguns referenced and referred to by model including, but not limited to any model that fires a 45 caliber ACP round, any model that fires a 40 S&W round, any model that fires a 45 GAP, any model that fires a 10 mm round

of ammunition. This class includes all these models regardless of the generation, the magazine capacity, the grips, the color, the frame length, the sites, whether it includes a provision for optics, or whether it is approved for sale to the public by the State of California. This includes but is not limited to the following Models:

- Model 22 all generations (caliber .40 S&W)
- Model 23 of all generations and variations 23, (caliber .40 S&W)
- Model 24, (caliber .40 S&W)
- Model 27, 27 Gen 4, (caliber .40 S&W)
- Model 35, 35 Gen 4, 35 Gen 4 MOS, (caliber .40 S&W)
- Model 21 Gen 4, (caliber .45 ACP)
- Model 21 SF, (caliber .45 ACP)
- Model 30 Gen 4, (caliber .45 ACP)
- Model 30s, (caliber .45 ACP)
- Model 30 SF, (caliber .45 ACP)
- Model 36, (caliber .45 ACP)
- Model 41 Gen 4, 41 Gen 4 MOS, (caliber 45 ACP)
- Model 37, (caliber .45 GAP)
- Model 38, (caliber .45 GAP)
- Model 39, (caliber .45 GAP)
- Model 20 Gen 4, (caliber 10mm)
- Model 20 SF, (caliber 10mm)
- Model 29 Gen 4, (caliber 10mm)
- Model 29 SF, (caliber 10mm)
- Model 40 Gen 4 MOS, (caliber 10mm)
- All gun models with a similar chamber design and feed ramp length including all pistols manufactured to fire .40 Smith and Wesson, .45 ACP, .45 GAP and 10 MM.

"UNSUPPORTED CHAMBER DESIGN/DEFECT" means the alleged design/defect in this case where the loading ramp has been designed in such a way that, together with the case, it forms a kind of vent. Depending on the quality of material used for the cases, it is alleged that these will crack in this area under gas pressure due to lack of support. The powder gases escaping downward under high pressure may thus occasionally cause damage on the grip or will cause a witness mark, bulge, or smile in the ammunition case. The plaintiff alleges in this case that for every CLASS GUN, there is a significant chance that one or both of the following things will happen upon pulling the trigger: (a) the brass casing of the bullet will bulge out or "smile," bulging thereby distorting the brass casing; and (b) "blowout," "kaboom," or "rupture," or tear which is when the round/casing blows up or separates and a piece of the casing dislodges. Plaintiff alleges this condition or feature is caused by the lack of complete support for the casing of ammunition at the 6 o'clock position of a round of ammunition seated in the chamber.

## ITEMS TO BE PRODUCED

1.      All DOCUMENTS and ESI reflecting intracompany communications regarding the UNSUPPORTED CHAMBER DESIGN/DEFECT, in the CLASS GUNS manufactured by Glock firearms causing or contributing to case failures, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

2.      All DOCUMENTS and ESI reflecting intercompany communications between YOU and third parties regarding the UNSUPPORTED CHAMBER DEFECT, of the CLASS GUNS manufactured by Glock causing or contributing to case failures, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

3.      All DOCUMENTS and ESI reflecting CLASS GUN owners or users making a complaint, warranty claim, or return/replacement request involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not

fire as expected or where there was an unexpected result during firing a CLASS GUN including, but not limited to, case failures, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

4.    All DOCUMENTS and ESI reflecting testing and inspections performed by YOU or others after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

5.    All DOCUMENTS and ESI reflecting communications with third parties, (including but not limited to Glock, Inc, Glock Ges.m.b.H, Glock retailers, wholesalers, repair technicians, armorers, purchasers or consumers of your products), after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, case blowouts, case ruptures, case bulging, case tears, case smiles, and deformed casings.

6.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed to leave a part of the casing unsupported to act as a feature to vent gas downward.

7.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber fails due to:

    a.    either an over-pressured round,

    b.    a weakness in the casing,

    c.    an under-loaded round with an air annulus,

d.    or a round where deflagration detonation transition (DDT) occurred, or concurrent Chapman-Jourguet wave fronts result in alternating CJ shock waves causing a case failure, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

8.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed by Glock Inc. or Glock Ges.m.b.H to leave a part of the casing unsupported to increase reliable feeding of ammunition.

9.    All DOCUMENTS and ESI reflecting whether YOU tested, or contemplated testing, certain types of "material quality" or different manufacturing processes to determine the pressures required to safely fire the CLASS GUNS with an UNSUPPORTED CHAMBER DESIGN/DEFECT.

10.    All DOCUMENTS and ESI reflecting additional or special reloading equipment needed to reload ammunition casings that have been fired through a CLASS GUN.

11.    All DOCUMENTS and ESI reflecting aftermarket replacement barrels for CLASS GUNS that have a supported chamber.

12.    All DOCUMENTS and ESI reflecting disputes with any law enforcement agency over CLASS GUN.

13.    Photographs, video, or computer images of CLASS GUNS that have suffered a case failure, Kabooms, case blowouts, case ruptures, case bulging, case tears, case smiles, and deformed casings.

14.    All DOCUMENTS and ESI reflecting litigation involving a CLASS GUN.

15.    All DOCUMENTS and ESI reflecting engineering or expert opinions involving a CLASS GUN.

16.    All DOCUMENTS and ESI reflecting all manuals, literature, notices, warnings, etc. provided to dealers or sellers of Class Guns in California since 2016.

17.     All DOCUMENTS and ESI reflecting all manuals, literature, notices, warnings, etc. provided to individuals who purchased CLASS GUNS in California since 2016.

18.     All DOCUMENTS and ESI reflecting YOUR policies, procedures, and guidelines since 2016 regarding providing notice or warning by suppliers and wholesalers of CLASS GUNS in California of known or possible defects or dangers when firing CLASS GUNS.

19.     All DOCUMENTS and ESI reflecting YOUR policies, procedures, and guidelines since 2016 regarding providing notice or warning to CLASS GUN owners in California, or prospective owners, of known or possible defects or dangers when firing CLASS GUNS.

20.     All DOCUMENTS and ESI identifying (by name, present or last known address, email address, and telephone number) YOUR suppliers of CLASS GUNS in California since 2016.

21.     All DOCUMENTS and ESI reflecting YOUR communications with Glock wholesalers or sellers in California about this lawsuit, including requests to identify the number of CLASS GUNS sold and/or identities of potential class members.

22.     All DOCUMENTS and ESI reflecting the total number of units sold for each CLASS GUN purchased in California since 2016.  If YOU lack knowledge of the total number of units sold to California residents, produce all DOCUMENTS and ESI reflecting the total number of units sold to YOU by suppliers or wholesalers sales in California since 2016.

23.     All DOCUMENTS and ESI reflecting the wholesale price of each CLASS GUN sold in California since 2016.

24.     All DOCUMENTS and ESI reflecting the actual retail price of each CLASS GUN sold in California since 2016.  If YOU lack knowledge of the actual retail price,

produce all DOCUMENTS and ESI reflecting the suggested retail price of each CLASS GUN sold in California since 2016.

25.     All DOCUMENTS and ESI reflecting the replacement cost of each CLASS GUN sold in California since 2016.

26.     All DOCUMENTS and ESI reflecting the actual cash value each CLASS GUN sold in California since 2016.

# EXHIBIT 7

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_Northern District of California

| | |
|---|---|
| Steven C. Johnson, and individual, on behalf of himself and all others similarly situated, | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Glock, Inc., a Georgia Corporation; Glock Ges.m.b.H, an Austrian entity, et al. | ) |
| _Defendant_ | ) |

Civil Action No.     3:20-cv-08807-WHO

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  **Cascade Cartridge Inc. care of Vista Outdoors Inc Ammunition, care of: The Corporation Trust Company, Corporation Trust Center 1209 Orange Street Wilmington, DE 19801**

*(Name of person to whom this subpoena is directed)*

☒   *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   **See Schedule A.**

| | | | |
|---|---|---|---|
| Place: | Lewis and Lewis Trial Lawyers, PLC 28150 N. Alma School Rd., Ste. 103-637 Scottsdale, AZ 85262 (By Mail) rob@lewislawfirm.com (Electronically) | Date and Time: | June 23, 2023 at 5:00pm |

☐   *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/25/2023

CLERK OF COURT

OR     */s/Robert K. Lewis*

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Steven C. Johnson

_____ , who issues or requests this subpoena, are:

 Robert Lewis, 28150 N. Alma School Rd. Ste 103-637, Scottsdale, AZ 85262, Rob@LewisLawFirm.com 602-889-6666

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:20-cv-08807-WHO

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA DUCES TECUM - SCHEDULE A

*Johnson v. Glock, Inc., et al.*
3:20-cv-08807-WHO

To: Vista Outdoors Inc, Federal Premium Ammunition, Speer Ammunition, Remington, CCI – Cascade Cartridge Incorporated, Aguila and/or its subsidiaries and associated companies

## INSTRUCTIONS

1.      Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2.      Each document responsive to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each category to which they are responsive.

3.      Complete documents, including all attachments, cover memos, appendices, etc., shall be produced if any part of the writing is responsive to a request.  Responding Party shall not mask or delete any part of a document if that document contains information responsive to a request.  Documents found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

4.      Unless otherwise agreed to, documents that are maintained in the normal course of business in electronic format shall be produced in their native format, including all metadata in standard delimited ASCII format, along with the software necessary to interpret such files if such software is not readily available, and are not to be converted to any other format, such as paper, tiff image or PDF file.

5.      If YOU produce scanned documents on compact discs, then documents should be produced in single page tiff format and YOU should also produce (i) the load file with each set of documents (this file provides the beginning bates, end bates, directory,

filename and page count, to allow a match between the data and the files themselves), (ii) attachment information so it can be determined which attachments go with which documents produced, and (iii) any other objective coding for each document produced, including any fields for source, date, author, recipients and custodian of the documents.

a.    "YOU" or "YOUR," mean Responding Party and its attorneys, predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former officers, owners, directors, members, partners, managers, trustees, representatives, agents, employees and all persons presently or formerly acting, or purporting to act, on its behalf, or on behalf of its predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities and related entities, for any purpose whatsoever.

6.    If any responsive document was, but is no longer in existence or in Responding Party's possession, custody or control, identify its current or last-known custodian and describe in full the circumstances surrounding its disposition from Responding Party's possession, custody or control.  A document shall be deemed to be in Responding Party's control if Responding Party has the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

7.    "And," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the request is not excluded.

8.    These are continuing requests for production of documents.  If, subsequent to responding to any such request, additional documents are received or discovered prior to the date of trial or Responding Party becomes aware of any further information pertaining to such request, Responding Party is hereby requested to serve supplemental responses and provide such additional documents promptly and as long before trial as possible, in order to supplement, amend or correct Responding Party's responses; otherwise, it will be assumed that the responses originally given continue to be YOUR

complete responses to these requests.

9.    If any documents requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including, without limitation, the following information:  (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

10.    If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged: (a) A brief description of the nature and contents of the matter claimed to be privileged; (b) The name, occupation and capacity of the individual from whom the privileged matter emanated; (c) The name, occupation and capacity of the individual to whom the allegedly privileged matter was produced; (d) The date the item bears; and (e) The privilege claimed.

## **DEFINITIONS**

For purposes of this subpoena and the subject matter categories listed below, the following definitions shall apply:

"YOU" or "YOUR" or "RESPONDING PARTY" refer to Vista Outdoors Inc, Federal Premium Ammunition, Speer Ammunition, Remington, CCI – Cascade Cartridge Incorporated, Aguila and/or its subsidiaries and associated companies, and all of its present and former employees, agents, officers, directors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

"DOCUMENT" OR "DOCUMENTS" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to any and

all originals, copies, non-identical copies and preliminary, intermediate and final drafts of correspondence, notes, minutes, records, messages, text and data messages, application data, policies, procedures, manuals, bulletins, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, posters, placards, advertisements, newspaper clippings, tables, tabulations, financial statements, bank account statements, cleared checks, deposit slips, check stubs, wire transfer receipts, returned checks for insufficient funds, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packing materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, periodicals, accounts, objects, inter-office and intra-office communications, surveys, estimates, licenses, charts, graphs, indexes, calendars, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary drafts, or revisions of any of the foregoing, any document that has or contains any attachment, enclosure, comment, notation, addition, or insertion of any kind that is not part of another document, or any document that does not contain a comment, notation, addition, insertion, or marking of any kind that is part of another document, is considered to be a separate document.

"ELECTRONICALLY STORED INFORMATION" or "ESI" is used in the broadest possible sense and includes, but is not limited to, all information that is stored in an electronic medium.

"CLASS GUN" means all Glock handguns referenced and referred to by model including, but not limited to any model that fires a 45 caliber ACP round, any model that fires a 40 S&W round, any model that fires a 45 GAP, any model that fires a 10 mm round of ammunition. This class includes all these models regardless of the generation, the magazine capacity, the grips, the color, the frame length, the sites, whether it includes a

provision for optics, or whether it is approved for sale to the public by the State of California. This includes but is not limited to the following Models:

- Model 22 all generations (caliber .40 S&W)

- Model 23 of all generations and variations 23, (caliber .40 S&W)

- Model 24, (caliber .40 S&W)

- Model 27, 27 Gen 4, (caliber .40 S&W)

- Model 35, 35 Gen 4, 35 Gen 4 MOS, (caliber .40 S&W)

- Model 21 Gen 4, (caliber .45 ACP)

- Model 21 SF, (caliber .45 ACP)

- Model 30 Gen 4, (caliber .45 ACP)

- Model 30s, (caliber .45 ACP)

- Model 30 SF, (caliber .45 ACP)

- Model 36, (caliber .45 ACP)

- Model 41 Gen 4, 41 Gen 4 MOS, (caliber 45 ACP)

- Model 37, (caliber .45 GAP)

- Model 38, (caliber .45 GAP)

- Model 39, (caliber .45 GAP)

- Model 20 Gen 4, (caliber 10mm)

- Model 20 SF, (caliber 10mm)

- Model 29 Gen 4, (caliber 10mm)

- Model 29 SF, (caliber 10mm)

- Model 40 Gen 4 MOS, (caliber 10mm)

- All gun models with a similar chamber design and feed ramp length including all pistols manufactured to fire .40 Smith and Wesson, .45 ACP, .45 GAP and 10 MM.

"UNSUPPORTED CHAMBER DESIGN/DEFECT" means the alleged design/defect in this case where the loading ramp has been designed in such a way that,

together with the case, it forms a kind of vent. Depending on the quality of material used for the cases, it is alleged that these will crack in this area under gas pressure due to lack of support. The powder gases escaping downward under high pressure may thus occasionally cause damage on the grip or will cause a witness mark, bulge, or smile in the ammunition case. The plaintiff alleges in this case that for every CLASS GUN, there is a significant chance that one or both of the following things will happen upon pulling the trigger: (a) the brass casing of the bullet will bulge out or "smile," bulging thereby distorting the brass casing; and (b) "blowout," "kaboom," or "rupture," or tear which is when the round/casing blows up or separates and a piece of the casing dislodges. Plaintiff alleges this condition or feature is caused by the lack of complete support for the casing of ammunition at the 6 o'clock position of a round of ammunition seated in the chamber.

## <u>ITEMS TO BE PRODUCED</u>

1.      All DOCUMENTS and ESI reflecting intracompany communications regarding the UNSUPPORTED CHAMBER DESIGN/DEFECT, in the CLASS GUNS manufactured by Glock firearms causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

2.      All DOCUMENTS and ESI reflecting intercompany communications between YOU and third parties regarding the UNSUPPORTED CHAMBER DEFECT, of the CLASS GUNS manufactured by Glock causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

3.      All DOCUMENTS and ESI reflecting CLASS GUN owners or users making a complaint, warranty claim, or return/replacement request involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing a CLASS GUN including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

4.     All DOCUMENTS and ESI reflecting testing and inspections performed by YOU after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

5.     All DOCUMENTS and ESI reflecting communications with third parties, (including but not limited to Glock, Inc, Glock Ges.m.b.H, Glock retailers, wholesalers, repair technicians, armorers, purchasers or consumer of your products), after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

6.     All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed to leave a part of the casing unsupported to act as a feature to vent gas downward.

7.     All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber fails due to:

      a.     either an over-pressured round,

      b.     a weakness in the casing,

      c.     an under-loaded round with an air annulus,

      d.     or a round where deflagration detonation transition (DDT) occurred, or concurrent Chapman-Jourguet wave fronts result in alternating CJ shock waves causing a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

8.     All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed by Glock Inc. or Glock Ges.m.b.H to leave a part of the casing unsupported to increase reliable feeding of ammunition.

9.     All DOCUMENTS and ESI reflecting whether YOU tested, or contemplated testing, certain types of "material quality" or different manufacturing processes to determine the pressures required to safely fire the CLASS GUNS with an UNSUPPORTED CHAMBER DESIGN/DEFECT.

10.     All DOCUMENTS and ESI reflecting whether to warn that CLASS GUNS should not be used with cases made of YOUR PRODUCTS manufactured with certain materials (e.g., brass, steel, aluminum).

11.     All DOCUMENTS and ESI reflecting additional or special reloading equipment needed to reload ammunition casings that have been fired through a CLASS GUN.

12.     All DOCUMENTS and ESI reflecting aftermarket replacement barrels for CLASS GUNS that have a supported chamber.

13.     All DOCUMENTS and ESI reflecting disputes with any law enforcement agency over CLASS GUN performance when firing YOUR PRODUCTS.

14.     Photographs, video, or computer images of CLASS GUNS that have suffered a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

15.     All DOCUMENTS and ESI reflecting litigation involving YOUR PRODUCTS when fired from a CLASS GUN.

16.     All DOCUMENTS and ESI reflecting engineering or expert opinions involving YOUR PRODUCTS when fired from a CLASS GUN.

# EXHIBIT 8

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

\_Northern District of California

| | |
|---|---|
| Steven C. Johnson, and individual, on behalf of himself and all others similarly situated,<br>*Plaintiff*<br>v.<br>Glock, Inc., a Georgia Corporation; Glock Ges.m.b.H, an Austrian entity, et al.<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.    3:20-cv-08807-WHO |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    **Glaser Ammunition, CorBon Inc., Terry A. Perrine, 6299 Secrest Road, Wooster, Ohio 44691**

*(Name of person to whom this subpoena is directed)*

☒   *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   **See Schedule A.**

| Place: | Lewis and Lewis Trial Lawyers, PLC 28150 N. Alma School Rd., Ste. 103-637 Scottsdale, AZ 85262 (By Mail)<br>rob@lewislawfirm.com (Electronically) | Date and Time: | June 23, 2023 at 5:00pm |
|---|---|---|---|

☐   *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/25/2023

*CLERK OF COURT*

                     OR     */s/Robert K. Lewis*

_____     _____

     *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Steven C. Johnson

_____ , who issues or requests this subpoena, are:

Robert Lewis, 28150 N. Alma School Rd. Ste 103-637, Scottsdale, AZ 85262, Rob@LewisLawFirm.com 602-889-6666

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:20-cv-08807-WHO

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA DUCES TECUM - SCHEDULE A

*Johnson v. Glock, Inc., et al.*
3:20-cv-08807-WHO

To: CorBon Inc., Glaser Ammunition, Cor-Bon/Glaser LLC

## INSTRUCTIONS

1.     Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2.     Each document responsive to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each category to which they are responsive.

3.     Complete documents, including all attachments, cover memos, appendices, etc., shall be produced if any part of the writing is responsive to a request.  Responding Party shall not mask or delete any part of a document if that document contains information responsive to a request.  Documents found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

4.     Unless otherwise agreed to, documents that are maintained in the normal course of business in electronic format shall be produced in their native format, including all metadata in standard delimited ASCII format, along with the software necessary to interpret such files if such software is not readily available, and are not to be converted to any other format, such as paper, tiff image or PDF file.

5.     If YOU produce scanned documents on compact discs, then documents should be produced in single page tiff format and YOU should also produce (i) the load file with each set of documents (this file provides the beginning bates, end bates, directory, filename and page count, to allow a match between the data and the files themselves), (ii) attachment information so it can be determined which attachments go with which

documents produced, and (iii) any other objective coding for each document produced, including any fields for source, date, author, recipients and custodian of the documents.

        a.      "YOU" or "YOUR," mean Responding Party and its attorneys, predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former officers, owners, directors, members, partners, managers, trustees, representatives, agents, employees and all persons presently or formerly acting, or purporting to act, on its behalf, or on behalf of its predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities and related entities, for any purpose whatsoever.

        6.     If any responsive document was, but is no longer in existence or in Responding Party's possession, custody or control, identify its current or last-known custodian and describe in full the circumstances surrounding its disposition from Responding Party's possession, custody or control.  A document shall be deemed to be in Responding Party's control if Responding Party has the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

        7.     "And," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the request is not excluded.

        8.     These are continuing requests for production of documents.  If, subsequent to responding to any such request, additional documents are received or discovered prior to the date of trial or Responding Party becomes aware of any further information pertaining to such request, Responding Party is hereby requested to serve supplemental responses and provide such additional documents promptly and as long before trial as possible, in order to supplement, amend or correct Responding Party's responses; otherwise, it will be assumed that the responses originally given continue to be YOUR complete responses to these requests.

        9.     If any documents requested herein have been lost, discarded or destroyed,

they shall be identified as completely as possible, including, without limitation, the following information:  (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

10.    If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged: (a) A brief description of the nature and contents of the matter claimed to be privileged; (b) The name, occupation and capacity of the individual from whom the privileged matter emanated; (c) The name, occupation and capacity of the individual to whom the allegedly privileged matter was produced; (d) The date the item bears; and (e) The privilege claimed.

## DEFINITIONS

For purposes of this subpoena and the subject matter categories listed below, the following definitions shall apply:

"YOU" or "YOUR" or "RESPONDING PARTY" refer to Cor-Bon/Glaser LLC , CorBon Inc. and Glaser Ammunition and/or its subsidiaries and associated companies, and all of its present and former employees, agents, officers, directors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

"DOCUMENT" OR "DOCUMENTS" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to any and all originals, copies, non-identical copies and preliminary, intermediate and final drafts of correspondence, notes, minutes, records, messages, text and data messages, application data, policies, procedures, manuals, bulletins, memoranda, telephone memoranda, diaries,

contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, posters, placards, advertisements, newspaper clippings, tables, tabulations, financial statements, bank account statements, cleared checks, deposit slips, check stubs, wire transfer receipts, returned checks for insufficient funds, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packing materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, periodicals, accounts, objects, inter-office and intra-office communications, surveys, estimates, licenses, charts, graphs, indexes, calendars, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary drafts, or revisions of any of the foregoing, any document that has or contains any attachment, enclosure, comment, notation, addition, or insertion of any kind that is not part of another document, or any document that does not contain a comment, notation, addition, insertion, or marking of any kind that is part of another document, is considered to be a separate document.

"ELECTRONICALLY STORED INFORMATION" or "ESI" is used in the broadest possible sense and includes, but is not limited to, all information that is stored in an electronic medium.

"CLASS GUN" means all Glock handguns referenced and referred to by model including, but not limited to any model that fires a 45 caliber ACP round, any model that fires a 40 S&W round, any model that fires a 45 GAP, any model that fires a 10 mm round of ammunition. This class includes all these models regardless of the generation, the magazine capacity, the grips, the color, the frame length, the sites, whether it includes a provision for optics, or whether it is approved for sale to the public by the State of California. This includes but is not limited to the following Models:

- Model 22 all generations (caliber .40 S&W)

- Model 23 of all generations and variations 23, (caliber .40 S&W)
- Model 24, (caliber .40 S&W)
- Model 27, 27 Gen 4, (caliber .40 S&W)
- Model 35, 35 Gen 4, 35 Gen 4 MOS, (caliber .40 S&W)
- Model 21 Gen 4, (caliber .45 ACP)
- Model 21 SF, (caliber .45 ACP)
- Model 30 Gen 4, (caliber .45 ACP)
- Model 30s, (caliber .45 ACP)
- Model 30 SF, (caliber .45 ACP)
- Model 36, (caliber .45 ACP)
- Model 41 Gen 4, 41 Gen 4 MOS, (caliber 45 ACP)
- Model 37, (caliber .45 GAP)
- Model 38, (caliber .45 GAP)
- Model 39, (caliber .45 GAP)
- Model 20 Gen 4, (caliber 10mm)
- Model 20 SF, (caliber 10mm)
- Model 29 Gen 4, (caliber 10mm)
- Model 29 SF, (caliber 10mm)
- Model 40 Gen 4 MOS, (caliber 10mm)
- All gun models with a similar chamber design and feed ramp length including all pistols manufactured to fire .40 Smith and Wesson, .45 ACP, .45 GAP and 10 MM.

"UNSUPPORTED CHAMBER DESIGN/DEFECT" means the alleged design/defect in this case where the loading ramp has been designed in such a way that, together with the case, it forms a kind of vent. Depending on the quality of material used for the cases, it is alleged that these will crack in this area under gas pressure due to lack of support. The powder gases escaping downward under high pressure may thus

occasionally cause damage on the grip or will cause a witness mark, bulge, or smile in the ammunition case.  The plaintiff alleges in this case that for every CLASS GUN, there is a significant chance that one or both of the following things will happen upon pulling the trigger: (a) the brass casing of the bullet will bulge out or "smile," bulging thereby distorting the brass casing; and (b) "blowout," "kaboom," or "rupture," or tear which is when the round/casing blows up or separates and a piece of the casing dislodges. Plaintiff alleges this condition or feature is caused by the lack of complete support for the casing of ammunition at the 6 o'clock position of a round of ammunition seated in the chamber.

## ITEMS TO BE PRODUCED

1.     All DOCUMENTS and ESI reflecting intracompany communications regarding the UNSUPPORTED CHAMBER DESIGN/DEFECT, in the CLASS GUNS manufactured by Glock firearms causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

2.     All DOCUMENTS and ESI reflecting intercompany communications between YOU and third parties regarding the UNSUPPORTED CHAMBER DEFECT, of the CLASS GUNS manufactured by Glock causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

3.     All DOCUMENTS and ESI reflecting CLASS GUN owners or users making a complaint, warranty claim, or return/replacement request involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing a CLASS GUN including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

4.     All DOCUMENTS and ESI reflecting testing and inspections performed by YOU after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition

failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

     5.     All DOCUMENTS and ESI reflecting communications with third parties, (including but not limited to Glock, Inc, Glock Ges.m.b.H, Glock retailers, wholesalers, repair technicians, armorers, purchasers or consumer of your products), after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

     6.     All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed to leave a part of the casing unsupported to act as a feature to vent gas downward.

     7.     All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber fails due to:

          a.     either an over-pressured round,

          b.     a weakness in the casing,

          c.     an under-loaded round with an air annulus,

          d.     or a round where deflagration detonation transition (DDT) occurred, or concurrent Chapman-Jourguet wave fronts result in alternating CJ shock waves causing a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

     8.     All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was

intentionally designed by Glock Inc. or Glock Ges.m.b.H to leave a part of the casing unsupported to increase reliable feeding of ammunition.

9.      All DOCUMENTS and ESI reflecting whether YOU tested, or contemplated testing, certain types of "material quality" or different manufacturing processes to determine the pressures required to safely fire the CLASS GUNS with an UNSUPPORTED CHAMBER DESIGN/DEFECT.

10.     All DOCUMENTS and ESI reflecting whether to warn that CLASS GUNS should not be used with cases made of YOUR PRODUCTS manufactured with certain materials (e.g., brass, steel, aluminum).

11.     All DOCUMENTS and ESI reflecting additional or special reloading equipment needed to reload ammunition casings that have been fired through a CLASS GUN.

12.     All DOCUMENTS and ESI reflecting aftermarket replacement barrels for CLASS GUNS that have a supported chamber.

13.     All DOCUMENTS and ESI reflecting disputes with any law enforcement agency over CLASS GUN performance when firing YOUR PRODUCTS.

14.     Photographs, video, or computer images of CLASS GUNS that have suffered a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

15.     All DOCUMENTS and ESI reflecting litigation involving YOUR PRODUCTS when fired from a CLASS GUN.

16.     All DOCUMENTS and ESI reflecting engineering or expert opinions involving YOUR PRODUCTS when fired from a CLASS GUN.

# EXHIBIT 9

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_Northern District of California

| | |
|---|---|
| Steven C. Johnson, and individual, on behalf of himself and all others similarly situated, | ) |
| *Plaintiff* | ) ) |
| v. | ) |
| Glock, Inc., a Georgia Corporation; Glock Ges.m.b.H, an Austrian entity, et al. | ) ) ) |
| *Defendant* | ) |

Civil Action No.    3:20-cv-08807-WHO

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    **Great Outdoors Group LLC, CT Corp Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801**

*(Name of person to whom this subpoena is directed)*

☒   *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    **See Schedule A.**

| Place:   Lewis and Lewis Trial Lawyers, PLC 28150 N. Alma School Rd., Ste. 103-637 Scottsdale, AZ 85262 (By Mail) rob@lewislawfirm.com (Electronically) | Date and Time:    June 23, 2023 at 5:00pm |
|---|---|

☐   *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        05/25/2023

|  |  | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | */s/Robert K. Lewis* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Steven C. Johnson

_____, who issues or requests this subpoena, are:

 Robert Lewis, 28150 N. Alma School Rd. Ste 103-637, Scottsdale, AZ, 85262, Rob@LewisLawFirm.com 602-889-6666

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:20-cv-08807-WHO

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA DUCES TECUM - SCHEDULE A

*Johnson v. Glock, Inc., et al.*
3:20-cv-08807-WHO

To:
Bass Pro Shop
BPS Direct, LLC
Cabela's Inc.
Great Outdoors Group LLC
Sportsman's Warehouse Inc.

## INSTRUCTIONS

1.      Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2.      Each document responsive to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each category to which they are responsive.

3.      Complete documents, including all attachments, cover memos, appendices, etc., shall be produced if any part of the writing is responsive to a request.  Responding Party shall not mask or delete any part of a document if that document contains information responsive to a request.  Documents found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

4.      Unless otherwise agreed to, documents that are maintained in the normal course of business in electronic format shall be produced in their native format, including all metadata in standard delimited ASCII format, along with the software necessary to interpret such files if such software is not readily available, and are not to be converted to any other format, such as paper, tiff image or PDF file.

5.      If YOU produce scanned documents on compact discs, then documents

should be produced in single page tiff format and YOU should also produce (i) the load file with each set of documents (this file provides the beginning bates, end bates, directory, filename and page count, to allow a match between the data and the files themselves), (ii) attachment information so it can be determined which attachments go with which documents produced, and (iii) any other objective coding for each document produced, including any fields for source, date, author, recipients and custodian of the documents.

      a.    "YOU" or "YOUR," mean Responding Party and its attorneys, predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former officers, owners, directors, members, partners, managers, trustees, representatives, agents, employees and all persons presently or formerly acting, or purporting to act, on its behalf, or on behalf of its predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities and related entities, for any purpose whatsoever.

      6.    If any responsive document was, but is no longer in existence or in Responding Party's possession, custody or control, identify its current or last-known custodian and describe in full the circumstances surrounding its disposition from Responding Party's possession, custody or control. A document shall be deemed to be in Responding Party's control if Responding Party has the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

      7.    "And," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the request is not excluded.

      8.    These are continuing requests for production of documents. If, subsequent to responding to any such request, additional documents are received or discovered prior to the date of trial or Responding Party becomes aware of any further information pertaining to such request, Responding Party is hereby requested to serve supplemental responses and provide such additional documents promptly and as long before trial as

possible, in order to supplement, amend or correct Responding Party's responses; otherwise, it will be assumed that the responses originally given continue to be YOUR complete responses to these requests.

9.      If any documents requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including, without limitation, the following information:  (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

10.      If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged: (a) A brief description of the nature and contents of the matter claimed to be privileged; (b) The name, occupation and capacity of the individual from whom the privileged matter emanated; (c) The name, occupation and capacity of the individual to whom the allegedly privileged matter was produced; (d) The date the item bears; and (e) The privilege claimed.

## **DEFINITIONS**

For purposes of this subpoena and the subject matter categories listed below, the following definitions shall apply:

"YOU" or "YOUR" or "RESPONDING PARTY" refer to Bass Pro Shop, BPS Direct, LLC, Cabela's Inc., Great Outdoors Group LLC, Sportsman's Warehouse Inc. and/or its/their  subsidiaries and associated companies, and all of its present and former employees, agents, officers, directors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

"DOCUMENT" OR "DOCUMENTS" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic,

photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to any and all originals, copies, non-identical copies and preliminary, intermediate and final drafts of correspondence, notes, minutes, records, messages, text and data messages, application data, policies, procedures, manuals, bulletins, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, posters, placards, advertisements, newspaper clippings, tables, tabulations, financial statements, bank account statements, cleared checks, deposit slips, check stubs, wire transfer receipts, returned checks for insufficient funds, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packing materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, periodicals, accounts, objects, inter-office and intra-office communications, surveys, estimates, licenses, charts, graphs, indexes, calendars, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary drafts, or revisions of any of the foregoing, any document that has or contains any attachment, enclosure, comment, notation, addition, or insertion of any kind that is not part of another document, or any document that does not contain a comment, notation, addition, insertion, or marking of any kind that is part of another document, is considered to be a separate document.

"ELECTRONICALLY STORED INFORMATION" or "ESI" is used in the broadest possible sense and includes, but is not limited to, all information that is stored in an electronic medium.

"CLASS GUN" means all Glock handguns referenced and referred to by model including, but not limited to any model that fires a 45 caliber ACP round, any model that fires a 40 S&W round, any model that fires a 45 GAP, any model that fires a 10 mm round

of ammunition. This class includes all these models regardless of the generation, the magazine capacity, the grips, the color, the frame length, the sites, whether it includes a provision for optics, or whether it is approved for sale to the public by the State of California. This includes but is not limited to the following Models:

- Model 22 all generations (caliber .40 S&W)
- Model 23 of all generations and variations 23, (caliber .40 S&W)
- Model 24, (caliber .40 S&W)
- Model 27, 27 Gen 4, (caliber .40 S&W)
- Model 35, 35 Gen 4, 35 Gen 4 MOS, (caliber .40 S&W)
- Model 21 Gen 4, (caliber .45 ACP)
- Model 21 SF, (caliber .45 ACP)
- Model 30 Gen 4, (caliber .45 ACP)
- Model 30s, (caliber .45 ACP)
- Model 30 SF, (caliber .45 ACP)
- Model 36, (caliber .45 ACP)
- Model 41 Gen 4, 41 Gen 4 MOS, (caliber 45 ACP)
- Model 37, (caliber .45 GAP)
- Model 38, (caliber .45 GAP)
- Model 39, (caliber .45 GAP)
- Model 20 Gen 4, (caliber 10mm)
- Model 20 SF, (caliber 10mm)
- Model 29 Gen 4, (caliber 10mm)
- Model 29 SF, (caliber 10mm)
- Model 40 Gen 4 MOS, (caliber 10mm)
- All gun models with a similar chamber design and feed ramp length including all pistols manufactured to fire .40 Smith and Wesson, .45 ACP, .45 GAP and 10 MM.

"UNSUPPORTED CHAMBER DESIGN/DEFECT" means the alleged design/defect in this case where the loading ramp has been designed in such a way that, together with the case, it forms a kind of vent. Depending on the quality of material used for the cases, it is alleged that these will crack in this area under gas pressure due to lack of support. The powder gases escaping downward under high pressure may thus occasionally cause damage on the grip or will cause a witness mark, bulge, or smile in the ammunition case. The plaintiff alleges in this case that for every CLASS GUN, there is a significant chance that one or both of the following things will happen upon pulling the trigger: (a) the brass casing of the bullet will bulge out or "smile," bulging thereby distorting the brass casing; and (b) "blowout," "kaboom," or "rupture," or tear which is when the round/casing blows up or separates and a piece of the casing dislodges. Plaintiff alleges this condition or feature is caused by the lack of complete support for the casing of ammunition at the 6 o'clock position of a round of ammunition seated in the chamber.

## ITEMS TO BE PRODUCED

1.     All DOCUMENTS and ESI reflecting intracompany communications regarding the UNSUPPORTED CHAMBER DESIGN/DEFECT, in the CLASS GUNS manufactured by Glock firearms causing or contributing to case failures, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

2.     All DOCUMENTS and ESI reflecting intercompany communications between YOU and third parties regarding the UNSUPPORTED CHAMBER DEFECT, of the CLASS GUNS manufactured by Glock causing or contributing to case failures, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

3.     All DOCUMENTS and ESI reflecting CLASS GUN owners or users making a complaint, warranty claim, or return/replacement request involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not

fire as expected or where there was an unexpected result during firing a CLASS GUN including, but not limited to, case failures, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

4.    All DOCUMENTS and ESI reflecting testing and inspections performed by YOU or others after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

5.    All DOCUMENTS and ESI reflecting communications with third parties, (including but not limited to Glock, Inc, Glock Ges.m.b.H, Glock retailers, wholesalers, repair technicians, armorers, purchasers or consumers of your products), after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, case blowouts, case ruptures, case bulging, case tears, case smiles, and deformed casings.

6.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed to leave a part of the casing unsupported to act as a feature to vent gas downward.

7.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber fails due to:

    a.    either an over-pressured round,

    b.    a weakness in the casing,

    c.    an under-loaded round with an air annulus,

      d.     or a round where deflagration detonation transition (DDT) occurred, or concurrent Chapman-Jourguet wave fronts result in alternating CJ shock waves causing a case failure, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

8.      All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed by Glock Inc. or Glock Ges.m.b.H to leave a part of the casing unsupported to increase reliable feeding of ammunition.

9.      All DOCUMENTS and ESI reflecting whether YOU tested, or contemplated testing, certain types of "material quality" or different manufacturing processes to determine the pressures required to safely fire the CLASS GUNS with an UNSUPPORTED CHAMBER DESIGN/DEFECT.

10.    All DOCUMENTS and ESI reflecting additional or special reloading equipment needed to reload ammunition casings that have been fired through a CLASS GUN.

11.    All DOCUMENTS and ESI reflecting aftermarket replacement barrels for CLASS GUNS that have a supported chamber.

12.    All DOCUMENTS and ESI reflecting disputes with any law enforcement agency over CLASS GUN.

13.    Photographs, video, or computer images of CLASS GUNS that have suffered a case failure, Kabooms, case blowouts, case ruptures, case bulging, case tears, case smiles, and deformed casings.

14.    All DOCUMENTS and ESI reflecting litigation involving a CLASS GUN.

15.    All DOCUMENTS and ESI reflecting engineering or expert opinions involving a CLASS GUN.

16.    All DOCUMENTS and ESI reflecting all manuals, literature, notices, warnings, etc. provided to dealers or sellers of Class Guns in California since 2016.

17.     All DOCUMENTS and ESI reflecting all manuals, literature, notices, warnings, etc. provided to individuals who purchased CLASS GUNS in California since 2016.

18.     All DOCUMENTS and ESI reflecting YOUR policies, procedures, and guidelines since 2016 regarding providing notice or warning by suppliers and wholesalers of CLASS GUNS in California of known or possible defects or dangers when firing CLASS GUNS.

19.     All DOCUMENTS and ESI reflecting YOUR policies, procedures, and guidelines since 2016 regarding providing notice or warning to CLASS GUN owners in California, or prospective owners, of known or possible defects or dangers when firing CLASS GUNS.

20.     All DOCUMENTS and ESI identifying (by name, present or last known address, email address, and telephone number) YOUR suppliers of CLASS GUNS in California since 2016.

21.     All DOCUMENTS and ESI reflecting YOUR communications with Glock wholesalers or sellers in California about this lawsuit, including requests to identify the number of CLASS GUNS sold and/or identities of potential class members.

22.     All DOCUMENTS and ESI reflecting the total number of units sold for each CLASS GUN purchased in California since 2016.  If YOU lack knowledge of the total number of units sold to California residents, produce all DOCUMENTS and ESI reflecting the total number of units sold to YOU by suppliers or wholesalers sales in California since 2016.

23.     All DOCUMENTS and ESI reflecting the wholesale price of each CLASS GUN sold in California since 2016.

24.     All DOCUMENTS and ESI reflecting the actual retail price of each CLASS GUN sold in California since 2016.  If YOU lack knowledge of the actual retail price,

produce all DOCUMENTS and ESI reflecting the suggested retail price of each CLASS GUN sold in California since 2016.

25.     All DOCUMENTS and ESI reflecting the replacement cost of each CLASS GUN sold in California since 2016.

26.     All DOCUMENTS and ESI reflecting the actual cash value each CLASS GUN sold in California since 2016.

# EXHIBIT 10

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_Northern District of California

<table>
<tr><td>Steven C. Johnson, and individual, on behalf of<br>himself and all others similarly situated,<br> <i>Plaintiff</i> <br>v.<br>Glock, Inc., a Georgia Corporation; Glock Ges.m.b.H,<br>an Austrian entity, et al.<br> <i>Defendant</i> </td><td>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Civil Action No.    3:20-cv-08807-WHO</td></tr>
</table>

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    **Hornady Manufacturing Co. -Stephen D. Hornady, State Spur 430, PO Box 1848, Grand Island Ne, 68802, Principal Office, 3625 Old Potash Highway Grand Island Ne 68802, President address 2323 West John Grand Island, NE 68803**

(Name of person to whom this subpoena is directed)

☒    *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    **See Schedule A.**

<table>
<tr><td>Place:    Lewis and Lewis Trial Lawyers, PLC 28150<br>N. Alma School Rd., Ste. 103-637 Scottsdale,<br>AZ 85262 (By Mail)<br>rob@lewislawfirm.com (Electronically)</td><td>Date and Time:    June 23, 2023 at 5:00pm</td></tr>
</table>

☐    *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

<table>
<tr><td>Place:</td><td>Date and Time:</td></tr>
</table>

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/25/2023

<table>
<tr><td> <i>CLERK OF COURT</i> <br><br>_____<br> <i>Signature of Clerk or Deputy Clerk</i> </td><td> OR </td><td> **/s/Robert K. Lewis** <br><br>_____<br> <i>Attorney's signature</i> </td></tr>
</table>

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Steven C. Johnson

_____, who issues or requests this subpoena, are:

 Robert Lewis, 28150 N. Alma School Rd. Ste 103-637, Scottsdale, AZ 85262, Rob@LewisLawFirm.com 602-889-6666

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:20-cv-08807-WHO

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐   I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐   I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA DUCES TECUM - SCHEDULE A

*Johnson v. Glock, Inc., et al.*
3:20-cv-08807-WHO

To: Hornady Manufacturing Co.

### INSTRUCTIONS

1.      Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2.      Each document responsive to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each category to which they are responsive.

3.      Complete documents, including all attachments, cover memos, appendices, etc., shall be produced if any part of the writing is responsive to a request. Responding Party shall not mask or delete any part of a document if that document contains information responsive to a request. Documents found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

4.      Unless otherwise agreed to, documents that are maintained in the normal course of business in electronic format shall be produced in their native format, including all metadata in standard delimited ASCII format, along with the software necessary to interpret such files if such software is not readily available, and are not to be converted to any other format, such as paper, tiff image or PDF file.

5.      If YOU produce scanned documents on compact discs, then documents should be produced in single page tiff format and YOU should also produce (i) the load file with each set of documents (this file provides the beginning bates, end bates, directory, filename and page count, to allow a match between the data and the files themselves), (ii) attachment information so it can be determined which attachments go with which

documents produced, and (iii) any other objective coding for each document produced, including any fields for source, date, author, recipients and custodian of the documents.

   a.  "YOU" or "YOUR," mean Responding Party and its attorneys, predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former officers, owners, directors, members, partners, managers, trustees, representatives, agents, employees and all persons presently or formerly acting, or purporting to act, on its behalf, or on behalf of its predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities and related entities, for any purpose whatsoever.

   6.  If any responsive document was, but is no longer in existence or in Responding Party's possession, custody or control, identify its current or last-known custodian and describe in full the circumstances surrounding its disposition from Responding Party's possession, custody or control.  A document shall be deemed to be in Responding Party's control if Responding Party has the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

   7.  "And," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the request is not excluded.

   8.  These are continuing requests for production of documents.  If, subsequent to responding to any such request, additional documents are received or discovered prior to the date of trial or Responding Party becomes aware of any further information pertaining to such request, Responding Party is hereby requested to serve supplemental responses and provide such additional documents promptly and as long before trial as possible, in order to supplement, amend or correct Responding Party's responses; otherwise, it will be assumed that the responses originally given continue to be YOUR complete responses to these requests.

   9.  If any documents requested herein have been lost, discarded or destroyed,

they shall be identified as completely as possible, including, without limitation, the following information:  (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

10.    If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged: (a) A brief description of the nature and contents of the matter claimed to be privileged; (b) The name, occupation and capacity of the individual from whom the privileged matter emanated; (c) The name, occupation and capacity of the individual to whom the allegedly privileged matter was produced; (d) The date the item bears; and (e) The privilege claimed.

## DEFINITIONS

For purposes of this subpoena and the subject matter categories listed below, the following definitions shall apply:

"YOU" or "YOUR" or "RESPONDING PARTY" refer to Hornady Manufacturing Company and/or its subsidiaries and associated companies, and all of its present and former employees, agents, officers, directors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

"DOCUMENT" OR "DOCUMENTS" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to any and all originals, copies, non-identical copies and preliminary, intermediate and final drafts of correspondence, notes, minutes, records, messages, text and data messages, application data, policies, procedures, manuals, bulletins, memoranda, telephone memoranda, diaries,

contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, posters, placards, advertisements, newspaper clippings, tables, tabulations, financial statements, bank account statements, cleared checks, deposit slips, check stubs, wire transfer receipts, returned checks for insufficient funds, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packing materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, periodicals, accounts, objects, inter-office and intra-office communications, surveys, estimates, licenses, charts, graphs, indexes, calendars, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary drafts, or revisions of any of the foregoing, any document that has or contains any attachment, enclosure, comment, notation, addition, or insertion of any kind that is not part of another document, or any document that does not contain a comment, notation, addition, insertion, or marking of any kind that is part of another document, is considered to be a separate document.

"ELECTRONICALLY STORED INFORMATION" or "ESI" is used in the broadest possible sense and includes, but is not limited to, all information that is stored in an electronic medium.

"CLASS GUN" means all Glock handguns referenced and referred to by model including, but not limited to any model that fires a 45 caliber ACP round, any model that fires a 40 S&W round, any model that fires a 45 GAP, any model that fires a 10 mm round of ammunition. This class includes all these models regardless of the generation, the magazine capacity, the grips, the color, the frame length, the sites, whether it includes a provision for optics, or whether it is approved for sale to the public by the State of California. This includes but is not limited to the following Models:

- Model 22 all generations (caliber .40 S&W)

- Model 23 of all generations and variations 23, (caliber .40 S&W)

- Model 24, (caliber .40 S&W)

- Model 27, 27 Gen 4, (caliber .40 S&W)

- Model 35, 35 Gen 4, 35 Gen 4 MOS, (caliber .40 S&W)

- Model 21 Gen 4, (caliber .45 ACP)

- Model 21 SF, (caliber .45 ACP)

- Model 30 Gen 4, (caliber .45 ACP)

- Model 30s, (caliber .45 ACP)

- Model 30 SF, (caliber .45 ACP)

- Model 36, (caliber .45 ACP)

- Model 41 Gen 4, 41 Gen 4 MOS, (caliber 45 ACP)

- Model 37, (caliber .45 GAP)

- Model 38, (caliber .45 GAP)

- Model 39, (caliber .45 GAP)

- Model 20 Gen 4, (caliber 10mm)

- Model 20 SF, (caliber 10mm)

- Model 29 Gen 4, (caliber 10mm)

- Model 29 SF, (caliber 10mm)

- Model 40 Gen 4 MOS, (caliber 10mm)

- All gun models with a similar chamber design and feed ramp length including all pistols manufactured to fire .40 Smith and Wesson, .45 ACP, .45 GAP and 10 MM.

"UNSUPPORTED CHAMBER DESIGN/DEFECT" means the alleged design/defect in this case where the loading ramp has been designed in such a way that, together with the case, it forms a kind of vent. Depending on the quality of material used for the cases, it is alleged that these will crack in this area under gas pressure due to lack of support. The powder gases escaping downward under high pressure may thus

occasionally cause damage on the grip or will cause a witness mark, bulge, or smile in the ammunition case.  The plaintiff alleges in this case that for every CLASS GUN, there is a significant chance that one or both of the following things will happen upon pulling the trigger: (a) the brass casing of the bullet will bulge out or "smile," bulging thereby distorting the brass casing; and (b) "blowout," "kaboom," or "rupture," or tear which is when the round/casing blows up or separates and a piece of the casing dislodges. Plaintiff alleges this condition or feature is caused by the lack of complete support for the casing of ammunition at the 6 o'clock position of a round of ammunition seated in the chamber.

### ITEMS TO BE PRODUCED

1.     All DOCUMENTS and ESI reflecting intracompany communications regarding the UNSUPPORTED CHAMBER DESIGN/DEFECT, in the CLASS GUNS manufactured by Glock firearms causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

2.     All DOCUMENTS and ESI reflecting intercompany communications between YOU and third parties regarding the UNSUPPORTED CHAMBER DEFECT, of the CLASS GUNS manufactured by Glock causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

3.     All DOCUMENTS and ESI reflecting CLASS GUN owners or users making a complaint, warranty claim, or return/replacement request involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing a CLASS GUN including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

4.     All DOCUMENTS and ESI reflecting testing and inspections performed by YOU after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition

failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

5.    All DOCUMENTS and ESI reflecting communications with third parties, (including but not limited to Glock, Inc, Glock Ges.m.b.H, Glock retailers, wholesalers, repair technicians, armorers, purchasers or consumer of your products), after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

6.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed to leave a part of the casing unsupported to act as a feature to vent gas downward.

7.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber fails due to:

      a.    either an over-pressured round,

      b.    a weakness in the casing,

      c.    an under-loaded round with an air annulus,

      d.    or a round where deflagration detonation transition (DDT) occurred, or concurrent Chapman-Jourguet wave fronts result in alternating CJ shock waves causing a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

8.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was

intentionally designed by Glock Inc. or Glock Ges.m.b.H to leave a part of the casing unsupported to increase reliable feeding of ammunition.

9.      All DOCUMENTS and ESI reflecting whether YOU tested, or contemplated testing, certain types of "material quality" or different manufacturing processes to determine the pressures required to safely fire the CLASS GUNS with an UNSUPPORTED CHAMBER DESIGN/DEFECT.

10.     All DOCUMENTS and ESI reflecting whether to warn that CLASS GUNS should not be used with cases made of YOUR PRODUCTS manufactured with certain materials (e.g., brass, steel, aluminum).

11.     All DOCUMENTS and ESI reflecting additional or special reloading equipment needed to reload ammunition casings that have been fired through a CLASS GUN.

12.     All DOCUMENTS and ESI reflecting aftermarket replacement barrels for CLASS GUNS that have a supported chamber.

13.     All DOCUMENTS and ESI reflecting disputes with any law enforcement agency over CLASS GUN performance when firing YOUR PRODUCTS.

14.     Photographs, video, or computer images of CLASS GUNS that have suffered a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

15.     All DOCUMENTS and ESI reflecting litigation involving YOUR PRODUCTS when fired from a CLASS GUN.

16.     All DOCUMENTS and ESI reflecting engineering or expert opinions involving YOUR PRODUCTS when fired from a CLASS GUN.

# EXHIBIT 11

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### _Northern District of California

| | |
|---|---|
| Steven C. Johnson, and individual, on behalf of himself and all others similarly situated, | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Glock, Inc., a Georgia Corporation; Glock Ges.m.b.H, an Austrian entity, et al. | ) |
| _Defendant_ | ) |

Civil Action No.    3:20-cv-08807-WHO

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    **Magtech Ammunition Inc. CBC Global Ammunition, Registered Agent Solutions Inc. 838 Walker Road Suite 21-2, Dover, DE 19904**

*(Name of person to whom this subpoena is directed)*

☒    *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    **See Schedule A.**

| Place: | Lewis and Lewis Trial Lawyers, PLC 28150 N. Alma School Rd., Ste. 103-637 Scottsdale, AZ 85262 (By Mail) rob@lewislawfirm.com (Electronically) | Date and Time: | June 23, 2023 at 5:00pm |
|---|---|---|---|

☐    *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/25/2023

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | */s/Robert K. Lewis* |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Steven C. Johnson
_____, who issues or requests this subpoena, are:

Robert Lewis, 28150 N. Alma School Rd. Ste 103-637, Scottsdale, AZ 85262, Rob@LewisLawFirm.com 602-889-6666

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.     3:20-cv-08807-WHO

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA DUCES TECUM - SCHEDULE A

*Johnson v. Glock, Inc., et al.*
3:20-cv-08807-WHO

To: CBC Global Ammunition, MagTech Inc, Sellier and Ballot

## INSTRUCTIONS

1.      Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2.      Each document responsive to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each category to which they are responsive.

3.      Complete documents, including all attachments, cover memos, appendices, etc., shall be produced if any part of the writing is responsive to a request. Responding Party shall not mask or delete any part of a document if that document contains information responsive to a request. Documents found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

4.      Unless otherwise agreed to, documents that are maintained in the normal course of business in electronic format shall be produced in their native format, including all metadata in standard delimited ASCII format, along with the software necessary to interpret such files if such software is not readily available, and are not to be converted to any other format, such as paper, tiff image or PDF file.

5.      If YOU produce scanned documents on compact discs, then documents should be produced in single page tiff format and YOU should also produce (i) the load file with each set of documents (this file provides the beginning bates, end bates, directory, filename and page count, to allow a match between the data and the files themselves), (ii) attachment information so it can be determined which attachments go with which

documents produced, and (iii) any other objective coding for each document produced, including any fields for source, date, author, recipients and custodian of the documents.

        a.      "YOU" or "YOUR," mean Responding Party and its attorneys, predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former officers, owners, directors, members, partners, managers, trustees, representatives, agents, employees and all persons presently or formerly acting, or purporting to act, on its behalf, or on behalf of its predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities and related entities, for any purpose whatsoever.

        6.      If any responsive document was, but is no longer in existence or in Responding Party's possession, custody or control, identify its current or last-known custodian and describe in full the circumstances surrounding its disposition from Responding Party's possession, custody or control.  A document shall be deemed to be in Responding Party's control if Responding Party has the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

        7.      "And," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the request is not excluded.

        8.      These are continuing requests for production of documents.  If, subsequent to responding to any such request, additional documents are received or discovered prior to the date of trial or Responding Party becomes aware of any further information pertaining to such request, Responding Party is hereby requested to serve supplemental responses and provide such additional documents promptly and as long before trial as possible, in order to supplement, amend or correct Responding Party's responses; otherwise, it will be assumed that the responses originally given continue to be YOUR complete responses to these requests.

        9.      If any documents requested herein have been lost, discarded or destroyed,

they shall be identified as completely as possible, including, without limitation, the following information: (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

10.    If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged: (a) A brief description of the nature and contents of the matter claimed to be privileged; (b) The name, occupation and capacity of the individual from whom the privileged matter emanated; (c) The name, occupation and capacity of the individual to whom the allegedly privileged matter was produced; (d) The date the item bears; and (e) The privilege claimed.

## DEFINITIONS

For purposes of this subpoena and the subject matter categories listed below, the following definitions shall apply:

"YOU" or "YOUR" or "RESPONDING PARTY" refer to CBC Global Ammunition, MagTech Inc, Sellier and Ballot and/or its/their subsidiaries and associated companies, and all of its present and former employees, agents, officers, directors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

"DOCUMENT" OR "DOCUMENTS" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to any and all originals, copies, non-identical copies and preliminary, intermediate and final drafts of correspondence, notes, minutes, records, messages, text and data messages, application

data, policies, procedures, manuals, bulletins, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, posters, placards, advertisements, newspaper clippings, tables, tabulations, financial statements, bank account statements, cleared checks, deposit slips, check stubs, wire transfer receipts, returned checks for insufficient funds, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packing materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, periodicals, accounts, objects, inter-office and intra-office communications, surveys, estimates, licenses, charts, graphs, indexes, calendars, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary drafts, or revisions of any of the foregoing, any document that has or contains any attachment, enclosure, comment, notation, addition, or insertion of any kind that is not part of another document, or any document that does not contain a comment, notation, addition, insertion, or marking of any kind that is part of another document, is considered to be a separate document.

"ELECTRONICALLY STORED INFORMATION" or "ESI" is used in the broadest possible sense and includes, but is not limited to, all information that is stored in an electronic medium.

"CLASS GUN" means all Glock handguns referenced and referred to by model including, but not limited to any model that fires a 45 caliber ACP round, any model that fires a 40 S&W round, any model that fires a 45 GAP, any model that fires a 10 mm round of ammunition. This class includes all these models regardless of the generation, the magazine capacity, the grips, the color, the frame length, the sites, whether it includes a provision for optics, or whether it is approved for sale to the public by the State of California. This includes but is not limited to the following Models:

- Model 22 all generations (caliber .40 S&W)
- Model 23 of all generations and variations 23, (caliber .40 S&W)
- Model 24, (caliber .40 S&W)
- Model 27, 27 Gen 4, (caliber .40 S&W)
- Model 35, 35 Gen 4, 35 Gen 4 MOS, (caliber .40 S&W)
- Model 21 Gen 4, (caliber .45 ACP)
- Model 21 SF, (caliber .45 ACP)
- Model 30 Gen 4, (caliber .45 ACP)
- Model 30s, (caliber .45 ACP)
- Model 30 SF, (caliber .45 ACP)
- Model 36, (caliber .45 ACP)
- Model 41 Gen 4, 41 Gen 4 MOS, (caliber 45 ACP)
- Model 37, (caliber .45 GAP)
- Model 38, (caliber .45 GAP)
- Model 39, (caliber .45 GAP)
- Model 20 Gen 4, (caliber 10mm)
- Model 20 SF, (caliber 10mm)
- Model 29 Gen 4, (caliber 10mm)
- Model 29 SF, (caliber 10mm)
- Model 40 Gen 4 MOS, (caliber 10mm)
- All gun models with a similar chamber design and feed ramp length including all pistols manufactured to fire .40 Smith and Wesson, .45 ACP, .45 GAP and 10 MM.

"UNSUPPORTED CHAMBER DESIGN/DEFECT" means the alleged design/defect in this case where the loading ramp has been designed in such a way that, together with the case, it forms a kind of vent. Depending on the quality of material used for the cases, it is alleged that these will crack in this area under gas pressure due to lack

of support. The powder gases escaping downward under high pressure may thus occasionally cause damage on the grip or will cause a witness mark, bulge, or smile in the ammunition case. The plaintiff alleges in this case that for every CLASS GUN, there is a significant chance that one or both of the following things will happen upon pulling the trigger: (a) the brass casing of the bullet will bulge out or "smile," bulging thereby distorting the brass casing; and (b) "blowout," "kaboom," or "rupture," or tear which is when the round/casing blows up or separates and a piece of the casing dislodges. Plaintiff alleges this condition or feature is caused by the lack of complete support for the casing of ammunition at the 6 o'clock position of a round of ammunition seated in the chamber.

## ITEMS TO BE PRODUCED

1.     All DOCUMENTS and ESI reflecting intracompany communications regarding the UNSUPPORTED CHAMBER DESIGN/DEFECT, in the CLASS GUNS manufactured by Glock firearms causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

2.     All DOCUMENTS and ESI reflecting intercompany communications between YOU and third parties regarding the UNSUPPORTED CHAMBER DEFECT, of the CLASS GUNS manufactured by Glock causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

3.     All DOCUMENTS and ESI reflecting CLASS GUN owners or users making a complaint, warranty claim, or return/replacement request involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing a CLASS GUN including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

4.     All DOCUMENTS and ESI reflecting testing and inspections performed by YOU after receiving a complaint, warranty claim, or return/replacement request from a

CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

5.     All DOCUMENTS and ESI reflecting communications with third parties, (including but not limited to Glock, Inc, Glock Ges.m.b.H, Glock retailers, wholesalers, repair technicians, armorers, purchasers or consumer of your products), after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

6.     All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed to leave a part of the casing unsupported to act as a feature to vent gas downward.

7.     All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber fails due to:

      a.     either an over-pressured round,

      b.     a weakness in the casing,

      c.     an under-loaded round with an air annulus,

      d.     or a round where deflagration detonation transition (DDT) occurred, or concurrent Chapman-Jourguet wave fronts result in alternating CJ shock waves causing a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

8.     All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was

intentionally designed by Glock Inc. or Glock Ges.m.b.H to leave a part of the casing unsupported to increase reliable feeding of ammunition.

9.     All DOCUMENTS and ESI reflecting whether YOU tested, or contemplated testing, certain types of "material quality" or different manufacturing processes to determine the pressures required to safely fire the CLASS GUNS with an UNSUPPORTED CHAMBER DESIGN/DEFECT.

10.     All DOCUMENTS and ESI reflecting whether to warn that CLASS GUNS should not be used with cases made of YOUR PRODUCTS manufactured with certain materials (e.g., brass, steel, aluminum).

11.     All DOCUMENTS and ESI reflecting additional or special reloading equipment needed to reload ammunition casings that have been fired through a CLASS GUN.

12.     All DOCUMENTS and ESI reflecting aftermarket replacement barrels for CLASS GUNS that have a supported chamber.

13.     All DOCUMENTS and ESI reflecting disputes with any law enforcement agency over CLASS GUN performance when firing YOUR PRODUCTS.

14.     Photographs, video, or computer images of CLASS GUNS that have suffered a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

15.     All DOCUMENTS and ESI reflecting litigation involving YOUR PRODUCTS when fired from a CLASS GUN.

16.     All DOCUMENTS and ESI reflecting engineering or expert opinions involving YOUR PRODUCTS when fired from a CLASS GUN.

# EXHIBIT 12

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_Northern District of California

| | |
|---|---|
| Steven C. Johnson, and individual, on behalf of himself and all others similarly situated, | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Glock, Inc., a Georgia Corporation; Glock Ges.m.b.H, an Austrian entity, et al. | ) |
| _Defendant_ | ) |

Civil Action No.    3:20-cv-08807-WHO

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    **Remington Ammunition care of Vista Outdoors Inc Ammunition, care of: The Corporation Trust Company, Corporation Trust Center 1209 Orange Street Wilmington, DE 19801**

*(Name of person to whom this subpoena is directed)*

☒    *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    **See Schedule A.**

| Place: | Lewis and Lewis Trial Lawyers, PLC 28150 N. Alma School Rd., Ste. 103-637 Scottsdale, AZ 85262 (By Mail) rob@lewislawfirm.com (Electronically) | Date and Time: | June 23, 2023 at 5:00pm |
|---|---|---|---|

☐    *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/25/2023

CLERK OF COURT

OR    */s/Robert K. Lewis*

_____          _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Steven C. Johnson
_____, who issues or requests this subpoena, are:

Robert Lewis, 28150 N. Alma School Rd. Ste 103-637, Scottsdale, AZ 85262, Rob@LewisLawFirm.com 602-889-6666

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.      3:20-cv-08807-WHO

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA DUCES TECUM - SCHEDULE A

*Johnson v. Glock, Inc., et al.*
3:20-cv-08807-WHO

To: Vista Outdoors Inc, Federal Premium Ammunition, Speer Ammunition, Remington, CCI – Cascade Cartridge Incorporated, Aguila and/or its subsidiaries and associated companies

## INSTRUCTIONS

1.     Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2.     Each document responsive to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each category to which they are responsive.

3.     Complete documents, including all attachments, cover memos, appendices, etc., shall be produced if any part of the writing is responsive to a request.  Responding Party shall not mask or delete any part of a document if that document contains information responsive to a request.  Documents found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

4.     Unless otherwise agreed to, documents that are maintained in the normal course of business in electronic format shall be produced in their native format, including all metadata in standard delimited ASCII format, along with the software necessary to interpret such files if such software is not readily available, and are not to be converted to any other format, such as paper, tiff image or PDF file.

5.     If YOU produce scanned documents on compact discs, then documents should be produced in single page tiff format and YOU should also produce (i) the load file with each set of documents (this file provides the beginning bates, end bates, directory,

filename and page count, to allow a match between the data and the files themselves), (ii) attachment information so it can be determined which attachments go with which documents produced, and (iii) any other objective coding for each document produced, including any fields for source, date, author, recipients and custodian of the documents.

      a.    "YOU" or "YOUR," mean Responding Party and its attorneys, predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former officers, owners, directors, members, partners, managers, trustees, representatives, agents, employees and all persons presently or formerly acting, or purporting to act, on its behalf, or on behalf of its predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities and related entities, for any purpose whatsoever.

      6.    If any responsive document was, but is no longer in existence or in Responding Party's possession, custody or control, identify its current or last-known custodian and describe in full the circumstances surrounding its disposition from Responding Party's possession, custody or control.  A document shall be deemed to be in Responding Party's control if Responding Party has the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

      7.    "And," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the request is not excluded.

      8.    These are continuing requests for production of documents.  If, subsequent to responding to any such request, additional documents are received or discovered prior to the date of trial or Responding Party becomes aware of any further information pertaining to such request, Responding Party is hereby requested to serve supplemental responses and provide such additional documents promptly and as long before trial as possible, in order to supplement, amend or correct Responding Party's responses; otherwise, it will be assumed that the responses originally given continue to be YOUR

complete responses to these requests.

9.     If any documents requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including, without limitation, the following information:  (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

10.     If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged: (a) A brief description of the nature and contents of the matter claimed to be privileged; (b) The name, occupation and capacity of the individual from whom the privileged matter emanated; (c) The name, occupation and capacity of the individual to whom the allegedly privileged matter was produced; (d) The date the item bears; and (e) The privilege claimed.

## **DEFINITIONS**

For purposes of this subpoena and the subject matter categories listed below, the following definitions shall apply:

"YOU" or "YOUR" or "RESPONDING PARTY" refer to Vista Outdoors Inc, Federal Premium Ammunition, Speer Ammunition, Remington, CCI – Cascade Cartridge Incorporated, Aguila and/or its subsidiaries and associated companies, and all of its present and former employees, agents, officers, directors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

"DOCUMENT" OR "DOCUMENTS" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to any and

all originals, copies, non-identical copies and preliminary, intermediate and final drafts of correspondence, notes, minutes, records, messages, text and data messages, application data, policies, procedures, manuals, bulletins, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, posters, placards, advertisements, newspaper clippings, tables, tabulations, financial statements, bank account statements, cleared checks, deposit slips, check stubs, wire transfer receipts, returned checks for insufficient funds, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packing materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, periodicals, accounts, objects, inter-office and intra-office communications, surveys, estimates, licenses, charts, graphs, indexes, calendars, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary drafts, or revisions of any of the foregoing, any document that has or contains any attachment, enclosure, comment, notation, addition, or insertion of any kind that is not part of another document, or any document that does not contain a comment, notation, addition, insertion, or marking of any kind that is part of another document, is considered to be a separate document.

"ELECTRONICALLY STORED INFORMATION" or "ESI" is used in the broadest possible sense and includes, but is not limited to, all information that is stored in an electronic medium.

"CLASS GUN" means all Glock handguns referenced and referred to by model including, but not limited to any model that fires a 45 caliber ACP round, any model that fires a 40 S&W round, any model that fires a 45 GAP, any model that fires a 10 mm round of ammunition. This class includes all these models regardless of the generation, the magazine capacity, the grips, the color, the frame length, the sites, whether it includes a

provision for optics, or whether it is approved for sale to the public by the State of California. This includes but is not limited to the following Models:

- Model 22 all generations (caliber .40 S&W)

- Model 23 of all generations and variations 23, (caliber .40 S&W)

- Model 24, (caliber .40 S&W)

- Model 27, 27 Gen 4, (caliber .40 S&W)

- Model 35, 35 Gen 4, 35 Gen 4 MOS, (caliber .40 S&W)

- Model 21 Gen 4, (caliber .45 ACP)

- Model 21 SF, (caliber .45 ACP)

- Model 30 Gen 4, (caliber .45 ACP)

- Model 30s, (caliber .45 ACP)

- Model 30 SF, (caliber .45 ACP)

- Model 36, (caliber .45 ACP)

- Model 41 Gen 4, 41 Gen 4 MOS, (caliber 45 ACP)

- Model 37, (caliber .45 GAP)

- Model 38, (caliber .45 GAP)

- Model 39, (caliber .45 GAP)

- Model 20 Gen 4, (caliber 10mm)

- Model 20 SF, (caliber 10mm)

- Model 29 Gen 4, (caliber 10mm)

- Model 29 SF, (caliber 10mm)

- Model 40 Gen 4 MOS, (caliber 10mm)

- All gun models with a similar chamber design and feed ramp length including all pistols manufactured to fire .40 Smith and Wesson, .45 ACP, .45 GAP and 10 MM.

"UNSUPPORTED CHAMBER DESIGN/DEFECT" means the alleged design/defect in this case where the loading ramp has been designed in such a way that,

together with the case, it forms a kind of vent. Depending on the quality of material used for the cases, it is alleged that these will crack in this area under gas pressure due to lack of support. The powder gases escaping downward under high pressure may thus occasionally cause damage on the grip or will cause a witness mark, bulge, or smile in the ammunition case. The plaintiff alleges in this case that for every CLASS GUN, there is a significant chance that one or both of the following things will happen upon pulling the trigger: (a) the brass casing of the bullet will bulge out or "smile," bulging thereby distorting the brass casing; and (b) "blowout," "kaboom," or "rupture," or tear which is when the round/casing blows up or separates and a piece of the casing dislodges. Plaintiff alleges this condition or feature is caused by the lack of complete support for the casing of ammunition at the 6 o'clock position of a round of ammunition seated in the chamber.

## <u>ITEMS TO BE PRODUCED</u>

1.    All DOCUMENTS and ESI reflecting intracompany communications regarding the UNSUPPORTED CHAMBER DESIGN/DEFECT, in the CLASS GUNS manufactured by Glock firearms causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

2.    All DOCUMENTS and ESI reflecting intercompany communications between YOU and third parties regarding the UNSUPPORTED CHAMBER DEFECT, of the CLASS GUNS manufactured by Glock causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

3.    All DOCUMENTS and ESI reflecting CLASS GUN owners or users making a complaint, warranty claim, or return/replacement request involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing a CLASS GUN including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

4.     All DOCUMENTS and ESI reflecting testing and inspections performed by YOU after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

5.     All DOCUMENTS and ESI reflecting communications with third parties, (including but not limited to Glock, Inc, Glock Ges.m.b.H, Glock retailers, wholesalers, repair technicians, armorers, purchasers or consumer of your products), after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

6.     All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed to leave a part of the casing unsupported to act as a feature to vent gas downward.

7.     All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber fails due to:

       a.     either an over-pressured round,

       b.     a weakness in the casing,

       c.     an under-loaded round with an air annulus,

       d.     or a round where deflagration detonation transition (DDT) occurred, or concurrent Chapman-Jourguet wave fronts result in alternating CJ shock waves causing a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

8.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed by Glock Inc. or Glock Ges.m.b.H to leave a part of the casing unsupported to increase reliable feeding of ammunition.

9.    All DOCUMENTS and ESI reflecting whether YOU tested, or contemplated testing, certain types of "material quality" or different manufacturing processes to determine the pressures required to safely fire the CLASS GUNS with an UNSUPPORTED CHAMBER DESIGN/DEFECT.

10.    All DOCUMENTS and ESI reflecting whether to warn that CLASS GUNS should not be used with cases made of YOUR PRODUCTS manufactured with certain materials (e.g., brass, steel, aluminum).

11.    All DOCUMENTS and ESI reflecting additional or special reloading equipment needed to reload ammunition casings that have been fired through a CLASS GUN.

12.    All DOCUMENTS and ESI reflecting aftermarket replacement barrels for CLASS GUNS that have a supported chamber.

13.    All DOCUMENTS and ESI reflecting disputes with any law enforcement agency over CLASS GUN performance when firing YOUR PRODUCTS.

14.    Photographs, video, or computer images of CLASS GUNS that have suffered a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

15.    All DOCUMENTS and ESI reflecting litigation involving YOUR PRODUCTS when fired from a CLASS GUN.

16.    All DOCUMENTS and ESI reflecting engineering or expert opinions involving YOUR PRODUCTS when fired from a CLASS GUN.

# EXHIBIT 13

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_Northern District of California

| | |
|---|---|
| Steven C. Johnson, and individual, on behalf of himself and all others similarly situated,<br>_____<br>*Plaintiff*<br>v.<br>Glock, Inc., a Georgia Corporation; Glock Ges.m.b.H, an Austrian entity, et al.<br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.     3:20-cv-08807-WHO

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  **Sellier and Bellot, CBC Global Ammunition, Registered Agent Solutions Inc. 838 Walker Road Suite 21-2, Dover, DE 19904**
_____
*(Name of person to whom this subpoena is directed)*

☒  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See Schedule A.**

| Place: | Lewis and Lewis Trial Lawyers, PLC 28150 N. Alma School Rd., Ste. 103-637 Scottsdale, AZ 85262 (By Mail) rob@lewislawfirm.com (Electronically) | Date and Time: | June 23, 2023 at 5:00pm |
|---|---|---|---|

☐  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | | Date and Time: | |
|---|---|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/25/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | */s/Robert K. Lewis* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Steven C. Johnson
_____ , who issues or requests this subpoena, are:

 Robert Lewis, 28150 N. Alma School Rd. Ste 103-637, Scottsdale, AZ 85262, Rob@LewisLawFirm.com 602-889-6666

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.     3:20-cv-08807-WHO

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____                                            on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                               *Server's signature*

                                                               _____
                                                               *Printed name and title*

                                                               _____
                                                               *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA DUCES TECUM - SCHEDULE A

*Johnson v. Glock, Inc., et al.*
3:20-cv-08807-WHO

To: CBC Global Ammunition, MagTech Inc, Sellier and Ballot

## INSTRUCTIONS

1.      Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2.      Each document responsive to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each category to which they are responsive.

3.      Complete documents, including all attachments, cover memos, appendices, etc., shall be produced if any part of the writing is responsive to a request.  Responding Party shall not mask or delete any part of a document if that document contains information responsive to a request.  Documents found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

4.      Unless otherwise agreed to, documents that are maintained in the normal course of business in electronic format shall be produced in their native format, including all metadata in standard delimited ASCII format, along with the software necessary to interpret such files if such software is not readily available, and are not to be converted to any other format, such as paper, tiff image or PDF file.

5.      If YOU produce scanned documents on compact discs, then documents should be produced in single page tiff format and YOU should also produce (i) the load file with each set of documents (this file provides the beginning bates, end bates, directory, filename and page count, to allow a match between the data and the files themselves), (ii) attachment information so it can be determined which attachments go with which

documents produced, and (iii) any other objective coding for each document produced, including any fields for source, date, author, recipients and custodian of the documents.

       a.     "YOU" or "YOUR," mean Responding Party and its attorneys, predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former officers, owners, directors, members, partners, managers, trustees, representatives, agents, employees and all persons presently or formerly acting, or purporting to act, on its behalf, or on behalf of its predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities and related entities, for any purpose whatsoever.

       6.     If any responsive document was, but is no longer in existence or in Responding Party's possession, custody or control, identify its current or last-known custodian and describe in full the circumstances surrounding its disposition from Responding Party's possession, custody or control.  A document shall be deemed to be in Responding Party's control if Responding Party has the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

       7.     "And," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the request is not excluded.

       8.     These are continuing requests for production of documents.  If, subsequent to responding to any such request, additional documents are received or discovered prior to the date of trial or Responding Party becomes aware of any further information pertaining to such request, Responding Party is hereby requested to serve supplemental responses and provide such additional documents promptly and as long before trial as possible, in order to supplement, amend or correct Responding Party's responses; otherwise, it will be assumed that the responses originally given continue to be YOUR complete responses to these requests.

       9.     If any documents requested herein have been lost, discarded or destroyed,

they shall be identified as completely as possible, including, without limitation, the following information:  (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

10.    If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged: (a) A brief description of the nature and contents of the matter claimed to be privileged; (b) The name, occupation and capacity of the individual from whom the privileged matter emanated; (c) The name, occupation and capacity of the individual to whom the allegedly privileged matter was produced; (d) The date the item bears; and (e) The privilege claimed.

## DEFINITIONS

For purposes of this subpoena and the subject matter categories listed below, the following definitions shall apply:

"YOU" or "YOUR" or "RESPONDING PARTY" refer to CBC Global Ammunition, MagTech Inc, Sellier and Ballot and/or its/their subsidiaries and associated companies, and all of its present and former employees, agents, officers, directors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

"DOCUMENT" OR "DOCUMENTS" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to any and all originals, copies, non-identical copies and preliminary, intermediate and final drafts of correspondence, notes, minutes, records, messages, text and data messages, application

data, policies, procedures, manuals, bulletins, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, posters, placards, advertisements, newspaper clippings, tables, tabulations, financial statements, bank account statements, cleared checks, deposit slips, check stubs, wire transfer receipts, returned checks for insufficient funds, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packing materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, periodicals, accounts, objects, inter-office and intra-office communications, surveys, estimates, licenses, charts, graphs, indexes, calendars, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary drafts, or revisions of any of the foregoing, any document that has or contains any attachment, enclosure, comment, notation, addition, or insertion of any kind that is not part of another document, or any document that does not contain a comment, notation, addition, insertion, or marking of any kind that is part of another document, is considered to be a separate document.

"ELECTRONICALLY STORED INFORMATION" or "ESI" is used in the broadest possible sense and includes, but is not limited to, all information that is stored in an electronic medium.

"CLASS GUN" means all Glock handguns referenced and referred to by model including, but not limited to any model that fires a 45 caliber ACP round, any model that fires a 40 S&W round, any model that fires a 45 GAP, any model that fires a 10 mm round of ammunition. This class includes all these models regardless of the generation, the magazine capacity, the grips, the color, the frame length, the sites, whether it includes a provision for optics, or whether it is approved for sale to the public by the State of California. This includes but is not limited to the following Models:

- Model 22 all generations (caliber .40 S&W)
- Model 23 of all generations and variations 23, (caliber .40 S&W)
- Model 24, (caliber .40 S&W)
- Model 27, 27 Gen 4, (caliber .40 S&W)
- Model 35, 35 Gen 4, 35 Gen 4 MOS, (caliber .40 S&W)
- Model 21 Gen 4, (caliber .45 ACP)
- Model 21 SF, (caliber .45 ACP)
- Model 30 Gen 4, (caliber .45 ACP)
- Model 30s, (caliber .45 ACP)
- Model 30 SF, (caliber .45 ACP)
- Model 36, (caliber .45 ACP)
- Model 41 Gen 4, 41 Gen 4 MOS, (caliber 45 ACP)
- Model 37, (caliber .45 GAP)
- Model 38, (caliber .45 GAP)
- Model 39, (caliber .45 GAP)
- Model 20 Gen 4, (caliber 10mm)
- Model 20 SF, (caliber 10mm)
- Model 29 Gen 4, (caliber 10mm)
- Model 29 SF, (caliber 10mm)
- Model 40 Gen 4 MOS, (caliber 10mm)
- All gun models with a similar chamber design and feed ramp length including all pistols manufactured to fire .40 Smith and Wesson, .45 ACP, .45 GAP and 10 MM.

"UNSUPPORTED CHAMBER DESIGN/DEFECT" means the alleged design/defect in this case where the loading ramp has been designed in such a way that, together with the case, it forms a kind of vent. Depending on the quality of material used for the cases, it is alleged that these will crack in this area under gas pressure due to lack

of support. The powder gases escaping downward under high pressure may thus occasionally cause damage on the grip or will cause a witness mark, bulge, or smile in the ammunition case. The plaintiff alleges in this case that for every CLASS GUN, there is a significant chance that one or both of the following things will happen upon pulling the trigger: (a) the brass casing of the bullet will bulge out or "smile," bulging thereby distorting the brass casing; and (b) "blowout," "kaboom," or "rupture," or tear which is when the round/casing blows up or separates and a piece of the casing dislodges. Plaintiff alleges this condition or feature is caused by the lack of complete support for the casing of ammunition at the 6 o'clock position of a round of ammunition seated in the chamber.

## **ITEMS TO BE PRODUCED**

1.      All DOCUMENTS and ESI reflecting intracompany communications regarding the UNSUPPORTED CHAMBER DESIGN/DEFECT, in the CLASS GUNS manufactured by Glock firearms causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

2.      All DOCUMENTS and ESI reflecting intercompany communications between YOU and third parties regarding the UNSUPPORTED CHAMBER DEFECT, of the CLASS GUNS manufactured by Glock causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

3.      All DOCUMENTS and ESI reflecting CLASS GUN owners or users making a complaint, warranty claim, or return/replacement request involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing a CLASS GUN including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

4.      All DOCUMENTS and ESI reflecting testing and inspections performed by YOU after receiving a complaint, warranty claim, or return/replacement request from a

CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

5.      All DOCUMENTS and ESI reflecting communications with third parties, (including but not limited to Glock, Inc, Glock Ges.m.b.H, Glock retailers, wholesalers, repair technicians, armorers, purchasers or consumer of your products), after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

6.      All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed to leave a part of the casing unsupported to act as a feature to vent gas downward.

7.       All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber fails due to:

    a.      either an over-pressured round,

    b.      a weakness in the casing,

    c.      an under-loaded round with an air annulus,

    d.      or a round where deflagration detonation transition (DDT) occurred, or concurrent Chapman-Jourguet wave fronts result in alternating CJ shock waves causing a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

8.      All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was

intentionally designed by Glock Inc. or Glock Ges.m.b.H to leave a part of the casing unsupported to increase reliable feeding of ammunition.

9.    All DOCUMENTS and ESI reflecting whether YOU tested, or contemplated testing, certain types of "material quality" or different manufacturing processes to determine the pressures required to safely fire the CLASS GUNS with an UNSUPPORTED CHAMBER DESIGN/DEFECT.

10.    All DOCUMENTS and ESI reflecting whether to warn that CLASS GUNS should not be used with cases made of YOUR PRODUCTS manufactured with certain materials (e.g., brass, steel, aluminum).

11.    All DOCUMENTS and ESI reflecting additional or special reloading equipment needed to reload ammunition casings that have been fired through a CLASS GUN.

12.    All DOCUMENTS and ESI reflecting aftermarket replacement barrels for CLASS GUNS that have a supported chamber.

13.    All DOCUMENTS and ESI reflecting disputes with any law enforcement agency over CLASS GUN performance when firing YOUR PRODUCTS.

14.    Photographs, video, or computer images of CLASS GUNS that have suffered a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

15.    All DOCUMENTS and ESI reflecting litigation involving YOUR PRODUCTS when fired from a CLASS GUN.

16.    All DOCUMENTS and ESI reflecting engineering or expert opinions involving YOUR PRODUCTS when fired from a CLASS GUN.

# EXHIBIT 14

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_Northern District of California

| | |
|---|---|
| Steven C. Johnson, and individual, on behalf of himself and all others similarly situated, | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| Glock, Inc., a Georgia Corporation; Glock Ges.m.b.H, | ) |
| an Austrian entity, et al. | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No.    3:20-cv-08807-WHO

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    **Speer Ammunition care of Vista Outdoors Inc Ammunition, care of: The Corporation Trust Company, Corporation Trust Center 1209 Orange Street Wilmington, DE 19801**

*(Name of person to whom this subpoena is directed)*

☒  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    **See Schedule A.**

| Place: Lewis and Lewis Trial Lawyers, PLC 28150 N. Alma School Rd., Ste. 103-637 Scottsdale, AZ 85262 (By Mail) rob@lewislawfirm.com (Electronically) | Date and Time:    June 23, 2023 at 5:00pm |
|---|---|

☐  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    _____05/25/2023_____

CLERK OF COURT

OR    */s/Robert K. Lewis*

_____    _____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Steven C. Johnson

_____, who issues or requests this subpoena, are:

 Robert Lewis, 28150 N. Alma School Rd. Ste 103-637, Scottsdale, AZ 85262, Rob@LewisLawFirm.com 602-889-6666

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:20-cv-08807-WHO

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA DUCES TECUM - SCHEDULE A

*Johnson v. Glock, Inc., et al.*
3:20-cv-08807-WHO

To: Vista Outdoors Inc, Federal Premium Ammunition, Speer Ammunition, Remington, CCI – Cascade Cartridge Incorporated, Aguila and/or its subsidiaries and associated companies

## INSTRUCTIONS

1.      Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2.      Each document responsive to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each category to which they are responsive.

3.      Complete documents, including all attachments, cover memos, appendices, etc., shall be produced if any part of the writing is responsive to a request.  Responding Party shall not mask or delete any part of a document if that document contains information responsive to a request.  Documents found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

4.      Unless otherwise agreed to, documents that are maintained in the normal course of business in electronic format shall be produced in their native format, including all metadata in standard delimited ASCII format, along with the software necessary to interpret such files if such software is not readily available, and are not to be converted to any other format, such as paper, tiff image or PDF file.

5.      If YOU produce scanned documents on compact discs, then documents should be produced in single page tiff format and YOU should also produce (i) the load file with each set of documents (this file provides the beginning bates, end bates, directory,

filename and page count, to allow a match between the data and the files themselves), (ii) attachment information so it can be determined which attachments go with which documents produced, and (iii) any other objective coding for each document produced, including any fields for source, date, author, recipients and custodian of the documents.

      a.    "YOU" or "YOUR," mean Responding Party and its attorneys, predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former officers, owners, directors, members, partners, managers, trustees, representatives, agents, employees and all persons presently or formerly acting, or purporting to act, on its behalf, or on behalf of its predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities and related entities, for any purpose whatsoever.

      6.    If any responsive document was, but is no longer in existence or in Responding Party's possession, custody or control, identify its current or last-known custodian and describe in full the circumstances surrounding its disposition from Responding Party's possession, custody or control.  A document shall be deemed to be in Responding Party's control if Responding Party has the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

      7.    "And," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the request is not excluded.

      8.    These are continuing requests for production of documents.  If, subsequent to responding to any such request, additional documents are received or discovered prior to the date of trial or Responding Party becomes aware of any further information pertaining to such request, Responding Party is hereby requested to serve supplemental responses and provide such additional documents promptly and as long before trial as possible, in order to supplement, amend or correct Responding Party's responses; otherwise, it will be assumed that the responses originally given continue to be YOUR

complete responses to these requests.

9.     If any documents requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including, without limitation, the following information:  (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

10.     If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged: (a) A brief description of the nature and contents of the matter claimed to be privileged; (b) The name, occupation and capacity of the individual from whom the privileged matter emanated; (c) The name, occupation and capacity of the individual to whom the allegedly privileged matter was produced; (d) The date the item bears; and (e) The privilege claimed.

## **DEFINITIONS**

For purposes of this subpoena and the subject matter categories listed below, the following definitions shall apply:

"YOU" or "YOUR" or "RESPONDING PARTY" refer to Vista Outdoors Inc, Federal Premium Ammunition, Speer Ammunition, Remington, CCI – Cascade Cartridge Incorporated, Aguila and/or its subsidiaries and associated companies, and all of its present and former employees, agents, officers, directors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

"DOCUMENT" OR "DOCUMENTS" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to any and

all originals, copies, non-identical copies and preliminary, intermediate and final drafts of correspondence, notes, minutes, records, messages, text and data messages, application data, policies, procedures, manuals, bulletins, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, posters, placards, advertisements, newspaper clippings, tables, tabulations, financial statements, bank account statements, cleared checks, deposit slips, check stubs, wire transfer receipts, returned checks for insufficient funds, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packing materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, periodicals, accounts, objects, inter-office and intra-office communications, surveys, estimates, licenses, charts, graphs, indexes, calendars, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary drafts, or revisions of any of the foregoing, any document that has or contains any attachment, enclosure, comment, notation, addition, or insertion of any kind that is not part of another document, or any document that does not contain a comment, notation, addition, insertion, or marking of any kind that is part of another document, is considered to be a separate document.

"ELECTRONICALLY STORED INFORMATION" or "ESI" is used in the broadest possible sense and includes, but is not limited to, all information that is stored in an electronic medium.

"CLASS GUN" means all Glock handguns referenced and referred to by model including, but not limited to any model that fires a 45 caliber ACP round, any model that fires a 40 S&W round, any model that fires a 45 GAP, any model that fires a 10 mm round of ammunition. This class includes all these models regardless of the generation, the magazine capacity, the grips, the color, the frame length, the sites, whether it includes a

provision for optics, or whether it is approved for sale to the public by the State of California. This includes but is not limited to the following Models:

- Model 22 all generations (caliber .40 S&W)

- Model 23 of all generations and variations 23, (caliber .40 S&W)

- Model 24, (caliber .40 S&W)

- Model 27, 27 Gen 4, (caliber .40 S&W)

- Model 35, 35 Gen 4, 35 Gen 4 MOS, (caliber .40 S&W)

- Model 21 Gen 4, (caliber .45 ACP)

- Model 21 SF, (caliber .45 ACP)

- Model 30 Gen 4, (caliber .45 ACP)

- Model 30s, (caliber .45 ACP)

- Model 30 SF, (caliber .45 ACP)

- Model 36, (caliber .45 ACP)

- Model 41 Gen 4, 41 Gen 4 MOS, (caliber 45 ACP)

- Model 37, (caliber .45 GAP)

- Model 38, (caliber .45 GAP)

- Model 39, (caliber .45 GAP)

- Model 20 Gen 4, (caliber 10mm)

- Model 20 SF, (caliber 10mm)

- Model 29 Gen 4, (caliber 10mm)

- Model 29 SF, (caliber 10mm)

- Model 40 Gen 4 MOS, (caliber 10mm)

- All gun models with a similar chamber design and feed ramp length including all pistols manufactured to fire .40 Smith and Wesson, .45 ACP, .45 GAP and 10 MM.

"UNSUPPORTED CHAMBER DESIGN/DEFECT" means the alleged design/defect in this case where the loading ramp has been designed in such a way that,

together with the case, it forms a kind of vent. Depending on the quality of material used for the cases, it is alleged that these will crack in this area under gas pressure due to lack of support. The powder gases escaping downward under high pressure may thus occasionally cause damage on the grip or will cause a witness mark, bulge, or smile in the ammunition case.  The plaintiff alleges in this case that for every CLASS GUN, there is a significant chance that one or both of the following things will happen upon pulling the trigger: (a) the brass casing of the bullet will bulge out or "smile," bulging thereby distorting the brass casing; and (b) "blowout," "kaboom," or "rupture," or tear which is when the round/casing blows up or separates and a piece of the casing dislodges. Plaintiff alleges this condition or feature is caused by the lack of complete support for the casing of ammunition at the 6 o'clock position of a round of ammunition seated in the chamber.

## <u>ITEMS TO BE PRODUCED</u>

1.      All DOCUMENTS and ESI reflecting intracompany communications regarding the UNSUPPORTED CHAMBER DESIGN/DEFECT, in the CLASS GUNS manufactured by Glock firearms causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

2.      All DOCUMENTS and ESI reflecting intercompany communications between YOU and third parties regarding the UNSUPPORTED CHAMBER DEFECT, of the CLASS GUNS manufactured by Glock causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

3.      All DOCUMENTS and ESI reflecting CLASS GUN owners or users making a complaint, warranty claim, or return/replacement request involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing a CLASS GUN including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

4.      All DOCUMENTS and ESI reflecting testing and inspections performed by YOU after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

5.      All DOCUMENTS and ESI reflecting communications with third parties, (including but not limited to Glock, Inc, Glock Ges.m.b.H, Glock retailers, wholesalers, repair technicians, armorers, purchasers or consumer of your products), after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

6.      All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed to leave a part of the casing unsupported to act as a feature to vent gas downward.

7.      All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber fails due to:

      a.      either an over-pressured round,

      b.      a weakness in the casing,

      c.      an under-loaded round with an air annulus,

      d.      or a round where deflagration detonation transition (DDT) occurred, or concurrent Chapman-Jourguet wave fronts result in alternating CJ shock waves causing a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

8.     All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed by Glock Inc. or Glock Ges.m.b.H to leave a part of the casing unsupported to increase reliable feeding of ammunition.

9.     All DOCUMENTS and ESI reflecting whether YOU tested, or contemplated testing, certain types of "material quality" or different manufacturing processes to determine the pressures required to safely fire the CLASS GUNS with an UNSUPPORTED CHAMBER DESIGN/DEFECT.

10.     All DOCUMENTS and ESI reflecting whether to warn that CLASS GUNS should not be used with cases made of YOUR PRODUCTS manufactured with certain materials (e.g., brass, steel, aluminum).

11.     All DOCUMENTS and ESI reflecting additional or special reloading equipment needed to reload ammunition casings that have been fired through a CLASS GUN.

12.     All DOCUMENTS and ESI reflecting aftermarket replacement barrels for CLASS GUNS that have a supported chamber.

13.     All DOCUMENTS and ESI reflecting disputes with any law enforcement agency over CLASS GUN performance when firing YOUR PRODUCTS.

14.     Photographs, video, or computer images of CLASS GUNS that have suffered a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

15.     All DOCUMENTS and ESI reflecting litigation involving YOUR PRODUCTS when fired from a CLASS GUN.

16.     All DOCUMENTS and ESI reflecting engineering or expert opinions involving YOUR PRODUCTS when fired from a CLASS GUN.

# EXHIBIT 15

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_Northern District of California

| | |
|---|---|
| Steven C. Johnson, and individual, on behalf of himself and all others similarly situated, | ) |
| *Plaintiff* | ) |
| v. | ) |
| Glock, Inc., a Georgia Corporation; Glock Ges.m.b.H, an Austrian entity, et al. | ) |
| *Defendant* | ) |

Civil Action No.    3:20-cv-08807-WHO

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    **Sportsman Warehouse Inc., CT Corp System 1108 East South Union Ave, Midvale, Utah 84047**

*(Name of person to whom this subpoena is directed)*

☒  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    **See Schedule A.**

| Place:    Lewis and Lewis Trial Lawyers, PLC 28150 N. Alma School Rd., Ste. 103-637 Scottsdale, AZ 85262 (By Mail) rob@lewislawfirm.com (Electronically) | Date and Time:    June 23, 2023 at 5:00pm |
|---|---|

☐  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/25/2023

*CLERK OF COURT*

OR    */s/Robert K. Lewis*

_____         _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Steven C. Johnson

_____, who issues or requests this subpoena, are:

 Robert Lewis, 28150 N. Alma School Rd. Ste 103-637, Scottsdale, AZ, 85262, Rob@LewisLawFirm.com 602-889-6666

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:20-cv-08807-WHO

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA DUCES TECUM - SCHEDULE A

*Johnson v. Glock, Inc., et al.*
3:20-cv-08807-WHO

To:
Bass Pro Shop
BPS Direct, LLC
Cabela's Inc.
Great Outdoors Group LLC
Sportsman's Warehouse Inc.

## INSTRUCTIONS

1.      Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2.      Each document responsive to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each category to which they are responsive.

3.      Complete documents, including all attachments, cover memos, appendices, etc., shall be produced if any part of the writing is responsive to a request.  Responding Party shall not mask or delete any part of a document if that document contains information responsive to a request.  Documents found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

4.      Unless otherwise agreed to, documents that are maintained in the normal course of business in electronic format shall be produced in their native format, including all metadata in standard delimited ASCII format, along with the software necessary to interpret such files if such software is not readily available, and are not to be converted to any other format, such as paper, tiff image or PDF file.

5.      If YOU produce scanned documents on compact discs, then documents

should be produced in single page tiff format and YOU should also produce (i) the load file with each set of documents (this file provides the beginning bates, end bates, directory, filename and page count, to allow a match between the data and the files themselves), (ii) attachment information so it can be determined which attachments go with which documents produced, and (iii) any other objective coding for each document produced, including any fields for source, date, author, recipients and custodian of the documents.

      a.    "YOU" or "YOUR," mean Responding Party and its attorneys, predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former officers, owners, directors, members, partners, managers, trustees, representatives, agents, employees and all persons presently or formerly acting, or purporting to act, on its behalf, or on behalf of its predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities and related entities, for any purpose whatsoever.

      6.    If any responsive document was, but is no longer in existence or in Responding Party's possession, custody or control, identify its current or last-known custodian and describe in full the circumstances surrounding its disposition from Responding Party's possession, custody or control. A document shall be deemed to be in Responding Party's control if Responding Party has the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

      7.    "And," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the request is not excluded.

      8.    These are continuing requests for production of documents. If, subsequent to responding to any such request, additional documents are received or discovered prior to the date of trial or Responding Party becomes aware of any further information pertaining to such request, Responding Party is hereby requested to serve supplemental responses and provide such additional documents promptly and as long before trial as

possible, in order to supplement, amend or correct Responding Party's responses; otherwise, it will be assumed that the responses originally given continue to be YOUR complete responses to these requests.

9.    If any documents requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including, without limitation, the following information:  (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

10.    If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged: (a) A brief description of the nature and contents of the matter claimed to be privileged; (b) The name, occupation and capacity of the individual from whom the privileged matter emanated; (c) The name, occupation and capacity of the individual to whom the allegedly privileged matter was produced; (d) The date the item bears; and (e) The privilege claimed.

## **DEFINITIONS**

For purposes of this subpoena and the subject matter categories listed below, the following definitions shall apply:

"YOU" or "YOUR" or "RESPONDING PARTY" refer to Bass Pro Shop, BPS Direct, LLC, Cabela's Inc., Great Outdoors Group LLC, Sportsman's Warehouse Inc. and/or its/their  subsidiaries and associated companies, and all of its present and former employees, agents, officers, directors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

"DOCUMENT" OR "DOCUMENTS" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic,

photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to any and all originals, copies, non-identical copies and preliminary, intermediate and final drafts of correspondence, notes, minutes, records, messages, text and data messages, application data, policies, procedures, manuals, bulletins, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, posters, placards, advertisements, newspaper clippings, tables, tabulations, financial statements, bank account statements, cleared checks, deposit slips, check stubs, wire transfer receipts, returned checks for insufficient funds, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packing materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, periodicals, accounts, objects, inter-office and intra-office communications, surveys, estimates, licenses, charts, graphs, indexes, calendars, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary drafts, or revisions of any of the foregoing, any document that has or contains any attachment, enclosure, comment, notation, addition, or insertion of any kind that is not part of another document, or any document that does not contain a comment, notation, addition, insertion, or marking of any kind that is part of another document, is considered to be a separate document.

"ELECTRONICALLY STORED INFORMATION" or "ESI" is used in the broadest possible sense and includes, but is not limited to, all information that is stored in an electronic medium.

"CLASS GUN" means all Glock handguns referenced and referred to by model including, but not limited to any model that fires a 45 caliber ACP round, any model that fires a 40 S&W round, any model that fires a 45 GAP, any model that fires a 10 mm round

of ammunition. This class includes all these models regardless of the generation, the magazine capacity, the grips, the color, the frame length, the sites, whether it includes a provision for optics, or whether it is approved for sale to the public by the State of California. This includes but is not limited to the following Models:

- Model 22 all generations (caliber .40 S&W)
- Model 23 of all generations and variations 23, (caliber .40 S&W)
- Model 24, (caliber .40 S&W)
- Model 27, 27 Gen 4, (caliber .40 S&W)
- Model 35, 35 Gen 4, 35 Gen 4 MOS, (caliber .40 S&W)
- Model 21 Gen 4, (caliber .45 ACP)
- Model 21 SF, (caliber .45 ACP)
- Model 30 Gen 4, (caliber .45 ACP)
- Model 30s, (caliber .45 ACP)
- Model 30 SF, (caliber .45 ACP)
- Model 36, (caliber .45 ACP)
- Model 41 Gen 4, 41 Gen 4 MOS, (caliber 45 ACP)
- Model 37, (caliber .45 GAP)
- Model 38, (caliber .45 GAP)
- Model 39, (caliber .45 GAP)
- Model 20 Gen 4, (caliber 10mm)
- Model 20 SF, (caliber 10mm)
- Model 29 Gen 4, (caliber 10mm)
- Model 29 SF, (caliber 10mm)
- Model 40 Gen 4 MOS, (caliber 10mm)
- All gun models with a similar chamber design and feed ramp length including all pistols manufactured to fire .40 Smith and Wesson, .45 ACP, .45 GAP and 10 MM.

"UNSUPPORTED CHAMBER DESIGN/DEFECT" means the alleged design/defect in this case where the loading ramp has been designed in such a way that, together with the case, it forms a kind of vent. Depending on the quality of material used for the cases, it is alleged that these will crack in this area under gas pressure due to lack of support. The powder gases escaping downward under high pressure may thus occasionally cause damage on the grip or will cause a witness mark, bulge, or smile in the ammunition case. The plaintiff alleges in this case that for every CLASS GUN, there is a significant chance that one or both of the following things will happen upon pulling the trigger: (a) the brass casing of the bullet will bulge out or "smile," bulging thereby distorting the brass casing; and (b) "blowout," "kaboom," or "rupture," or tear which is when the round/casing blows up or separates and a piece of the casing dislodges. Plaintiff alleges this condition or feature is caused by the lack of complete support for the casing of ammunition at the 6 o'clock position of a round of ammunition seated in the chamber.

## ITEMS TO BE PRODUCED

1. All DOCUMENTS and ESI reflecting intracompany communications regarding the UNSUPPORTED CHAMBER DESIGN/DEFECT, in the CLASS GUNS manufactured by Glock firearms causing or contributing to case failures, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

2. All DOCUMENTS and ESI reflecting intercompany communications between YOU and third parties regarding the UNSUPPORTED CHAMBER DEFECT, of the CLASS GUNS manufactured by Glock causing or contributing to case failures, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

3. All DOCUMENTS and ESI reflecting CLASS GUN owners or users making a complaint, warranty claim, or return/replacement request involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not

fire as expected or where there was an unexpected result during firing a CLASS GUN including, but not limited to, case failures, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

     4.    All DOCUMENTS and ESI reflecting testing and inspections performed by YOU or others after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

     5.    All DOCUMENTS and ESI reflecting communications with third parties, (including but not limited to Glock, Inc, Glock Ges.m.b.H, Glock retailers, wholesalers, repair technicians, armorers, purchasers or consumers of your products), after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, case blowouts, case ruptures, case bulging, case tears, case smiles, and deformed casings.

     6.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed to leave a part of the casing unsupported to act as a feature to vent gas downward.

     7.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber fails due to:

        a.    either an over-pressured round,

        b.    a weakness in the casing,

        c.    an under-loaded round with an air annulus,

      d.      or a round where deflagration detonation transition (DDT) occurred, or concurrent Chapman-Jourguet wave fronts result in alternating CJ shock waves causing a case failure, Kabooms, case blowouts, case ruptures, case tears, case bulges, case smiles, and deformed casings.

8.      All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed by Glock Inc. or Glock Ges.m.b.H to leave a part of the casing unsupported to increase reliable feeding of ammunition.

9.      All DOCUMENTS and ESI reflecting whether YOU tested, or contemplated testing, certain types of "material quality" or different manufacturing processes to determine the pressures required to safely fire the CLASS GUNS with an UNSUPPORTED CHAMBER DESIGN/DEFECT.

10.     All DOCUMENTS and ESI reflecting additional or special reloading equipment needed to reload ammunition casings that have been fired through a CLASS GUN.

11.     All DOCUMENTS and ESI reflecting aftermarket replacement barrels for CLASS GUNS that have a supported chamber.

12.     All DOCUMENTS and ESI reflecting disputes with any law enforcement agency over CLASS GUN.

13.     Photographs, video, or computer images of CLASS GUNS that have suffered a case failure, Kabooms, case blowouts, case ruptures, case bulging, case tears, case smiles, and deformed casings.

14.     All DOCUMENTS and ESI reflecting litigation involving a CLASS GUN.

15.     All DOCUMENTS and ESI reflecting engineering or expert opinions involving a CLASS GUN.

16.     All DOCUMENTS and ESI reflecting all manuals, literature, notices, warnings, etc. provided to dealers or sellers of Class Guns in California since 2016.

17.    All DOCUMENTS and ESI reflecting all manuals, literature, notices, warnings, etc. provided to individuals who purchased CLASS GUNS in California since 2016.

18.    All DOCUMENTS and ESI reflecting YOUR policies, procedures, and guidelines since 2016 regarding providing notice or warning by suppliers and wholesalers of CLASS GUNS in California of known or possible defects or dangers when firing CLASS GUNS.

19.    All DOCUMENTS and ESI reflecting YOUR policies, procedures, and guidelines since 2016 regarding providing notice or warning to CLASS GUN owners in California, or prospective owners, of known or possible defects or dangers when firing CLASS GUNS.

20.    All DOCUMENTS and ESI identifying (by name, present or last known address, email address, and telephone number) YOUR suppliers of CLASS GUNS in California since 2016.

21.    All DOCUMENTS and ESI reflecting YOUR communications with Glock wholesalers or sellers in California about this lawsuit, including requests to identify the number of CLASS GUNS sold and/or identities of potential class members.

22.    All DOCUMENTS and ESI reflecting the total number of units sold for each CLASS GUN purchased in California since 2016. If YOU lack knowledge of the total number of units sold to California residents, produce all DOCUMENTS and ESI reflecting the total number of units sold to YOU by suppliers or wholesalers sales in California since 2016.

23.    All DOCUMENTS and ESI reflecting the wholesale price of each CLASS GUN sold in California since 2016.

24.    All DOCUMENTS and ESI reflecting the actual retail price of each CLASS GUN sold in California since 2016. If YOU lack knowledge of the actual retail price,

produce all DOCUMENTS and ESI reflecting the suggested retail price of each CLASS GUN sold in California since 2016.

25.    All DOCUMENTS and ESI reflecting the replacement cost of each CLASS GUN sold in California since 2016.

26.    All DOCUMENTS and ESI reflecting the actual cash value each CLASS GUN sold in California since 2016.

# EXHIBIT 16

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_Northern District of California

<table>
<tr><td>Steven C. Johnson, and individual, on behalf of himself and all others similarly situated,<br><hr> <i>Plaintiff</i> <br>v.<br>Glock, Inc., a Georgia Corporation; Glock Ges.m.b.H, an Austrian entity, et al.<br><hr> <i>Defendant</i> </td><td>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Civil Action No.    3:20-cv-08807-WHO</td></tr>
</table>

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    **Vista Outdoors Inc/Federal Premium Ammunition, care of: The Corporation Trust Company, Corporation Trust Center 1209 Orange Street Wilmington, DE 19801**

(Name of person to whom this subpoena is directed)

☒    *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    **See Schedule A.**

<table>
<tr><td>Place:    Lewis and Lewis Trial Lawyers, PLC 28150 N. Alma School Rd., Ste. 103-637 Scottsdale, AZ 85262 (By Mail)<br>rob@lewislawfirm.com (Electronically)</td><td>Date and Time:    June 23, 2023 at 5:00pm</td></tr>
</table>

☐    *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

<table>
<tr><td>Place:</td><td>Date and Time:</td></tr>
</table>

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/25/2023

<table>
<tr><td><i>CLERK OF COURT</i><br><br><hr> Signature of Clerk or Deputy Clerk </td><td>OR</td><td><i>/s/Robert K. Lewis</i><br><br><hr> Attorney's signature </td></tr>
</table>

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Steven C. Johnson

_____ , who issues or requests this subpoena, are:

Robert Lewis, 28150 N. Alma School Rd. Ste 103-637, Scottsdale, AZ 85262, Rob@LewisLawFirm.com 602-889-6666

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:20-cv-08807-WHO

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA DUCES TECUM - SCHEDULE A

*Johnson v. Glock, Inc., et al.*
3:20-cv-08807-WHO

To: Vista Outdoors Inc, Federal Premium Ammunition, Speer Ammunition, Remington, CCI – Cascade Cartridge Incorporated, Aguila and/or its subsidiaries and associated companies

## INSTRUCTIONS

1.     Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2.     Each document responsive to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each category to which they are responsive.

3.     Complete documents, including all attachments, cover memos, appendices, etc., shall be produced if any part of the writing is responsive to a request.  Responding Party shall not mask or delete any part of a document if that document contains information responsive to a request.  Documents found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

4.     Unless otherwise agreed to, documents that are maintained in the normal course of business in electronic format shall be produced in their native format, including all metadata in standard delimited ASCII format, along with the software necessary to interpret such files if such software is not readily available, and are not to be converted to any other format, such as paper, tiff image or PDF file.

5.     If YOU produce scanned documents on compact discs, then documents should be produced in single page tiff format and YOU should also produce (i) the load file with each set of documents (this file provides the beginning bates, end bates, directory,

filename and page count, to allow a match between the data and the files themselves), (ii) attachment information so it can be determined which attachments go with which documents produced, and (iii) any other objective coding for each document produced, including any fields for source, date, author, recipients and custodian of the documents.

     a.    "YOU" or "YOUR," mean Responding Party and its attorneys, predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former officers, owners, directors, members, partners, managers, trustees, representatives, agents, employees and all persons presently or formerly acting, or purporting to act, on its behalf, or on behalf of its predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities and related entities, for any purpose whatsoever.

    6.    If any responsive document was, but is no longer in existence or in Responding Party's possession, custody or control, identify its current or last-known custodian and describe in full the circumstances surrounding its disposition from Responding Party's possession, custody or control.  A document shall be deemed to be in Responding Party's control if Responding Party has the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

    7.    "And," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the request is not excluded.

    8.    These are continuing requests for production of documents.  If, subsequent to responding to any such request, additional documents are received or discovered prior to the date of trial or Responding Party becomes aware of any further information pertaining to such request, Responding Party is hereby requested to serve supplemental responses and provide such additional documents promptly and as long before trial as possible, in order to supplement, amend or correct Responding Party's responses; otherwise, it will be assumed that the responses originally given continue to be YOUR

complete responses to these requests.

9.    If any documents requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including, without limitation, the following information:  (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

10.    If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged: (a) A brief description of the nature and contents of the matter claimed to be privileged; (b) The name, occupation and capacity of the individual from whom the privileged matter emanated; (c) The name, occupation and capacity of the individual to whom the allegedly privileged matter was produced; (d) The date the item bears; and (e) The privilege claimed.

## DEFINITIONS

For purposes of this subpoena and the subject matter categories listed below, the following definitions shall apply:

"YOU" or "YOUR" or "RESPONDING PARTY" refer to Vista Outdoors Inc, Federal Premium Ammunition, Speer Ammunition, Remington, CCI – Cascade Cartridge Incorporated, Aguila and/or its subsidiaries and associated companies, and all of its present and former employees, agents, officers, directors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

"DOCUMENT" OR "DOCUMENTS" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to any and

all originals, copies, non-identical copies and preliminary, intermediate and final drafts of correspondence, notes, minutes, records, messages, text and data messages, application data, policies, procedures, manuals, bulletins, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, posters, placards, advertisements, newspaper clippings, tables, tabulations, financial statements, bank account statements, cleared checks, deposit slips, check stubs, wire transfer receipts, returned checks for insufficient funds, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packing materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, periodicals, accounts, objects, inter-office and intra-office communications, surveys, estimates, licenses, charts, graphs, indexes, calendars, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary drafts, or revisions of any of the foregoing, any document that has or contains any attachment, enclosure, comment, notation, addition, or insertion of any kind that is not part of another document, or any document that does not contain a comment, notation, addition, insertion, or marking of any kind that is part of another document, is considered to be a separate document.

"ELECTRONICALLY STORED INFORMATION" or "ESI" is used in the broadest possible sense and includes, but is not limited to, all information that is stored in an electronic medium.

"CLASS GUN" means all Glock handguns referenced and referred to by model including, but not limited to any model that fires a 45 caliber ACP round, any model that fires a 40 S&W round, any model that fires a 45 GAP, any model that fires a 10 mm round of ammunition. This class includes all these models regardless of the generation, the magazine capacity, the grips, the color, the frame length, the sites, whether it includes a

provision for optics, or whether it is approved for sale to the public by the State of California. This includes but is not limited to the following Models:

- Model 22 all generations (caliber .40 S&W)
- Model 23 of all generations and variations 23, (caliber .40 S&W)
- Model 24, (caliber .40 S&W)
- Model 27, 27 Gen 4, (caliber .40 S&W)
- Model 35, 35 Gen 4, 35 Gen 4 MOS, (caliber .40 S&W)
- Model 21 Gen 4, (caliber .45 ACP)
- Model 21 SF, (caliber .45 ACP)
- Model 30 Gen 4, (caliber .45 ACP)
- Model 30s, (caliber .45 ACP)
- Model 30 SF, (caliber .45 ACP)
- Model 36, (caliber .45 ACP)
- Model 41 Gen 4, 41 Gen 4 MOS, (caliber 45 ACP)
- Model 37, (caliber .45 GAP)
- Model 38, (caliber .45 GAP)
- Model 39, (caliber .45 GAP)
- Model 20 Gen 4, (caliber 10mm)
- Model 20 SF, (caliber 10mm)
- Model 29 Gen 4, (caliber 10mm)
- Model 29 SF, (caliber 10mm)
- Model 40 Gen 4 MOS, (caliber 10mm)
- All gun models with a similar chamber design and feed ramp length including all pistols manufactured to fire .40 Smith and Wesson, .45 ACP, .45 GAP and 10 MM.

"UNSUPPORTED CHAMBER DESIGN/DEFECT" means the alleged design/defect in this case where the loading ramp has been designed in such a way that,

together with the case, it forms a kind of vent. Depending on the quality of material used for the cases, it is alleged that these will crack in this area under gas pressure due to lack of support. The powder gases escaping downward under high pressure may thus occasionally cause damage on the grip or will cause a witness mark, bulge, or smile in the ammunition case. The plaintiff alleges in this case that for every CLASS GUN, there is a significant chance that one or both of the following things will happen upon pulling the trigger: (a) the brass casing of the bullet will bulge out or "smile," bulging thereby distorting the brass casing; and (b) "blowout," "kaboom," or "rupture," or tear which is when the round/casing blows up or separates and a piece of the casing dislodges. Plaintiff alleges this condition or feature is caused by the lack of complete support for the casing of ammunition at the 6 o'clock position of a round of ammunition seated in the chamber.

## <u>ITEMS TO BE PRODUCED</u>

1. All DOCUMENTS and ESI reflecting intracompany communications regarding the UNSUPPORTED CHAMBER DESIGN/DEFECT, in the CLASS GUNS manufactured by Glock firearms causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

2. All DOCUMENTS and ESI reflecting intercompany communications between YOU and third parties regarding the UNSUPPORTED CHAMBER DEFECT, of the CLASS GUNS manufactured by Glock causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

3. All DOCUMENTS and ESI reflecting CLASS GUN owners or users making a complaint, warranty claim, or return/replacement request involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing a CLASS GUN including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

4.     All DOCUMENTS and ESI reflecting testing and inspections performed by YOU after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

5.     All DOCUMENTS and ESI reflecting communications with third parties, (including but not limited to Glock, Inc, Glock Ges.m.b.H, Glock retailers, wholesalers, repair technicians, armorers, purchasers or consumer of your products), after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

6.     All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed to leave a part of the casing unsupported to act as a feature to vent gas downward.

7.      All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber fails due to:

   a.     either an over-pressured round,

   b.     a weakness in the casing,

   c.     an under-loaded round with an air annulus,

   d.     or a round where deflagration detonation transition (DDT) occurred, or concurrent Chapman-Jourguet wave fronts result in alternating CJ shock waves causing a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

8.     All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed by Glock Inc. or Glock Ges.m.b.H to leave a part of the casing unsupported to increase reliable feeding of ammunition.

9.     All DOCUMENTS and ESI reflecting whether YOU tested, or contemplated testing, certain types of "material quality" or different manufacturing processes to determine the pressures required to safely fire the CLASS GUNS with an UNSUPPORTED CHAMBER DESIGN/DEFECT.

10.     All DOCUMENTS and ESI reflecting whether to warn that CLASS GUNS should not be used with cases made of YOUR PRODUCTS manufactured with certain materials (e.g., brass, steel, aluminum).

11.     All DOCUMENTS and ESI reflecting additional or special reloading equipment needed to reload ammunition casings that have been fired through a CLASS GUN.

12.     All DOCUMENTS and ESI reflecting aftermarket replacement barrels for CLASS GUNS that have a supported chamber.

13.     All DOCUMENTS and ESI reflecting disputes with any law enforcement agency over CLASS GUN performance when firing YOUR PRODUCTS.

14.     Photographs, video, or computer images of CLASS GUNS that have suffered a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

15.     All DOCUMENTS and ESI reflecting litigation involving YOUR PRODUCTS when fired from a CLASS GUN.

16.     All DOCUMENTS and ESI reflecting engineering or expert opinions involving YOUR PRODUCTS when fired from a CLASS GUN.

# EXHIBIT 17

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_Northern District of California

<table>
<tr><td>Steven C. Johnson, and individual, on behalf of<br>himself and all others similarly situated,<br><i>Plaintiff</i></td><td>)<br>)<br>)<br>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No.   3:20-cv-08807-WHO</td></tr>
<tr><td>Glock, Inc., a Georgia Corporation; Glock Ges.m.b.H,<br>an Austrian entity, et al.<br><i>Defendant</i></td><td>)<br>)<br>)</td><td></td></tr>
</table>

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: *Winchester Ammunition - Olin Corporation, CT Corporation System, 4701 Cox Road Suite 285, Glen Allen, Virginia 23060-6808*

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   **See Schedule A.**

<table>
<tr><td>Place:   Lewis and Lewis Trial Lawyers, PLC 28150<br>N. Alma School Rd., Ste. 103-637 Scottsdale,<br>AZ 85262 (By Mail)<br>rob@lewislawfirm.com (Electronically)</td><td>Date and Time:   June 23, 2023 at 5:00pm</td></tr>
</table>

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

<table>
<tr><td>Place:</td><td>Date and Time:</td></tr>
</table>

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      05/25/2023

<table>
<tr><td><i>CLERK OF COURT</i><br><br>_____<br><i>Signature of Clerk or Deputy Clerk</i></td><td>OR</td><td><i>/s/ Robert K. Lewis</i><br><br>_____<br><i>Attorney's signature</i></td></tr>
</table>

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Steven C. Johnson

_____, who issues or requests this subpoena, are:

 Robert Lewis, 28150 N. Alma School Rd. Ste 103-637, Scottsdale, AZ 85262, Rob@LewisLawFirm.com 602-889-6666

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:20-cv-08807-WHO

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐   I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐   I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA DUCES TECUM - SCHEDULE A

*Johnson v. Glock, Inc., et al.*
3:20-cv-08807-WHO

To: Olin Corporation Winchester Ammunition

## INSTRUCTIONS

1.      Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2.      Each document responsive to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each category to which they are responsive.

3.      Complete documents, including all attachments, cover memos, appendices, etc., shall be produced if any part of the writing is responsive to a request.  Responding Party shall not mask or delete any part of a document if that document contains information responsive to a request.  Documents found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

4.      Unless otherwise agreed to, documents that are maintained in the normal course of business in electronic format shall be produced in their native format, including all metadata in standard delimited ASCII format, along with the software necessary to interpret such files if such software is not readily available, and are not to be converted to any other format, such as paper, tiff image or PDF file.

5.      If YOU produce scanned documents on compact discs, then documents should be produced in single page tiff format and YOU should also produce (i) the load file with each set of documents (this file provides the beginning bates, end bates, directory, filename and page count, to allow a match between the data and the files themselves), (ii)

attachment information so it can be determined which attachments go with which documents produced, and (iii) any other objective coding for each document produced, including any fields for source, date, author, recipients and custodian of the documents.

      a.     "YOU" or "YOUR," mean Responding Party and its attorneys, predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former officers, owners, directors, members, partners, managers, trustees, representatives, agents, employees and all persons presently or formerly acting, or purporting to act, on its behalf, or on behalf of its predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities and related entities, for any purpose whatsoever.

      6.     If any responsive document was, but is no longer in existence or in Responding Party's possession, custody or control, identify its current or last-known custodian and describe in full the circumstances surrounding its disposition from Responding Party's possession, custody or control. A document shall be deemed to be in Responding Party's control if Responding Party has the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

      7.     "And," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the request is not excluded.

      8.     These are continuing requests for production of documents. If, subsequent to responding to any such request, additional documents are received or discovered prior to the date of trial or Responding Party becomes aware of any further information pertaining to such request, Responding Party is hereby requested to serve supplemental responses and provide such additional documents promptly and as long before trial as possible, in order to supplement, amend or correct Responding Party's responses; otherwise, it will be assumed that the responses originally given continue to be YOUR complete responses to these requests.

9.     If any documents requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including, without limitation, the following information:  (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

10.     If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged: (a) A brief description of the nature and contents of the matter claimed to be privileged; (b) The name, occupation and capacity of the individual from whom the privileged matter emanated; (c) The name, occupation and capacity of the individual to whom the allegedly privileged matter was produced; (d) The date the item bears; and (e) The privilege claimed.

## DEFINITIONS

For purposes of this subpoena and the subject matter categories listed below, the following definitions shall apply:

"YOU" or "YOUR" or "RESPONDING PARTY" refer to Olin Corporation, Winchester Ammunition and/or its subsidiaries and associated companies, and all of its present and former employees, agents, officers, directors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

"DOCUMENT" OR "DOCUMENTS" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to any and all originals, copies, non-identical copies and preliminary, intermediate and final drafts of correspondence, notes, minutes, records, messages, text and data messages, application

data, policies, procedures, manuals, bulletins, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, posters, placards, advertisements, newspaper clippings, tables, tabulations, financial statements, bank account statements, cleared checks, deposit slips, check stubs, wire transfer receipts, returned checks for insufficient funds, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packing materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, periodicals, accounts, objects, inter-office and intra-office communications, surveys, estimates, licenses, charts, graphs, indexes, calendars, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary drafts, or revisions of any of the foregoing, any document that has or contains any attachment, enclosure, comment, notation, addition, or insertion of any kind that is not part of another document, or any document that does not contain a comment, notation, addition, insertion, or marking of any kind that is part of another document, is considered to be a separate document.

"ELECTRONICALLY STORED INFORMATION" or "ESI" is used in the broadest possible sense and includes, but is not limited to, all information that is stored in an electronic medium.

"CLASS GUN" means all Glock handguns referenced and referred to by model including, but not limited to any model that fires a 45 caliber ACP round, any model that fires a 40 S&W round, any model that fires a 45 GAP, any model that fires a 10 mm round of ammunition. This class includes all these models regardless of the generation, the magazine capacity, the grips, the color, the frame length, the sites, whether it includes a provision for optics, or whether it is approved for sale to the public by the State of California. This includes but is not limited to the following Models:

- Model 22 all generations (caliber .40 S&W)
- Model 23 of all generations and variations 23, (caliber .40 S&W)
- Model 24, (caliber .40 S&W)
- Model 27, 27 Gen 4, (caliber .40 S&W)
- Model 35, 35 Gen 4, 35 Gen 4 MOS, (caliber .40 S&W)
- Model 21 Gen 4, (caliber .45 ACP)
- Model 21 SF, (caliber .45 ACP)
- Model 30 Gen 4, (caliber .45 ACP)
- Model 30s, (caliber .45 ACP)
- Model 30 SF, (caliber .45 ACP)
- Model 36, (caliber .45 ACP)
- Model 41 Gen 4, 41 Gen 4 MOS, (caliber 45 ACP)
- Model 37, (caliber .45 GAP)
- Model 38, (caliber .45 GAP)
- Model 39, (caliber .45 GAP)
- Model 20 Gen 4, (caliber 10mm)
- Model 20 SF, (caliber 10mm)
- Model 29 Gen 4, (caliber 10mm)
- Model 29 SF, (caliber 10mm)
- Model 40 Gen 4 MOS, (caliber 10mm)
- All gun models with a similar chamber design and feed ramp length including all pistols manufactured to fire .40 Smith and Wesson, .45 ACP, .45 GAP and 10 MM.

"UNSUPPORTED CHAMBER DESIGN/DEFECT" means the alleged design/defect in this case where the loading ramp has been designed in such a way that, together with the case, it forms a kind of vent. Depending on the quality of material used for the cases, it is alleged that these will crack in this area under gas pressure due to lack

of support. The powder gases escaping downward under high pressure may thus occasionally cause damage on the grip or will cause a witness mark, bulge, or smile in the ammunition case. The plaintiff alleges in this case that for every CLASS GUN, there is a significant chance that one or both of the following things will happen upon pulling the trigger: (a) the brass casing of the bullet will bulge out or "smile," bulging thereby distorting the brass casing; and (b) "blowout," "kaboom," or "rupture," or tear which is when the round/casing blows up or separates and a piece of the casing dislodges. Plaintiff alleges this condition or feature is caused by the lack of complete support for the casing of ammunition at the 6 o'clock position of a round of ammunition seated in the chamber.

## ITEMS TO BE PRODUCED

1.    All DOCUMENTS and ESI reflecting intracompany communications regarding the UNSUPPORTED CHAMBER DESIGN/DEFECT, in the CLASS GUNS manufactured by Glock firearms causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

2.    All DOCUMENTS and ESI reflecting intercompany communications between YOU and third parties regarding the UNSUPPORTED CHAMBER DEFECT, of the CLASS GUNS manufactured by Glock causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

3.    All DOCUMENTS and ESI reflecting CLASS GUN owners or users making a complaint, warranty claim, or return/replacement request involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing a CLASS GUN including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

4.    All DOCUMENTS and ESI reflecting testing and inspections performed by YOU after receiving a complaint, warranty claim, or return/replacement request from a

CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

5.    All DOCUMENTS and ESI reflecting communications with third parties, (including but not limited to Glock, Inc, Glock Ges.m.b.H, Glock retailers, wholesalers, repair technicians, armorers, purchasers or consumer of your products), after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

6.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed to leave a part of the casing unsupported to act as a feature to vent gas downward.

7.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber fails due to:

      a.    either an over-pressured round,

      b.    a weakness in the casing,

      c.    an under-loaded round with an air annulus,

      d.    or a round where deflagration detonation transition (DDT) occurred, or concurrent Chapman-Jourguet wave fronts result in alternating CJ shock waves causing a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

8.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was

intentionally designed by Glock Inc. or Glock Ges.m.b.H to leave a part of the casing unsupported to increase reliable feeding of ammunition.

9.     All DOCUMENTS and ESI reflecting whether YOU tested, or contemplated testing, certain types of "material quality" or different manufacturing processes to determine the pressures required to safely fire the CLASS GUNS with an UNSUPPORTED CHAMBER DESIGN/DEFECT.

10.     All DOCUMENTS and ESI reflecting whether to warn that CLASS GUNS should not be used with cases made of YOUR PRODUCTS manufactured with certain materials (e.g., brass, steel, aluminum).

11.     All DOCUMENTS and ESI reflecting additional or special reloading equipment needed to reload ammunition casings that have been fired through a CLASS GUN.

12.     All DOCUMENTS and ESI reflecting aftermarket replacement barrels for CLASS GUNS that have a supported chamber.

13.     All DOCUMENTS and ESI reflecting disputes with any law enforcement agency over CLASS GUN performance when firing YOUR PRODUCTS.

14.     Photographs, video, or computer images of CLASS GUNS that have suffered a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

15.     All DOCUMENTS and ESI reflecting litigation involving YOUR PRODUCTS when fired from a CLASS GUN.

16.     All DOCUMENTS and ESI reflecting engineering or expert opinions involving YOUR PRODUCTS when fired from a CLASS GUN.

# EXHIBIT 18

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_Northern District of California

| | |
|---|---|
| Steven C. Johnson, and individual, on behalf of himself and all others similarly situated, | ) ) ) |
| *Plaintiff* | ) |
| v. | ) |
| Glock, Inc., a Georgia Corporation; Glock Ges.m.b.H, an Austrian entity, et al. | ) ) ) |
| *Defendant* | ) |

Civil Action No.     3:20-cv-08807-WHO

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  **Olin Corporation c/o Registered Agent C T Corporation System, 4701 Cox Road Suite 285 Glen Allen, Virginia 23060-6808**

*(Name of person to whom this subpoena is directed)*

☒  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   **See Schedule A.**

| Place: | Lewis and Lewis Trial Lawyers, PLC 28150 N. Alma School Rd., Ste. 103-637 Scottsdale, AZ 85262 (By Mail) rob@lewislawfirm.com (Electronically) | Date and Time: | June 23, 2023 at 5:00pm |
|---|---|---|---|

☐  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/25/2023

|  *CLERK OF COURT* | OR | */s/Robert K. Lewis* |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Steven C. Johnson

_____, who issues or requests this subpoena, are:

 Robert Lewis, 28150 N. Alma School Rd. Ste 103-637, Scottsdale, AZ, 85262, Rob@LewisLawFirm.com 602-889-6666

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:20-cv-08807-WHO

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____    on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA DUCES TECUM - SCHEDULE A

*Johnson v. Glock, Inc., et al.*
3:20-cv-08807-WHO

To: Olin Corporation Winchester Ammunition

## INSTRUCTIONS

1.     Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2.     Each document responsive to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each category to which they are responsive.

3.     Complete documents, including all attachments, cover memos, appendices, etc., shall be produced if any part of the writing is responsive to a request.  Responding Party shall not mask or delete any part of a document if that document contains information responsive to a request.  Documents found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

4.     Unless otherwise agreed to, documents that are maintained in the normal course of business in electronic format shall be produced in their native format, including all metadata in standard delimited ASCII format, along with the software necessary to interpret such files if such software is not readily available, and are not to be converted to any other format, such as paper, tiff image or PDF file.

5.     If YOU produce scanned documents on compact discs, then documents should be produced in single page tiff format and YOU should also produce (i) the load file with each set of documents (this file provides the beginning bates, end bates, directory, filename and page count, to allow a match between the data and the files themselves), (ii)

attachment information so it can be determined which attachments go with which documents produced, and (iii) any other objective coding for each document produced, including any fields for source, date, author, recipients and custodian of the documents.

     a.    "YOU" or "YOUR," mean Responding Party and its attorneys, predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former officers, owners, directors, members, partners, managers, trustees, representatives, agents, employees and all persons presently or formerly acting, or purporting to act, on its behalf, or on behalf of its predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities and related entities, for any purpose whatsoever.

    6.    If any responsive document was, but is no longer in existence or in Responding Party's possession, custody or control, identify its current or last-known custodian and describe in full the circumstances surrounding its disposition from Responding Party's possession, custody or control. A document shall be deemed to be in Responding Party's control if Responding Party has the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

    7.    "And," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the request is not excluded.

    8.    These are continuing requests for production of documents. If, subsequent to responding to any such request, additional documents are received or discovered prior to the date of trial or Responding Party becomes aware of any further information pertaining to such request, Responding Party is hereby requested to serve supplemental responses and provide such additional documents promptly and as long before trial as possible, in order to supplement, amend or correct Responding Party's responses; otherwise, it will be assumed that the responses originally given continue to be YOUR complete responses to these requests.

9.    If any documents requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including, without limitation, the following information:  (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

10.    If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged: (a) A brief description of the nature and contents of the matter claimed to be privileged; (b) The name, occupation and capacity of the individual from whom the privileged matter emanated; (c) The name, occupation and capacity of the individual to whom the allegedly privileged matter was produced; (d) The date the item bears; and (e) The privilege claimed.

## DEFINITIONS

For purposes of this subpoena and the subject matter categories listed below, the following definitions shall apply:

"YOU" or "YOUR" or "RESPONDING PARTY" refer to Olin Corporation, Winchester Ammunition and/or its subsidiaries and associated companies, and all of its present and former employees, agents, officers, directors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

"DOCUMENT" OR "DOCUMENTS" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to any and all originals, copies, non-identical copies and preliminary, intermediate and final drafts of correspondence, notes, minutes, records, messages, text and data messages, application

data, policies, procedures, manuals, bulletins, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, posters, placards, advertisements, newspaper clippings, tables, tabulations, financial statements, bank account statements, cleared checks, deposit slips, check stubs, wire transfer receipts, returned checks for insufficient funds, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packing materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, periodicals, accounts, objects, inter-office and intra-office communications, surveys, estimates, licenses, charts, graphs, indexes, calendars, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary drafts, or revisions of any of the foregoing, any document that has or contains any attachment, enclosure, comment, notation, addition, or insertion of any kind that is not part of another document, or any document that does not contain a comment, notation, addition, insertion, or marking of any kind that is part of another document, is considered to be a separate document.

"ELECTRONICALLY STORED INFORMATION" or "ESI" is used in the broadest possible sense and includes, but is not limited to, all information that is stored in an electronic medium.

"CLASS GUN" means all Glock handguns referenced and referred to by model including, but not limited to any model that fires a 45 caliber ACP round, any model that fires a 40 S&W round, any model that fires a 45 GAP, any model that fires a 10 mm round of ammunition. This class includes all these models regardless of the generation, the magazine capacity, the grips, the color, the frame length, the sites, whether it includes a provision for optics, or whether it is approved for sale to the public by the State of California. This includes but is not limited to the following Models:

- Model 22 all generations (caliber .40 S&W)
- Model 23 of all generations and variations 23, (caliber .40 S&W)
- Model 24, (caliber .40 S&W)
- Model 27, 27 Gen 4, (caliber .40 S&W)
- Model 35, 35 Gen 4, 35 Gen 4 MOS, (caliber .40 S&W)
- Model 21 Gen 4, (caliber .45 ACP)
- Model 21 SF, (caliber .45 ACP)
- Model 30 Gen 4, (caliber .45 ACP)
- Model 30s, (caliber .45 ACP)
- Model 30 SF, (caliber .45 ACP)
- Model 36, (caliber .45 ACP)
- Model 41 Gen 4, 41 Gen 4 MOS, (caliber 45 ACP)
- Model 37, (caliber .45 GAP)
- Model 38, (caliber .45 GAP)
- Model 39, (caliber .45 GAP)
- Model 20 Gen 4, (caliber 10mm)
- Model 20 SF, (caliber 10mm)
- Model 29 Gen 4, (caliber 10mm)
- Model 29 SF, (caliber 10mm)
- Model 40 Gen 4 MOS, (caliber 10mm)
- All gun models with a similar chamber design and feed ramp length including all pistols manufactured to fire .40 Smith and Wesson, .45 ACP, .45 GAP and 10 MM.

"UNSUPPORTED CHAMBER DESIGN/DEFECT" means the alleged design/defect in this case where the loading ramp has been designed in such a way that, together with the case, it forms a kind of vent. Depending on the quality of material used for the cases, it is alleged that these will crack in this area under gas pressure due to lack

of support. The powder gases escaping downward under high pressure may thus occasionally cause damage on the grip or will cause a witness mark, bulge, or smile in the ammunition case. The plaintiff alleges in this case that for every CLASS GUN, there is a significant chance that one or both of the following things will happen upon pulling the trigger: (a) the brass casing of the bullet will bulge out or "smile," bulging thereby distorting the brass casing; and (b) "blowout," "kaboom," or "rupture," or tear which is when the round/casing blows up or separates and a piece of the casing dislodges. Plaintiff alleges this condition or feature is caused by the lack of complete support for the casing of ammunition at the 6 o'clock position of a round of ammunition seated in the chamber.

## **ITEMS TO BE PRODUCED**

1.     All DOCUMENTS and ESI reflecting intracompany communications regarding the UNSUPPORTED CHAMBER DESIGN/DEFECT, in the CLASS GUNS manufactured by Glock firearms causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

2.     All DOCUMENTS and ESI reflecting intercompany communications between YOU and third parties regarding the UNSUPPORTED CHAMBER DEFECT, of the CLASS GUNS manufactured by Glock causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

3.     All DOCUMENTS and ESI reflecting CLASS GUN owners or users making a complaint, warranty claim, or return/replacement request involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing a CLASS GUN including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

4.     All DOCUMENTS and ESI reflecting testing and inspections performed by YOU after receiving a complaint, warranty claim, or return/replacement request from a

CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

5.    All DOCUMENTS and ESI reflecting communications with third parties, (including but not limited to Glock, Inc, Glock Ges.m.b.H, Glock retailers, wholesalers, repair technicians, armorers, purchasers or consumer of your products), after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

6.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed to leave a part of the casing unsupported to act as a feature to vent gas downward.

7.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber fails due to:

      a.    either an over-pressured round,

      b.    a weakness in the casing,

      c.    an under-loaded round with an air annulus,

      d.    or a round where deflagration detonation transition (DDT) occurred, or concurrent Chapman-Jourguet wave fronts result in alternating CJ shock waves causing a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

8.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was

intentionally designed by Glock Inc. or Glock Ges.m.b.H to leave a part of the casing unsupported to increase reliable feeding of ammunition.

9.      All DOCUMENTS and ESI reflecting whether YOU tested, or contemplated testing, certain types of "material quality" or different manufacturing processes to determine the pressures required to safely fire the CLASS GUNS with an UNSUPPORTED CHAMBER DESIGN/DEFECT.

10.     All DOCUMENTS and ESI reflecting whether to warn that CLASS GUNS should not be used with cases made of YOUR PRODUCTS manufactured with certain materials (e.g., brass, steel, aluminum).

11.     All DOCUMENTS and ESI reflecting additional or special reloading equipment needed to reload ammunition casings that have been fired through a CLASS GUN.

12.     All DOCUMENTS and ESI reflecting aftermarket replacement barrels for CLASS GUNS that have a supported chamber.

13.     All DOCUMENTS and ESI reflecting disputes with any law enforcement agency over CLASS GUN performance when firing YOUR PRODUCTS.

14.     Photographs, video, or computer images of CLASS GUNS that have suffered a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

15.     All DOCUMENTS and ESI reflecting litigation involving YOUR PRODUCTS when fired from a CLASS GUN.

16.     All DOCUMENTS and ESI reflecting engineering or expert opinions involving YOUR PRODUCTS when fired from a CLASS GUN.

# EXHIBIT 19

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_Northern District of California

| | |
|---|---|
| Steven C. Johnson, and individual, on behalf of himself and all others similarly situated, | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Glock, Inc., a Georgia Corporation; Glock Ges.m.b.H, an Austrian entity, et al. | ) |
| _Defendant_ | ) |

Civil Action No.   3:20-cv-08807-WHO

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  **City of Portland c/o Portland City Attorney Robert L. Taylor, City of Portland, 1221 SW 4th Ave., Room 430, Portland, OR 97204**

*(Name of person to whom this subpoena is directed)*

☒  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   **See Schedule A & B.**

| Place:   Lewis and Lewis Trial Lawyers, PLC 28150 N. Alma School Rd., Ste. 103-637 Scottsdale, AZ 85262 | Date and Time:   June 23, 2023 at 11:59pm |
|---|---|

☐  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      05/25/2023

CLERK OF COURT

OR      */s/Robert K. Lewis*

_____          _____
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Steven C. Johnson

_____ , who issues or requests this subpoena, are:

 Robert Lewis, 28150 N. Alma School Rd. Ste 103-637, Scottsdale, AZ 85262, Rob@LewisLawFirm.com 602-889-6666

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.      3:20-cv-08807-WHO

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____     on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                              *Server's signature*

                                                              _____
                                                              *Printed name and title*

                                                              _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SUBPOENA DUCES TECUM - SCHEDULE A

*Johnson v. Glock, Inc., et al.*
3:20-cv-08807-WHO

To: City of Portland

## INSTRUCTIONS

1.      Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2.      Each document responsive to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each category to which they are responsive.

3.      Complete documents, including all attachments, cover memos, appendices, etc., shall be produced if any part of the writing is responsive to a request.  Responding Party shall not mask or delete any part of a document if that document contains information responsive to a request.  Documents found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

4.      Unless otherwise agreed to, documents that are maintained in the normal course of business in electronic format shall be produced in their native format, including all metadata in standard delimited ASCII format, along with the software necessary to interpret such files if such software is not readily available, and are not to be converted to any other format, such as paper, tiff image or PDF file.

5.      If YOU produce scanned documents on compact discs, then documents should be produced in single page tiff format and YOU should also produce (i) the load file with each set of documents (this file provides the beginning bates, end bates, directory, filename and page count, to allow a match between the data and the files themselves), (ii)

attachment information so it can be determined which attachments go with which documents produced, and (iii) any other objective coding for each document produced, including any fields for source, date, author, recipients and custodian of the documents.

"YOU" or "YOUR," mean Responding Party and its attorneys, predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former officers, owners, directors, members, partners, managers, trustees, representatives, agents, employees and all persons presently or formerly acting, or purporting to act, on its behalf, or on behalf of its predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities and related entities, for any purpose whatsoever.

6.     If any responsive document was, but is no longer in existence or in Responding Party's possession, custody or control, identify its current or last-known custodian and describe in full the circumstances surrounding its disposition from Responding Party's possession, custody or control.  A document shall be deemed to be in Responding Party's control if Responding Party has the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

7.     "And," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the request is not excluded.

8.     These are continuing requests for production of documents.  If, subsequent to responding to any such request, additional documents are received or discovered prior to the date of trial or Responding Party becomes aware of any further information pertaining to such request, Responding Party is hereby requested to serve supplemental responses and provide such additional documents promptly and as long before trial as possible, in order to supplement, amend or correct Responding Party's responses; otherwise, it will be assumed that the responses originally given continue to be YOUR complete responses to these requests.

9.  If any documents requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including, without limitation, the following information:  (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

10.  If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged: (a) A brief description of the nature and contents of the matter claimed to be privileged; (b) The name, occupation and capacity of the individual from whom the privileged matter emanated; (c) The name, occupation and capacity of the individual to whom the allegedly privileged matter was produced; (d) The date the item bears; and (e) The privilege claimed.

**DEFINITIONS**

For purposes of this subpoena and the subject matter categories listed below, the following definitions shall apply:

"YOU" or "YOUR" or "RESPONDING PARTY" refer to the City of Portland and all of its present and former employees, agents, officers, directors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

"DOCUMENT" OR "DOCUMENTS" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to any and all originals, copies, non-identical copies and preliminary, intermediate and final drafts of correspondence, notes, minutes, records, messages, text and data messages, application data, policies, procedures, manuals, bulletins, memoranda, telephone memoranda, diaries,

contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, posters, placards, advertisements, newspaper clippings, tables, tabulations, financial statements, bank account statements, cleared checks, deposit slips, check stubs, wire transfer receipts, returned checks for insufficient funds, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packing materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, periodicals, accounts, objects, inter-office and intra-office communications, surveys, estimates, licenses, charts, graphs, indexes, calendars, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary drafts, or revisions of any of the foregoing, any document that has or contains any attachment, enclosure, comment, notation, addition, or insertion of any kind that is not part of another document, or any document that does not contain a comment, notation, addition, insertion, or marking of any kind that is part of another document, is considered to be a separate document.

"ELECTRONICALLY STORED INFORMATION" or "ESI" is used in the broadest possible sense and includes, but is not limited to, all information that is stored in an electronic medium.

"CLASS GUN" means all Glock handguns referenced and referred to by model including, but not limited to any model that fires a 45 caliber ACP round, any model that fires a 40 S&W round, any model that fires a 45 GAP, any model that fires a 10 mm round of ammunition. This class includes all these models regardless of the generation, the magazine capacity, the grips, the color, the frame length, the sites, whether it includes a provision for optics, or whether it is approved for sale to the public by the State of California. This includes but is not limited to the following Models:

- Model 22 all generations (caliber .40 S&W)

- Model 23 of all generations and variations, (caliber .40 S&W)

- Model 24, (caliber .40 S&W)

- Model 27, 27 Gen 4, (caliber .40 S&W)

- Model 35, 35 Gen 4, 35 Gen 4 MOS, (caliber .40 S&W)

- Model 21 Gen 4, (caliber .45 ACP)

- Model 21 SF, (caliber .45 ACP)

- Model 30 Gen 4, (caliber .45 ACP)

- Model 30s, (caliber .45 ACP)

- Model 30 SF, (caliber .45 ACP)

- Model 36, (caliber .45 ACP)

- Model 41 Gen 4, 41 Gen 4 MOS, (caliber .45 ACP)

- Model 37, (caliber .45 GAP)

- Model 38, (caliber .45 GAP)

- Model 39, (caliber .45 GAP)

- Model 20 Gen 4, (caliber 10mm)

- Model 20 SF, (caliber 10mm)

- Model 29 Gen 4, (caliber 10mm)

- Model 29 SF, (caliber 10mm)

- Model 40 Gen 4 MOS, (caliber 10mm)

- All gun models with a similar chamber design and feed ramp length including all pistols manufactured to fire .40 Smith and Wesson, .45 ACP, .45 GAP and 10 MM.

"UNSUPPORTED CHAMBER DESIGN/DEFECT" means the alleged design/defect in this case where the loading ramp has been designed in such a way that, together with the case, it forms a kind of vent where the chamber or barrel does not support the ammunition case. Depending on the quality of material used for the cases, it is alleged that a case will crack in this area under gas pressure due to lack of support. The powder

and gases escaping downward under high pressure may thus occasionally cause damage on the grip or will cause a witness mark, tool mark, bulge, or smile in the ammunition case. The plaintiff alleges in this case that for every CLASS GUN, there is a significant chance that one or both of the following things will happen upon pulling the trigger: (a) the brass casing of the ammunition will bulge out or "smile," bulging thereby distorting the brass casing; and (b) "blowout," "kaboom," or "rupture," or tear which is when the round/casing blows up or separates and a piece of the casing dislodges. Plaintiff alleges this condition or feature is caused by the lack of complete support for the casing of ammunition at the 6 o'clock position of a round of ammunition seated in the chamber.

## **ITEMS TO BE PRODUCED**

1.     All DOCUMENTS and ESI reflecting intracompany communications regarding the UNSUPPORTED CHAMBER DESIGN/DEFECT, in the CLASS GUNS manufactured and distributed by the Glock entities causing or contributing to case failures, Kabooms, blowouts, ruptures, tears, bulges, smiles, and deformed casings.

2.     All DOCUMENTS and ESI reflecting intercompany communications between YOU and third parties regarding the UNSUPPORTED CHAMBER DEFECT of the CLASS GUNS manufactured by Glock causing or contributing to case failures, Kabooms, blowouts, ruptures, tears, bulges, smiles, and deformed casings.

3.     All documents in any way related to the dispute with Glock, Inc, Glock Ges.m.b.H that is outlined and discussed in Schedule B of this Subpoena.

4.     All DOCUMENTS and ESI reflecting CLASS GUN owners or users making a complaint, warranty claim, or return/replacement request involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing a CLASS GUN including, but not limited to, case failures, Kabooms, blowouts, ruptures, tears, bulges, smiles, and deformed casings.

5.      All DOCUMENTS and ESI reflecting testing, inspections, and reports performed by YOU after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, ears, bulges, smiles, and deformed casings.

6.      All DOCUMENTS and ESI reflecting communications with third parties, (including but not limited to Glock, Inc, Glock Ges.m.b.H, Glock retailers, wholesalers, repair technicians, armorers, purchasers or users of a Class gun), after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, tears, bulges, smiles, and deformed casings.

7.      All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed to leave a part of the casing unsupported to act as a feature to vent gas downward.

8.       All DOCUMENTS and ESI reflecting whether ammunition casings fail or are distorted when fired due in a CLASS GUN because of to the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber fails due to:

      a.      either an over-pressured round,

            b.      a weakness in the casing material,

            c.      an under-loaded round with an air annulus,

            d.      or a round where deflagration detonation transition (DDT) occurred, or concurrent Chapman-Jourguet wave fronts result in alternating CJ

shock waves causing a case failure, Kabooms, blowouts, ruptures, tears, bulges, smiles, and deformed casings.

9.     All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed by Glock Inc. or Glock Ges.m.b.H to leave a part of the casing unsupported to increase reliable feeding of ammunition.

10.     All DOCUMENTS and ESI reflecting disputes with any other law enforcement agency over CLASS GUN performance.

11.     Photographs, video, or computer images of CLASS GUNS that have suffered a case failure, Kabooms, blowouts, ruptures, tears, bulges, smiles, and deformed casings.

12.     All DOCUMENTS and ESI reflecting disputes, litigation or threatened litigation concerning the performance of Glock firearms.

13.     All DOCUMENTS and ESI reflecting engineering or expert opinions involving a CLASS GUN.

14.     All DOCUMENTS and ESI reflecting injuries suffered by YOUR employees or Agents because of a Failure of a CLASS GUN.



Police Products  ⟩  Police Firearms

# Possible Officer Safety Issue Related to Glock Model 21 Handguns

Mar 29, 2004

---

**Possible Officer Safety Issue Related to Glock Model 21 Handguns**
Police1.com Critical Alert

Police1 has been monitoring recent developments related to incidents at the Portland, Ore. Police Bureau in which their handguns exploded during training. In early March, Portland Police experienced what they referred to as "catastrophic failures" of their .45 caliber Glock Model 21 pistols and are now in process of switching to Glock 9 mm pistols.

Portland Police Chief Derrick Foxworth, in a Mar. 12 *Oregonian* news story, described two incidents in which a Glock Model 21 pistol "basically exploded in (the officer's) hand."

He cited a possible design problem and he referenced similar incidents at agencies in Florida and in Texas. "In each case, the bullet failed to feed into the weapon's barrel, and the primer ignited, causing an explosion that blew out the magazine seated into the weapon."

Glock, in a press release dated March 24, stood by their Model 21 pistols, citing the hangun's 12-year history of meeting the highest of industry standards; and also cited its rigorous testing. The hanguns are used by thousands of military and law enforcement agencies throughout the world. In the release, Glock explains that they were never given the opportunity to examine the pistols and ammunition.

"The Portland Police Department has only provided us with pictures of the damaged firearms. A review of these pictures appears to indicate a classic over-pressured ammunition problem," the press release said.

Police1 notes that the description of the incident resembles the experiences of several officers, including that of a Police1 member -- a firearms instructor at the Department of Criminal Justice Training Center -- in which lower-grade training ammunition was cited as the cause of a firearm's failure. In addition, it is always good practice to wear protective eyewear when training with firearms.

Police1 encourages officers to stay informed on this issue and to review the below information. We will continue to keep you up to date on new developments.

Press Release:
Glock, Inc. Response to Portland, Ore. "Exploding Firearm" Incident

Related Article:
Port Huron, Mich. Police Get Bigger Pistols; Switch to .45-caliber Glock Handguns

## LATEST PRODUCT NEWS

- How thorough testing of The Alternative helped find the right force

- Argus BWC: Empowering law enforcement with advanced AI, redaction and officer safety features

- Uniting for effective mass casualty response: Law enforcement, fire and EMS trade trainers 

- Making continuing education affordable through cost savings and scholarships

- Mobile firearm security: A new way to empower your police department and mitigate risk

MORE PRODUCT NEWS >

## PRODUCT ORIGINALS

- Mobile firearm security: A new way to empower your police department and mitigate risk

- Why Smith & Wesson's Equalizer is not only for 1911 enthusiasts

- SHOT Show 2023 in the rear-view mirror: A smorgasbord of new products

- Everybody wins with law enforcement equipment trade-ins

- Photo of the Week: Ring of fire

MORE PRODUCT ORIGINALS >

Copyright © 2023 Police1. All rights reserved.

# EXHIBIT 20

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_Northern District of California

| | |
|---|---|
| Steven C. Johnson, and individual, on behalf of himself and all others similarly situated, | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| Glock, Inc., a Georgia Corporation; Glock Ges.m.b.H, an Austrian entity, et al. | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No.    3:20-cv-08807-WHO

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:    **City of Red Wing c/o City Clerk Teri Swanson, City of Red Wing, 315 West 4th Street, Red Wing, MN 55066**
_____

*(Name of person to whom this subpoena is directed)*

☒    *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    **See Schedule A.**

| Place:    Lewis and Lewis Trial Lawyers, PLC<br>28150 N. Alma School Rd., Ste. 103-637<br>Scottsdale, AZ 85262 | Date and Time:    June 23, 2023 at 11:59pm |
|---|---|

☐    *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/25/2023

CLERK OF COURT

OR    */s/Robert K. Lewis*

_____    _____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Steven C. Johnson
_____, who issues or requests this subpoena, are:

Robert Lewis, 28150 N. Alma School Rd. Ste 103-637, Scottsdale, AZ 85262, Rob@LewisLawFirm.com 602-889-6666

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:20-cv-08807-WHO

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐   I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

☐   I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA DUCES TECUM - SCHEDULE A

*Johnson v. Glock, Inc., et al.*
3:20-cv-08807-WHO

To: City of Red Wing, Minnesota

## INSTRUCTIONS

1.      Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2.      Each document responsive to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each category to which they are responsive.

3.      Complete documents, including all attachments, cover memos, appendices, etc., shall be produced if any part of the writing is responsive to a request.  Responding Party shall not mask or delete any part of a document if that document contains information responsive to a request.  Documents found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

4.      Unless otherwise agreed to, documents that are maintained in the normal course of business in electronic format shall be produced in their native format, including all metadata in standard delimited ASCII format, along with the software necessary to interpret such files if such software is not readily available, and are not to be converted to any other format, such as paper, tiff image or PDF file.

5.      If YOU produce scanned documents on compact discs, then documents should be produced in single page tiff format and YOU should also produce (i) the load file with each set of documents (this file provides the beginning bates, end bates, directory, filename and page count, to allow a match between the data and the files themselves), (ii)

attachment information so it can be determined which attachments go with which documents produced, and (iii) any other objective coding for each document produced, including any fields for source, date, author, recipients and custodian of the documents. "YOU" or "YOUR," mean Responding Party and its attorneys, predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former officers, owners, directors, members, partners, managers, trustees, representatives, agents, employees and all persons presently or formerly acting, or purporting to act, on its behalf, or on behalf of its predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities and related entities, for any purpose whatsoever.

6.　If any responsive document was, but is no longer in existence or in Responding Party's possession, custody or control, identify its current or last-known custodian and describe in full the circumstances surrounding its disposition from Responding Party's possession, custody or control. A document shall be deemed to be in Responding Party's control if Responding Party has the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

7.　"And," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the request is not excluded.

8.　These are continuing requests for production of documents. If, subsequent to responding to any such request, additional documents are received or discovered prior to the date of trial or Responding Party becomes aware of any further information pertaining to such request, Responding Party is hereby requested to serve supplemental responses and provide such additional documents promptly and as long before trial as possible, in order to supplement, amend or correct Responding Party's responses; otherwise, it will be assumed that the responses originally given continue to be YOUR complete responses to these requests.

9.     If any documents requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including, without limitation, the following information:  (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

10.     If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged: (a) A brief description of the nature and contents of the matter claimed to be privileged; (b) The name, occupation and capacity of the individual from whom the privileged matter emanated; (c) The name, occupation and capacity of the individual to whom the allegedly privileged matter was produced; (d) The date the item bears; and (e) The privilege claimed.

<h2 align="center">DEFINITIONS</h2>

For purposes of this subpoena and the subject matter categories listed below, the following definitions shall apply:

"YOU" or "YOUR" or "RESPONDING PARTY" refer to the Red Wing Minnesota and all of its present and former employees, agents, officers, directors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

"DOCUMENT" OR "DOCUMENTS" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to any and all originals, copies, non-identical copies and preliminary, intermediate and final drafts of correspondence, notes, minutes, records, messages, text and data messages, application data, policies, procedures, manuals, bulletins, memoranda, telephone memoranda, diaries,

contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, posters, placards, advertisements, newspaper clippings, tables, tabulations, financial statements, bank account statements, cleared checks, deposit slips, check stubs, wire transfer receipts, returned checks for insufficient funds, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packing materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, periodicals, accounts, objects, inter-office and intra-office communications, surveys, estimates, licenses, charts, graphs, indexes, calendars, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary drafts, or revisions of any of the foregoing, any document that has or contains any attachment, enclosure, comment, notation, addition, or insertion of any kind that is not part of another document, or any document that does not contain a comment, notation, addition, insertion, or marking of any kind that is part of another document, is considered to be a separate document.

"ELECTRONICALLY STORED INFORMATION" or "ESI" is used in the broadest possible sense and includes, but is not limited to, all information that is stored in an electronic medium.

"CLASS GUN" means all Glock handguns referenced and referred to by model including, but not limited to any model that fires a 45 caliber ACP round, any model that fires a 40 S&W round, any model that fires a 45 GAP, any model that fires a 10 mm round of ammunition. This class includes all these models regardless of the generation, the magazine capacity, the grips, the color, the frame length, the sites, whether it includes a provision for optics, or whether it is approved for sale to the public by the State of California. This includes but is not limited to the following Models:

- Model 22 all generations (caliber .40 S&W)

- Model 23 of all generations and variations, (caliber .40 S&W)
- Model 24, (caliber .40 S&W)
- Model 27, 27 Gen 4, (caliber .40 S&W)
- Model 35, 35 Gen 4, 35 Gen 4 MOS, (caliber .40 S&W)
- Model 21 Gen 4, (caliber .45 ACP)
- Model 21 SF, (caliber .45 ACP)
- Model 30 Gen 4, (caliber .45 ACP)
- Model 30s, (caliber .45 ACP)
- Model 30 SF, (caliber .45 ACP)
- Model 36, (caliber .45 ACP)
- Model 41 Gen 4, 41 Gen 4 MOS, (caliber .45 ACP)
- Model 37, (caliber .45 GAP)
- Model 38, (caliber .45 GAP)
- Model 39, (caliber .45 GAP)
- Model 20 Gen 4, (caliber 10mm)
- Model 20 SF, (caliber 10mm)
- Model 29 Gen 4, (caliber 10mm)
- Model 29 SF, (caliber 10mm)
- Model 40 Gen 4 MOS, (caliber 10mm)
- All gun models with a similar chamber design and feed ramp length including all pistols manufactured to fire .40 Smith and Wesson, .45 ACP, .45 GAP and 10 MM.

"UNSUPPORTED CHAMBER DESIGN/DEFECT" means the alleged design/defect in this case where the loading ramp has been designed in such a way that, together with the case, it forms a kind of vent where the chamber or barrel does not support the ammunition case. Depending on the quality of material used for the cases, it is alleged that a case will crack in this area under gas pressure due to lack of support. The powder

gases escaping downward under high pressure may thus occasionally cause damage on the grip or will cause a witness mark, bulge, or smile in the ammunition case. The plaintiff alleges in this case that for every CLASS GUN, there is a significant chance that one or both of the following things will happen upon pulling the trigger: (a) the brass casing of the ammunition will bulge out or "smile," bulging thereby distorting the brass casing; and (b) "blowout," "kaboom," or "rupture," or tear which is when the round/casing blows up or separates and a piece of the casing dislodges. Plaintiff alleges this condition or feature is caused by the lack of complete support for the casing of ammunition at the 6 o'clock position of a round of ammunition seated in the chamber.

## ITEMS TO BE PRODUCED

1.    All DOCUMENTS and ESI reflecting intracompany communications regarding the UNSUPPORTED CHAMBER DESIGN/DEFECT, in the CLASS GUNS manufactured and distributed by the Glock entities causing or contributing to case failures, Kabooms, blowouts, ruptures, tears, bulges, smiles, and deformed casings.

2.    All DOCUMENTS and ESI reflecting intercompany communications between YOU and third parties regarding the UNSUPPORTED CHAMBER DEFECT of the CLASS GUNS manufactured by Glock causing or contributing to case failures, Kabooms, blowouts, ruptures, tears, bulges, smiles, and deformed casings.

3.    All documents in any way related to the dispute between the City of Red Wing Minnesota and Glock, Inc, Glock Ges.m.b.H or Glock retailers about the performance of Glock handguns.

4.    All DOCUMENTS and ESI reflecting CLASS GUN owners or users making a complaint, warranty claim, or return/replacement request involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing a CLASS GUN

including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

5.    All DOCUMENTS and ESI reflecting testing, reports and inspections performed by YOU after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, tears, bulges, smiles, and deformed casings.

6.    All DOCUMENTS and ESI reflecting communications with third parties, (including but not limited to Glock, Inc, Glock Ges.m.b.H, Glock retailers, wholesalers, repair technicians, armorers, purchasers), after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, tears, bulges, smiles, and deformed casings.

7.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed to leave a part of the casing unsupported to vent gas downward in the event of an over pressurized round.

8.    All DOCUMENTS and ESI reflecting whether ammunition casings fail or are distorted when fired due in a CLASS GUN due to the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber fails due to:

      a.    either an over-pressured round,

      b.    a weakness in the casing,

      c.    an under-loaded round with an air annulus,

       d.      or a round where deflagration detonation transition (DDT) occurred, or concurrent Chapman-Jourguet wave fronts result in alternating CJ shock waves causing a case failure, Kabooms, blowouts, ruptures, tears, bulges, smiles, and deformed casings.

9.     All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed by Glock Inc. or Glock Ges.m.b.H to leave a part of the casing unsupported to increase reliable feeding of ammunition.

10.    All DOCUMENTS and ESI reflecting disputes with any other law enforcement agency over CLASS GUN performance.

11.    Photographs, video, or computer images of CLASS GUNS that have suffered a case failure, Kabooms, blowouts, ruptures, tears, bulges, smiles, and deformed casings.

12.    All DOCUMENTS and ESI reflecting disputes, litigation or threatened litigation concerning the performance of Glock firearms.

13.    All DOCUMENTS and ESI reflecting engineering or expert opinions involving a CLASS GUN.

14.    All DOCUMENTS and ESI reflecting injuries YOUR employees or agents suffered while firing a CLASS GUN.

# EXHIBIT 21

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_Northern District of California

| | |
|---|---|
| Steven C. Johnson, and individual, on behalf of himself and all others similarly situated, <br> _____ <br> *Plaintiff* <br> v. <br> Glock, Inc., a Georgia Corporation; Glock Ges.m.b.H, an Austrian entity, et al. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     Civil Action No.    3:20-cv-08807-WHO |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  **City of Winter Haven c/o Mayor Bradley T. Dantzler, City of Winter Haven, City Hall, 451 Third Street NW, Winter Haven, FL 33881**

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   **See Schedule A & B.**

| Place:  Lewis and Lewis Trial Lawyers, PLC <br> 28150 N. Alma School Rd., Ste. 103-637 <br> Scottsdale, AZ 85262 | Date and Time:    June 23, 2023 at 11:59pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____05/25/2023_____

*CLERK OF COURT*

                          OR       ***/s/Robert K. Lewis***

| _____ | _____ |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Steven C. Johnson

_____ , who issues or requests this subpoena, are:

 Robert Lewis, 28150 N. Alma School Rd. Ste 103-637, Scottsdale, AZ 85262, Rob@LewisLawFirm.com 602-889-6666

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:20-cv-08807-WHO

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐   I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐   I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                          *Server's signature*

                                                    _____
                                                          *Printed name and title*

                                                    _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA DUCES TECUM - SCHEDULE A

*Johnson v. Glock, Inc., et al.*
3:20-cv-08807-WHO

To: City of Winter Haven, Florida

## INSTRUCTIONS

1.      Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2.      Each document responsive to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each category to which they are responsive.

3.      Complete documents, including all attachments, cover memos, appendices, etc., shall be produced if any part of the writing is responsive to a request.  Responding Party shall not mask or delete any part of a document if that document contains information responsive to a request.  Documents found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

4.      Unless otherwise agreed to, documents that are maintained in the normal course of business in electronic format shall be produced in their native format, including all metadata in standard delimited ASCII format, along with the software necessary to interpret such files if such software is not readily available, and are not to be converted to any other format, such as paper, tiff image or PDF file.

5.      If YOU produce scanned documents on compact discs, then documents should be produced in single page tiff format and YOU should also produce (i) the load file with each set of documents (this file provides the beginning bates, end bates, directory, filename and page count, to allow a match between the data and the files themselves), (ii)

attachment information so it can be determined which attachments go with which documents produced, and (iii) any other objective coding for each document produced, including any fields for source, date, author, recipients and custodian of the documents. "YOU" or "YOUR," mean Responding Party and its attorneys, predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former officers, owners, directors, members, partners, managers, trustees, representatives, agents, employees and all persons presently or formerly acting, or purporting to act, on its behalf, or on behalf of its predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities and related entities, for any purpose whatsoever.

6.    If any responsive document was, but is no longer in existence or in Responding Party's possession, custody or control, identify its current or last-known custodian and describe in full the circumstances surrounding its disposition from Responding Party's possession, custody or control.  A document shall be deemed to be in Responding Party's control if Responding Party has the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

7.    "And," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the request is not excluded.

8.    These are continuing requests for production of documents.  If, subsequent to responding to any such request, additional documents are received or discovered prior to the date of trial or Responding Party becomes aware of any further information pertaining to such request, Responding Party is hereby requested to serve supplemental responses and provide such additional documents promptly and as long before trial as possible, in order to supplement, amend or correct Responding Party's responses; otherwise, it will be assumed that the responses originally given continue to be YOUR complete responses to these requests.

9.     If any documents requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including, without limitation, the following information:  (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

10.     If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged: (a) A brief description of the nature and contents of the matter claimed to be privileged; (b) The name, occupation and capacity of the individual from whom the privileged matter emanated; (c) The name, occupation and capacity of the individual to whom the allegedly privileged matter was produced; (d) The date the item bears; and (e) The privilege claimed.

## **DEFINITIONS**

For purposes of this subpoena and the subject matter categories listed below, the following definitions shall apply:

"YOU" or "YOUR" or "RESPONDING PARTY" refer to the and all of its present and former employees, agents, officers, directors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

"DOCUMENT" OR "DOCUMENTS" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to any and all originals, copies, non-identical copies and preliminary, intermediate and final drafts of correspondence, notes, minutes, records, messages, text and data messages, application data, policies, procedures, manuals, bulletins, memoranda, telephone memoranda, diaries,

contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, posters, placards, advertisements, newspaper clippings, tables, tabulations, financial statements, bank account statements, cleared checks, deposit slips, check stubs, wire transfer receipts, returned checks for insufficient funds, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packing materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, periodicals, accounts, objects, inter-office and intra-office communications, surveys, estimates, licenses, charts, graphs, indexes, calendars, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary drafts, or revisions of any of the foregoing, any document that has or contains any attachment, enclosure, comment, notation, addition, or insertion of any kind that is not part of another document, or any document that does not contain a comment, notation, addition, insertion, or marking of any kind that is part of another document, is considered to be a separate document.

"ELECTRONICALLY STORED INFORMATION" or "ESI" is used in the broadest possible sense and includes, but is not limited to, all information that is stored in an electronic medium.

"CLASS GUN" means all Glock handguns referenced and referred to by model including, but not limited to any model that fires a 45 caliber ACP round, any model that fires a 40 S&W round, any model that fires a 45 GAP, any model that fires a 10 mm round of ammunition. This class includes all these models regardless of the generation, the magazine capacity, the grips, the color, the frame length, the sites, whether it includes a provision for optics, or whether it is approved for sale to the public by the State of California. This includes but is not limited to the following Models:

- Model 22 all generations (caliber .40 S&W)

- Model 23 of all generations and variations, (caliber .40 S&W)
- Model 24, (caliber .40 S&W)
- Model 27, 27 Gen 4, (caliber .40 S&W)
- Model 35, 35 Gen 4, 35 Gen 4 MOS, (caliber .40 S&W)
- Model 21 Gen 4, (caliber .45 ACP)
- Model 21 SF, (caliber .45 ACP)
- Model 30 Gen 4, (caliber .45 ACP)
- Model 30s, (caliber .45 ACP)
- Model 30 SF, (caliber .45 ACP)
- Model 36, (caliber .45 ACP)
- Model 41 Gen 4, 41 Gen 4 MOS, (caliber .45 ACP)
- Model 37, (caliber .45 GAP)
- Model 38, (caliber .45 GAP)
- Model 39, (caliber .45 GAP)
- Model 20 Gen 4, (caliber 10mm)
- Model 20 SF, (caliber 10mm)
- Model 29 Gen 4, (caliber 10mm)
- Model 29 SF, (caliber 10mm)
- Model 40 Gen 4 MOS, (caliber 10mm)
- All gun models with a similar chamber design and feed ramp length including all pistols manufactured to fire .40 Smith and Wesson, .45 ACP, .45 GAP and 10 MM.

"UNSUPPORTED CHAMBER DESIGN/DEFECT" means the alleged design/defect in this case where the loading ramp has been designed in such a way that, together with the case, it forms a kind of vent where the chamber or barrel does not support the ammunition case. Depending on the quality of material used for the cases, it is alleged that a case will crack in this area under gas pressure due to lack of support. The powder

gases escaping downward under high pressure may thus occasionally cause damage on the grip or will cause a witness mark, bulge, or smile in the ammunition case. The plaintiff alleges in this case that for every CLASS GUN, there is a significant chance that one or both of the following things will happen upon pulling the trigger: (a) the brass casing of the ammunition will bulge out or "smile," bulging thereby distorting the brass casing; and (b) "blowout," "kaboom," or "rupture," or tear which is when the round/casing blows up or separates and a piece of the casing dislodges. Plaintiff alleges this condition or feature is caused by the lack of complete support for the casing of ammunition at the 6 o'clock position of a round of ammunition seated in the chamber.

## ITEMS TO BE PRODUCED

1.     All DOCUMENTS and ESI reflecting intracompany communications regarding the UNSUPPORTED CHAMBER DESIGN/DEFECT, in the CLASS GUNS manufactured and distributed by the Glock entities causing or contributing to case failures, Kabooms, blowouts, ruptures, tears, bulges, smiles, and deformed casings.

2.     All DOCUMENTS and ESI reflecting intercompany communications between YOU and third parties regarding the UNSUPPORTED CHAMBER DEFECT of the CLASS GUNS manufactured by Glock causing or contributing to case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

3.     All documents in any way related to the dispute or warranty claim between the City of Winter Haven and Glock, Inc, Glock Ges.m.b.H or Glock retailers about the performance of Glock handguns. See Schedule B.

4.     All DOCUMENTS and ESI reflecting CLASS GUN owners or users making a complaint, warranty claim, or return/replacement request involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing a CLASS GUN

including, but not limited to, case failures, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

5.    All DOCUMENTS and ESI reflecting testing and inspections performed by YOU after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, tears, bulges, smiles, and deformed casings.

6.    All DOCUMENTS and ESI reflecting communications with third parties, (including but not limited to Glock, Inc, Glock Ges.m.b.H, Glock retailers, wholesalers, repair technicians, armorers, purchasers or consumer), after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, tears, bulges, smiles, and deformed casings.

7.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed to leave a part of the casing unsupported to vent gas downward in the event of an over pressurized round.

8.    All DOCUMENTS and ESI reflecting whether ammunition casings fail or are distorted when fired due to the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber fails due to:

        a.    either an over-pressured round,

        b.    a weakness in the casing,

        c.    an under-loaded round with an air annulus,

d. or a round where deflagration detonation transition (DDT) occurred, or concurrent Chapman-Jourguet wave fronts result in alternating CJ shock waves causing a case failure, Kabooms, blowouts, ruptures, tears, bulges, smiles, and deformed casings.

9. All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed by Glock Inc. or Glock Ges.m.b.H to leave a part of the casing unsupported to increase reliable feeding of ammunition.

10. All DOCUMENTS and ESI reflecting disputes with any other law enforcement agency over CLASS GUN performance.

11. Photographs, video, or computer images of CLASS GUNS that have suffered a case failure, Kabooms, blowouts, ruptures, tears, bulges, smiles, and deformed casings.

12. All DOCUMENTS and ESI reflecting disputes, litigation or threatened litigation concerning the performance of Glock firearms.

13. All DOCUMENTS and ESI reflecting engineering or expert opinions involving a CLASS GUN.

14. All DOCUMENTS and ESI reflecting injuries suffered by YOUR agents or employees after firing a CLASS GUN.

## The Ledger

NEWS

# Winter Haven Police Still Want Glocks

**RICK ROUSOS The Ledger**
Published 4:00 p.m. ET March 31, 2008 | Updated 5:00 p.m. ET March 31, 2008

WINTER HAVEN | Out with the old Glocks — in with the new Glocks.

Uncomfortable with their Glock pistols because two of them exploded in training incidents, Winter Haven police will likely replace 90 of them with another Glock model, police said Monday.

Two .45-caliber GAP Glock Model 37 pistols exploded during police firearms training in separate incidents, causing minor injuries to an officer and a cadet.

Glock has blamed the two exploding pistols on the bullets.

And Speer Gold Dot, the company that makes the ammunition for the .45-caliber

GAP Glock Model 37, has taken responsibility for the guns exploding while being fired.

For replacements, Winter Haven police will likely get Glock Model 21s,

Although the 21s have been the also been subject to explosions, the department figures those troubles are in the past and have been fixed.

Winter Haven police officers tested the Glock 21s and Sig Sauers, and a majority preferred shooting the Glock 21s, Lt. Joel Bennett said.

Bennett said the department has a meeting with Glock tentatively scheduled for Thursday.

He said Glock has agreed to replace the departments 90 Glock Model 37 pistols with Glock 21s.

"I'm at least 75 percent sure it will happen," Bennett said.

If it does, the good news is that it won't cost the department a dime, despite the fact that a Model 21 costs about $469 compared to about $425 for the Model 37, Bennet said.

The Glock 21 has had its own share of troubles.

Johnson said the Winter Haven Department is aware of the problems, but said most of them occurred years ago and Glock has had ample time to correct them.

In 2004, Portland, Ore., two officers were hurt while firing a Glock 21 during a qualifications test.

One of the officers, Florin B. Pirv, sued. Pirv listed his injuries in his multi-million dollar suit as damage to his face, body and hands from shrapnel.

The lawsuit names Glock and two Minnesota-based ammunition makers.

The Portland department switched to 9mm Glocks.

Bennett said the Winter Haven police believe the 9mm Glocks don't provide enough firepower.

Carlos Guevara, a spokesman for Glock, did not return phone messages Monday.

# EXHIBIT 22

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

_Northern District of California

| | |
|---|---|
| Steven C. Johnson, and individual, on behalf of himself and all others similarly situated,<br>*Plaintiff*<br>v.<br>Glock, Inc., a Georgia Corporation; Glock Ges.m.b.H, an Austrian entity, et al.<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.  3:20-cv-08807-WHO |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: **Harris County c/o Judge Lina Hidalgo, Harris County, 1001 Preston, Suite 911, Houston, TX 77002**

*(Name of person to whom this subpoena is directed)*

 ☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Schedule A & B.**

| Place: Lewis and Lewis Trial Lawyers, PLC<br>    28150 N. Alma School Rd., Ste. 103-637<br>    Scottsdale, AZ 85262 | Date and Time: June 23, 2023 at 11:59pm |
|---|---|

 ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  05/25/2023

    *CLERK OF COURT*
               OR  ***/s/Robert K. Lewis***

    *Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Steven C. Johnson
                            , who issues or requests this subpoena, are:

 Robert Lewis, 28150 N. Alma School Rd. Ste 103-637, Scottsdale, AZ 85262, Rob@LewisLawFirm.com 602-889-6666

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:20-cv-08807-WHO

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                                *Server's signature*

                                                   _____
                                                                *Printed name and title*


                                                   _____
                                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA DUCES TECUM - SCHEDULE A

*Johnson v. Glock, Inc., et al.*
3:20-cv-08807-WHO

To: Harris County, Texas

## INSTRUCTIONS

1.     Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2.     Each document responsive to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each category to which they are responsive.

3.     Complete documents, including all attachments, cover memos, appendices, etc., shall be produced if any part of the writing is responsive to a request.  Responding Party shall not mask or delete any part of a document if that document contains information responsive to a request.  Documents found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

4.     Unless otherwise agreed to, documents that are maintained in the normal course of business in electronic format shall be produced in their native format, including all metadata in standard delimited ASCII format, along with the software necessary to interpret such files if such software is not readily available, and are not to be converted to any other format, such as paper, tiff image or PDF file.

5.     If YOU produce scanned documents on compact discs, then documents should be produced in single page tiff format and YOU should also produce (i) the load file with each set of documents (this file provides the beginning bates, end bates, directory, filename and page count, to allow a match between the data and the files themselves), (ii)

attachment information so it can be determined which attachments go with which documents produced, and (iii) any other objective coding for each document produced, including any fields for source, date, author, recipients and custodian of the documents. "YOU" or "YOUR," mean Responding Party and its attorneys, predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former officers, owners, directors, members, partners, managers, trustees, representatives, agents, employees and all persons presently or formerly acting, or purporting to act, on its behalf, or on behalf of its predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities and related entities, for any purpose whatsoever.

6.      If any responsive document was, but is no longer in existence or in Responding Party's possession, custody or control, identify its current or last-known custodian and describe in full the circumstances surrounding its disposition from Responding Party's possession, custody or control.  A document shall be deemed to be in Responding Party's control if Responding Party has the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

7.      "And," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the request is not excluded.

8.      These are continuing requests for production of documents.  If, subsequent to responding to any such request, additional documents are received or discovered prior to the date of trial or Responding Party becomes aware of any further information pertaining to such request, Responding Party is hereby requested to serve supplemental responses and provide such additional documents promptly and as long before trial as possible, in order to supplement, amend or correct Responding Party's responses; otherwise, it will be assumed that the responses originally given continue to be YOUR complete responses to these requests.

9.    If any documents requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including, without limitation, the following information:  (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

10.    If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged: (a) A brief description of the nature and contents of the matter claimed to be privileged; (b) The name, occupation and capacity of the individual from whom the privileged matter emanated; (c) The name, occupation and capacity of the individual to whom the allegedly privileged matter was produced; (d) The date the item bears; and (e) The privilege claimed.

## DEFINITIONS

For purposes of this subpoena and the subject matter categories listed below, the following definitions shall apply:

"YOU" or "YOUR" or "RESPONDING PARTY" refer to the Harris County Texas and all of its present and former employees, agents, officers, directors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

"DOCUMENT" OR "DOCUMENTS" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to any and all originals, copies, non-identical copies and preliminary, intermediate and final drafts of correspondence, notes, minutes, records, messages, text and data messages, application data, policies, procedures, manuals, bulletins, memoranda, telephone memoranda, diaries,

contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, posters, placards, advertisements, newspaper clippings, tables, tabulations, financial statements, bank account statements, cleared checks, deposit slips, check stubs, wire transfer receipts, returned checks for insufficient funds, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packing materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, periodicals, accounts, objects, inter-office and intra-office communications, surveys, estimates, licenses, charts, graphs, indexes, calendars, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary drafts, or revisions of any of the foregoing, any document that has or contains any attachment, enclosure, comment, notation, addition, or insertion of any kind that is not part of another document, or any document that does not contain a comment, notation, addition, insertion, or marking of any kind that is part of another document, is considered to be a separate document.

"ELECTRONICALLY STORED INFORMATION" or "ESI" is used in the broadest possible sense and includes, but is not limited to, all information that is stored in an electronic medium.

"CLASS GUN" means all Glock handguns referenced and referred to by model including, but not limited to any model that fires a 45 caliber ACP round, any model that fires a 40 S&W round, any model that fires a 45 GAP, any model that fires a 10 mm round of ammunition. This class includes all these models regardless of the generation, the magazine capacity, the grips, the color, the frame length, the sites, whether it includes a provision for optics, or whether it is approved for sale to the public by the State of California. This includes but is not limited to the following Models:

- Model 22 all generations (caliber .40 S&W)

- Model 23 of all generations and variations, (caliber .40 S&W)

- Model 24, (caliber .40 S&W)

- Model 27, 27 Gen 4, (caliber .40 S&W)

- Model 35, 35 Gen 4, 35 Gen 4 MOS, (caliber .40 S&W)

- Model 21 Gen 4, (caliber .45 ACP)

- Model 21 SF, (caliber .45 ACP)

- Model 30 Gen 4, (caliber .45 ACP)

- Model 30s, (caliber .45 ACP)

- Model 30 SF, (caliber .45 ACP)

- Model 36, (caliber .45 ACP)

- Model 41 Gen 4, 41 Gen 4 MOS, (caliber .45 ACP)

- Model 37, (caliber .45 GAP)

- Model 38, (caliber .45 GAP)

- Model 39, (caliber .45 GAP)

- Model 20 Gen 4, (caliber 10mm)

- Model 20 SF, (caliber 10mm)

- Model 29 Gen 4, (caliber 10mm)

- Model 29 SF, (caliber 10mm)

- Model 40 Gen 4 MOS, (caliber 10mm)

- All gun models with a similar chamber design and feed ramp length including all pistols manufactured to fire .40 Smith and Wesson, .45 ACP, .45 GAP and 10 MM.

"UNSUPPORTED CHAMBER DESIGN/DEFECT" means the alleged design/defect in this case where the loading ramp has been designed in such a way that, together with the case, it forms a kind of vent where the chamber or barrel does not support the ammunition case. Depending on the quality of material used for the cases, it is alleged that a case will crack in this area under gas pressure due to lack of support. The powder

gases escaping downward under high pressure may thus occasionally cause damage on the grip or will cause a witness mark, bulge, or smile in the ammunition case.  The plaintiff alleges in this case that for every CLASS GUN, there is a significant chance that one or both of the following things will happen upon pulling the trigger: (a) the brass casing of the ammunition will bulge out or "smile," bulging thereby distorting the brass casing; and (b) "blowout," "kaboom," or "rupture," or tear which is when the round/casing blows up or separates and a piece of the casing dislodges. Plaintiff alleges this condition or feature is caused by the lack of complete support for the casing of ammunition at the 6 o'clock position of a round of ammunition seated in the chamber.

### ITEMS TO BE PRODUCED

1.    All DOCUMENTS and ESI reflecting intracompany communications regarding the UNSUPPORTED CHAMBER DESIGN/DEFECT, in the CLASS GUNS manufactured and distributed by the Glock entities causing or contributing to case failures, Kabooms, blowouts, ruptures, tears, bulges, smiles, and deformed casings.

2.    All DOCUMENTS and ESI reflecting intercompany communications between YOU and third parties regarding the UNSUPPORTED CHAMBER DEFECT of the CLASS GUNS manufactured by Glock causing or contributing to case failures, Kabooms, blowouts, ruptures, tears, bulges, smiles, and deformed casings.

3.    All documents in any way related to the dispute that is pled in with Glock, Inc, Glock Ges.m.b.H that is plead, outlined, and discussed in Harris County Texas v. Glock Inc. and Olin Corporation, District Court Harris County, 2018-91640. See Schedule B.

4.    All DOCUMENTS and ESI reflecting CLASS GUN owners or users making a complaint, warranty claim, or return/replacement request involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing a CLASS GUN

including, but not limited to, case failures, Kabooms, blowouts, ruptures, tears, bulges, smiles, and deformed casings.

5.    All DOCUMENTS and ESI reflecting testing, reports, and inspections performed by YOU after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, tears, bulges, smiles, and deformed casings.

6.    All DOCUMENTS and ESI reflecting communications with third parties, (including but not limited to Glock, Inc, Glock Ges.m.b.H, Glock retailers, wholesalers, repair technicians, armorers, purchasers), after receiving a complaint, warranty claim, or return/replacement request from a CLASS GUN owner or user involving allegations of, claims of, or an actual ammunition failure and/or an instance or occurrence where a round did not fire as expected or where there was an unexpected result during firing including, but not limited to, case failures, Kabooms, blowouts, ruptures, tears, bulges, smiles, and deformed casings.

7.    All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed to leave a part of the casing unsupported to vent gas downward in the event of an over pressurized round.

8.     All DOCUMENTS and ESI reflecting whether ammunition casings fail or are distorted when fired due in a CLASS GUN due to the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber fails due to:

     a.    either an over-pressured round,

     b.    a weakness in the casing,

     c.    an under-loaded round with an air annulus,

       d.     or a round where deflagration detonation transition (DDT) occurred, or concurrent Chapman-Jourguet wave fronts result in alternating CJ shock waves causing a case failure, Kabooms, blowouts, ruptures, tears, bulges, smiles, and deformed casings.

9.     All DOCUMENTS and ESI reflecting whether the unsupported area at the 6 o'clock position of CLASS GUNS where the feed ramp meets the chamber was intentionally designed by Glock Inc. or Glock Ges.m.b.H to leave a part of the casing unsupported to increase reliable feeding of ammunition.

10.     All DOCUMENTS and ESI reflecting whether YOU tested, or contemplated testing, certain types of "material quality" or different manufacturing processes to determine the pressures required to safely fire the CLASS GUNS with an UNSUPPORTED CHAMBER DESIGN/DEFECT.

11.     All DOCUMENTS and ESI reflecting disputes with any other law enforcement agency over CLASS GUN performance.

12.     Photographs, video, or computer images of CLASS GUNS that have suffered a case failure, Kabooms, blowouts, ruptures, bulging, tears, bulges, smiles, and deformed casings.

13.     All DOCUMENTS and ESI reflecting disputes, litigation or threatened litigation concerning the performance of Glock firearms.

14.     All DOCUMENTS and ESI reflecting engineering or expert opinions involving a CLASS GUN.

15.     All DOCUMENTS and ESI reflecting injuries suffered by YOUR Employee or agents while using a CLASS GUN.

12/31/2018 5:11 PM
Chris Daniel - District Clerk Harris County
Envelope No. 30040916
By: Wanda Chambers
Filed: 12/31/2018 5:11 PM

# 2018-91640 / Court: 189

CAUSE NO. _____

| | | |
|---|---|---|
| **HARRIS COUNTY, TEXAS** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **GLOCK INC.** | § | |
| **and OLIN CORPORATION** | § | |
| *Defendants* | § | _____ **JUDICIAL DISTRICT** |

### HARRIS COUNTY, TEXAS' ORIGINAL PETITION
### AND REQUEST FOR DISCLOSURE

**HARRIS COUNTY, TEXAS**, files this, its Original Petition and Request for Disclosure against Defendant(s) **GLOCK, INC.** and **OLIN CORPORATION** alleges as follows:

**HARRIS COUNTY, TEXAS** is pursuing its right to recover worker compensation benefits pursuant to Labor Code section 417.001 et sequitur as well as other remedies under enabling statues and laws. Harris County is pursuing its independent right to recover worker compensation benefits pursuant to the clearly established doctrine, as approved by the Texas Supreme Court, the Labor Code section 417.001 et sequitur as well as other remedies under enabling statues and laws.

If **HARRIS COUNTY, TEXAS**' injured employee is a law enforcement officer who received salary continuation benefits, the County seeks its remedy under the Constitution Article III, section 52(e), Texas Constitution, and local Government Code.

## I.
## DISCOVERY CONTROL PLAN

1.1     Harris County's damages involves monetary relief totaling $50,000 or less, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and

GINC002533

attorney fees.  Plaintiff has requested discovery to be conducted under Level 1 of the Texas Rules of Civil Procedure 190.2.

## II.
## PARTIES

2.1    Harris County **HARRIS COUNTY, TEXAS** (the "County"), is a legally organized county in and a political subdivision of the State of Texas. The County has no driver's license or social security number.

2.2    Defendant, **GLOCK, INC.** is a corporation doing business in the State of Texas and may be served with process through their registered agent for service of process, Texas Registered Agent Services | CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

2.3    Defendant, **OLIN CORPORATION** is a corporation doing business in the State of Texas and may be served with process through their registered agent for service of process, Texas Registered Agent Services | CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

## III.
## JURISDICTION AND VENUE

3.1    This Court has jurisdiction over the subject matter of this suit since the damages sought by Harris County are within the jurisdictional limits of the Court.

3.2    This Court has personal jurisdiction over the defendant(s) because the defendant(s) are doing business in the State of Texas.

GINC002534

3.3    Venue is proper in Harris County, Texas since all or a substantial part of the events or omissions giving rise to these claims occurred in Harris County.  TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

## IV.
## FACTS

4.1    The relevant events leading to this suit occurred or about March 1, 2017 between 10:00 a.m. and 10:30 a.m. Deputy Herman Sanders while in course and scope of his employment with Harris County, Texas, when he suffered serious bodily injury as he pulled the trigger of a Glock 21, 45 caliber hand gun that exploded in his hand and face. Deputy Herman Sanders, a Police training instructor was at the Precinct 3 firing range on Vann road, while training at the firing range, discharged his weapon.  The bullets were ejected out of the barrel of the gun.  The round never left the pistol and blew back into Deputy Herman Sander's face and hand.   Deputy Herman Sanders incurred serious injuries as a result of the wrongful actions and / or omissions of Defendants.

Defendant, **GLOCK, INC.** designed, manufactured, marketed, sold, and placed in the stream of commerce the defective gun.

Defendant, **OLIN CORPORATION** designed, manufactured, marketed, sold, and placed in the stream of commerce the defective ammunition.

4.2    Furthermore, Deputy Herman Sanders suffered personal injuries from the accident, injuries that resulted in Deputy Herman Sanders collecting workers' compensation benefits before being able to return to work.  Harris County, as Deputy Herman Sanders's employer and as a self-insured workers' compensation insurer,

GINC002535

the application of existing or reasonably achievable scientific knowledge, and

    d.   In marketing the gun, barrel and/or bullet without adequate warnings.

5.3    Plaintiff will show that the above described acts and /or omissions were the proximate if not direct result of the illegal, reckless and negligent acts of the defendants'. Defendants' breach of their duties proximately caused injury to Deputy Herman Sanders and to Harris County. The County's employee suffered injuries as a direct and proximate result of the negligence of Defendants'. Defendants' actions, taken collectively or in combination, constitute a proximate cause of the accident the basis of this lawsuit. And the County, as Deputy Herman Sanders's workers' compensation insurer, paid workers' compensation benefits to and on behalf of Deputy Herman Sanders, benefits the County is statutorily entitled to recover for in this action. Harris County's damages to date are **$6,924.10**.

**B.**    **Count 2 – Negligence Per Se**

5.4    In addition or in the alternative to the other counts, Defendants' **GLOCK, INC.** and **OLIN CORPORATION** negligence described in Count 1 violated several State statutes.

5.5    In addition to the allegations and assertions that follow, Harris County adopts the allegations and assertions set forth in the above-referenced count as if fully set forth herein.

5.6    Specifically and among other things, Defendants', **GLOCK, INC.** and **OLIN CORPORATION**, willfully and wantonly disregarded the safety of others.

GINC002537

provided those workers' compensation benefits to and on behalf of Deputy Herman Sanders.

## V.
## CAUSES OF ACTION

**A.      Count 1 – Negligence**

5.1      Defendants' conduct constitutes negligence as defined by law and such negligence was the sole and /or contributing proximate cause of the damages to Deputy Herman Sanders and ultimately Harris County.

5.2      Defendants' breached that duty in the following ways:

a.   Failing to exercise reasonable care while designing, marketing, and/or manufacturing the gun, bullet, barrel and or steel that, unless carefully designed, marketed and manufactured, involved an unreasonable risk of causing harm to those using the gun and bullets for their intended purpose.

b.   Failing to exercise reasonable care by failing to test and /or inspect the hand gun, and /or bullets , that unless carefully inspected and tested, involved an unreasonable risk of causing harm to those using the gun and bullets for their intended purpose.

c.   In negligently designing the gun, bullets barrel or any part thereof, when there was a safer alternative design which would have prevented or significantly reduced the risk of injuries without substantially impairing the gun, bullets, barrel utility and which was economically and technologically feasible at the time the gun, bullets and or barrel left Defendants' control by

GINC002536

C.    **Count 3 – Strict Liability**

5.7    In addition or in the alternative to the other counts, Harris County sues defendants in strict liability pursuant to C.P.R.C. § 82.001 et.seq. Harris County will show that defendants' designed , manufactured, marketed , distributed, and placed into the stream of commerce and /or maintained the gun, bullet , and/or steel that was used to construct the gun and/or bullet.  The gun and /or bullet reached Harris County (through its Certified Peace Officer) without any change in the condition from the time they were originally sold by the respective defendants.   The gun, the barrel and /or the bullets contained defects which rendered the gun unreasonably dangerous in that it exposed Deputy Herman Sanders and Harris County to an unreasonable risk of harm when used for the purpose for which it was intended.   Such defects were the direct and producing cause of Deputy Herman Sanders and Harris County's injuries.

Moreover, Harris County will show that a safer alternative design and marketing strategy existed which would have prevented or significantly reduced the risk of injuries without substantially impairing the gun and bullets utility and which was economically, technologically, and reasonably achievable by existing scientific knowledge.

Additionally, the actual design of the gun and/or bullets and gun barrel was defective, causing the gun to malfunction in a manner not reasonably expected by the gun user.   These defective designs were a producing and proximate cause of the injuries sustained by the gun user.  Defendants should have known of the risk to the user of the gun and/or bullets of the exploding barrel.  Defendants breached their duty to Plaintiffs of the risk.   The lack of adequate warning rendered the gun and/or bullets unreasonably

GINC002538

dangerous or defective.   The defective gun and bullets was a producing cause of the injury to plaintiff.

Plaintiff will show that the exploding gun was in no way caused by any act of negligence on the part of the gun user.  The plaintiff acted in a careful, prudent and legal manner while in the course and scope of his duties as a certified peace officer for Harris County.

**D.    Count 4 – Breach of Warranty**

Additionally or alternatively, without waiving the foregoing, plaintiff sues defendants for Breaches of express and implied warranties.   Defendant made express warranties regarding the gun, bullets and barrel of the gun which were breached because the gun, bullets and barrel of gun were defective, causing the bullets to explode in the barrel of the gun.  Plaintiff sues defendants for breaches of the implied warranties of merchantability and fitness for the purposes for which the products were designed.   Said breaches of warranties were a proximate and producing cause of the injuries that plaintiff sustained.

**VI.**
**DAMAGES**

6.1    As a direct or consequential result of negligence, negligence per se, strict liability or breach of warranties stated above in this case, Harris County has sustained Workers' Compensation damages for which it is suing Defendants.

6.2    Defendant's breach of duty proximately caused injury to Deputy Herman Sanders and to Harris County as Deputy Herman Sanders's workers compensation insurer.  Deputy Herman Sanders suffered injuries as a direct and proximate result of the

GINC002539

tortious acts and omissions of Defendant. Harris County, as Deputy Herman Sanders's employer and workers' compensation insurer, paid workers' compensation benefits to and on behalf of Deputy Herman Sanders, benefits the County is statutorily entitled to recover in this action. Those benefits include medical care and various types of income benefits.

6.3    Should any of these amounts change during the pendency of this suit, Harris County reserves the right to amend its pleadings to reflect such additional damages.

## VII.
## ATTORNEY'S FEES

7.1    If attorney fees are recoverable on behalf of the County under statute, rule or other justification, County requests that recovery as well. The County contests any award of attorney fees or expenses to other parties under the Labor Code 417.003 et seq. because Harris County is actively pursuing its interests in this matter. Harris County is a self-insured governmental entity and operates under Chapter 101 of the Texas Civil Practice and Remedies Code. Harris County pleads all defenses of immunity both sovereign, governmental and good faith immunity.

## VIII.
## PLEADING OF LACK OF JURISDICTION UNDER
## GOVERMENTAL IMMUNITY

8.1    Harris County asserts its defense of governmental immunity and the consequent lack of subject matter jurisdiction of any claims for attorneys' fees or pro rata expense reimbursement.

GINC002540

**IX.**
**NOTICE OF RIGHT OF SUBROGATION**

9.1     Harris County was the workers' compensation insurer for its employee, Deputy Herman Sanders.  The County has the right to proceed against the Defendant to recover reimbursement for the workers' compensation benefits it has paid out to and on behalf of its insured/employee to its statutory subrogation right, TEX. LAB. CODE § 417.001.  And the County has a statutory lien that requires its insured, Deputy Herman Sanders, to remit any amounts he recovers, up to the amount expended by the County, against third-parties. *Id.* at § 417.002.

9.2     The County brings this action in its own right against Defendant.   In addition, the County further reserves its statutory subrogation right by asserting and giving notice of its lien against any recovery made by Deputy Herman Sanders arising from the facts made the basis of this suit.

**X.**
**REQUEST FOR DISCLOSURE TO DEFENDANT(S)**

10.1     Under Texas Rule of Civil Procedure 194, Harris County requests that Defendants, **GLOCK, INC.** and **OLIN CORPORATION** disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2.

**XI.**
**PRAYER**

11.1     For the reasons set forth above, Harris County respectfully asks that the Court render judgment awarding Harris County from Plaintiff and Defendants the following:

GINC002541

a.   Actual damages.

b.   Prejudgment and post-judgment interest.

c.   Court costs.

d.   Attorney's fees, if statutorily available.

e.   All other relief to which Harris County is entitled.

Respectfully Submitted,

Vince Ryan
Harris County Attorney

*/s/ Yvette Jircik*

**YVETTE JIRCIK**
Assistant County Attorney
Harris County, Texas
TBN: 04831300
1019 Congress Street, 15th Floor
Houston, Texas 77002-1799
Yvette.Jircik@cao.hctx.net (E-Mail)
713-274-5191 (Telephone)
713-755-8848 (Fax)
**ATTORNEY FOR**
**HARRIS COUNTY, TEXAS**

Unofficial Copy Office of Marilyn Burgess District Clerk

-10-

GINC002542