Paul G. Cereghini (SBN 148016)
Lauren O. Miller (SBN 279448)
Carissa A. Casolari (SBN 292878)
**BOWMAN AND BROOKE LLP**
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone:     (408) 279-5393
Facsimile:      (408) 279-5845
paul.cereghini@bowmanandbrooke.com
lauren.miller@bowmanandbrooke.com

John F. Renzulli (*Pro Hac Vice*)
Christopher Renzulli (*Pro Hac Vice*)
Howard B. Schilsky (*Pro Hac Vice*)
**RENZULLI LAW FIRM, LLP**
One North Broadway, Suite 1005
White Plains, NY 10601
Telephone: (914) 285-0700
Facsimile: (914) 285-1213
jrenzulli@renzullilaw.com
crenzulli@renzullilaw.com
hschilsky@renzullilaw.com

Attorneys for Defendants Glock, Inc. and Glock Ges.m.b.H.
(Additional attorneys listed in signature page.)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVEN C. JOHNSON, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GLOCK, INC., a Georgia Corporation; GLOCK Ges.m.b.H., an Austrian entity; JOHN and JANE DOES I through V; ABC CORPORATIONS I-X, XYZ PARTNERSHIPS, SOLE PROPRIETORSHIPS and/or JOINT VENTURES I-X, GUN COMPONENT MANUFACTURERS I-V<br><br>Defendants. | CASE NO.: 3:20-cv-08807-WHO<br><br>**DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S NOTICE OF APPLICATION AND APPLICATION FOR AN ORDER TO SHOW CAUSE WHY NON-PARTY OAKLAND POLICE DEPARTMENT SHOULD NOT BE COMPELLED TO RESPOND TO DEFENDANTS' SUBPOENA DUCES TECUM**<br><br>Judge:  Hon. William H. Orrick<br>Date:   June 28, 2023<br>Time:   2:00 p.m.<br>Place:  San Francisco Courthouse, Courtroom 2, 17th Floor |

## NOTICE OF APPLICATION

PLEASE TAKE NOTICE that on June 28, 2023, at 2:00 p.m. or as soon thereafter this matter may be heard in Courtroom 2 of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Glock, Inc. and Glock Ges.m.b.H ("Glock Defendants") will and hereby do bring the application for an Order compelling the Oakland Police Department to comply with Defendants' subpoena served on April 7, 2023.

This Application is made pursuant to Federal Rules of Civil Procedure 45(e) and 37(a)(5)(A). The Oakland Police Department was properly served with the subpoena and has failed to comply with the subpoena duces tecum for document production. This application is based on the following Memorandum of Points and Authorities, the supporting declaration of Carissa A. Casolari ("Casolari Decl."), the declaration of Travis Hastings (Hastings Decl."), and all exhibits attached thereto, and such other evidence and argument as may be presented in connection with the determination of the application.

DATED: May 26, 2023            **BOWMAN AND BROOKE LLP**

By: _/s/ *Carissa Casolari*_
Carissa Casolari (SBN 292878)
Larry R. Ramsey (SBN 89833)
BOWMAN AND BROOKE LLP
970 West 190th Street, Suite 700
Torrance, CA 90502
Telephone:     (310) 769-3068
Facsimile:     (310) 719-1019
carissa.casolari@bowmanandbrooke.com

Paul G. Cereghini (SBN 148016)
Lauren O. Miller (SBN 279448)
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone:     (408) 279-5393
Facsimile:     (408) 279-5845
paul.cereghini@bowmanandbrooke.com
lauren.miller@bowmanandbrooke.com
-and-

**RENZULLI LAW FIRM, LLP**

John Renzulli (*Pro Hac Vice*)
Christopher Renzulli (P*ro Hac Vice*)
Howard Schilsky (*Pro Hac Vice*)
One North Broadway, Suite 1005
White Plains, New York 10601

*Attorneys for Defendants Glock, Inc. and Glock Ges.m.b.H*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF ISSUES TO BE DECIDED

Despite receiving a properly served subpoena *duces tecum* to produce certain documents, the Oakland Police Department has failed to produce the documents. Thus, Glock Defendants respectfully request that the Court order the Oakland Police Department to show cause why it should not be compelled to produce the requested documents.

## II. STATEMENT OF RELEVANT FACTS

Glock Defendants have been attempting to obtain Plaintiff's employment file from the Oakland Police Department ("OPD") since at least April 2022. On October 28, 2022, after the parties resolved a dispute over the issue, Plaintiff submitted a signed Personnel File Request to the Department of Human Resources Management, believing that this was the appropriate manner for obtaining Plaintiff's complete personnel file. On December 6, 2022, the Department of Human Resources Management finally produced documents in response to the record request. Declaration of Carissa Casolari ("Casolari Decl."), ¶¶ 4, 5. However, the documents were incomplete as they did not include any records related to Plaintiff's employment as a Police Officer in the 1980s or 1990s, and only contained documents related to Plaintiff's post-retirement position from 2013 to 2019 as a part-time employee through an annuity hiring program. Despite multiple attempts to address this issue with the Department of Human Resources Management, Glock Defendants received no response. *Id*.

Accordingly, on or about April 7, 2023, Glock Defendants served a subpoena *duces tecum* on the Oakland Police Department ("OPD") pursuant to Federal Rules of Civil Procedure 45(a) and (b). Casolari Decl. ¶¶ 6, 7. April 21, 2023, was OPD's last day to produce the subpoenaed documents. Casolari Decl., ¶ 4.

Despite multiple communications with OPD, OPD has not produced any responsive documents or a declaration attesting that no responsive documents could be located after a diligent search. Casolari Decl., ¶¶ 8–15. On April 24, 2023, Travis Hastings, an investigator retained by Defendants, sent an email to Cynthia Vela, a Police Records Supervisor in OPD's Record Division inquiring about the subpoenaed records. Casolari Decl., ¶ 8 and Hastings Decl., ¶ 4. One day later, on April 25, 2023, Cynthia Vela, a Police Records Supervisor for OPD in the Records Division responded stating that she had received his emails and that response times were delayed due to a

cyberattack on the City of Oakland in February 2023. Casolari Decl., ¶ 9 and Hastings Decl., ¶ 5. After discussing what records were requested and for whom, Ms. Vela represented that OPD would be expediting the request and expected to have a production within the next two weeks. Casolari Decl., ¶ 9 and Hastings Decl., ¶ 5. On May 9, 2023, Mr. Hastings followed up with Ms. Vela to inquire about the status of the records and received no response. Casolari Decl., ¶ 8 and Hastings Decl., ¶ 6. On May 15 and 17, 2023, Mr. Hastings sent another follow-up email inquiring about the status of the records and received no response. Casolari Decl., ¶ 11 and Hastings Decl., ¶ 7 and 8.  Mr. Hastings never received a response or any of the records subpoenaed. Hastings Decl., ¶ 9.

On May 17, 2023, counsel for Glock Defendants emailed Ms. Vela regarding the subpoena and the elapsed deadline. Casolari Decl., ¶ 13. Counsel for Glock Defendants stated that court intervention would be necessary if the subpoenaed documents were not received by May 22, 2023. Casolari Decl., ¶ 13. On May 18, 2023, Ms. Vela responded that she would research and provide a status update. Casolari Decl., ¶ 15.  On May 24, 2023, counsel for Glock Defendants emailed Ms. Vela again regarding the subpoena and the elapsed deadline pursuant to my meet and confer efforts before filing this Application. Casolari Decl., ¶ 16 However, no update or records have been produced to date of filing this Application.  Casolari Decl., ¶ 17.

### III. LEGAL STANDARD

**A. Rule 45(g) allows a court to order compliance with a subpoena.**

Pursuant to Federal Rule of Civil Procedure 45(g), a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." FED. R. CIV. P. 45(g). "Subpoenas issued by attorneys are issued on behalf of the court and are thus treated as orders of the court." *Gree, Inc. v. Supercell Oy.*, No. 21-mc-80069-TSH, 2021 WL 1222487, at *2 (N.D. Cal. Apr. 1, 2021) (citations omitted). If a non-party does not comply with a subpoena, the non-party is in contempt of court, and "the most appropriate procedural step is to file an application for an order to show cause." *Id.* To establish civil contempt, the requesting party must show by clear and convincing evidence that a non-party violated a specific order of the court. *Martinez v. City of Pittsburg*, No. C-11-11-01017-SBA-LB, 2023 AWL 699462, at *3 (N.D. Cal. Mar. 1, 2012). If the requesting party meets that burden, the non-party must show that it took "every

reasonable step to comply with the subpoena and to articulate reasons why compliance was not possible." *Id.*

### B. OPD failed to comply with the properly served subpoena.

The subpoena was validly issued by Glock Defendants' counsel. Casolari Decl., ¶ 4, FED. R. CIV. P. 45(a)(3)(B). The subpoena was properly served upon OPD on April 7, 2021. Casolari Decl., ¶ 6; *see also* Casolari Decl., Exh. B. It was personally served upon OPD within the district of the issuing court. Casolari Decl., ¶ 6. All parties were served with a notice and copy of the subpoena. FED. R. CIV. P. 45(a)(4). OPD never objected to the subpoena, sought a protective order, or requested to speak with Defendants' counsel regarding the subpoena. Casolari Decl., ¶ 6.

OPD cannot argue producing the documents would be unduly burdensome, as OPD represented the requested documents would be forthcoming. Casolari Decl., ¶ 9. Despite Glock Defendants' best efforts to contact OPD and accommodate OPD's request for additional time, Glock Defendants have not heard from or received the requested documents from OPD. Glock Defendants thus respectfully request that this Court order OPD to show cause why it should not be compelled to comply with Defendants' April 7, 2023 subpoena.

### IV. CONCLUSION

For the aforementioned reasons, Glock Defendants' application should be granted, and this Court should issue an order to OPD to show cause why it should not be ordered to comply with the subpoena.

DATED: May 25, 2023                                     **BOWMAN AND BROOKE LLP**

By:      /s/ *Carissa Casolari*
Carissa Casolari (SBN 292878)
Larry R. Ramsey (SBN 89833)
BOWMAN AND BROOKE LLP
970 West 190th Street, Suite 700
Torrance, CA 90502
Telephone:     (310) 769-3068
Facsimile:     (310) 719-1019
carissa.casolari@bowmanandbrooke.com

Paul G. Cereghini (SBN 148016)
Lauren O. Miller (SBN 279448)
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone:      (408) 279-5393
Facsimile:       (408) 279-5845
paul.cereghini@bowmanandbrooke.com
lauren.miller@bowmanandbrooke.com

-and-

**RENZULLI LAW FIRM, LLP**

John Renzulli (*Pro Hac Vice*)
Christopher Renzulli (P*ro Hac Vice*)
Howard Schilsky (*Pro Hac Vice*)
One North Broadway, Suite 1005
White Plains, New York 10601

*Attorneys for Defendants Glock, Inc. and Glock Ges.m.b.H*

# CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2023, I filed the foregoing document entitled **DEFENDANTS GLOCK, INC. AND GLOCK Ges.m.b.H.'S NOTICE OF APPLICATION AND APPLICATION FOR AN ORDER TO SHOW CAUSE WHY NON-PARTY OAKLAND POLICE DEPARTMENT SHOULD NOT BE COMPELLED TO RESPOND TO DEFENDANTS' SUBPOENA DUCES TECUM** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

　　　　　　　　　　　　　　　　　　*/s/ Carissa Casolari*
　　　　　　　　　　　　　　　　　　Carissa Casolari