| | |
|---|---|
| Paul R. Kiesel, State Bar No. 119854<br>kiesel@kiesel.law<br>Jeffrey A. Koncius, State Bar No. 189803<br>koncius@kiesel.law<br>**KIESEL LAW LLP**<br>8648 Wilshire Boulevard<br>Beverly Hills, California 90211-2910<br>Tel: 310-854-4444<br>Fax: 310-854-0812 | Robert K. Lewis, *Pro Hac Vice*<br>rob@lewislawfirm.com<br>Amy M. Lewis, *Pro Hac Vice*<br>amy@lewislawfirm.com<br>**LEWIS AND LEWIS TRIAL LAWYERS, PLC**<br>21850 N. Alma School Road, Suite 103-637<br>Scottsdale, Arizona 85262<br>Tel: 602-889-6666 |
| Jeremy Alberts, *Pro Hac Vice*<br>jalberts@wwhgd.com<br>**WEINBERG WHEELER HUDGINS GUNN & DIAL LLC**<br>6385 S. Rainbow Blvd. Suite 400<br>Las Vegas, Nevada 89118<br>Tel: 702-938-3838 | Nicholas Panayotopoulos, *Pro Hac Vice*<br>npanayo@wwhgd.com<br>Gary J. Toman, *Pro Hac Vice*<br>gtoman@wwhgd.com<br>Alexander Heydemann, *Pro Hac Vice*<br>aheydemann@wwhgd.com<br>**WEINBERG WHEELER HUDGINS GUNN & DIAL LLC**<br>3344 Peachtree Road, NE<br>Atlanta, Georgia 30326<br>Tel: 404-876-2700 |

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN C. JOHNSON, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GLOCK, INC., a Georgia Corporation; GLOCK Ges.m.b.H, an Austrian entity; JOHN and JANE DOES I through V; ABC CORPORATIONS I-X, XYZ PARTNERSHIPS, SOLE PROPRIETORSHIPS and/or JOINT VENTURES I-X, GUN COMPONENT MANUFACTURERS I-V,<br><br>Defendants. | CASE NO.: 3:20-cv-08807-WHO<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>**Judge**: Hon. William H. Orrick<br>Date: February 28, 2024<br>Time: 2:00 p.m.<br>Place: Courtroom 2, 17th Floor |

a

Pursuant to Civil Local Rules 7-11 and 79-5(f), Plaintiff Steven C. Johnson, respectfully submits this Administrative Motion to Consider Whether Another Party's Material Should be Sealed in connection with portions of Plaintiff's Notice of Motion and accompanying Motion for Class Certification. Specifically, Plaintiff is submitting documents, declarations, and depositions identified as Exhibits in the attached Declaration of Robert K. Lewis and as more specifically set forth herein to be considered to be filed as redacted or under seal.

Pursuant to the Court's Standing Order on Administrative Motions to File Under Seal, Plaintiff's counsel certifies that they have reviewed the Judge's Standing Order on Administrative Orders to File Under Seal as well as Civil Local Rule 79-5. In accordance with Local Rule 79-5(f), Plaintiff is submitting this Administrative Motion to Consider Whether Another Party's Material Should be Sealed because as the filing party, Plaintiff only asks the Court to consider sealing documents because they have been designated as confidential by other parties, Defendants Glock, Inc. and Glock Ges.m.b.H and certain non-parties in response to subpoenas duces tecum pursuant to the Court's Protective Order (DE 83). In accordance with Local Rule 79-5(f), Plaintiff identifies documents or portions thereof for which sealing is sought pursuant to the Protective Order and Defendants' and Non-Parties' designation of the documents identified as "confidential" pursuant to the Protective Order in the Declaration or Robert K. Lewis attached hereto. More specifically, those documents include:

- Plaintiff's Notice of Motion and Supporting Memorandum of Law in Support of Class Certification. Plaintiff has redacted portions of the Motion and Supporting Memorandum of Law to redact information that comes from documents or discovery or other materials that Glock or other non-parties have designated as "confidential" pursuant to the Protective Order (DE 83). These redactions are identified as highlighted portions of the unredacted brief filed as an attachment to this Motion.
- Exhibit A - Deposition of Defendant Glock Ges.m.b.H.'s FRCP 30(b)(6) Designee Josef Kroyer, dated September 13, 2023. Glock has designated this entire document as "confidential" under the Court's Protective Order (DE 83) and has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit B excerpts from the Deposition of Defendant Glock, Inc.'s Ariz. R. Civ. P. 30(b)(6) Designee Josef Kroyer, in *Grosso v. Glock, Inc., et al.*, Case No. CV2016-

1

005086, dated February 22, 2018. Defendants Glock Ges m.b.H and Glock, Inc. (collectively "Glock") have designated this entire document "confidential" under the Protective Order and it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit C - Excerpts from the Deposition of Defendant Glock, Inc.'s FRCP 30(b)(6) Designee Carlos Guevara, dated September 21, 2023. Glock has designated this entire document as "confidential" under the Protective Order and has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit D - excerpts from the Deposition of Defendant Glock, Inc.'s Ariz. R. Civ. P. 30(b)(6) Designee Carlos Guevara, in *Grosso v. Glock, Inc., et al.*, Case No. CV2016-005086, dated February 21, 2018. Glock has designated this entire document "confidential" under the Protective Order and it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit E - a document produced by Defendant under Bates numbers GINC008008. Glock has designated this entire document "confidential" under the Protective Order and it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit F - Report and Declaration of John Nixon ("Nixon Decl."), dated October 11, 2023. Plaintiff has designated this entire document as "confidential" due to Mr. Nixon's reliance and citation to other documents within the report and declaration that Glock and other non-parties have designated as "confidential" through discovery in this matter under the Protective Order and therefore it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit G – Report and Declaration of David Bosch, Ph.D. ("Bosch Decl."), dated October 12, 2023. Plaintiff has designated this entire document as "confidential" due to Mr. Bosch's reliance and citation to other documents within the report and declaration that Glock and other non-parties have designated as "confidential" through discovery in this matter under the Protective Order and therefore it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion
- Exhibit H - a document produced by Defendant under Bates numbers GGES000001-13; GGES000337-348. Glock has designated this entire document "confidential" under the Protective Order and it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit I - a document produced by Defendant under Bates numbers GGES000014-24. Glock has designated this entire document "confidential" under the Protective Order and it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit J - a document produced by Defendant under Bates numbers GGES000144-150. Glock has designated this entire document "confidential" under the Protective Order and it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit K - a document produced by Plaintiff under Bates numbers JOHNSON_000001-50. This document is designated as "confidential" because the document was attached as an Exhibit to Plaintiff Johnson's entire deposition and the entire deposition and all exhibits were designated as "confidential" by Glock pursuant to the Protective Order and therefore this document has been provisionally filed under

seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit L - a document produced by Defendant under Bates numbers GINC003191-3192. Glock has designated this entire document "confidential" under the Protective Order and it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit M - a document produced by Defendant under Bates numbers GINC007362-7363. Glock has designated this entire document "confidential" under the Protective Order and it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit N - a document produced by Non-Party City of Portland in response to Plaintiff's Subpoena Duces Tecum in this case under Bates numbers JOHNSON_000551-552, 572-575, 837-841, 1012-1039, 1044-1053. This entire document was designated as "confidential" pursuant to the Protective Order, which includes documents and materials produced by non-parties, and the non-party produced these materials pursuant to the Protective Order only, thereby designating the materials as "confidential," and has therefore been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit Q - excerpts from the Deposition of Witness Julie Hofstetter, in *Grosso v. Glock, Inc., et al.*, Case No. CV2016-005086, dated February 28, 2020. Glock has designated this entire document "confidential" under the Protective Order and it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit R - excerpts from the Deposition of Witness Dennis Crabill, in *Grosso v. Glock, Inc., et al.*, Case No. CV2016-005086, dated March 12, 2020. Glock has designated this entire document "confidential" under the Protective Order and it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit S - excerpts from the Deposition of Witness Jeffrey Warren Searles, in *Grosso v. Glock, Inc., et al.*, Case No. CV2016-005086, dated February 17, 2020. Glock has designated this entire document "confidential" under the Protective Order and it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit T - excerpts from the Deposition of Witness Tom Hanley, in *Grosso v. Glock, Inc., et al.*, Case No. CV2016-005086, dated February 19, 2020. Glock has designated this entire document "confidential" under the Protective Order and it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit U - excerpts from the Deposition of Michael Grosso, in *Grosso v. Glock, Inc., et al.*, Case No. CV2016-005086, dated June 1, 2017. Glock has designated this entire document "confidential" under the Protective Order and it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit V - a document produced by Non-Party Olin Corporation and its wholly-owned subsidiary Olin Winchester, LLC in response to Plaintiff's Subpoena Duces Tecum in this case under Bates numbers JOHNSON_000213-226. This entire document was designated as "confidential" pursuant to the Protective Order, which includes documents and materials produced by non-parties, and the non-party produced these

materials pursuant to the Protective Order only, thereby designating the materials as "confidential," and has therefore been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.

- Exhibit W - a chart of summarized First Hand Kaboom Accounts from Glock customers with corresponding documents of Customer Claims produced by Defendant under Bates numbers GINC001530, 1548, 1620-1621, 1639, 1640, 1643, 1653, 1661-1662, 1663-1669, 1697-1698, 1728, 1748, 1760, 1790-1792, 1799-1806, 2144-2154, 2279-2280, 2289-2290, 2399, 2410-2416, 2453-2455, 7599-7600, 7601-7603, 7604-7607, 7608-7666, 7672-7687, 8105-8119. This document is designated as "confidential" because all documents which it relies on were designated as "confidential" by Glock under the Protective Order and has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit Y - a document produced by Non-Party Black Hills Ammunition in response to Plaintiff's Subpoena Duces Tecum in this case under Bates numbers JOHNSON_001390-1420, 1808-1824. This entire document was designated as "confidential" pursuant to the Protective Order, which includes documents and materials produced by non-parties, and the non-party produced these materials pursuant to the Protective Order, thereby designating the materials as "confidential," and it has therefore been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit Z - a document produced by Defendant under Bates numbers GINC002617-2626 and by Plaintiff under Bates numbers JOHNSON_001344-1346, 1350-1355. Glock has designated this entire document "confidential" under the Protective Order and it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit AA - a document produced by Defendant under Bates numbers GINC002543-2551. Glock has designated this entire document "confidential" under the Protective Order and it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit BB - a document produced by Defendant under Bates numbers GINC002529-2532. Glock has designated this entire document "confidential" under the Protective Order and it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit CC - a document produced by Defendant under Bates numbers GINC002516-2528. Glock has designated this entire document "confidential" under the Protective Order and it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit DD – a document produced by Defendant under Bates numbers GINC002506-2515. Glock has designated this entire document "confidential" under the Protective Order and it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit EE - a document produced by Defendant under Bates numbers GINC002609-2616. Glock has designated this entire document "confidential" under the Protective Order and it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit FF - a document produced by Defendant under Bates numbers GINC002533-

2542. Glock has designated this entire document "confidential" under the Protective Order and it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit GG - a document produced by Defendant under Bates numbers GINC007419-7420, 7418, 7447. Glock has designated this entire document "confidential" under the Protective Order and it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit HH - Declaration of Steven P. Gaskin ("Gaskin Decl."), dated October 12, 2023. This entire document designated as "confidential" because it relies on or cites materials produced in this matter and other deposition testimony that Glock has designated as "confidential" under the Protective Order and has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit II - Declaration of Colin B. Weir ("Weir Decl."), dated October 12, 2023. This entire document is designated as "confidential" because it relies on or cites materials that Glock has designated as "confidential" under the Protective Order and has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit JJ - Deposition of Plaintiff Steven C. Johnson ("Johnson Dep."), dated September 7, 2023. Glock has designated this entire document "confidential" under the Protective Order and it has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit KK - Declaration of Plaintiff Steven C. Johnson ("Johnson Decl."), dated October 11, 2023. This document is designated as "confidential" and redacted because it cites to or relies on materials that Glock has labeled as "confidential" in this matter has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion. Portions designated for redactions are highlighted in the unredacted declaration attached to this Motion.
- Exhibit LL - a document produced by Plaintiff under Bates numbers JOHNSON_001375-1380. This document is designated as "confidential" because it was attached as an Exhibit to Plaintiff's deposition, and the entire deposition and exhibits have been designated as "confidential" by Glock, and therefore, in an abundance of caution, this document has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit MM - excerpts of documents produced by Non-Parties California Department of Justice Bureau of Firearms and Attorney General Rob Bonta under Bates numbers JOHNSON_000111; JOHNSON_000120. These original documents are extremely voluminous excel spreadsheets of sales data from Firearm Dealer's Records of Sale ("DROS") forms submitted to California from all firearms dealers from 2001 through present for all Glock 10mm, .40 caliber, .45 ACP and .45 GAP handguns. These spreadsheets were produced in response to Plaintiff's Subpoena Duces Tecum in this case by Deputy Attorney General Jerry T. Yen. The first spreadsheet produced, JOHNSON_000111, details sales for these calibers from January 1, 2016 to present, also derived from data submitted by dealers on DROS forms. In the second spreadsheet produced, JOHNSON_000120, derived from data submitted by dealers on DROS forms, the California Department of Justice has provided proof of sales of certain models of Class Guns since 2001. This document is designated as "confidential" and

- has been filed under seal based on the Protective Order which includes documents produced by non-parties and the non-party produced these documents pursuant to the Protective Order, thereby designating the documents as "confidential." Therefore, this document has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.
- Exhibit NN - a document produced by Non-Party Winter Haven, Florida in response to Plaintiff's Subpoena Duces Tecum in this case under Bates numbers JOHNSON_1325-1326. This document is designated as "confidential" and has been filed under seal based on the Protective Order which includes documents produced by non-parties and the non-party produced these documents pursuant to the Protective Order, thereby designating the documents as "confidential." Therefore, this document has been provisionally filed under seal pending the outcome of Plaintiff's Administrative Motion.

Defendants and other non-parties have designated these documents, or the information contained therein, as confidential under the Court's Protective Order. Plaintiff takes no position as to the confidentiality designations made by Defendants or other non-parties, who carry the burden to file a declaration supporting the necessity of sealing any of these papers. Civ. L. R. 79-5(f). In accordance with Local Rule 79-5(e) and the Court's Standing Order, Plaintiff has redacted designated confidential information from the Motion for Class Certification and Memorandum of Law filed on the public docket. A unredacted brief with portions designated for redaction highlighted is being filed under seal as an attachment to this Administrative Motion.

In accordance with the Court's Standing Order, a redacted version of the Notice of Motion, Motion for Class Certification and Memorandum of Law is being filed as a separate filing from this Administrative Motion. In accordance with Local Rule 79-5(d), for any declarations or exhibits that accompany the Motion for Class Certification, redacted versions or blank pages (if the entire document is to be sealed) are filed on the public docket, with unredacted exhibits to be filed under seal separately filed as an attachment to this Administrative Motion. Further, in accordance with the Court's Standing Order, a proposed Order granting this Motion with a table identifying all documents or portions thereof to be sealed is attached.

Public policy favors public access to court records. *See Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Therefore, as the designating parties, Defendants (or non-parties) bear the burden of "overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* at 1179. Indeed, the Motion for Class Certification is not merely a "discovery motion unrelated to the merits of the case," and has no relation to Rule 26(c) from which any exception to "compelling reasons" standard may apply. *Cntr for Auto Safety v. Chrysler Grp, LLC,* 809 F.3d 1092, 1097 (9th Cir. 2016). The Motion for Class Certification is "more than tangentially related to the underlying cause of action" triggering the "compelling reasons" standard for sealing the foregoing documents. *Id.*

To the best of Plaintiff's knowledge, the redactions are consistent with the confidentiality designations by Defendants and non-parties. Plaintiff has erred on the side of caution in over-designating for confidentiality, in an effort not to inadvertently produce otherwise confidential information of other parties or non-parties. Further, Plaintiff anticipates that the subsequent briefing on this motion or class certification will likely quote, cite to, or otherwise reference other information designated confidential by Defendants.

Under Local Rule 79-5(f), this Administrative Motion has served a copy of this Motion by ECF on Defendants who are registered to receive filings in this case and will serve all non-parties to designated documents as "confidential" who are not registered to receive filings under ECF, as well as a copy of a proposed Order, the Court's Standing Order on Administrative Motions to File Under Seal, and a copy of Civil Local Rule 79-5.

Dated: October 12, 2023

| | |
|---|---|
| By: /s/ Amy M. Lewis, Esq. | |
| Paul R. Kiesel, State Bar No. 119854 | Robert K. Lewis, *Pro Hac Vice* |
| kiesel@kiesel.law | rob@lewislawfirm.com |
| Jeffrey A. Koncius, State Bar No. 189803 | Amy M. Lewis, *Pro Hac Vice* |
| koncius@kiesel.law | amy@lewislawfirm.com |
| **KIESEL LAW LLP** | **LEWIS AND LEWIS TRIAL LAWYERS, PLC** |
| 8648 Wilshire Boulevard | |
| Beverly Hills, California 90211-2910 | 21850 N. Alma School Road, Suite 103-637 |
| Tel: 310-854-4444 | Scottsdale, Arizona 85262 |
| Fax: 310-854-0812 | Tel: 602-889-6666 |
| | |
| Jeremy Alberts, *Pro Hac Vice* | Nicholas Panayotopoulos, *Pro Hac Vice* |
| jalberts@wwhgd.com | npanayo@wwhgd.com |
| **WEINBERG WHEELER HUDGINS GUNN & DIAL LLC** | Gary J. Toman, *Pro Hac Vice* |
| | gtoman@wwhgd.com |
| 6385 S. Rainbow Blvd. Suite 400 | Alexander Heydemann, *Pro Hac Vice* |
| Las Vegas, Nevada 89118 | aheydemann@wwhgd.com |
| Tel: 702-938-3838 | **WEINBERG WHEELER HUDGINS GUNN & DIAL LLC** |
| | 3344 Peachtree Road, NE |
| | Atlanta, Georgia 30326 |
| | Tel: 404-876-2700 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion was served on all parties registered on ECF upon filing this Motion through the Court's electronic filing portal. Further, a copy of this Motion, a proposed Order on the Motion, the Court's Standing Order on Administrative Motions to File Under Seal, and copy of Civil Local Rule 79-5, will be served upon all non-parties listed on the Service List below who are not registered on ECF, by regular mail on the next available business day, Friday, October 13, 2023, to the last known address of all non-parties identified below.

/s/ Amy M. Lewis
Amy M. Lewis

| | |
|---|---|
| 1 | **Service List** |
| 2 | City of Portland |
| 3 | Robert L. Taylor, City Attorney<br>1221 SW 4th Avenue, Suite 430 |
| 4 | Portland, Oregon 97204 |
| 5 | Winchester Ammunition - Olin Corporation |
| 6 | c/o CT Corporation<br>System, 4701 Cox Road Suite 285 |
| 7 | Glen Allen, Virginia 23060-6808 |
| 8 | Olin Corporation |
| 9 | c/o C T Corporation System<br>4701 Cox Road, Suite 285 |
| 10 | Glen Allen, Virginia 23060-6808 |
| 11 | Black Hills Ammunition |
| 12 | c/o Jeffrey A. Hoffman<br>1699 Sedivy Lane, Rapid City, SD 57703-4177 |
| 13 | |
| 14 | State of California Department of Justice<br>Bureau of Firearms |
| 15 | Rob Bonta<br>Office of the Attorney General |
| 16 | 1300 "I" Street<br>Sacramento, CA 95814-2919 |
| 17 | |
| 18 | City of Winter Haven<br>c/o Mayor Bradley T. Dantzler |
| 19 | City of Winter Haven<br>City Hall |
| 20 | 451 Third Street NW<br>Winter Haven, FL 33881 |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |