Paul R. Kiesel, State Bar No. 119854
 kiesel@kiesel.law
Jeffrey A. Koncius, State Bar No. 189803
 koncius@kiesel.law
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel: 310-854-4444
Fax: 310-854-0812

Jeremy Alberts, *Pro Hac Vice*
 jalberts@wwhgd.com
**WEINBERG WHEELER HUDGINS
GUNN & DIAL LLC**
6385 S. Rainbow Blvd. Suite 400
Las Vegas, Nevada 89118
Tel: 702-938-3838

Robert K. Lewis, *Pro Hac Vice*
rob@lewislawfirm.com
Amy M. Lewis, *Pro Hac Vice*
amy@lewislawfirm.com
**LEWIS AND LEWIS
TRIAL LAWYERS, PLC**
21850 N. Alma School Road, Suite 103-637
Scottsdale, Arizona 85262
Tel: 602-889-6666

Nicholas Panayotopoulos, *Pro Hac Vice*
 npanayo@wwhgd.com
Gary J. Toman, *Pro Hac Vice*
 gtoman@wwhgd.com
Alexander Heydemann, *Pro Hac Vice*
 aheydemann@wwhgd.com
**WEINBERG WHEELER HUDGINS
GUNN & DIAL LLC**
3344 Peachtree Road, NE
Atlanta, Georgia 30326
Tel: 404-876-2700

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

STEVEN C. JOHNSON, an individual, on behalf of himself and all others similarly situated,

          Plaintiff,

vs.

GLOCK, INC., a Georgia Corporation; GLOCK Ges.m.b.H, an Austrian entity; JOHN and JANE DOES I through V; ABC CORPORATIONS I-X, XYZ PARTNERSHIPS, SOLE PROPRIETORSHIPS and/or JOINT VENTURES I-X, GUN COMPONENT MANUFACTURERS I-V,

          Defendants.

CASE NO.: 3:20-cv-08807-WHO

**PLAINTIFF'S NOTICE OF MOTION, MOTION FOR CLASS CERTIFICATION AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

Judge:     Hon. William H. Orrick
Date:      February 28, 2024
Time:     2:00 p.m.
Place:    Courtroom 2, 17th Floor

a

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................... iii

NOTICE OF MOTION ................................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

INTRODUCTION ....................................................................................................................... 1

STATEMENT OF FACTS .......................................................................................................... 3

    A.   The Defect – The Unsupported Chamber ....................................................................... 3

    B.   The Unsupported Chamber is Dangerous ...................................................................... 5

    C.   Glock Has Known that the ██████████████████████████ ████████████████████████████████████ .... 7

    D.   Glock Has Concealed the Defect for Decades ............................................................... 8

    E.   Glock Has Profited and Will Continue to Profit from Its Misconduct ......................... 9

    F.   Plaintiff and His Claims Against Glock ...................................................................... 10

ARGUMENT AND CITATIONS OF AUTHORITY ............................................................... 11

I.     STANDARD FOR CERTIFICATION OF A CLASS ACTION ............................................. 11

II.    THE REQUIREMENTS OF RULE 23(a) ARE SATISFIED ................................................. 12

    A.  Numerosity ................................................................................................................... 12

    B.  Commonality.................................................................................................................. 12

    C.   Typicality ...................................................................................................................... 13

    D.  Adequacy of Representation ......................................................................................... 15

III. THE REQUIREMENTS OF RULE 23(b)(3) ARE SATISFIED ........................................... 17

    A.  Predominance................................................................................................................ 17

        1.    Consumer Protection Statutes................................................................................. 17

        2.    Fraudulent Omission.............................................................................................. 21

        3.    Damages.................................................................................................................. 21

B. Superiority ................................................................................................. 23

IV. THE COURT SHOULD CERTIFY A CLASS UNDER RULE 23(B)(2) ................................ 24

V. IN THE ALTERNATIVE, THE COURT CAN CERTIFY PLAINTIFF'S CLAIMS
UNDER RULE 23(C)(4) ............................................................................... 25

CONCLUSION ........................................................................................................ 25

CERTIFICATE OF SERVICE ..................................................................................... 27

ii

# TABLE OF AUTHORITIES

**Cases**

*Abdullah v. U.S. Sec. Assocs., Inc.*,
    731 F.3d 952 (9th Cir. 2013) ................................................................................ 12

*Aberin v. Am. Honda Motor Co.*,
    2021 WL 1320773 at *16 (N.D. Cal. March 23, 2021) ........................................ 14

*Amchem Prod., Inc. v. Windsor*,
    521 U.S. 591 (1997) ............................................................................................ 17

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*,
    568 U.S. 455 (2013) ............................................................................................ 11

*Armstrong v. Davis*,
    275 F.3d 849 (9th Cir. 2001) .............................................................................. 13

*Astiana v. Dreyer's Grand Ice Cream, Inc.*,
    2012 WL 2990766 (N.D. Cal. July 20, 2012) ..................................................... 16

*Bailey v. Rite Aid Corp.*,
    338 F.R.D. 390 (N.D. Cal. 2021) ........................................................................ 19

*Beaver v. Omni Hotels Mgmt. Corp.*,
    2023 WL 6120685 at * 6-7 (S.D. Cal. Sept. 18, 2023) ........................................ 14

*Beyer v. Symantec Corp.*,
    333 F. Supp. 3d 966 (N.D. Cal. 2018) ................................................................ 16

*Blissard v. FCA US, LLC*,
    2018 WL 6177295, at *12 (C.D. Cal. Nov. 9, 2018) ........................................... 18

*Block v. eBay, Inc.*,
    747 F.3d 1135 (9th Cir. 2014) ............................................................................ 17

*Braverman v. BMW of N. Am. LLC*
    , 2023 WL 2445684, at *4 (9th Cir. March 10, 2023) ......................................... 19

*Brisenov v. ConAgra Foods, Inc.*,
    844 F.3d 1121 (9th Cir. 2017) ....................................................................... 23, 24

*Broomfield v. Craft Brew Alliance, Inc.*,
    2018 WL 4952519, at *12 (N.D. Cal. Sept. 9, 2018) .......................................... 21

iii

*Bruno v. Quten Research Inst., LLC,*
    280 F.R.D. 524 (C.D.Cal. 2011). ............................................................................... 13

*Castillo v. Bank of Am., NA,*
    980 F.3d 723 (9th Cir. 2020) .................................................................................... 13

*Colgan v. Leatherman Tool Grp, Inc.,*
    135 Cal. App. 4th 663 (2006) .................................................................................. 21

*Collins v. eMachines, Inc.,*
    202 Cal. App. 4th 249 (2011) *as modified* (Dec. 28, 2011) ................................... 19

*Comcast Corp. v. Behrend,*
    569 U.S. 27 (2013) .................................................................................................. 17

*Conn. Ret. Plans & Trust Funds v. Amgen Inc.,*
    660 F.3d 1170 (9th Cir. 2011) .................................................................................. 11

*Corcoran v. CVS Health,*
    2019 WL 6250972 at *5 (C.D. Cal. Nov. 22, 2019) ............................................... 14

*Edwards v. First Am. Corp.,*
    798 F.3d 1172 (9th Cir. 2015) .................................................................................. 11

*Elias v. Hewlett-Packard Co.,*
    950 F. Supp. 2d 1123 (N.D. Cal. 2013) ................................................................. 18

*Farar v. Bayer AG,*
    2017 WL 5952876, at *14 (N.D. Cal. Nov. 15, 2017) ............................................ 23

*Freeman v. Time, Inc.,*
    68 F.3d 285 (9th Cir. 1995) ..................................................................................... 18

*Hadley v. Kellog Sales Co.,*
    324 F. Supp. 3d 1084 (N.D. Cal. 2018) ..................................................... 12, 18, 23

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998) ..................................................................... 12, 15, 17

*Hanon v. Dataproducts Corp.,*
    976 F.2d 497 (9th Cir. 1992) ................................................................................... 13

*Hodson v. Mars, Inc.,*
    891 F.3d 857 (9th Cir. 2018) ................................................................................... 19

*In re JUUL Labs, Inc., Mkt. Sales Practices and Prod. Liab. Lit.,*
    396 F. Supp. 3d 1366 (U.S. Jud. Pan. Mult. Lit. 2019) .......................................... 24

iv

*In re JUUL Labs, Inc., Mkt. Sales Practices and Prod. Liab. Lit.*,
    609 F. Supp. 3d 942 (N.D. Cal. 2022) ............................................................ 11, 17

*In re Rubber Chems. Antitrust Litig.*,
    232 F.R.D. 346 (N.D. Cal. 2005) ..................................................................... 12

*In re Tobacco II Cases*,
    46 Cal. 4th 298 (2009) ............................................................................... 18, 21

*Johnson v. Nissan N. Am., Inc.*,
    2022 WL 2869528, at *5 (N.D. Cal. July 21, 2022) ........................................ 19, 22

*Krommenhock v. Post Foods, LLC*,
    334 F.R.D. 552 (N.D. Cal. 2020) ..................................................................... 23

*Krueger v. Wyeth, Inc.*,
    396 F. Supp. 3d 931 (S.D. Cal. 2019) ............................................................. 22

*Lambert v. Nutraceutical Corp.*,
    870 F.3d 1170 (9th Cir. 2017) ......................................................................... 22

*Lassen v. Nissan N. Am., Inc.*,
    211 F. Supp. 3d 1267 (N.D. Cal. 2016) ........................................................... 19

*Lavie v. Procter & Gamble Co.*,
    105 Cal. App. 4th 496 (2003) ......................................................................... 18

*Lazar v. Superior Court*,
    12 Cal. 4th 631 (1996) ................................................................................... 21

*LiMandri v. Judkins*,
    52 Cal. App. 326 (1997) ................................................................................. 19

*Marsh v. First Bank of Del.*,
    2014 WL 554553, at *4 (N.D. Cal. Feb. 7, 2014) ............................................. 11

*Mazza v. Am. Honda Motor Co., Inc.*,
    666 F.3d 581 (9th Cir. 2012) ........................................................................... 11

*McReynolds v. Merril Lynch, Pierce, Fenner & Smith, Inc.*,
    672 F.3d 482 (7th Cir. 2012) ........................................................................... 25

*Milstead v. Gen. Motors, LLC*,
    2023 WL 4410502, at *7 (N.D. Cal. July 6, 2023) ........................................... 19

v

*People v. First Fed. Credit Corp.,*
    104 Cal. App. 4th 721 (2002) ........................................................................... 23

*Spann v. J.C. Penney Corp.,*
    2015 WL 1526559, at \*3 (C.D. Cal. March 23, 2015) ...................................... 22

*Staton v. Boeing Co.,*
    327 F.3d 938 (9th Cir. 2003) ........................................................................... 15

*Stearns v. Ticketmaster Corp.,*
    655 F.3d 1013 (9th Cir. 2011) ......................................................................... 18

*Swearingen v. Late July Snacks LLC,*
    2017 WL 4641896, at \*5 (N.D. Cal. Oct. 16, 2017) ........................................ 16

*Taylor v. Serv. Corp. Int'l,*
    2023 WL 2346295, at \*7 (S.D. Fla. Mar. 3, 2023) .......................................... 16

*Vizcarra v. Unilever United States, Inc.,*
    339 F.R.D. 530 (N.D. Cal. 2021) .............................................................. 12, 24

*Wal-Mart Stores, Inc. v. Dukes,*
    564 U.S. 338 (2011) ......................................................................................... 11

*Wilson v. Hewlett-Packard Co.,*
    668 F.3d 1136 (9th Cir. 2012) .................................................................... 18, 19

*Zeiger v. Wellpet, LLC,*
    2021 WL 756109, at \*25 (N.D. Cal. Feb. 26, 2021) ................................... 12, 23

**Statutes**

15 U.S.C. § 2052(a)(5)(E) ........................................................................................ 2

Cal. Bus. & Prof. Code § 17200 et seq ............................................................. passim

Cal. Bus. & Prof. Code § 17500 et seq. ............................................................ passim

Cal. Bus. & Prof. Code §§ 17203 ........................................................................... 21

Cal. Civ. Code § 1761 et seq. ........................................................................... passim

Cal. Civ. Code § 1780(a)(3) ................................................................................... 22

vi

**Other Authorities**

Dru Stevenson, <u>Smart Guns, the Law, and the Second Amendment</u>,
     124 Penn St. L. Rev. 691, 701 (2020) ........................................................... 2

**Rules**

Fed. R. Civ. P. 23 ..................................................................................................... 1

Fed. R. Civ. P. 23(a)(1) .......................................................................................... 12

Fed. R. Civ. P. 23(a)(2) .......................................................................................... 12

Fed. R. Civ. P. 23(a)(3). ......................................................................................... 13

Fed. R. Civ. P. 23(a)(4) .......................................................................................... 15

Fed. R. Civ. P. 23(b)(3) ............................................................................ 2, 11, 17, 23

Fed. R. Civ. P. 23(c)(4) ........................................................................................... 25

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on February 28, 2024 at 2:00 p.m., before the Honorable William H. Orrick, in Courtroom 2, 17th Floor, of the U.S. District Court for the Northern District of California, San Francisco Division, at 450 Golden Gate Avenue, San Francisco, California, Plaintiff Steven C. Johnson on behalf of himself and all others similarly situated ("Plaintiff") will move the Court for an order certifying this matter as a class action pursuant to Federal Rule of Civil Procedure 23. In particular, Plaintiff seeks certification of a class of consumers who purchased any Glock pistol designed to shoot the following calibers: (1) 10mm, (2) 40 S&W, (3) 9mm, (4) 45 ACP, (5) 45 GAP, (6) .380, and (7) .357 Sig. in the State of California since introduced into the stream of commerce by Defendants ("Class Guns") [1]. All of these pistol models have a substantially similar chamber design and feed ramp length. Plaintiff asks that the Court certify the class pursuant to Rule 23, appoint Steven C. Johnson as Class Representative, and appoint his counsel as Class Counsel.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████ Accordingly, Plaintiff asserts individual and class claims for the failure to disclose and concealment of a serious safety issue

---

[1] Glock Class Gun models: ████████████████████████████████████████████████ and all sub-models and generations.

involving guns designed, manufactured, assembled, imported, and marketed by Glock Ges.m.b.H and Glock, Inc. ("Glock Defendants" or collectively "Glock"). As common issues pervade the asserted causes of action and claimed damages, this case is particularly well-suited for resolution as a class action and satisfies all the requirements for certification of a class under Rule 23(b)(3).

Firearms are the only consumer products sold in the United States that are not subject to federal oversight or regulations for safety or design standards.[2] In fact, due to successful lobbying efforts of the firearm industry, a federal statute prohibits the Consumer Product Safety Commission (CPSC), the unit of the government that normally regulates safety for consumer items, from promulgating any rules or specifications for firearms or ammunition. *See* 15 U.S.C. § 2052(a)(5)(E). Instead, it is incumbent upon firearms manufacturers and sellers to effectively "self-regulate" by ensuring their products are safe for ordinary use and, at issue here, adequately informing consumers of safety risks inherent in their design or manufacturing. The lack of regulation has allowed Glock to sell to California consumers guns that ████████████████████████████ ████████████████████████████████████████████████████ Glock has not ████████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████

Glock has profited from its misconduct as it has sold the Class Guns at a much higher price than they are actually worth. Had Glock disclosed the true danger of the guns with the UCD, it is unlikely Glock would have sold them at any price. The essential elements of the claims against Glock will be established by common proof. Class certification here is appropriate and necessary to hold Glock accountable for its misconduct and compensate those damaged by its conduct.

---

[2] *See* Dru Stevenson, <u>Smart Guns, the Law, and the Second Amendment</u>, 124 Penn St. L. Rev. 691, 701 (2020).

2

# STATEMENT OF FACTS

██████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████. **Ex A,** ████████ Depo (2023), 20:16- 21:18.[3] ██████

███████████████████████████████████████████████████████

████████████████████████ *Id.* at 25:10-25:21; 111:4-21. ███████████████

█████████████████████████████████████████████████. *Id.*

## A.    The Defect – The Unsupported Chamber

█████████████████████████████████████████████████████

██████████████████████████████ █████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████. *Id.* 35:4-12. Engineers John Nixon and Dr. David Bosch

explain the ███████████████████████ in detail in their reports. **Ex F**, Nixon Decl.; *see also*

**Ex G**, Bosch Decl.[5]  A simple explanation is that Glock █████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

---

[3] Plaintiff has attached all Exhibits to the Declaration of Robert K. Lewis in Support of Plaintiff's Motion for Class Certification ("Lewis Decl."), which is being filed contemporaneously with this Motion.

[4] These models include all pistols designed to shoot the following calibers: ██████████████████ ███████████████████████████████████

[5] The reports of John Nixon and David Bosch include references to additional documents which Plaintiff has not specifically cited or referenced in this brief. For the Court's ease of reference, Plaintiff has attached these documents to the Declaration of Robert K. Lewis. The expert reports are provided for the purposes of this motion, and full liability reports will be provided after certification.

███████████████████████████████████. **Ex F**, Nixon Decl., ¶¶ 17-18. ████████

████████████████████████████████████████████████████████████████████

███████████████████████ **Ex A,** █████ (2023), 39:22-40:10; **Ex B**, ████████ Depo (2018),

19:16-19:24.



[Figure redacted]

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████ **Ex F**, Nixon Decl., ¶¶ 23-24. In a Glock,

however, ███████████████████████████████████████████████████████

███████████████████████████████████████ *d.*

In a Glock, ████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████. **Ex F**, Nixon Decl., ¶¶ 23-24; **Ex G**, Bosch Decl.; Concl. &

Op., **Ex A**, █████ (2023), 17:8-18:11. ████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████. **Ex C**, ██████ Depo (2023), 95:22-

96:5. ██████████████████████████████████████████████████████

4

█████████████████████████████████████████████

████████████████████████████████████████████. **Ex B**, ████ (2018)

17:8-18:12, 19:16-24; **Ex F**, Nixon Decl., ¶ 21. Glock admits, however, that ████████

█████████████████████████████████████████████ **Ex A**,

████ (2023), 104:7-105:4; **Ex F**, Nixon Decl., ¶¶ 38-39. Glock claims, however, ████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████ *Id.* at ¶ 39; **Ex Y**, █████████████ JOHNSON_001808, 1811.

█████████████████████████████████████████████

███████████████. **Ex A**, ████ (2023), 75:3-75:17.

█████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████ **Ex C**, ██████ (2023), 254:21-256:20. ████████████

███████████████████████████████████

**B.** **The Unsupported Chamber is Dangerous**

Glock's claim that ███████████████████████████████████

█████████████████████████████████████████████

**Ex F**, Nixon Decl., ¶ 48. █████████████████████████████████

████████████████████████████████████. *Id.* at ¶¶ 41, 42, 48; *see generally*

**Ex W**, Kaboom Chart & Customer Claims. ████████████████████

█████████████████████████████████████████████

5



See Id.; **Ex F**, Nixon Decl., ¶ 48; **Ex X**, Gary Brown Kaboom.

. **Ex F**, Nixon Decl., ¶ 41-42; **Ex W**, Kaboom Chart & Customer Claims; **Exs Z-FF**, Lawsuits.

**Ex C**, (2023), 34:3-35:2.

. **Ex C**, (2023) 254:21-256:20.

Id. at 78:10-18.

**Ex F**, Nixon Decl., ¶ 41-42; **Ex W**, Kaboom Chart & Customer Claims; **Ex Z-FF**, Lawsuits.

**Ex. W**, which

**Ex F**, Nixon Decl., ¶ 40.

6

███████████. *Id.*

**C.** ████████████████████████████████████
██ ████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

█████████████████████████████████████.

███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████

| [Redacted] | [Redacted] |
|---|---|

████████████████████████████████████

████████████████████████████. **Ex. I** at GGES000014.

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

**Ex A**, ██████ (2023), 102:4-103:15. ████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████
████████████████████████████████
████████████████████████████████

7



**Ex J,**

**Ex C.,** Gueverra 2023 106:15-20.

**D.      Glock Has Concealed the Defect for Decades**

. **Ex A,** (2023), 108:10-109:10; 132:12-133:7; **Ex C,** (2023), 224:8-225:25.

. **Ex C,** (2023), 224:8-230:24.

. *Id.*

. *Id.* at 227:5-227:15; **Ex A,** (2023),132:12-133:7. **Ex C,** (2023), 227:25-229:22; **Ex E,** GINC008008.

. *Id.* According to Glock,

---
[6] **Ex W**

**Ex C,** (2023), 254:21-256:20; **Ex Z-FF**, Lawsuits. Further, in nearly every case, Glock has insisted that the case files be kept under seal and confidential. **Ex C**, 192:25-193:2.

8

███████████████████████████████████████████████████████████

████████████████████████████████████. *Id*. █████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████ **Ex GG**, Press Releases.

Glock does not disclose the nature of its design or the harm it causes. It works diligently to prevent the public from learning of this hazard. And when the information is made public, Glock immediately denies it and misrepresents the existence of the risk to the public.

**E.      Glock Has Profited and Will Continue to Profit from Its Misconduct**

Glock put the public at risk and profited from its concealment of the defect. Specifically, by concealing the UCD and the safety issues it causes, Glock was able to sell Class Guns at prices normally charged for non-defective guns. Had Plaintiff and putative class members known about the UCD and ████████████████, they would not likely have purchased the Glock Class. Thus, the Class Guns were worth nothing. Plaintiff stated in his declaration that he would not have paid anything for his pistol had he known the truth about the safety hazard inherent in the design due to the UCD **Ex KK**, Johnson Decl., ¶ 9.  Further, there is substantial evidence that no reasonable consumer would have purchased their Glock pistols had they known about the safety hazard caused by the design. █████████████████████████████████

9

██████████████████████████████████████████████████████████. **Ex W,** Kaboom Chart & Customer Claims. ████████████████████████████████████████████████████████

██████████████████████████████████. **Ex F**, Nixon Decl., ¶ 40, **Ex M**, Foxworth Memo. Alternatively, to assess the financial harm Glock caused consumers at the point of sale, Plaintiff's counsel has also retained two expert witnesses, Steven Gaskin and Colin Weir. The experts will measure damages based on conjoint analysis, which uses a combination of economic theory, statistics, and survey data to estimate the decrease in market value that would have resulted had Glock disclosed the UCD, and the safety issues it creates, at the time and point of sale. **Ex HH**, Gaskin Decl.; *see* **Ex II**, Weir Decl.

## F.     Plaintiff and His Claims Against Glock

Plaintiff Steven Johnson is an experienced gun user with a law enforcement background. He purchased a Class Gun, a Glock 30 SF (Short Frame) .45 caliber gun on or about April 15, 2016. **Ex JJ**, Johnson Dep., 195:6-13. Johnson learned about the UCD in 2020, and since that time, he has not used the Class Gun because of the safety risks posed. **Ex KK**, Johnson Decl., ¶¶ 7-8. Further, he would not have purchased the Class Gun had he known of the undisclosed defect. *Id*. ¶ 9. Plaintiff filed suit individually and on behalf of a class of all persons who bought Class Guns in California, and the Third Amended Complaint sets forth four causes of action: (1) a claim for violation of the Consumer Legal Remedies Act, Cal. Civil Code § 1761 et seq. ("CLRA"), (2) a claim for fraudulent omission, (3) a claim for violation of the Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200 et seq. ("UBP"), and (4) violation of the False Advertising law, Cal. Bus. & Prof. Code, § 17500 et seq ("FAL"). As noted, Plaintiff seeks relief on behalf of himself and all persons similarly situated who bought Class Guns in California. The proposed class is defined as: All current and former consumers of Class Guns that were purchased in the State of California.[7]

---

[7] Glock models: ████████████████████████████████████████████████████████████████ sub-models and generations.

# ARGUMENT AND CITATIONS OF AUTHORITY

## I.  STANDARD FOR CERTIFICATION OF A CLASS ACTION

In evaluating whether it is appropriate to certify an action as a class action, the Court must conduct a rigorous analysis of whether plaintiff has satisfied the requirements of Rule 23 by a preponderance of the evidence. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348-50 (2011); *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012); *Conn. Ret. Plans & Trust Funds v. Amgen Inc.*, 660 F.3d 1170, 1175 (9th Cir. 2011). This analysis is a two-step process. *In re JUUL Labs, Inc., Mkt. Sales Practices and Prod. Liab. Lit.*, 609 F. Supp. 3d 942, 959 (N.D. Cal. 2022). First, the Court must determine if the four requirements of Rule 23(a) have been met, namely numerosity, commonality, typicality, and adequacy of representation.  Second, the Court must examine whether one of the grounds for certification under Rule 23(b) are present.  Specifically, Rule 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). At the class certification stage, Plaintiff need not establish that he will succeed on the merits at trial, as Rule 23 "grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds,* 568 U.S. 455, 466 (2013). Instead, courts are "merely to decide a suitable method of adjudicating the case and should not 'turn class certification into a mini-trial' on the merits." *Edwards v. First Am. Corp.,* 798 F.3d 1172, 1178 (9th Cir. 2015). The possibility that Plaintiff may not prove his allegations is insufficient reason "for declining to certify a class which apparently satisfies Rule 23." *Marsh v. First Bank of Del.,* 2014 WL 554553, at *4 (N.D. Cal. Feb. 7, 2014). As shown below, Plaintiff meets these requirements.

11

## II. THE REQUIREMENTS OF RULE 23(a) ARE SATISFIED

### A.    Numerosity

Rule 23(a)(1) requires a plaintiff to show that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Courts usually consider 40 members to be enough. *Vizcarra v. Unilever United States, Inc*., 339 F.R.D. 530, 543 (N.D. Cal. 2021). Proof of an exact number is not required. *In re Rubber Chems. Antitrust Litig.*, 232 F.R.D. 346, 350 (N.D. Cal. 2005). Here, the numerosity requirement is satisfied. The California Department of Justice has provided proof of 505,392 sales of certain Class Guns since 2001. Decl. of Robert K. Lewis, ¶ 40. This is incomplete information. *Id*. There are outstanding discovery requests for the remaining sales information. Plaintiff expects the class will exceed 1,000,000 members. Joinder is obviously impractical.

### B.    Commonality

Common questions of law or fact must exist among class members. Fed. R. Civ. P. 23(a)(2). "Rule 23(a)(2) has been construed permissively." *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1019 (9th Cir. 1998). A class may be certified where class members have shared legal issues but divergent facts or, alternatively, where they have a common nucleus of facts but seek relief under different legal theories. *Id*. "[C]ommonality requires that the class members' claims 'depend upon a common contention' such that 'determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke.'" *Abdullah v. U.S. Sec. Assocs., Inc*., 731 F.3d 952, 957 (9th Cir. 2013) (quoting 564 U.S. at 351). Courts frequently analyze statutory claims under the UCL, FAL, and CLRA (and fraudulent omission claims) together for purposes of class certification. *See Zeiger v. Wellpet, LLC*, 2021 WL 756109, at *25 (N.D. Cal. Feb. 26, 2021); *Hadley v. Kellog Sales Co.,* 324 F. Supp. 3d 1084, 1093 (N.D. Cal. 2018).

Here, there are common questions of fact and law. Namely: (1) the nature of the UCD (which

12

is common to all class members); (2) Glock's knowledge about the UCD ; (3) Glock's concealment of the defect; (4) whether reasonable consumers would likely have been deceived by Glock's omissions about the defect and would have found the misrepresented or omitted information material; (5) whether Glock's acts and omissions violated the UCL, FAL, and CLRA; and (6) the amount of restitution available to consumers under California law.

## C.    Typicality

Rule 23(a) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The "test of typicality is whether other members have the same or similar injury, whether the action is based on conduct, which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). To satisfy the typicality requirement, the plaintiff's claims must be "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Castillo v. Bank of Am., NA*, 980 F.3d 723, 730 (9th Cir. 2020). Typicality is "satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Armstrong v. Davis,* 275 F.3d 849, 868 (9th Cir. 2001).

Here, Johnson's claims are typical of the members of the class. Each member purchased a Glock pistol that contained the same defect. Glock made no disclosure to any of them about the defect. Glock universally concealed the existence of the defect to all members. Each of them purchased the Glock pistol at a price they would pay without knowledge of the defect. The consumer protection statutes (UCL, FAL, and CLRA) use an objective reasonable person standard. The proof necessary to establish these claims are the same for Plaintiff and the class because "the injury under the UCL, FAL and CLRA is established by an objective test. Specifically, this objective test states that injury is shown where the consumer has purchased a product that is marketed with a material

13

misrepresentation, that is, in a manner such that 'members of the public are likely to be deceived.'" *Bruno v. Quten Research Inst., LLC,* 280 F.R.D. 524, 534 (C.D.Cal. 2011). Thus, proof of Glock's *universal* concealment of the UCD and the serious safety issues it creates forms the basis of Plaintiff's claims as well as the claims of other class members.

The defenses that Johnson faces are also typical. Glock asserted the statute of limitations defense in response to the complaint. The statute of limitations defense may only defeat typicality "where only the class representative is *uniquely* subjected to a statute of limitations defense." *Aberin v. Am. Honda Motor Co.*, 2021 WL 1320773 at *16 (N.D. Cal. March 23, 2021) (emphasis in original). But where, as here, the Plaintiff alleges class wide concealment, a statute of limitations defense is typical. *Id.* Here, Johnson alleged class wide concealment and delayed discovery. Third Amended Complaint, ¶¶ 74-82 [Doc 60]. Both ██████████ General Counsel for Glock, and ██████ ██████ former Chief of Technical Development, admit that Glock ████████████████ ████████████████████████████████████████. **Ex A**, ██████ (2023), 108:10-109:10, 132:12-133:7; **Ex C**, ██████ (2023), 224:8-225:25.

The recent case of *Beaver v. Omni Hotels Mgmt. Corp.*, 2023 WL 6120685 at * 6-7 (S.D. Cal. Sept. 18, 2023), further illustrates the application of this rule under similar circumstances. There, the Court held a statute of limitations defense did not defeat typicality where, as here, the statute of limitations defense is potentially available to a majority of the class. *See also Corcoran v. CVS Health*, 2019 WL 6250972 at *5 (C.D. Cal. Nov. 22, 2019) (finding typicality was present where defendants had made "no actual showing that [plaintiffs] are uniquely subjected to the statute of limitation."). Here, every member of the class was subject to Glock's common concealment and cover up of the UCD and related safety hazards. And, as a result of Glock's active concealment, the majority of the class members Mr. Johnson seeks to represent also fall outside the applicable statute of

limitations[8] based on the same common fraudulent concealment by Glock. In fact, the sales information provided by the State DOJ establishes that 69 percent of the class purchased their guns before October 1, 2017, and 31 percent purchased their guns after October 1, 2017. Declaration of Robert K. Lewis, ¶ 40.

Accordingly, both Plaintiff's claims and the defenses he faces are typical of the class.

### D.      Adequacy of Representation

Rule 23(a) also requires the representative parties to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Ninth Circuit set a two-prong test for this requirement: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.,* 327 F.3d 938, 957 (9th Cir. 2003) (citing *Hanlon,* 150 F.3d at 1020). In this case, Plaintiff Steven Johnson is a former law enforcement officer trained in the use of firearms at Oakland's police academy. **Ex JJ**, Johnson Dep., 80:1-81:1. He has owned handguns manufactured by several manufacturers, including two Glock pistols. *Id*. at 86:25-87:3, 112:20-113:4, 136:4-6. His claims are identical to those of other class members.  Johnson contacted counsel originally and has actively participated in the prosecution of the case. *e.g.*, *Id*. at 36:3-6, 40:12-20; **Ex KK**, Johnson Decl., ¶¶ 12-16.

Johnson has retained highly experienced and qualified counsel. Kiesel Law LLP has served as class counsel in a variety of class actions in this district and nationally. **Ex OO**, Kiesel Law, LLP Resumes.  Lewis and Lewis Trial Lawyers, PLC has represented consumers in products cases, cases

---

[8] The statute of limitations for two of Plaintiff's statutory claims (CLRA and FAL) are generally three years and the UCL claim is four years. All of these claims are subject to the discovery rule, as well as the tolling doctrine of fraudulent concealment. *See, e.g.,* DE 73 (Court Order on Motion to Dismiss Third Amended Complaint). All class members are subject to the same exception to the statute of limitations.

relating to firearms and firearm safety and litigated numerous cases with complex engineering issues. **Ex PP**, Lewis and Lewis Trial Lawyers, PLC Resumes. Weinberg Wheeler Hudgins Gunn & Dial, LLC ("WWHGD") has broad experience representing plaintiffs and defendants in class actions across the country. **Ex QQ**, WWHGD Resume. Other district courts have recently recognized WWHGD as "extremely capable counsel from [a] prominent national law firm …who were highly competent adversaries" in the context of class action litigation involving consumer protection statutes. *See Taylor v. Serv. Corp. Int'l,* 2023 WL 2346295, at *7 (S.D. Fla. Mar. 3, 2023). Neither Plaintiff nor counsel have any conflicts of interest with class members and are committed to pursuing this matter to its conclusion.

Further, Plaintiff can adequately represent class members who bought Glock models other than the one he purchased. The definition of Class Guns limits the affected class to those buying a gun with the same defect, namely the UCD. As observed in *Beyer v. Symantec Corp.,* 333 F. Supp. 3d 966, 973 (N.D. Cal. 2018) "[t]his Court, like others in the Northern District, has held that a plaintiff may proceed on class claims against unpurchased products if they are 'substantially similar' to products he has purchased." *Id. See also Swearingen v. Late July Snacks LLC*, 2017 WL 4641896, at *5 (N.D. Cal. Oct. 16, 2017) (quoting *Astiana v. Dreyer's Grand Ice Cream, Inc*., 2012 WL 2990766 (N.D. Cal. July 20, 2012). As noted, all Class Guns suffer from a common defect, namely the UCD. Josef Kroyer admits that the chamber design is "substantially similar" in all class guns. **Ex A**, Kroyer (2023), 75:3-75:17.

Mr. Johnson has actively and meaningful engaged in this litigation from the inception of this case, including working with counsel to review pleadings, answer discovery, collect documents, review depositions and document production, and sit for a seven (7) hour deposition. **Ex KK**, Johnson Decl., ¶¶ 12-16. In short, Mr. Johnson and his counsel the class will ably represent the class.

## III. THE REQUIREMENTS OF RULE 23(b)(3) ARE SATISFIED

Class certification also requires that the plaintiff satisfy one of the provisions of Rule 23(b). For a damages class, Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

### A.     Predominance

Predominance under Rule 23(b)(3) asks whether a putative class is "sufficiently cohesive to warrant adjudication by representation." *Amchem Prod., Inc. v. Windsor,* 521 U.S. 591, 623 (1997). Predominant questions are those that make up "a significant aspect of the case" and clearly justify "handling the dispute on a representative rather than on an individual basis." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998); *In re JUUL Labs,* 609 F. Supp. 3d at 967. Further, under *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013), as part of the predominance inquiry, a plaintiff must demonstrate that "damages are capable of measurement on a classwide basis." *Id.* at 34. Plaintiff's damages model must be consistent with the theory of liability by measuring "only those damages attributable to that theory." *Id.* at 35. As demonstrated below, common issues predominate for each of the causes of action asserted. The core facts are: (1) the existence of the defect, (2) failure to disclose, (3) Glock's concealment, and (4) damages and economic loss.

### 1.     Consumer Protection Statutes

Here, Plaintiff asserts claims under three California consumer protection statutes, the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq., (the "UCL"), the False Advertising Law, Cal. Bus. & Prof. Code § 17500 et seq. ("FAL") and the Consumer Legal Remedies Act, Cal. Civ. Code § 1761 et seq.("CLRA"). While these three causes of action are defined somewhat differently, the same common proof can establish three claims.  Specifically, the UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising,"

*id.* § 17200. *Block v. eBay, Inc.,* 747 F.3d 1135, 1140 (9th Cir. 2014). The FAL prohibits the dissemination of any advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500. And the CLRA makes unlawful various "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale . . . of goods . . . to any consumer." Cal. Civ. Code § 1770(a).

By the terms of these statutes, a claim is established where the defendant knowingly engages in a deceptive act or practice, including a misstatement or omission, that is material and causes damage to the plaintiff. An objective standard is applicable to determine whether there is an actionable deceptive practice. *See Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) ("[T]he false or misleading advertising and unfair business practices claim must be evaluated from the vantage of a reasonable consumer.") (citation omitted). *Hadley*, 324 F. Supp. 3d at 1094–96. "[T]o state a claim under either the UCL or the false advertising law, based on false advertising or promotional practices, it is necessary *only* to show that members of the public are likely to be deceived." *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1020 (9th Cir. 2011) (citing *In re Tobacco II Cases*, 46 Cal. 4th 298 (2009). "'Likely to deceive' . . . indicates that the ad[vertisement] is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003).

Further, in the case of an omission claim, there is a duty to disclose where a design defect causes an unreasonable safety hazard or risk. *See Blissard v. FCA US, LLC,* 2018 WL 6177295, at *12 (C.D. Cal. Nov. 9, 2018); *Elias v. Hewlett-Packard Co.,* 950 F. Supp. 2d 1123, 1137 (N.D. Cal. 2013). Under such a defect concealment theory, the plaintiff must prove: (1) a defect, (2) a safety hazard, (3) a causal connection between the defect and the hazard, and (4) the defendant's knowledge

of the defect at the time of sale. *See Wilson v. Hewlett-Packard Co.,* 668 F.3d 1136, 1142-43 (9th Cir. 2012). An omission-based claim can also be met by establishing that (1) the omission is material, (2) the defect is central to the product's function, and (3) one of the so-called *LiMandri* factors is met. *Hodson v. Mars, Inc.,* 891 F.3d 857, 861 (9th Cir. 2018). The four *LiMandri* factors are: (1) when the defendant is the plaintiff's fiduciary; (2) when the defendant has exclusive knowledge of material facts not known or reasonably accessible to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff, and (4) when the defendant makes partial representations that are misleading because some other material fact has not been disclosed. *Collins v. eMachines, Inc.,* 202 Cal. App. 4th 249, 255 (2011) *as modified* (Dec. 28, 2011) (citing *LiMandri v. Judkins,* 52 Cal. App. 326, 336 (1997)). The question whether these elements are present turns on common proof.

Moreover, where, as here, a *safety* defect is shown, the element of materiality is satisfied, making a finding of class-wide reliance appropriate. *See, e.g., Milstead v. Gen. Motors, LLC,* 2023 WL 4410502, at *7 (N.D. Cal. July 6, 2023); *Bailey v. Rite Aid Corp.,* 338 F.R.D. 390, 407–08 (N.D. Cal. 2021); *Wilson*, 668 F.3d at 1143. And, even if the defect did not constitute a safety hazard, it would still be material because a reasonable consumer would consider the alleged defect material because, as a general matter, it is reasonable to believe that consumers would not expect their pistol to unexpectedly explode. *See, e.g., Johnson*, at *14 (jury could find that a reasonable consumer would consider a defect that caused sunroofs to shatter while driving to be material).

The proof necessary to establish a claim under these statutes will be common evidence. Plaintiff will demonstrate, through admissions and other evidence discovered from Glock's 30(b)(6) depositions as well as from expert testimony, proof of Glock's design in creating the UCD.[9] Common

---

[9] Further, consumer fraud claims are not subject to the same "design defect" standards as typical products liability claims, but instead, concern safety-related defects sufficiently *material* to trigger a duty to disclose in order to avoid deceiving a consumer. *See Lassen v. Nissan N. Am., Inc.,* 211 F. Supp. 3d 1267, 1287 (N.D. Cal. 2016); *see also Johnson,* 2022 WL 2869528, at *5 ("defect"

19

evidence will demonstrate that ████████████████████████████████████████████

████████████████████████████████████. At all times, Glock knew that ████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████ Indeed, Plaintiff will also show that Glock ████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████ As a result, Glock had a duty to disclose and warn Plaintiff and other consumers about the safety risk inherent in the design of the Class Guns, but instead, Glock not only failed to disclose the safety hazard to Plaintiff and others similarly situated, but actively concealed or publicly misrepresented the truth of the UCD.

Indeed, not only did Glock fail to disclose the UCD and its propensity to cause serious bodily harm to the user, it also made false and misleading representations relating to the safety of its guns in its manuals and otherwise. **Ex F**, Nixon Decl., ¶ 28; *see also generally* **Ex K**, Steven Johnson's Purchase Docs & Manual; *see also* **Ex LL**, CLRA Notice Letter. Further the UCD is common to all Class Guns and Class members and is known to Glock but not public knowledge. Further, due to Glock's fraudulent omissions, reasonable consumers would have been misled into believing that Class Guns were free of defects and reasonably safe for use. This information would have been material to a reasonable consumer in making their decision of whether to purchase a Class Gun. As

is relevant to consumer protection claims only to the extent that it shows it is something that the defendant was obligated to disclose or misrepresented, not in the sense that products liability law uses that term); *Braverman v. BMW of N. Am. LLC,* 2023 WL 2445684, at *4 (9th Cir. March 10, 2023) (J. Bennett concurring) (consumer protection laws reach design defect claims where sellers willfully conceal or deliberately mislead consumers as to a known safety risk). Therefore, Plaintiff does not need to establish a "defect" under product liability standards of consumer expectation or risk utility tests, but instead, must merely show that Glock knew of a safety hazard that was related to the design of its product and failed to disclose that hazard to consumers.

a result of Glock's fraudulent omissions or misrepresentations, Plaintiff and class members did not get the benefit of their purchase or otherwise would not have purchased their pistols had they known the truth about the safety hazard because the product is defectively dangerous and may cause great bodily harm. All of these issues are common to the whole class, as is all of the evidence necessary to establish claims under these statutes. Accordingly, predominance is established for all such claims.

### 2. Fraudulent Omission

Common proof may also be used to establish the common law fraudulent omission claim. "Under California law, to state a claim for common law fraud and fraudulent misrepresentation, a party must plead facts alleging five elements: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) the speaker's knowledge of falsity (scienter); (3) the intent to defraud or to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Broomfield v. Craft Brew Alliance, Inc.,* 2018 WL 4952519, at *12 (N.D. Cal. Sept. 9, 2018); *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). Common questions will predominate with respect to consideration of these factors. The elements of scienter and intent focus exclusively on Glock's conduct, and therefore present issues common to the class. And, as noted above, the existence of omissions by Glock will also be common to the class. The class-wide damages will be calculated using the same conjoint methodology described below.

Reliance does not require individualized proof when a presumption exists, as "a presumption, or at least an inference, of reliance arises wherever there is a showing that a misrepresentation was material." *In re Tobacco II Cases*, 46 Cal. 4th at 327; *In re JUUL Labs,* 609 F. Supp. 3d at 997. As discussed above, since this case concerns a safety defect, materiality is established. Accordingly, the common law fraud claim is subject to the same analysis as the statutory claims.

### 3. Damages

The damages element of each of the above causes of action is similar and amply satisfies

21

*Comcast.* The UCL, FAL, and CLRA all "authorize a trial court to grant restitution to private litigants asserting claims under those statutes." *Colgan v. Leatherman Tool Grp, Inc.,* 135 Cal. App. 4th 663, 694 (2006) (citations omitted); *see also* Cal. Bus. & Prof. Code §§ 17203, 17535; Cal. Civ. Code § 1780(a)(3). "Class wide damages calculations under the UCL, FAL, and CLRA are particularly forgiving. California law 'requires only that some reasonable basis of computation of damages be used, and the damages may be computed even if the result reached is an approximation.'" *Lambert v. Nutraceutical Corp.,* 870 F.3d 1170, 1183 (9th Cir. 2017). Where, as here, a consumer would not have purchased the product *but for* the alleged deceptive omission or misrepresentation at all or where the fraudulent omission goes to a central safety feature of the product, a complete restitution theory is available. *See Krueger v. Wyeth, Inc.,* 396 F. Supp. 3d 931, 951 (S.D. Cal. 2019) ("price less value received" is not the only measure of restitution, and where plaintiff's contention is that she would not have purchased the product had it been marketed accurately, a full restitution recovery may be appropriate); *see also Spann v. J.C. Penney Corp.,* 2015 WL 1526559, at *3 (C.D. Cal. March 23, 2015) (full refund proper where plaintiff presented evidence that "every dollar she spent was a result of defendant's alleged false advertising."). Here, Plaintiff has unequivocally declared that he would not have purchased his Class Pistol had he known of the safety risk due to the UCD and he has stopped using his pistol since learning of the defect. **Ex KK**, Johnson Decl., ¶¶ 8-10. Further, there is other evidence to support a finding that reasonable consumers would not pay anything for their Class Gun had they known of the defect because law enforcement has actually returned their Class Pistols or otherwise stopped using Class Pistols once discovering the defect. *See generally* **Ex W,** Kaboom Chart & Customer Claims.

Alternatively, Plaintiff will establish classwide injury (restitution) for the UCL and FAL claims), and restitution or actual damages (for the CLRA claim) for the Class through Steven Gaskin and Colin Weir's conjoint analysis, discussed above. **Ex HH**, Gaskin Decl.; **Ex II**, Weir Decl.

Conjoint analyses are regularly used and accepted in consumer fraud cases as an appropriate method to measure damages. *Johnson v. Nissan N. Am., Inc.,* 2022 WL 2869528, at *5 (N.D. Cal. July 21, 2022) (accepting Gaskin and Weir's conjoint survey and analysis in consumer fraud case); *Hadley,* 324 F. Supp. 3d at 1103. . And price premium theory of recovery is also readily accepted in such cases. *See Wellpet,* 2021 WL 756109, at *11.

Finally, there is no need to separately calculate the amount of restitution owed by each Defendant (Glock, Inc. and Glock Ges.m.b.H.) because under California law, "parties may be held jointly and severally liable for unfair competition and for false and misleading statements." *People v. First Fed. Credit Corp.,* 104 Cal. App. 4th 721, 734 (2002).

## B. Superiority

In addition, a plaintiff must show that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Rule specifies that the following factors are pertinent to the predominance and superiority inquiries: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *Id.* Further, "[i]t is sufficient to satisfy the superiority requirement that plaintiffs' class definitions provide objective criteria that allow class members to determine whether they are included in the proposed class," *Farar v. Bayer AG*, 2017 WL 5952876, at *14 (N.D. Cal. Nov. 15, 2017). Moreover, as affirmed by the Ninth Circuit in *Brisenov v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir. 2017), it is not a barrier to class certification that consumers may be required to self-identify to attest to purchasing the products at issue. *Id.* at 1132; *see also* Lewis Decl. ¶ 41; *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 567 (N.D. Cal. 2020).

Class certification here presents a superior means to resolve the claims of all class members. No class members have come forward expressing an interest in controlling their individual claim. The claims here are economic loss issues for relatively nominal amounts on an individual basis (the price of the Class Guns or diminished value for each pistol), and class consideration is an efficient and effective mechanism to resolve them. In addition, counsel is not aware of any other litigation begun by class members for these claims. Further, the claims asserted here are predominately California statutory claims, and accordingly it is desirable to have this Court in California rule on them.

Finally, there are no apparent manageability issues. The class definition is sufficiently clear to allow potential class members to decide whether they are class members. Notice to class members can be done through targeted notices. *See, e.g., Brisenov. ,*844 F.3d at 1125-29. In short, there are no manageability concerns sufficient to outweigh the substantial efficiencies in resolving the economic loss issues presented here in a class action. *See In re JUUL Labs, Inc., Mkt. Sales Practices and Prod. Liab. Lit.*, 396 F. Supp. 3d 1366, 1367 (U.S. Jud. Pan. Mult. Lit. 2019) (centralizing class actions in this Court to "promote the just and efficient conduct of this litigation.").

## IV. THE COURT SHOULD CERTIFY A CLASS UNDER RULE 23(B)(2)

Certification under Rule 23(b)(2) is appropriate only if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); see *Vizcarra*, 339 F.R.D. at 539. Here, there is no question that Glock's misconduct here applies generally to the class. Further, injunctive relief is appropriate under the UCL and the FAL. Certification under Rule 23(b)(2) would enable the Court to decide if it is fair and equitable to address the misconduct at issue prospectively with an injunction barring the sale of Class Guns with the

24

dangerous UCD.

## V. IN THE ALTERNATIVE, THE COURT CAN CERTIFY PLAINTIFF'S CLAIMS UNDER RULE 23(C)(4)

Rule 23(c)(4) provides that "an action may be brought or maintained as a class action with respect to particular issues." Fed. R. Civ. P. 23(c)(4). Even if the Court determines that the presence of individualized issues in certain aspects of the case may preclude certification of the classes under Rule 23(b)(3), certification under Rule 23(c)(4) of the many indisputably common issues will substantially advance the resolution of class members' claims. Doing so would avoid separate trials simply to "determine whether the challenged practices were unlawful." *McReynolds v. Merril Lynch, Pierce, Fenner & Smith, Inc.,* 672 F.3d 482, 491 (7th Cir. 2012).

### CONCLUSION

Glock is content to sell millions of handguns to consumers who are unknowingly playing a game of Russian Roulette every time they pull the trigger. ██████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ For the foregoing reasons, Plaintiff respectfully submits that this Court should certify this case as a class action with Plaintiff appointed as class representative and the undersigned appointed as class counsel.

Dated: October 12, 2023                                By: */s/ Amy M. Lewis*

Paul R. Kiesel, State Bar No. 119854          Robert K. Lewis, *Pro Hac Vice*
 *kiesel@kiesel.law*                                        *rob@lewislawfirm.com*
Jeffrey A. Koncius, State Bar No. 189803     Amy M. Lewis, *Pro Hac Vice*
 *koncius@kiesel.law*                                      *amy@lewislawfirm.com*
**KIESEL LAW LLP**                                    **LEWIS AND LEWIS TRIAL LAWYERS,**
8648 Wilshire Boulevard                            **PLC**
Beverly Hills, California 90211-2910            21850 N. Alma School Road, Suite 103-637
Tel: 310-854-4444                                      Scottsdale, Arizona 85262
Fax: 310-854-0812                                      Tel: 602-889-6666

Jeremy Alberts, *Pro Hac Vice*
  jalberts@wwhgd.com
**WEINBERG WHEELER HUDGINS**
**GUNN & DIAL LLC**
6385 S. Rainbow Blvd. Suite 400
Las Vegas, Nevada 89118
Tel: 702-938-3838

Nicholas Panayotopoulos, *Pro Hac Vice*
  npanayo@wwhgd.com
Gary J. Toman, *Pro Hac Vice*
  gtoman@wwhgd.com
Alexander Heydemann, *Pro Hac Vice*
  aheydemann@wwhgd.com
**WEINBERG WHEELER HUDGINS**
**GUNN & DIAL LLC**
3344 Peachtree Road, NE
Atlanta, Georgia 30326
Tel: 404-876-2700

*Attorneys for Plaintiff*
*and the Proposed Class*

# CERTIFICATE OF SERVICE

The foregoing document was filed with the clerk of the court using CM/ECF system and automatically served upon registered recipients appearing in this case.

John F. Renzulli (Pro Hac Vice)
Christopher Renzulli (Pro Hac Vice)
Howard B. Schilsky (Pro Hac Vice)
RENZULLI LAW FIRM, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
Telephone: (914) 285-0700
Facsimile: (914) 285-1213
jrenzulli@renzullilaw.com
crenzulli@renzullilaw.com
hschilsky@renzullilaw.com

Paul G. Cereghini (SBN 148016)
**BOWMAN AND BROOKE LLP**
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone: (408) 279-5393
Facsimile: (408) 279-5845
paul.cereghini@bowmanandbrooke.com
Carissa Casolari (SBN 292878)
**BOWMAN AND BROOKE LLP**
970 West 190th Street, Suite 700
Torrance, CA 90502
Telephone: (310) 768-3068
Facsimile: (310) 719-1019
Carissa.casolari @bowmanandbrooke.com
Attorneys for Defendants Glock, Inc
. and Glock Ges.m.b.H.


Dated: October 12, 2023                    By: /s/ *Amy M. Lewis*