UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN C. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>GLOCK, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-08807-WHO<br><br>**ORDER REGARDING CLASS NOTICE**<br>Re: Dkt. Nos. 231, 232 |

Having reviewed the parties' competing notice plans and forms of notice (Dkt. Nos. 231, 232, 233), and related objections, I rule as follows:

**Form of Notices**: I will adopt plaintiff's proposed forms of notice developed in conjunction with Epiq, including the use of a postcard notice for the short form notice. Defendant's proposed notices[1] are overly complex and do not capture the claims at issue in this case. "Consumer" as used in the class definition (Dkt. No. 181) is not limited to consumers a defined in the California Consumer Legal Remedies Act ("CLRA"); there is no justification for including the CLRA's definition of consumer in the proposed notices.

If defendant has specific, remaining objections to the text of the postcard/email or longform notices proposed by plaintiff, the parties shall hold one final meet and confer on or before **May 19, 2025.** If agreement cannot be reached, the parties shall submit one filing **by May 26, 2025**, showing defendant's remaining objections to plaintiff's proposed notices in redline.

**Opt-Out Form**: Defendant objects that plaintiff's proposal requires mailed opt-out forms. Defendant points out that best practices now include allowing submission of opt-out forms electronically, for example, through the class website in addition to submission by physical

---

[1] Despite meet and confers regarding the text of plaintiff's proposed notices, defendant apparently and unexpectedly provided plaintiff its own forms of notice on April 21, 2025.

1   mailing.  Declaration of Todd B. Hilsee ¶ 28(q) [Dk. No. 231-2].  Plaintiff shall provide a sample

2   opt-out form on the class website, and allow for opt-out forms to be submitted both electronically

3   and through physical mailing.

4   **Notice Plan**: Plaintiff does not propose sending mailed notice to the approximately 2

5   million individuals identified in the DOJ data.[2]  Instead, he proposes sending emails (and then

6   postcard notices for the emails that are not deliverable) to only the 19,161 names maintained by

7   defendant from its warranty records.  Plaintiff argues that the email/postcard notification

8   combined with a broad, nationwide digital media campaign and print media campaign,[3] will

9   provide the best notice practicable.

10  Defendant objects and notes that mailed notice is the most effective form of notice where

11  physical mailing address are available, as here.  *See* Hillsee Decl. ¶ 9.  Defendant also objects to a

12  nationwide digital campaign as unnecessary (as mailing addresses are available) and overbroad (as

13  not targeted to California).

14  Plaintiff suggests, but does not demonstrate, that mailed notice would not be efficient or

15  effective because some unidentified portion of the records are "stale" and in some cases records

16  are decades old.  Plaintiff's class notice expert also notes that some unspecified "sampling" of that

17  data indicates the addresses "may not always be accurate or reliable."  Azari Decl. (Dkt. No. 232-

18  2) ¶ 27.  However, plaintiff does not identify what percentage of the DOJ records are "decades

19  old" and provides no information on how much and what type of sample counsel conducted and

20  what number or percentage of addresses came back as inaccurate.

21  Absent a more persuasive showing that it *would be* ineffective and wasteful to send notice

22  by mailed notice to all 2 million class members in the DOJ data, I agree with defendant that

23  mailed postcard notice would be the most effective form of notice for class members.

24  Plaintiff may, by **May 19, 2025**, submit a further evidentiary showing explaining what

---

[2] Plaintiff notes that number is likely high and should be "reduced" by some amount once Epiq deduplicates instances of multiple entries for the same individuals.

[3] Both sides agree that a limited, California-focused print media campaign is required by Cal. Code of Civil Procedure § 1781(d)/California Government Code § 6064.  That aspect of plaintiff's proposed notice plan is approved.

percentage of the DOJ data is "decades old" and explaining the sampling that was (or by then will be) conducted to give me a concrete understanding of how much of the DOJ data is stale or inaccurate. With more information and additional support from plaintiff's proposed notice administrator, I would be inclined to approve a notice plan that, for example, required mailed notice for only those addresses that were registered with the DOJ within the last 15, 10, or 5 years. And to be clear, that mailed notice would be the postcard proposed by plaintiff; postcard notices are widely accepted when they refer recipients to the class action's website, class counsel, and to the Court's docket for more information.

With respect to plaintiff's proposed digital media campaign, I expect a digital media campaign could be helpful, especially for class members who purchased defendant's products decades ago or who have inaccurate addresses in the DOJ record. However, plaintiff's current proposed digital media campaign is expressly nationwide, and not targeted to California. Dkt. No. 232-2 at pgs 16-18. By **May 19, 2025**, plaintiff shall propose a revised and refined digital media plan that targets California in order to fill any gaps in the DOJ data identified by plaintiff.

Defendant may file a response to plaintiff's further evidentiary showing regarding the DOJ data and any revised proposals regarding that data or the digital media campaign by **May 26, 2025**. The matter will then be under submission.

**IT IS SO ORDERED.**

Dated: May 5, 2025

William H. Orrick
United States District Judge

3