UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN C. JOHNSON,

Plaintiff,

v.

GLOCK, INC., et al.,

Defendants.

Case No. 20-cv-08807-WHO

**ORDER DENYING MOTION**

Re: Dkt. No. 265

Plaintiff Steven Johnson filed a motion seeking a temporary restraining order, a preliminary injunction and an order to show cause against defendants and their counsel related to a video ("Video") posted to the YouTube channel of non-party California Pistol and Rifle Association ("CPRA") featuring CPRA's president and California bar member Carl Dawson Michel. Dkt. No. 265. Johnson sought expedited relief because he believed the Video contained material misstatements about this litigation that undermined the fairness of the then-ongoing opt-out process for class I certified. In particular, Johnson took issue with Michel's statements in the Video about this case that he believed disparaged class counsel and himself, provided his views regarding class actions in general and this case in particular, and described how he opted out of the class so that he could contact defense counsel to offer help in the defense of this case. Motion at 4-8.

I granted Johnson's motion to expedite the briefing and hearing on the motion, and directed defense counsel to disclose facts regarding their knowledge of the Video and communications between defense counsel and CPRA or Michel. Dkt. No. 267. I also invited Michel to file a responsive declaration. *Id*. Defense counsel and Michel filed declarations. Dkt. Nos. 268, 269.

At the expedited hearing, I explained that based on the declarations from defense counsel, I

United States District Court
Northern District of California

saw no evidence of coordination between defense counsel and Michel or advanced knowledge of the Video by defense counsel, and therefore no basis to sanction them or require them to pay Johnson for the costs of the motion. I also explained that in light of the size of the class (numbering many hundreds of thousands) and the number of opt-outs to date (only in the dozens), any possible impact from the Video – which Johnson argued improperly encouraged class members to opt-out of the class in order to assist Glock in its defense – was minimal and did not justify the broad relief plaintiff sought.

Having further considered the motion and the evidence provided – and for the reasons stated at the hearing – the motion for a TRO, preliminary injunction, and order to show cause is DENIED. There is no evidence that defense counsel knew of or colluded with CPRA or Michel to create or post the Video. Therefore, there are no grounds to hold defense counsel liable for the posting of the Video or for any impact the Video had on this case. Moreover, I find that there is no evidence that the Video had any, much less significant, impact on the number of opt-outs in this case. Out of the many hundreds of thousands of class members, only a few dozen have opted out. Considering the nature of this case and that presumably many gun owners have strong opinions about lawsuits against gun manufacturers, that number is not surprising. Therefore, there is no basis to hold defense counsel in contempt or to justify the expansive remedies plaintiff seeks. *See* Mot. at 1-2. While I may have authority over third-party CPRA to restrict its Video,[1] given the low to non-existent impact the Video had on the optout process here, I do not find that any relief against CPRA or its Video is warranted.[2]

As explained at the hearing, however, I remain concerned about the untrue representations Michel made in the Video regarding the case and the opt-out process, both as a purported member of the class I certified and also as a member of the California bar. In the supplemental declaration

---

[1] *See Retiree Support Grp. of Contra Costa Cnty. v. Contra Costa Cnty.*, No. 12-CV-00944-JST, 2016 WL 4080294, at *3 (N.D. Cal. July 29, 2016), "Court[s] possesses the authority, under Rule 23, to regulate the parties' communications to class members when those communications are false and misleading and interfere with the class's due process rights.").

[2] *Compare Georgine v. Amchem Prods., Inc.*, 160 F.R.D. 478, 486 (E.D. Pa. 1995 (court required a curative notice where non-parties undertook as "massive campaign" of misleading communications that resulted in 236,323 optouts).

I ordered Michel to submit following the hearing, Michel admits that he was not truthful in the Video when he described to the viewers how he had received a postcard notice about the class action and his right to optout, and how Michel opted out of the class by returning the postcard. *Compare* Dkt. No. 265-1 (Video transcript) at 8:10-11, 22-23; 9:6-9; 18:23-25 (explaining that he had already returned the notice postcard and opted out as of February 2026); *with* Dkt. No. 274 ¶¶ 11-14 (admitting that at the time he made the Video in February 2026 Michel had not yet opted out and "believed I had either already received the postcard or would soon receive the postcard," his intention was "to optout of the class once [he] physically received the postcard," and that he still had not received the postcard as of April 17, 2026).  Michel argues his untruthful comments in the Video about his own acts were "editorial license" in an attempt to use a first-person narrative to make his arguments more compelling.  Dkt. No. 274 ¶¶ 17-20.  Michel asks me for "guidance" about "how [his] opinions must be limited in future commentary that CPRA or [he] wish to produce and publish about the merits of this case and how and to what extent Plaintiff obtained the records of individual private gun ownership." *Id*. ¶29.

My guidance is as follows: do not be untruthful under the guise of editorial license.  I will take very seriously any further evidence that Michel or any other member of the California bar has made intentional misstatements regarding the facts or posture of this case, or about the procedures I have expressly approved as this case progresses to resolution.  That said, at this juncture I see no need for a remedy regarding the Video.

**IT IS SO ORDERED.**

Dated: May 26, 2026

William H. Orrick
United States District Judge

United States District Court
Northern District of California

3